May 26, 2025

**VIA ECF**
Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

**RE: LETTER MOTION TO THE COURT REQUESTING ALTERNATIVE SERVICE IF REQUIRED - Case No. 1:25-cv-01675**

Dear Judge Broderick:

Plaintiff Andrea K. Tantaros respectfully submits this protective and proactive letter motion seeking leave to effect supplemental alternative service pursuant to Federal Rules of Civil Procedure 4(e)(1), 4(f)(3), and CPLR §§ 308(5) and 316, should any Defendant in this matter challenge the sufficiency of service.

Plaintiff conducted due diligence and made good-faith efforts to serve all named Defendants via USPS Certified Mail, UPS Overnight Mail, and email to known counsel of record involved in litigation (*Tantaros v. Fox News Network, LLC, Suzanne Scott, Irena Briganti, Dianne Brandi, The Estate of Roger Ailes and William Shine* (Case No. 1:25-cv-961); *Tantaros v. Fox News Network, LLC, Suzanne Scott, Irena Briganti, Dianne Brandi, The Estate of Roger Ailes and William Shine*, American Arbitration Association Case No. 01-16-0001-7288). Affidavits of Service documenting these efforts have been filed via notarized Affidavit of Service on May 26, 2025. See Exhibit 1 – "Affidavit of Service".

However, based on a documented pattern of evasion and non-cooperation of certain Defendants habitually facing similar claims, Plaintiff respectfully requests that, should service be disputed or challenged in any form, she be permitted to serve the following Defendants by alternative means:

Scott Brown, whose last known address was identified via public records;

John T.A. Finley, whose counsel declined to accept service;

The Estate of Roger Ailes, through Executor Elizabeth Ailes;

William Shine, whose three known attorneys of record did not respond;

Fox News Network, LLC / Fox Corporation whose two known attorneys of record did not respond;

In accordance with the standard set forth in Rule 4(f)(3) and the "impracticability" standard under CPLR § 308(5), Plaintiff seeks authorization if necessary for:

1. Publication of the Summons and Complaint in appropriate regional newspapers;
2. Social media-based service via verified public accounts (LinkedIn, X, Facebook) where available;
3. Email to known counsel or representatives actively engaged in prior matters involving these parties.

Plaintiff's request is not retroactive, but is filed in anticipation informed by a pattern and practice of procedural gamesmanship, evasion or obstruction.

Should the Court deem service already effectuated, no action is requested. Plaintiff simply seeks to preserve her rights under Rule 4 and prevent prejudice.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Andrea K. Tantaros*, Plaintiff

Andrea K. Tantaros
302A West 12th Street
Suite 120
New York, NY, 10014
andreanaktantaros@tutanota.com