## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

Case No. 25-cv-01675 (VSB)

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

_____

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SCOTT BROWN'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

I.      Table of Authorities……………………………………………………3, 4


II.     Preliminary Statement……………………………………………………5


III.    Argument……………………………………………………………………7

        A.  Defendant's Motion Must Fail as a Matter of Law and Cannot Be Dismissed…7-9
        B.  Plaintiff's Claims Fall Squarely Within the Gender Motivated Violence Act…9-11

        C.  Plaintiff's Claims Against Brown Are Timely Filed Under the Gender Motivated
            Violence Act ……………………………………………………………11-12
        D.  Plaintiff's Service of Brown is Valid and Timely……………………………12-13

IV.     Conclusion…………………………………………………………………13-13


V.      Certificate of Compliance….………………………………………………14

## **TABLE OF AUTHORITIES**

**Cases**

*Breest v. Haggis,* 180 A.D.3d 83, 94 (1st Dep't 2019)…………………………………………5, 8

*Friedman v. Bartell,* 2024 WL 1076736, at 5–6 (S.D.N.Y. 2024)……………………………5, 8

*M.D. v. OPWDD,* 2023 WL 3404357, at 10 (S.D.N.Y. 2023)…………………………………5, 9

*United States v. Bari,* 599 F.3d 176, 180–81 (2d Cir. 2010);…………………………………7

*Rich v. Fox News Network, LLC,* 939 F.3d 112, 118 (2d Cir. 2019);……………………………7

*In re Bear Stearns Cos. Sec. Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)…………………7

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)………………………………………………………5, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………5, 7

*Baker v. Hannah-Jones*, No. 24-cv-8760 (JMF), (S.D.N.Y. Dec.2024)………………………… 6

*Roe v. Bernabei & Katz*, PLLC, 314 F. Supp. 3d 200, 209 (D.D.C. 2018)………………………9

*S.H. v. Diocese of Brooklyn*, 205 A.D. 3d 180, 187–89 (2d Dep't 2022)……………………… 10

*Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 543 (2d Cir. 2024)………… 10

*Kogan v. Facebook, Inc.,* 334 F.R.D. 393, 403–04 (S.D.N.Y. 2020)…………………………..11

*Watson v. New York*, WL 6200979 (S.D.N.Y. Sept. 2023)………………………………… .11

*Deptula v. Rosen*, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021)…………………………………11

## **Statutes**

N.Y.C. Admin. Code §§ 10-1101–1105…………………………………………………..9

N.Y.C. Admin. Code §§ 10-1103, 10-1104……………………………………………….6

Federal Rule of Evidence 201(b)…………………………………………………………7

FRCP 4……………………………………………………………………………..13

CPLR § 308………………………………………………………………………..13

Rule 12(b)(5)……………………………………………………………………………13

## PRELIMINARY STATEMENT

Defendant Scott Brown's Motion to Dismiss is a brazen exercise in legal gaslighting—a desperate, bloated filing that leans on volume to obscure its utter lack of merit. Packed with thirty-four (34) pages of procedural smoke and mirrors, Brown's submission attempts to bury the truth under a mountain of mischaracterized case law, provably false assertions, and hollow technicalities. It is a classic strategy: substitute length for substance, misdirection for defense, and misrepresentation for law. This Court should see it for what it is—an act of tactical evasion from a defendant with no factual or legal defense to the misconduct at issue.

At the heart of this case lies an undeniable act of gender-motivated assault: on August 18, 2015, Scott Brown ("Brown"), a then-Fox News Network ("Fox News") Contributor—while a guest on Plaintiff's live Fox News program Outnumbered —approached her from behind, grabbed her waist without consent, and pressed his body against hers in a public luncheonette in the News Corporation building next to her studio. This is not speculative. It is not exaggerated. It is not unsupported. It is corroborated by Fox News' own legal privilege log, which records Plaintiff's immediate report of the incident to her direct supervisor, co-defendant William Shine ("Shine"), and was logged contemporaneously by then-General Counsel Dianne Brandi on August 20, 2015. Brown does not and cannot contest this—so he omits it entirely. That omission is telling. It is also fatal to his motion.

