UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

Andrea K. Tantaros,

*Plaintiff.*

v.                                                                                              Docket No. 1:25-cv-01675

Fox News Network, LLC, Fox Corporation,

John T.A. Finley, Suzanne Scott, William Shine,

Scott Brown, The Estate of Roger Ailes.

*Defendants*.

# DECLARATION OF PROOF OF SERVICE

I, Andrea K. Tantaros, being duly sworn, depose and state as follows under penalty of perjury:

1. I am the Plaintiff in the above-captioned matter and am over the age of 18. I submit this Declaration in support of my compliance with Federal Rule of Civil Procedure 4(l).

2. On June 28, 2025, I timely served true and correct copies of the Summons and Amended Complaint on each named Defendant and / or their known counsel of record in this action via USPS First Class Certified Mail with signature required.

3. This good-faith, due diligence effort of timely service via certified mail and electronic mail is, in addition to service made upon Defendants and / or their legal counsel of record between May 21 - 23, 2025, and pursuant to this Court's rules and FRCP.

4. On June 28, 2025, I sent via USPS First Class Certified Mail with signature required true and correct copies of the Summons and Amended Complaint on the following:

John T.A. Finley
55 Bank Street, Unit 721
White Plains, NY 10606
*Defendant*

Erin Kormann
Franzino & Scher, LLC
120 West 45th Street
New York, New York
*Counsel for Defendant John Finley*

Marion Bachrach
Holland & Knight
737 Seventh Avenue
New York, New York 10019
*Counsel for Defendant William Shine*

Fox News Network, LLC
Katherine Moran Meeks
General Counsel
1211 Avenue of the Americas
New York, New York 10036

Fox Corporation
Adam Ciangoli
General Counsel
1211 Avenue of the Americas
New York, New York 10036

Elizabeth Ailes
The Estate of Roger Ailes
6 Ocean Lane
Palm Beach, Florida 38480

5. On May 21, 2025, I emailed counsel for Fox News Network, LLC, Paul Evans ("Evans"), and copied co-lead counsel Krissy Katzenstein, copies of the Complaint, Summons and Waiver of Service Form in good faith with a request to respond within a reasonable timeframe under FRCP. Evans failed to respond in bad faith whatsoever necessitating service to in-house legal counsel for both Fox News Network and Fox Corporation to satisfy proper service.

6. On June 2, 2025 Mr. Evans an email to me stating he was aware of service to Fox News Network, LLC. He mistakenly stated I had not served Fox Corporation.

7. He later corrected his error in a follow-up email on June 4, 2025 by stating he was aware of service to both Fox News Network, LLC and Fox Corporation.

8. On July 7, 2025 Evans stated that he had reviewed the second round of documents including Amended Complaint and Summons sent directly to his clients. He then misstated I served his clients via "regular mail". This is completely false. Additionally, he then requested a Waiver of Service Form to gain an improper tactical advantage of sixty (60) days to respond after proper, timely service was completed.

9. On July 11, I replied to Evans reiterating that he received the Complaint and Waiver of Service Form on May 21, 2025 but deliberately ignored my good faith request.

10. All receipts and records of USPS First Class certified mail to all Defendants and their counsel are preserved and in my custody and control.

11. On May 21, 2025, I emailed Marion Bachrach ("Bachrach"), counsel for William Shine, and copied her two colleagues, Elliot Magruder and Jonathan Halpern, copies of the Complaint, Summons and Waiver of Service Form in good faith with a request to respond within a reasonable time frame per FRCP as a courtesy. She failed to respond whatsoever necessitating service directly on William Shine via USPS First Class Mail with signature required.

12. On July 3, 2025 Bachrach sent an email to me stating stated that she had received copies of the Amended Complaint and Summons but "we require" I re-send her copies of the exact same documents along with a Waiver of Service Form.

13. In response, on July 11, 2025 I ensured that her client was properly served by effectuating service directly to her, his known counsel of record via First Class USPS

Certified Mail—twice—and that she received the Waiver of Service Form with the Complaint on May 21, 2025 but chose to deliberately ignore my good faith effort.

14. By stark contrast, in action 1:25-cv-0961 (VSB), both Evans and Bachrach were sent copies of the Petition with Waiver of Service Form by me immediately after filing on February 3, 2025 in good faith. Both Evans and Bachrach replied that they would execute the Waiver of Service Form, which they did within four (4) business days.

15. Evans and Bachrach's refusal to respond to my communications in this action, only to reply weeks later stating they have full knowledge of the action, Complaint, and executed Summons, while simultaneously making new demands for me to resend them copies of the same documents they've already confirmed they have received and reviewed, appears to be a deliberate attempt at gamesmanship to obstruct and frustrate service, in bad faith, and with the possible intent to later contest proper service under Rule 4(m) or Rule 12(b)(5). These parties received formal, timely notice of the lawsuit and its attachments in good faith, and chose to remain silent despite a clear opportunity to cooperate rather than play unserious parochial, procedural games in a federal court action.

16. On June 26, 2025 counsel for Defendant Scott Brown entered an appearance in the action confirming his client had received service on June 24, 2025 at his residence in Rye, New Hampshire.

17. On June 26, 2025 counsel for Defendant Scott Brown filed a Motion to Dismiss.

18. On July 10, I filed my Memorandum of Law in Opposition with Accompanying Declaration and Exhibits.

19. These efforts were timely made within the 90-day deadline imposed by Rule 4(m) and reflect diligent, good-faith attempts to serve all named Defendants and / or their known counsel of record.

20. This Declaration is submitted in compliance with FRCP 4(l)(1) and in further support of my protective Motion for Alternative Service (See Dkt. No. 12), in the event that any Defendant or the Court later challenges the sufficiency of service.

21. A prior Affidavit of Service detailing initial due diligence attempts of Service upon all Defendants was filed on June 6, 2025, then subsequently re-filed on June 11, 2025 due to the Pro Se Intake deeming the document defective as it needed to be "flattened" due to the Notary Seal and bar code (See Dkt. No. 14).

22. This Declaration is submitted with the intent to uphold procedural fairness and ensure all parties are properly on notice of this action.

I declare under penalty of perjury that the foregoing is true and correct.

---

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

Dated: July 14, 2025