UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

Andrea K. Tantaros,

*Plaintiff*.

v.   Case No. 1:25-cv-01675 (VSB)

Fox News Network, LLC, Fox Corporation,

John T.A. Finley, Suzanne Scott, William Shine,

Scott Brown, The Estate of Roger Ailes.

*Defendants*.

## NOTICE OF CORRECTION OF CITATIONS

Plaintiff Andrea K. Tantaros, appearing pro se, respectfully submits this Notice of Correction of Citations to proactively preserve the integrity of the record and preempt deliberate mischaracterizations by opposing counsel and affiliated agents or Parties.

In a recent filing, Plaintiff—relying in good faith on premium legal research tools included the following case references:

- *Doe v. New York State Office for People with Developmental Disabilities*, 2023 WL 3404357 (S.D.N.Y.);

- *Roe v. Bernabei & Katz, PLLC*, 314 F. Supp. 3d 200 (D.D.C. 2018).

Subsequent independent investigation revealed that these cases, despite being structured in the proper format and returned in real-time by the aforementioned legal tool, could not be verified in the official federal docket system (PACER), secondary source (Justia), or other public archive.

These citations were immediately withdrawn voluntarily after more intensive verification found them lacking.

Plaintiff has acted in full transparency in response to a situation originating from a third-party vendor's legal research output.

In their place, Plaintiff respectfully reiterates the following verifiable citations—two already submitted in her Memorandum of Law in Opposition, and the third as correction to the errant citations now withdrawn.

- *Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019)
- *Friedman v. Bartell,* 2024 WL 1076736 (S.D.N.Y. Mar. 12, 2024);
- *Baldwin v. TMPL Lexington LLC et al*, 23 Civ. 9899 (PAE), 2024 WL 3862150 (S.D.N.Y. 2024).

In his Memorandum to Dismiss Defendant Brown misleads the Court by stating that claims asserted by Plaintiff—beyond his documented physical assault and sexual harassment toward Plaintiff including—"constant inappropriate and offensive remarks", "are plainly not actionable under the GMVA." *Id at 10*.

Brown not only shrugs off his actionable behavior under the law as acceptable, but also proceeds to diminish and pervert the specific nature of applicable claims, timeliness of claims that fall under the GMVA, and its legislative intent. Brown states the GMVA only, "requires that the challenged conduct "present a serious risk of physical injury to another."

Brown's arguments are in direct conflict with the precedent set by the decision of The Honorable Paul A. Engelmayer in *Baldwin v. TMPL Lexington LLC et al*, 23 Civ. 9899 (PAE), 2024 WL 3862150 (S.D.N.Y.) August 19, 2024.

This timely correction is made on the record to ensure the continued credibility of the pleadings, and the good-faith posture of Plaintiff's submissions.

Respectfully submitted,

*Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

Dated: July 16, 2025