**PAUL HASTINGS**

1(212) 318-6009
paulevans@paulhastings.com

July 21, 2025

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:     *Case No. 1:25-cv-01675*

Dear Judge Broderick,

We represent Fox News Network, LLC ("Fox News"), Fox Corporation and Suzanne Scott ("Ms. Scott") (collectively the "Fox Parties") in this action. We write in response to Plaintiff's July 14, 2025 "Declaration of Proof of Service" (Dkt. 21) to address Plaintiff Andrea Tantaros's deficient efforts to serve the Fox Parties and to propose a course of action to allow this case to proceed without further delay or motion practice related to service issues. Specifically, we propose that (a) the Fox Parties agree to accept service of Plaintiff's Amended Complaint (Dkt. 10) despite Plaintiffs' failure to timely and/or effectively serve them pursuant to Federal Rule of Civil Procedure 4 and (b) the Court set a deadline of September 19, 2025 for the Fox Parties to answer, plead or otherwise respond to the Amended Complaint. The grounds for this request are set forth in further detail below.

**Background**

Plaintiff filed her initial Complaint on February 27, 2025 (Dkt. 1), naming Fox News Network, LLC, Fox Corporation, Roger Ailes, William Shine, John Finley, Scott Brown and Richard "Bo" Dietl as Defendants.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days, until May 28, 2025, to serve all Defendants with copies of the Complaint and summons. On May 21, 2025, with only seven days left to serve Defendants and having not done so to that point, Plaintiff emailed the undersigned counsel for the Fox Parties asking if Fox News and Fox Corporation would waive service. *See* **Exhibit A**. Attached to her email was a copy of the Complaint without a docket number or ECP filing notation and an unsigned, unsealed summons, which did not comply with the requirements of Rule. *See* F.R.C.P. 4(a)(1)(F) and (G) (providing that a summons must be signed by the clerk and bear the Court's seal).



July 21, 2025
Page 2

In addition to failing to include a valid summons, Plaintiff's request for waiver of service was untimely. Although Plaintiff demanded a response to her email within 24 hours, Rule 4(d) makes clear that any such request for waiver of service must "give the defendant a reasonable amount of time of at least 30 days after the request was sent . . . to return the waiver."[1] As such, Fox News' and Fox Corporation's responses to Plaintiff's request for a waiver were not due until June 20, 2025. That was three weeks *after* the May 28, 2025 deadline for Plaintiff to serve her Complaint expired. It is well-settled that, "[t]he procedure of requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned." *See* 1993 Comments to F.R.C.P. 4; *see also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (3d ed. 2002) (same); *United States ex rel. Shaw Envtl., Inc. v. Gulf Ins.*, 225 F.R.D. 526, 2005 U.S. Dist. LEXIS 597, at *3 (E.D.VA Jan. 14, 2005) (same). As a result, Ms. Tantaros' efforts to obtain a waiver of service 83 days after she filed the complaint was improper.

On June 2, 2025, Fox News' General Counsel received a mailed copy of the Complaint and unsigned, unsealed summons from Plaintiff. Counsel for the Fox Parties emailed Plaintiff the same day to advise her that such service was not effective. *See* **Exhibit B**. This was because (a) the summons was not signed and sealed, (b) service by mail on a corporate defendant is not permitted under F.R.C.P. 4(h)[2], and (c) the 90-day period of time for service had expired.

On June 4, 2025, counsel for the Fox Parties saw on the docket that Plaintiff had filed an Amended Complaint that, among other things, added Suzanne Scott as a named defendant. In an effort to move the case forward despite Plaintiff's failure to timely or properly serve the summons and complaint under Rule 4(m), we wrote Plaintiff via email advising her that Paul Hastings would also represent Ms. Scott in this case and stating, "once you obtain a Summons for each of our clients signed by, and with a formal seal from, the Clerk of the Court, if you send a new request for waiver of service with that Summons and the other required documents, Fox News, Fox Corporation and Ms. Scott will at that time agree to accept service." *See* **Exhibit C.** Plaintiff did not respond to that email.

---

[1] Plaintiff argues that the Fox Parties "refus[ed] to respond to" this communication, which she describes as "bad faith." (Dkt. 21). However, they were not required to respond under Rule 4(d) until 30 days after Plaintiff made her request, and before that period expired, the Fox Parties were in repeated communication with Plaintiff regarding her improper service, as set forth herein. In short, Plaintiff's allegation of "bad faith" is completely misguided, and the Fox Parties have made numerous efforts to resolve this issue without involving the Court notwithstanding that Plaintiff has unequivocally failed to timely serve them.

