# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Marion Bachrach
+1 212-751-3341
Marion.Bachrach@hklaw.com

July 22, 2025

*VIA ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

   Re:  ***Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-01675-VSB**

Dear Judge Broderick,

  We respectfully submit this letter on behalf of Defendant William Shine ("Mr. Shine"), whom we represent in this action. Like Fox News Network, LLC, Fox Corporation and Suzanne Scott (collectively, "the Fox Parties"), we write in response to Plaintiff Andrea Tantaros' ("Plaintiff") June 10, 2025 Affidavit of Service (ECF No. 14) (the "Affidavit") and July 14, 2025 Declaration of Proof of Service (ECF No. 21) (the "Declaration") to address Plaintiff s serially defective efforts to serve Mr. Shine.[1]  Mr. Shine joins in both the legal reasoning set forth in the Fox Parties' letter of July 21, 2025 (the "Fox Parties' Letter"; ECF No. 23) and the course of action proposed in the Fox Parties' Letter.  By granting the requested relief, this Court would either allow this case to proceed without further delay or motion practice related to service issues or, alternatively, dispose of the action.

  Specifically, Mr. Shine joins in the Fox Parties' proposal submitted July 21, 2025 (ECF No. 23 at pp. 1, 3-4) whereby Mr. Shine, like the Fox Parties, would agree to waive personal service and accept service of Plaintiff's Amended Complaint (ECF No. 10), despite Plaintiff's failure to serve him properly pursuant to Federal Rule of Civil Procedure 4 ("Rule 4"), if the Court, in accordance with the 60-day rule in Rule 4(d)(3), sets a deadline of September 19, 2025 for Mr. Shine and the Fox Parties to respond to the Amended Complaint.

  The grounds for this request are set forth in the Fox Parties' Letter and are further explained below with regard to the improper service on Mr. Shine.

---

[1] Plaintiff did not serve either the Affidavit or the Declaration on Mr. Shine.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Hon. Vernon S. Broderick
July 22, 2025
Page 2

**Plaintiff Has Failed to Serve Mr. Shine Properly**

On May 21, 2025, Plaintiff emailed me, as counsel for Mr. Shine, asking if Mr. Shine would waive service of the original complaint (the "Original Complaint"). *See* **Exhibit A**. Attached to Plaintiff's email were: (1) a copy of the Original Complaint without a docket number or ECF filing notation; and (2) a blank waiver form. No summons was attached.

Plaintiff's May 21 email also made a demand that contravened Rule 4(d)(1)(F). Plaintiff conditioned Mr. Shine's right to waive service by truncating the time allotted under the Rule, requiring instead that a response on behalf of Mr. Shine, who resides outside the District, be communicated to her by close of business the following day. Contrary to Plaintiff's abbreviated timetable, the Rule clearly provides that any request for waiver of service must "give the defendant a reasonable amount of time of at least 30 days after the request was sent … to return the waiver."[2] *See* Fed. R. Civ. P. 4(d)(1)(F). Accordingly, Plaintiff's statement in her Declaration that she had emailed the waiver of service form "in good faith and with a request to respond within a reasonable time frame per [the] FRCP" (ECF No. 21 at ¶11) is inaccurate.[3]

Plaintiff's subsequent attempt to serve Mr. Shine directly by mailing him the Original Complaint without a summons also constituted insufficient service because: (1) he was not at his home, and the U.S. Postal Service only left notification at the door of his Florida home of an attempt to deliver "a large envelope"; and (2) Florida law does not deem service by mail on a resident to be valid and effective service, absent consent of the party to be served, which was not provided by Mr. Shine. *See Herezi v. 31-W Insulation Co., Inc.*, 2024 WL 1327484, at *3 (M.D. Fla. Mar. 28, 2024) (holding that "service by certified mail is generally insufficient under Florida law" and permissible "only if the defendant consents and waives personal service")

In addition, Plaintiff sent to my office a copy of what she purportedly sent Mr. Shine in Florida: the Original Complaint, again without any summons.[4] Thereafter, on June 6, I emailed Plaintiff advising her that she had failed to effectuate valid service on Mr. Shine under both the applicable federal rule and Florida law. *See* **Exhibit B**. I further noted that, since the docket in

---

[2] As set forth in the Fox Parties' Letter (ECF No. 23 at p. 2), the proper amount of time for response to a waiver request under Rule 4(d)(3) would have violated Rule 4(m) because it would have exceeded the 90-day deadline for service.

[3] The Affidavit filed by Plaintiff on June 10, 2025, is similarly inaccurate in several respects. First, it incorrectly contends that, notwithstanding the defects set forth above (*see* n. 2 *infra*) and in the Fox Parties' Letter, Plaintiff's belated efforts at service were "timely made within the 90-day deadline imposed by Rule 4(m)." *See* Affidavit ¶ 11. Second, the Affidavit erroneously touts the crimped 29-hour window she imposed in her May 21 email as "a clear opportunity to cooperate"; and she wrongly asserts, without basis in law or fact, that the failure to reply within that improper time frame constituted "bad faith" by the Fox Parties and Mr. Shine. *Id*. at ¶¶ 7,8 and 11. These incorrect assertions are thoroughly addressed in Footnote 1 of the Fox Parties' Letter. *See* ECF No. 23, n.1. Furthermore, as set forth above, Mr. Shine, like the Fox Parties, made a clear effort to resolve this issue on June 6 – before Plaintiff filed her Affidavit and Declaration – by agreeing to accept service of the Amended Complaint on the express condition that Ms. Tantaros provide a valid request form for waiver of service. As set forth above, she did not do so.

