UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

Andrea K. Tantaros

*Plaintiff*,                                                                                   1:25-cv-01675 (VSB)

vs.

Fox Corporation, Fox News Network, LLC, Scott Brown, William Shine,

John T.A. Finley, Suzanne Scott, The Estate of Roger Ailes.

*Defendants*.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR EXTENSION OF TIME AND OBJECTION TO DEFENDANTS' REQUEST TO DISMISS THE COMPLAINT**

To Judge Vernon S. Broderick:

Plaintiff respectfully submits this response in opposition to Defendants' Fox Corporation, Fox News Network, LLC, Suzanne Scott and William Shine ("The Fox Parties") untimely request for a 60-day extension until September 19, 2025 to respond to the Amended Complaint, as well as their baseless secondary request to dismiss the case for alleged insufficient service of process.

Defendants claim they were not properly served, yet the record reflects repeated and deliberate efforts reasonably calculated to give all Defendants, including the Fox Parties, actual notice and meet due process requirements. *See Chan v. Society Expeditions, Inc.* 39 F.3d 1398, 1404 (9th Cir. 1994).

Plaintiff's timely efforts have been documented and filed with the court via Affidavit (See Dkt No. 14), Declaration (See Dkt. No. 19) and a Motion for Alternative Service timely filed (See Dkt. No. 12) in the event Defendants challenge service or seek to evade Plaintiffs endeavors. (Plaintiff's service of process are underscored by their own admission in their letters to the court[1] Plaintiff properly served Defendants via First Class Certified Mail in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure. Additionally, timely service was made by email and First Class Certified Mail to Defendants, their known counsel of record—who have

---

[1] Counsel for Fox Corporation, Fox News Network, LLC and Suzanne Scott, Paul Evans, ignored Plaintiff's good faith email of May 1, 2025 containing both the Complaint and inquiry whether he would be willing to accept Service via an attached Waiver of Service Form. Given his non-response, Plaintiff sent copies via First Class Certified Mail to both General Counsels of Fox Corporation and Fox Corporation permissible under the law as both are legal corporate representatives to effectuate proper service and to ensure actual notice was given. Paul Evans' eventual reply to Plaintiff on June 2, 2025 confirms efforts calculated to give Defendants (Fox News Network, Fox Corporation and himself) actual notice. And, in his email of July 7, 2025 dubiously misrepresents that the signed summons and Amended Complaint were sent via "regular mail", which is demonstrably false as Plaintiff retains all USPS Certified First Class Mail receipts confirming delivery on July 3, 2025 and actual notice. Oddly, copies of these emails were submitted to the court as exhibits despite both their misstatements and subverting of his own arguments.

acknowledged receipt several times—and to the authorized corporate legal representatives. Courts have consistently held that certified mail when used in conjunction with other steps to ensure actual notice can satisfy due process and service, particularly when facing challenges of dismissal. Service to Fox Corporation and Fox News Network's General Counsels permissible under FRCP 4(h)(1)(b) given counsel's failure to respond to Plaintiff's original, good faith email on May 21, 2025.[2] "Service of process may be made upon a corporation by delivering copies of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized to receive service of process".

Plaintiff's conduct establishes that due process has been satisfied, Defendants had actual notice of the lawsuit for over two months and concede to same in their letters to this court of July 21, 2025 and July 22, 2025.

Under FRCP 4(e), service is proper by "following state law for serving a summons…in the state where the district court is located,". Defendants William Shine and The Estate of Roger Ailes received copies to their respective homes and, by counsel's own admission, was left at his (William Shine's) 'abode' and affixed to his door satisfying local rules for service in the state of Florida (in conjunction with copies of executed Summons and Complaint sent to counsel). These acts satisfy FRCP 4(e), 4(h). Both New York (CPLR R. § 308(5)) and Florida (§§48.031, 49.011) allowing service and service by mail when personal service is impracticable). Plaintiff has followed both federal and state requirements. Moreover, Defendants' counsel has engaged in communications related to the litigation, confirming service and do not dispute actual notice and due process by their own communications sent to this Court.

Defendants' request is not based on any newly discovered facts or legitimate hardship. Rather, it is a bad faith strategic delay by seasoned attorneys who boast of their "experience" on their online biographies, yet have resorted to a litany of myriad excuses (many inaccurate violating their express duty of candor), and other parochial tactics to stall and skirt accountability.

