```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANDREA K. TANTAROS,                                         :
                                                            :
                              Plaintiff,                    :
                                                            :        25-CV-1675 (VSB)
                      - against -                           :
                                                            :        OPINION & ORDER
                                                            :
FOX NEWS NETWORK, LLC, et al.,                              :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On February 27, 2025, pro se Plaintiff filed a complaint. (Doc. 1.) On May 26, 2025, Plaintiff filed a motion for alternative service, where she seeks to serve Defendants John T.A. Finley ("Finley"), Scott Brown ("Brown"), William Shine ("Shine"), the Estate of Roger Ailes (the "Estate"), Fox News Network, LLC ("Fox News"), and Fox Corporation through (1) newspaper publication, (2) social media postings, and (3) emails to "known agents, attorneys, or representatives engaged in prior related litigation." (Doc. 9 ("Mot.").) That same day, Plaintiff filed a letter in support of her motion for alternative service. (Doc. 12 ("Ltr.").) On May 28, 2025, Plaintiff filed an Amended Complaint. (Doc. 10.) On June 10, 2025, Plaintiff filed an affidavit of service, where she purports to have served certain Defendants by email and/or mail. (Doc. 14.)

Plaintiff moves for alternative service by email based on Federal Rule of Civil Procedure 4(e)(1), Rule 4(f)(3), and CPLR §§ 308(5) and 316. (*See* Mot.) Plaintiff's request is only for "supplemental authorization in the event any Defendant seeks to frustrate or invalidate proper notice in bad faith." (*Id.* at 2.) Indeed, Plaintiff claims that she "serve[d] all named Defendants

via USPS Certified Mail, UPS Overnight Mail, and email to known counsel of record," in other litigation, but requests leave for alternative service "should service be disputed or challenged in any form." (Ltr. at 1.) Plaintiff claims that her request is necessary "based on a documented pattern of evasion and non-cooperation of certain Defendants habitually facing similar claims." (*Id.*)

## I. **Applicable Law**

Federal Rule of Civil Procedure 4(e) governs service for an individual within the United States. Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

Under New York law, a party may effectuate service through alternative means, including by email, if the traditional methods of service are "impracticable." N.Y. C.P.L.R. § 308(5). The traditional methods of service include personal service or delivery to "the actual place of business" or "dwelling place" of the person "to be served and by either mailing the summons to the . . . last known residence" or "actual place of business" of the person to be served. N.Y. C.P.L.R. § 308(1)–(2). If service through these methods "cannot be made with due diligence," then a party may effectuate service under Section 308(4) by "affixing the summons to the door of either the actual place of business [or] dwelling place" of the person to be served and "mailing the summons to such person at his or her last known residence or . . . mailing the summons by first class mail to the person to be served at his or her actual place of business." It is only when these methods of service are "impracticable" that a party may effectuate service under Section 308(5).

"Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be

made." *Avail 1 LLC v. Kalsi*, No. 23-CV-1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023) (internal quotation marks omitted). "[P]laintiff must, for each of the three traditional methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id.* (internal quotation marks omitted).

New York law also permits service by publication. N.Y. C.P.L.R. § 316. "The Second Circuit has noted that publication notice is particularly appropriate where . . . there are indications that a defendant has engaged in 'deliberate avoidance and obstruction' to prevent service from being effected." *Urbont v. Sony Music Ent.*, No. 11-CV-4516, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012) (citing *SEC v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987)).

Finally, Federal Rule of Civil Procedure 4(f) governs service for an individual in a foreign country.

## II.  Application

Plaintiff's arguments fail. As an initial matter, Plaintiff fails to show any impracticability to warrant leave for alternative service under Section 308(5). Plaintiff does not demonstrate why the traditional methods of service could not be made; indeed, she concedes that she has purportedly served Defendants properly through mail. Plaintiff does not argue impracticability, and merely requests alternative service as a backstop "should service be disputed or challenged in any form." (Ltr. at 1.) So, her request under Section 308(5) fails.

Her request for service by publication under Section 316 is also doomed for failure to demonstrate that any defendant is "engaged in deliberate avoidance and obstruction to prevent service from being effected." *Urbont*, 2012 WL 1592519, at *3 (internal quotation marks

omitted). Plaintiff makes the conclusory claim that there is a "documented pattern of evasion and non-cooperation of certain Defendants habitually facing similar claims." (Ltr. at 1.) Indeed, Plaintiff acknowledges that her request is not based on any of Defendants' conduct that has already occurred. Rather, Plaintiff's request is "filed in anticipation" based on Defendants' alleged "pattern and practice of procedural gamesmanship, evasion or obstruction." (*Id.* at 2.) Plaintiff fails to describe any such pattern or practice of evasion or obstruction, and concedes that they have not engaged in any such activity here.

Because Plaintiff has not established any reason why alternative service should be granted under New York law, her request under Rule 4(e)(1) fails. And because Plaintiff has not alleged that any individual defendant is in a foreign country, her request under Rule 4(f) likewise fails.

Accordingly, Plaintiff's motion for alternative service by email is DENIED.[1] The Clerk of Court is respectfully directed terminate Document 9.

SO ORDERED.

Dated: August 5, 2025
   New York, New York

                *Vernon Broderick*
                Vernon S. Broderick
                United States District Judge

---

[1] On February 28, 2025, pro se Plaintiff consented to receive electronic service via the ECF system. (Doc. 6.)

4