UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB)

**PLAINTIFF'S OPPOSITION TO DEFENDANT SCOTT BROWN'S
SUPPLEMENTAL MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Defendant Scott Brown's Supplemental Motion for Dismissal is nothing more than attempting to gain a second bite at the apple with the same, unavailing and baseless arguments made in his first attempt to dismiss the claims against him. Like his first bite, the second lacks any teeth to meet the standard for dismissal under Rule 12(b). Even more problematic, Brown scampers away from addressing unimpugnable evidence of his unlawful, conduct toward Plaintiff, in front of dozens of witnesses, and memorialized in his then-employer, Fox News Network's, privilege log, solidifying his guilt. His arrogantly and deliberately dismisses corroborating, punitive evidence as both "unnecessary" and "irrelevant".

Like many politicians seeking to reclaim power by attempting to escape accountability for his actions, Brown seeks to deflect facts and evidence by seeking to bury the truth in a word soup of inapplicable case law and contrived obfuscation to create the illusion of the necessity of judicial discretion and broad judicial interpretation where none is either necessary or required. The facts and law of this case are black and white.

Nothing Brown hallmarks for dismissal. months before readying his anticipated, quixotic run for the Republican nomination for Senator in New Hampshire, Brown has made a last gasp, hurried effort to discredit Plaintiff Tantaros, one of the most prominent, respected and trusted voices in politics, by regurgitating hollow disinformation in another, unnecessary and bloated filing overstuffed with meaningless words and distracting, empty rhetoric.

2

**LEGAL STANDARD**

When deciding a motion to dismiss in Federal court under FRCP 12(b), the the court must accept all allegations in the complaint as true and draw all inferences in favor of the non-moving party (Plaintiff). *LaFaro v. N.Y. Cardiothoracic Group, PLLC,* 570 F.3d 471, 475 (2nd Cir. 2009). The plaintiff's allegations must be more than just possible; they must make it plausible that the defendant is liable. To state a plausible claim, plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" – a standard that requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Here, plaintiff's allegations are more than just possible; Plaintiff demonstrates beyond even plausibility that the defendant is liable with evidence of a Fox News-instigated investigation of sexual misconduct by Scott Brown in the privilege log of former General Counsel Dianne Brandi.

The court will not dismiss any claims pursuant to Rule 12(b)(6) unless the plaintiff has failed to plead sufficient facts to state a facially plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this instance, Plaintiff, via her Amended Complaint provided factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2nd Cir. 2007) (*citing Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged

– but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); see also, Fed. R. Civ. P. 8(a)(2).  Plaintiff has included specific facts and evidence, not "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (*citing* Twombly, 550 U.S. at 555).[1]

---

[1] Further, Plaintiff's claims are not barred by res judicata. Brown has not been a Defendant in any prior action involving Plaintiff, and claims asserted in Plaintiff's operative Complaint have not been filed against any Defendant in prior litigation, in any jurisdiction.

# ARGUMENT

**A. Defendant Scott Brown Proffers No New Arguments, Facts or Evidence to Meet the Standard for Dismissal; Plaintiff Has More Than Met the Legal Bar to Advance Her Case**

Plaintiff's claims are fully and well plead, plausible on their face and supported by corroborating evidence, despite not yet arriving at the evidentiary phase. The punitive evidence against Brown shreds any doubt that Plaintiff's claims are either plausible or possible—even to overcome a Motion to Dismiss. They are credible, and they are fact. Plaintiff's claims are additionally not not barred by res judicata. Defendant was given actual notice, and Plaintiff's GMVA claims were timely filed. Brown's supplemental Motion to Dismiss offers nothing new to justify dismissal, only recitations of his prior pleading.