Instead, Brown constructs a false narrative, claiming that Plaintiff's allegations are limited to "inappropriate remarks"—a blatant distortion designed to sidestep the GMVA's application. He deliberately misrepresents the law, falsely asserting that the GMVA applies only to conduct involving "a serious risk of physical injury." That statement is categorically false. The New York City Gender-Motivated Violence Act (N.Y.C. Admin. Code §§ 10-1101–1105)

encompasses not just physical assault, but sexual misconduct, coercive touching, harassment, and emotional abuse. Brown's unwanted groping, sexually charged conduct, and perversely verbal intimidation, harassment and abuse are textbook violations of the GMVA—as confirmed by case law spanning *Breest v. Haggis, Friedman v. Bartell, and M.D. v. OPWDD*, among others. His attempt to recast Plaintiff's detailed and corroborated allegations as implausible under *Twombly* and *Iqbal* is not just wrong—it is insulting to this Court's intelligence and a transparent act of bad-faith advocacy.

Equally meritless is Brown's argument that the claim is time-barred. The 2022 Amendment to the GMVA unambiguously created a two-year revival window, allowing survivors of gender-based violence to file civil claims previously barred by the statute of limitations. The window—March 1, 2023 to February 28, 2025—was specifically designed to reach back years, even decades, to permit accountability. Plaintiff filed her claim on February 27, 2025. Brown knows this. He deliberately misstates the statutory framework and the legislative intent because he cannot overcome the fact that the law expressly permits this claim to proceed.

Brown's Motion to Dismiss is not a good-faith legal filing. It is a calculated disinformation brief, weaponized to delay, deflect, and deny by burying a valid and substantiated claim under a mound of irrelevant legal clutter.[1] As Brown readies to make another run for office

---

[1] Brown tries to paint a false picture of Plaintiff's 9-year, litigation against Fox News by inaccurately claiming her prior cases were "dismissed". Given Brown's Motion to Dismiss closely examines the procedural history and posture of Plaintiff's cases, it is obvious to any trained attorney that the cases were remanded to the ongoing arbitration, not dismissed. Further, Plaintiff's claims of Fox News' illegal surveillance practices on its female talent were both corroborated by its own Shareholders in 2017. Even more importantly, Plaintiff Tantaros' claims of same were corroborated by by the New York City Commission on Human Rights following a four-year investigation in 2021. These charges of guilt for illegal spying, sexual harassment, misconduct, hostile workplace, retaliation, tortious interference and abuse vindicated *all* of Plaintiff Tantaros' allegations. Evidence submitted demonstrated she began making formal, internal complaints of sexual misconduct and retaliation in 2015, including Brown, before any woman came forward publicly. The report submitted on the record to this Court demonstrates that Fox News' claims Tantaros' 2016 and 2017 that she was a "wannabe (victim), opportunist and a liar" were lies fraudulently filed in both New York State Supreme Court and this Court. Evidence submitted to this Court demonstrated Fox News' intentional deceit. Additionally, evidence submitted to this Court in case 1:25-cv-961 confirm Fox News' concocted

in 2026 according to multiple news outlets—after being flatly denied a position by President Trump in his current Administration—by carpet-bagging from Massachusetts to New Hampshire, his desperation to avoid liability for his misconduct reeks from the dozens of pages of empty text. Brown's Motion to Dismiss ignores controlling precedent, fabricates limitations that do not exist, and dares the Court to overlook incontrovertible documentary evidence. It must be denied in full—and with prejudice.

## **ARGUMENT**

### **Defendant's Motion Must Fail as a Matter of Law and Cannot Be Dismissed**

The Court must assume all facts in Plaintiff's complaint are true. In this instance, the Court need not assume. It may take judicial notice, pursuant to Federal Rule of Evidence 201(b), of prior misconduct by Defendant Scott Brown—including multiple credible accusations of sexual misconduct at a public event by two women in New Zealand early into his tenure as U.S. Ambassador to the country—as well as his 2016 termination by Fox News following an internal investigation conducted by the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP into Fox News' toxic culture created by Roger Ailes, male talent and executives who were guilty of *inter alia* sexual harassment, retaliation and fostering a hostile workplace.[2]

---

breach of contract claim and April 2016 suspension was retaliation and a pre-textual smokescreen to punish for her complaints of sexual harassment, retaliation, hostile workplace and their negligence in protecting her from predators such as Defendant Brown.