[2] *See Bass v. Pershing*, 25-cv-2478, 2025 LEXIS 45105, at *4 (S.D.N.Y. April 24, 2025) (holding that "service by certified mail is not a valid method of service on a corporate defendant or an LLC defendant under the CPLR" or F.R.C.P. 4).



July 21, 2025
Page 3

On June 13, 2024, counsel for the Fox Parties saw on the docket that Plaintiff filed a purported "Affidavit of Service" inaccurately suggesting that she had properly served Fox News and Fox Corporation. We emailed Plaintiff reminding her that "[as] explained, [her] prior attempts at service on [our] clients were not effective and, in fact, did not include a signed and sealed Summons." *See* **Exhibit D**. We nonetheless reiterated that the Fox Parties were willing to waive service of process (despite Plaintiff being out of time to serve) if Plaintiff would send a new request for waiver of service with the Amended Complaint and signed and sealed Summonses for each of the Fox Parties. *Id.* Plaintiff did not respond to that email either.

Instead, Plaintiff sent copies of the Amended Complaint and a new, signed and sealed summons, dated June 10, 2025, to the General Counsels of Fox News and Fox Corporation. Although the copies of the summons now appeared compliant with F.R.C.P. 4(a)(1)(F) and (G), Plaintiff's service was still not proper or effective both because it was attempted beyond the 90-days provided for in F.R.C.P. 4(m) and because it was not personally delivered as required by F.R.C.P. 4(h). We once again emailed Plaintiff on July 7, 2025 to advise her that "such mailing does not constitute effective service," but again stated that the Fox Parties would accept service pursuant to Rule 4(d) if Plaintiff sent a new waiver request with copies of the Summons and Amended Complaint. *See* **Exhibit E**.

Plaintiff finally responded to counsel for Fox News by email on July 11, 2025. *See* **Exhibit F**. In her email, she stated, inaccurately, that Fox News failed to respond to her May 21, 2025, which she argues "demonstrate[es] bad faith." *Id.* She then wrongly stated that the Fox Parties "have been properly served." It appears obvious at this time that Plaintiff will not and cannot properly serve the Fox Parties or send a waiver of service form compliant with Rule 4(d). On July 14, 2025, Ms. Tantaros filed her Declaration of Proof of Service with the Court, again incorrectly claiming that she has properly served Defendants.

We write the Court to propose a path forward that will allow this case to proceed without unnecessary motion practice and/or the dismissal and refiling of Plaintiff's Amended Complaint.

**The Fox Parties' Proposal**

Pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." *See* F.R.C.P. 4(c)(1). Rule 4(m) requires that a plaintiff effect service "within 90 days after the complaint is filed." *See* F.R.C.P. 4(m). Plaintiff failed to serve the Fox Parties within this deadline and her untimely efforts at service by certified first class mail do not comply with Rule 4(h). Moreover, Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* The party seeking a good



July 21, 2025
Page 4

cause extension "'bears a heavy burden of proof,' which is not satisfied by 'a showing that the plaintiff encountered some unanticipated difficulty.'" *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 402 (S.D.N.Y. 2020) (quoting *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 U.S. Dist. LEXIS 4608, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005)) (dismissing case for failure to timely serve). Despite appearing *pro se*, Plaintiff cannot establish good cause and the Court is entirely within its discretion to dismiss this case against the Fox Parties as a result of her failure to timely serve them.

However, the Fox Parties anticipate that Plaintiff will simply file a new complaint after any such dismissal. Rather than further delay the adjudication of Plaintiff's wholly unmeritorious claims, the Fox Parties propose that they will agree to accept untimely service of the Amended Complaint if the Court sets a deadline of September 19, 2025, which is 60 days from today, for them to answer, plead or other respond. That proposed deadline mirrors the time the Fox Parties would have to file a responsive pleading under F.R.C.P. 4(d) if Plaintiff were willing and able to send a timely request for waiver of service at this time. In the absence of the Court accepting this proposal, the Fox Parties request that the Court dismiss the complaint for lack of timely service.

Accordingly, the Fox Parties respectfully request that the Court enter the attached Proposed Order, *see* **Exhibit F**, stating that the Fox Parties have agreed to accept service of the Amended Complaint and setting a deadline of September 19, 2025 for them to answer, plead or otherwise respond to that Amended Complaint.

Respectfully,

/s/ Paul C. Evans

Paul C. Evans
of PAUL HASTINGS

CC:  Plaintiff Andrea Tantaros (*via ECF*)
     All Counsel of Record (*via ECF*)