[4] In the mailing Plaintiff sent to my office, she also provided her motion for Alternative Service, as well as her Notice of Appearance in the Second Circuit submitted in connection with her Petition for a Writ of Mandamus in the companion case filed in this Court in 2025 against many of the same parties. *Tantaros v. Fox News Network, LLC*, 1:25-cv-01675-VSB, ECF Nos. 26 and 51.

Hon. Vernon S. Broderick
July 22, 2025
Page 3

this matter reflected that she had recently filed an Amended Complaint, I would nonetheless agree to accept service on behalf of Mr. Shine if Plaintiff obtained a valid summons and sent that to me together with the Amended Complaint and a waiver of service request and form.

Plaintiff did not respond until approximately a month later. On July 3, Plaintiff sent to my office the Amended Complaint and a copy of a summons dated June 10, 2025. The following week, on July 11, Plaintiff belatedly responded to my email of the previous month, stating, in essence, that, in her view, Mr. Shine had been served because she had emailed me a waiver request form on May 21 and, more recently, had sent to my office a copy of the Amended Complaint and a copy of the June 10 summons. *See* **Exhibit C**. On July 14, 2025, Plaintiff filed her Declaration with this Court saying much the same thing.

Plaintiff, however, is simply inaccurate in her filed Affidavit and Declaration as well as in her July 11 email. In addition to the valid concerns raised in the Fox Parties' Letter regarding Plaintiff's failure to effectuate proper service within the time allowed by Rule 4(m), there are also other major problems.

The first problem is that, absent consent or authorization, service on an individual defendant's attorney does not constitute effective personal service on the individual defendant. It is established that "[g]enerally service upon an individual's attorney is not sufficient to confer personal jurisdiction." *Santos v. State Farm Fire Ins. & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("service of process on an attorney not authorized to accept service for his client is ineffective"); *see also Deptula v. Rosen*, 558 F. Supp. 3d 73, 87 (S.D.N.Y. 2021) (quoting *United States v. Glaister,* 221 WL 1565678 at *2 (S.D.N.Y. Apr. 21, 2021) ("simply representing a client does not constitute authorization …to accept service on the client's behalf")); *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 298 (E.D.N.Y. 2024) (quoting *Yaxin Jing v. Angel Tips, Inc.,* No 11-CV-05073, 2013 WL 950585 at *3, n.1 (E.D.N.Y March 11, 2013) ("simply serving in the capacity of attorney, or representing the client previously, does not render an attorney an agent for service of process")). Rule 4(e) does not provide for service on an attorney unless that attorney is "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(c). We clearly advised Plaintiff that our consent to accept service of process for Mr. Shine was predicated on receiving a request form for waiver of service of the Amended Complaint, which Plaintiff failed to provide.

Another related problem lies in Plaintiff's improper calculus and timing of her request for waiver of service of the Amended Complaint. In particular, Plaintiff incorrectly assumes that she can mix and match the papers she has mailed or emailed during different months relating to different complaints. The waiver of service form that Plaintiff emailed on May 21 with respect to the Original Complaint does not conform to the requirements of a valid request for waiver of service under Rule 4(d). The wording of that rule debunks her assumption that the May 21 blank waiver form should apply to either the Original Complaint or to the different Amended Complaint mailed some six weeks later on July 3.

The blank waiver form emailed on May 21 does not comply with Rule 4(d)(1) because, among other defects, it:

Hon. Vernon S. Broderick
July 22, 2025
Page 4

(a) was not addressed to Mr. Shine;

(b) was not accompanied by a copy of the Amended Complaint for which Ms. Tantaros sought waiver in July;

(c) did not state the date when the request was being made (so that the 60-day period to respond to the Amended Complaint under Rule 4(d)(3) could properly be calculated); and

(d) did not give Mr. Shine "a reasonable time of at least 30 days after the request was sent … to return the waiver."

*See* Rule 4(d)(1); *see also, Cheung Yin Sun v. Mashantucket Pequot Gaming Enter.*, 663 F. App'x 57, 58 (2d Cir. 2016) (dismissing complaint where defendants were not properly served, waiver of service form was never returned to plaintiffs, and form was not filed with court); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 400 (S.D.N.Y. 2020) (ordering dismissal for failure to comply with Rule 4(d) requirements regarding waiver, including failure to properly request waiver of service, obtain defendants' written agreement on a waiver of service form, and file the executed form; and collecting cases in which failure to comply with Rule 4(d) necessitated dismissal).

**The Proposal for a Path Forward**

As stated at the outset, Mr. Shine agrees with the proposal made by the Fox Parties to avoid further delay and dispute. We agree with the Fox Parties' proposal to accept untimely service of the Amended Complaint if the Court sets a deadline for both Mr. Shine and the Fox Parties to respond to the Amended Complaint within approximately 60 days: namely, September 19, 2025.[5]

Accordingly, for all the reasons stated herein and in the Fox Parties' Letter submitted at ECF No. 23, we respectfully request, on behalf of Mr. Shine, that the Court enter the order proposed by the Fox Parties (*see* ECF No. 24) and include in its Order that Mr. Shine may respond to Plaintiff's Amended Complaint on or before September 19, 2025.

Respectfully submitted,

/s/ Marion Bachrach

Marion Bachrach
Holland & Knight, LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019

cc:    Plaintiff Andrea Tantaros (*via ECF*)
       All Counsel of Record (*via ECF*)

---

[5] Mr. Shine also joins in the Fox Parties' request for alternative relief, which states that " [i]n the absence of the Court accepting this proposal" we "request that the Court dismiss the complaint for lack of timely service." Fox Parties' Letter at p. 4.

#525026153_v1