Granting a 60-day extension would unfairly prejudice Plaintiff by prolonging the timeline without good cause. Under FRCP 6(b), extensions must be based on "good cause," and

---

[2] Counsel for William Shine, Marion Bacharach did not respond to Plaintiff's May 21, 2025 good faith email inquiring if she would be willing to execute the attached Waiver of Service Form at all or within the 30-day window she asserts is afforded to her. Rather, she waited until June 6, 2025 to communicate with Plaintiff via email, not acknowledging the Waiver request whatsoever, but confirming she and her client received the documents showing efforts reasonably calculated to give actual notice and satisfying due process. Additionally, instead of replying in good faith to Plaintiff's May 21, 2025 email requesting Waiver of Service and providing actual notice, she fixated on an unsigned summons. However, when both she and her client were both properly and timely served with a signed summons, she then disingenuously bemoaned that she needed a Waiver of Service Form—already in her possession—to be emailed to her when service was satisfied under Rule 4(e)(1). This communication also confirms accumulating efforts by Plaintiff to reasonably calculated to provide actual notice. Oddly, Ms. Bacharach submitted these emails to the Court as exhibits despite the fact they undermining her claims. At any time, counsel for The Fox Parties could have replied to Plaintiff's request with a signed Waiver Form, a Waiver document drafted from scratch as Ms. Bacharach has chosen to file in past actions (See 1:25-cv-961 S.D.N.Y.), or entered an appearance and replied within 21-days from receiving the executed Summons (which they've affirmed indeed occurred) as counsel for The Fox Parties have done in each action during the nine-years of ongoing litigation with Plaintiff.

Defendants have failed to demonstrate any. The mere assertion that service was improper—despite overwhelming evidence to the contrary—is not good cause, particularly where Defendants had ample opportunity to raise any objections earlier but deliberately did not.

Actual notice of the lawsuit and proof of due process overcomes a motion to dismiss for insufficient service, particularly when the defendant hasn't been prejudiced by the technical errors in service. *Errion v. Connell,* 236 F.2d 447 (9th Cir. 1956).

This also applies to Defendant Scott Brown's ludicrous request of the court for dismissal when he concedes he received service at his home reasonably calculated to provide actual notice and was in no way prejudiced. It also must be noted that Defendant Scott Brown emphasizes repeatedly in his Reply that USPS Certified Mail constitutes proper service, directly conflicting with arguments of The Fox Parties (See Dkt. No. 16, *Id* at 19, 21).

It is indisputable that Defendants had actual notice of this action well in advance of their deadline to respond, but rather than cooperate, enter an appearance and adhere to their duties, they have resorted to unfounded claims of ineffective service as a game plan to avoid addressing the merits of Plaintiff's timely filed Complaint. Actual notice is more than sufficient to defeat any claim of defective service, particularly when the defendants actively delayed raising objections until the final hour. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

Furthermore, Defendants' last-minute request for a 60-day extension until September 19, 2025 is unreasonable and unsupported by good cause under FRCP 6(b). The plaintiff would suffer unnecessary delay in justice for an ill-contrived extension request that is both excessive and unsupported by facts, law and legal precedent. While procedure rules are crucial they are not intended to be a weapon for strategic delay or to shield parties who are aware of the legal process but choose to ignore it. Courts routinely deny such requests where the party seeking relief had notice and time to act but failed to do so. Defendants excuses are a textbook case of gamesmanship and dilatory conduct, not diligence.

Plaintiff also objects to Defendants' alternative request to dismiss the Complaint in its entirety. That request is procedurally improper, factually baseless, and entirely unsupported by the governing rules. It is a desperate and transparent attempt to deflect from their failure to timely respond, reflects abuse of process and is rendered moot when service was proper and reasonably calculated to give actual notice of the complaint.

Plaintiff reserves the right to seek sanctions if Defendants' obstruction continues.

Accordingly, Plaintiff respectfully urges the Court to:

1. Deny Defendants' request for a 60-day extension.
2. Reject their alternative request to dismiss the Complaint for alleged service defects.

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros

3

*Plaintiff*

4

*Plaintiff*