**B. It is Indisputable: Claims of Sexual Assault and Battery Against Defendant Scott Brown Were Timely-filed and Applicable Under the Gender Motivated Violence Act ("GMVA")**

It is plain that the plaintiff's claim is not barred by any statute of limitations or untimely. The Gender-Motivated Violence Act, as amended, provided a duly-enacted "lookback" window, operative from March 1, 2023, through February 28, 2025, during which any otherwise time-barred action alleging gender-motivated violence (such as Brown's sexual assault and battery) could be commenced without regard to the original limitations period, regardless of how long ago the event occurred. 36 N.Y.3d 450, 455–56 (2021) (revival statutes operate as explicit legislative suspension of time bars and are to be enforced as written). The legislature, in its wisdom, saw fit to suspend the bar for that limited interval—much as it has in other contexts—to afford long-denied access to judicial redress. The plaintiff filed her

complaint before that window closed. That is the end of the matter. One need not rummage through equitable doctrines or legislative history; the text says what it says, and it admits of no exception for conduct occurring in 2015. The action is timely because the statute says it is.

As to the substance, the Act's language is capacious, prohibiting "a crime of violence motivated by gender," and defining such violence to include not merely battery in its most brutish form but also harassment and other conduct that inflicts physical, emotional, or psychological harm. See *Baldwin v. TMPL Lexington LLC,* No. 23-CV-9899 (PAE), 2024 WL 4050168, at 6–8 (S.D.N.Y. Aug. 15, 2024). Here, the S.D.N.Y. recognized GMVA claims for unwanted touching, groping, sexual harassment, and emotionally abusive conduct). *See also Garcia v. Comprehensive Ctr., LLC,* No. 21-CV-6945, 2022 WL 2237452, at 4–5 (S.D.N.Y. June 22, 2022) (physical and verbal acts covered where gender-motivated); See *Torres v. City of New York*, No. 20-CV-3384, 2021 WL 3725985, at 8 (S.D.N.Y. Aug. 23, 2021) (words and threats can constitute actionable violence). The common-sense reading of "violence" in this context—reinforced by precedent—is that it includes conduct which, while not leaving visible scars, nonetheless subjugates and injures the victim through the abuse of power rooted in gender bias. The law makes clear that words wound, and where the statute's text reaches them, the courts must not shrink from giving that text its due effect. This court has refused to shrink in giving the law and its text its full effect as in *Baldwin v. TMPL Lexington LLC*.

Most importantly, the most egregious act committed by Brown is one of sexual assault And sexual battery in a public restaurant in the Fox News Network building in New York City in

front of a packed luncheonette. Brown's attempt at introducing a gross inaccuracy in the law by concocting an excuse that Plaintiff's claim was not "revived", is both misdirection and intentional deceit upon the court.

### C. Defendant Brown Received Actual Notice Shattering His Nonexistent Theory of Improper Service

Brown continues to bemoan an argument of ineffective service that falls flat. Brown emphasizes repeatedly that he was served the legal documents by Plaintiff at his 'abode', as required under New Hampshire state law, via overnight delivery with proof of delivery and signature required on May 24, 2025. Brown's own filing underscores that Brown had actual notice of the lawsuit, scuttling any argument in favor of dismissal.

"Where actual notice of the proceedings has been received, and the defendant has not been prejudiced by the manner of service, courts will not set aside a judgment merely because the service was defective." *See Errion v. Connell,* 236 F.2d 447 (9th Cir. 1956). Further, Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Even assuming arguendo that service was imperfect, dismissal is inappropriate where the defendant had actual notice of the lawsuit and was not prejudiced.
Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.

Technical defects in service do not justify dismissal where the defendant had actual notice of the lawsuit and was not prejudiced. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994), See also *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984). Plaintiff made efforts reasonably calculated to give actual notice, which Brown cannot, and does not dispute. Brown not only received sufficient

7

notice, he retained counsel who filed an appearance and Reply on June 26, 2025 showcasing he was in no way prejudiced by service. Knowing that actual notice is not enough to justify dismissal and that actual notice and lack of prejudice are not fatal to personal jurisdiction, Brown disposes of the arguments in his latest Supplemental 'mulligan-esque' Motion to Dismiss. See *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir. 1984).