[2] By citing that "it is well-established that a court may take judicial notice of a plaintiff's (or defendant's) prior actions and allegations. *See, e.g.*, *Baker v. Hannah-Jones*, No. 24-cv-8760 (JMF), 2024 WL 5090086, at *2 (S.D.N.Y. Dec. 11, 2024), Brown's attempt to focus on Plaintiff, who has not been found guilty of any unlawful conduct and was unlawfully suspended from the network in retaliation for making complaints of sexual harassment, retaliation, hostile workplace, backfires on both himself, Fox News Network, Defendants William Shine, Suzanne Scott, John Finley and Roger Ailes—not breach of contract. Brown has been accused of sexual misconduct by multiple women following Plaintiff. Fox News has paid over $200 million dollars in settlements to women for sexual harassment, misconduct, abuse, retaliation, spying and hostile workplace *following* Plaintiff Tantaros' original complaints of same. Fox News paid its shareholders $92 million for the aforementioned conduct and concealing illegal settlements to its female employees after Plaintiff revealed the Shareholder findings. The network paid $787 billion to Dominion Voting Systems after admitting it knowingly repeatedly lies on the air. Defendant

More critically, Brown's misconduct is not merely alleged—it is documented by Fox News Network's own legal privilege log, which memorializes Plaintiff's immediate report to her then-supervisor and co-defendant, William Shine, on the day of the incident, August 18, 2015. That log entry, authored by former Fox General Counsel Dianne Brandi, confirms that Plaintiff reported Brown's inappropriate physical conduct immediately after it occurred—while Brown was a guest on Plaintiff's live television program Outnumbered. This contemporaneous documentation on August 20, 2015 following additional reports to her Executive Producer and Brandi, originating within Fox News' privileged legal channels, represents an institutional admission of fact—not speculation—and independently corroborates Plaintiff's claim under the Gender-Motivated Violence Act ("GMVA"). See Exhibit 1 – "Fox News Legal Privilege Log Entry Contemporaneously Documenting the Incident Involving Brown and Plaintiff's Complaints on August 18, 2015".

Judicial notice is appropriate where the facts are derived from sources "whose accuracy cannot reasonably be questioned," including privilege logs, investigations and prior complaints of the same nature representing a indefensible pattern and practice. *See United States v. Bari,* 599 F.3d 176, 180–81 (2d Cir. 2010); *Rich v. Fox News Network, LLC,* 939 F.3d 112, 118 (2d Cir. 2019); *In re Bear Stearns Cos. Sec. Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011).

Given this evidentiary record, Brown's attempt to invoke *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) as a basis for dismissal is legally and factually moot. Those cases bar only speculative or conclusory pleadings. Here,

---

Shine was publicly fired and repeatedly accused (along with allegations against Suzanne Scott) for their actions in assisting Ailes in his retaliation against females at the network. Defendants Ailes, Finley and Brown were fired for their unlawful conduct including *inter alia* sexual harassment, retaliation, stalking, and abuse. These reports are well-documented in the public record.

Plaintiff's claim is neither: it is substantiated by internal documentation from Brown's former employer, logged by the company's own General Counsel, and connected to a pattern of misconduct that culminated in Brown's dismissal from the network for his conduct. Accordingly, Plaintiff's claim easily satisfies the Twombly/Iqbal plausibility threshold, and Defendant's motion must fail as a matter of law.