In an even more bizarre display of cognitive dissonance, Brown stresses that Plaintiff should have served him via USPS Certified Mail, permissible under Rule 4, yet his co-Defendants, Fox News Network, LLC, Fox Corporation, William Shine, and Suzanne Scott admit they were served multiple times and via multiple manners including USPS Certified Mail (individually, through counsel and representatives authorized to accept service), and they argue service was "ineffective" and failing to file any responsive pleading within the 21-day deadline, despite having received actual notice no less than three times. Their arguments are as fatally flawed as Brown's with the Court enumerating on what is permissible service under Rule 4 in the Court's Decision and Order of August 6, 2025. See ECF No. 35, *Id* at 2. Plaintiff has satisfied The standards under Rule 4(e)(1), and, CPLR 308 (1)-(2), CPLR 308 (4) with Defendants own admission, including Brown, proving actual notice was issued and no prejudice was caused.

To further bolster good-faith service, Plaintiff has served both Defendant Brown's counsel and Defendant Brown personally via USPS Certified First Class Mail on July 13, 2025. See accompanying "Declaration in Support of Plaintiff's Reply in Opposition to Defendant's Supplemental Motion to Dismiss".

### D. Defendant Scott Brown Cannot Overcome Evidence of His Guilt and a Well Established Pattern and Practice of Sexual Misconduct

Equally as important as what Brown says, is what he does not say. Brown avoids any vehement denial of his actions toward Plaintiff, nor does he acknowledge or attempt to offer any explanation or contradictory statements or evidence. His silence is deafening. Much like the dog in Sherlock Holmes' Silver Blaze, Brown fails deliberately ignores his sexual misconduct and public sexual assault and sexual battery of Plaintiff, and predictably brushes off verified documentation of an investigation into his unlawful behavior toward Plaintiff by former Fox News Network General Counsel, Dianne Brandi to cover his misdeeds for both himself, and the other co-Defendants. The investigation and evidence that Plaintiff lodged formal complaints directly to her then supervisor and co-Defendant William Shine immediately following the incident, and subsequent complaints to her production staff underpins the validity of Plaintiff's claims. Since he cannot defend it, Brown's only attempt to delegitimize unimpeachable, "corroborating evidence" against him is to name-call it as "not required or relevant." Such an approach is both patently absurd and legally ludicrous. While the case has not yet approached the evidentiary phase, it was Brown who invoked both *Twombly* and *Iqbal* to, albeit weakly, attack Plaintiff for failing to state a claim that is plausible on its face. To satisfy the requirements to overcome a Motion to Dismiss, Plaintiff exceeds the standards. Such damning, clear and corroborating evidence leaves no room for doubt or Brown's feckless approach at misdirection and fabricating legal loopholes and technical snags where none exist.

Brown is equally silent on his well-documented pattern and practice of flagrant sexual misconduct in public toward women following the incidents with Plaintiff. As Ambassador to New Zealand, Brown was accused but two separate women of sexual misconduct at a public

9

event. His gross misconduct was subject to an investigation initiated by the U.S. Department of State. It not only amplifies claims brought by Plaintiff and her credibility, but it also provides an undeniable, established pattern of predatory behavior by Brown and his abuse of power.

## CONCLUSION

Brown offers nothing new under the sun. His "supplemental" motion to dismiss is obvious recitations of prior misstatements that were both fatally flawed and factually deficient. His second attempt to clear the high bar for dismissal not only misses the mark, it wastes the court's time on a yet another giving a guilty Defendant an escape hatch when denial is warranted.

Character counts in a court of law and the court of public opinion, but facts, law and well-settled precedent are paramount. Based on Brown's deficiencies in all three necessary categories, the court should deny Defendant Brown's Motion(s) to Dismiss with prejudice. Denial warrants the full measure of damages sought, including punitive damages, attorneys' fees, and all costs of litigation.

Respectfully submitted,

*/s/ Andrea Tantaros*

Andrea K. Tantaros, *Plaintiff*

Date: August 7, 2025

**CERTIFICATE OF COMPLIANCE**

I, Andrea K. Tantaros, hereby certify that pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, that this document complies with Rule 7.1(c)'s word count limit.