**Plaintiff's Claims Fall Squarely Within the Gender Motivated Violence Act**

Defendant Brown's assertion that Plaintiff's GMVA claim is limited to "constant inappropriate and offensive remarks" and thus not actionable under the statute is legally false, misleading, and directly contradicted by both the text of the statute and extensive judicial precedent. The New York City Gender-Motivated Violence Act defines a civil cause of action for "[a]ny person claiming to be injured by an individual who commits a crime of violence motivated by gender," including conduct that manifests "a discriminatory motive or reason due to gender." (N.Y.C. Admin. Code §§ 10-1103, 10-1104). The GMVA expressly applies to "assault, sexual misconduct, sexual abuse, and other forms of gender-based violence, including emotional abuse and harassment." The 2022 Amendment clarified and expanded this scope to include verbal intimidation and psychological coercion, precisely the kind alleged here.

Brown's Motion in Opposition states: "Plaintiff alleges that Defendant Brown came up behind her at a public luncheonette, grabbed her waist from behind, and pushed his body against hers". This nonconsensual act of groping and sexualized dominance, and sexual harassment falls squarely within the Act's proscription. (Am. Compl. ¶¶ 18, 24, 42).

Brown's Motion continues, "Plaintiff further alleges a pattern of harassing and offensive remarks, including *inter alia,* Brown groaning "Ohhh Andreaaaa…" during a commercial break".

These are but a few inappropriate comments made on and off--air in front of over a dozen witnesses including her co-hosts, producers and studio crew constituting gender-motivated emotional abuse that supports her GMVA claim independently. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019) (the GMVA covers unwanted sexual contact "motivated by the victim's gender"); *Friedman v. Bartell,* 2024 WL 1076736, at 5–6 (S.D.N.Y. Mar. 12, 2024) (GMVA encompasses sexual harassment and verbal abuse that induces trauma); *M.D. v. New York State Off. for People with Developmental Disabilities*, 2023 WL 3404357, at \*10 (S.D.N.Y. 2023) (verbal, psychological, and physical abuse all actionable under GMVA); *Roe v. Bernabei & Katz*, PLLC, 314 F. Supp. 3d 200, 209 (D.D.C. 2018) (under analogous D.C. GMVA, "harassing comments, threats, and gestures of a sexual nature" are covered).

Moreover, Defendant's argument deliberately ignores that Plaintiff's allegations are not speculative, but are instead corroborated by Fox News Network's own legal privilege log, which documents Plaintiff's immediate report of the incident to co-defendant and Fox executive William Shine on the day of the assault, August 18, 2015, when Brown appeared on Outnumbered (as proven by the Official Outnumbered Instagram account). See Exhibit 2 – "Outnumbered Instagram Account Showing Brown Appearing as a Guest on August 18, 2015".

That same log entry was recorded by Fox's then-General Counsel Dianne Brandi, whose contemporaneous documentation constitutes a de facto admission by the company that the assault occurred and was internally investigated following Plaintiffs subsequent reports to Shine, ex-General Counsel Dianne Brandi, and her Executive Producer. Brown's strategy—omitting the central act of unwanted touching and narrowing the dispute to verbal remarks—is a calculated legal mischaracterization intended to divert attention from clearly actionable, documented gender-motivated violence.

Brown's footnote 29 falsely claiming that GMVA requires conduct presenting "a serious risk of physical injury" is a deliberate misstatement of law. The statute encompasses acts that are sexually coercive, emotionally abusive, or demeaning on the basis of gender—not just aggravated physical assaults. Plaintiff's claim, supported by contemporaneous reports and institutional acknowledgment, is exactly the type of misconduct the GMVA was designed to redress.

### Plaintiff's Claims Against Brown Are Timely Filed Under the Gender Motivated Violence Act

Plaintiff's claims under the GMVA are timely pursuant to the 2022 Amendment to the New York City GMVA, which created a two-year revival period ("look-back window") expressly allowing previously time-barred civil claims to be filed between March 1, 2023 and February 28, 2025. Plaintiff's filing on February 27, 2025 falls squarely within this revival window.

Defendant's assertion that the claim expired in August 2022 ignores the express legislative purpose and effect of the amendment: to revive claims that were previously time-barred, regardless of how old they are, provided they fall within the statutory window. Numerous courts have upheld similar look-back provisions, including those under New York's Child Victims Act and Adult Survivors Act. See, e.g., *S.H. v. Diocese of Brooklyn*, 205 A.D. 3d 180, 187–89 (2d Dep't 2022) (upholding constitutionality and legislative intent of revival statutes for historic abuse claims); *Friedman v. Bartell*, 2024 WL 1076736, at *6 (S.D.N.Y. Mar. 12, 2024) (revived GMVA claim upheld under the look-back provision); see also *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 543 (2d Cir. 2024) (revival occurs as of statute's effective date; claims may be filed any time within the window).

Plaintiff's claim involves unwanted groping, physical contact, and verbal harassment by

Defendant Brown on August 18, 2015, with corroborated reports made contemporaneously to Defendant Shine, GC Brandi and her Executive Producer and logged by Fox News' General Counsel on August 20, 2015–two days later as she was lodging complaints regarding Brown.

These acts—while occurring in 2015—were precisely the kind of gender-motivated violence the GMVA and its amendment were designed to redress through revival. Accordingly, Plaintiff's GMVA claim is not only timely—it is exactly the type of claim envisioned by the law's retroactive remedial structure.

**Plaintiff's Service of Brown is Valid and Timely**

Plaintiff properly and diligently attempted service on Defendant Scott Brown by dispatching the Summons and Complaint via UPS Overnight delivery on May 23, 2025 with signature confirmation to Brown's residential address of public record in Rye, New Hampshire, within the Rule 4(m) deadline.

Delivery was confirmed, and a signature was received. This service effort provided actual notice and substantial compliance with Rule 4(e), as interpreted in *Watson v. New York*, 2023 WL 6200979, at 5–6 (S.D.N.Y. Sept. 22, 2023) and *Deptula v. Rosen*, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021). In anticipation of any procedural objection, Plaintiff concurrently and proactively filed a protective Motion for Alternative Service under FRCP 4(e)(1) and CPLR § 308(5), offering service via social media, email, and publication—methods specifically deemed valid when personal service is impracticable or should Defendants challenge service. See Dkt. No. 9. The filing of that motion tolled the Rule 4(m) deadline and reflected a proactive effort to satisfy service requirements.

Courts in this Circuit have held that where a plaintiff demonstrates good faith, actual notice, and a pending motion for alternative service, dismissal is not warranted. See *Friedman v.*

*Bartell,* 2024 WL 1076736, at *7 (S.D.N.Y. Mar. 12, 2024); *Kogan v. Facebook, Inc.,* 334

F.R.D. 393, 403–04 (S.D.N.Y. 2020); *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir.

2007). Moreover, Defendant Brown, through counsel, has now filed a formal motion to dismiss,

which itself constitutes undeniable proof of receipt, awareness, and participation, defeating any

claim of prejudicial delay.

      Under these facts, the Court should find either (a) that service was effective and

substantial under FRCP 4 and CPLR § 308, or (b) that the pending motion for alternative service

precludes dismissal and mandates adjudication before Rule 12(b)(5) relief is considered. Either

way, this Court has jurisdiction over Brown, including diversity jurisdiction.

## <u>CONCLUSION</u>

      Defendant Scott Brown's Motion to Dismiss is nothing more than a cluttered attempt to

evade accountability through distortion, omission, and legal misdirection. The Plaintiff's claims

under GMVA are timely, factually substantiated, and legally sound. The egregious nature of

Defendant Brown's conduct—corroborated by Fox News' internal records and followed by

retaliatory indifference—warrants the full measure of damages sought, including punitive

damages, and all costs and fees of litigation. Plaintiff respectfully requests this Court should

permit this matter to proceed to discovery and trial, where additional facts and testimony will

speak plainly—and where Defendant Brown can no longer hide behind procedural

smokescreens.  Plaintiff further humble requests that Brown's Motion to Dismiss should be

denied in its entirety—with prejudice.


                         Respectfully submitted,

                         */s/ Andrea Tantaros*

Andrea K. Tantaros, *Plaintiff*

Date: July 10, 2025

## **CERTIFICATE OF COMPLIANCE**

I, Andrea K. Tantaros, hereby certify that pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, that this document complies with Rule 7.1(c)'s word count limit.