

Richard A. Edlin
Vice Chairman
Tel 212.801.9200
Fax 212.801.6400
edlinr@gtlaw.com

August 12, 2025

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Tantaros v. Fox News Network, LLC, et al.*, No. 25-cv-01675 (VSB)

Dear Judge Broderick:

We represent Defendant Scott Brown in the above-referenced action. We respectfully file this letter to notify the Court of a sur-reply filed by Plaintiff Andrea K. Tantaros that should be struck as unauthorized. In the alternative, we respectfully request leave to file the brief attached hereto as Exhibit A, which responds to Tantaros's new filing and highlights several new examples of Tantaros's abusive litigation practices.

Brown moved to dismiss on June 26, 2025, and Tantaros opposed on July 10. (ECF Nos. 16–18, 19–20.) On July 16, Tantaros submitted a "Notice of Correction of Citations" purporting to "withdraw" two fake cases cited in her opposition. (ECF No. 22.) The motion was fully submitted on July 21, when Brown replied. (ECF Nos. 25–26.) The reply brief identified numerous disturbing features of the opposition, including citations to two fake cases, a fictional statutory provision, and a pattern of badly mischaracterizing real authorities. (*E.g.*, ECF No. 25 at 7–9.) The reply explained that these features are consistent with Tantaros having submitted an unverified brief generated by an AI tool, that attorneys and parties alike have a responsibility to verify their citations, and that a failure to do so can support sanctions. (*Id.* at 10–11.)

On August 8, 2025, Tantaros submitted a ten-page brief styled as "Plaintiff's Opposition to Defendant Scott Brown's Supplemental Motion to Dismiss" and a supporting declaration. (ECF Nos. 36–37.) But there is no supplemental motion to dismiss, and in substance Tantaros's new filing is an unauthorized sur-reply filed in contravention of the Court's individual rules. *See* Individual Rules & Practices in Civil Cases 4.B ("Sur-reply memoranda will not be accepted without prior permission of the Court."). The filings should therefore be struck. *See, e.g.*, *Laguerre v. Nat'l Grid USA*, No. 20-3901-CV, 2022 WL 728819, at *5 n.7 (2d Cir. Mar. 11, 2022) (summary order) (affirming order striking sur-reply); *Cunningham v. Lupis*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024) (striking unauthorized sur-reply filed in violation of court's individual rules), *appeal dismissed*, No. 24-844, 2024 WL 5505345 (2d Cir. Nov. 8, 2024).



In the alternative, Brown respectfully requests leave to file the attached brief addressing Tantaros's sur-reply. Although Tantaros's new arguments are quickly refuted, the brief also identifies new examples of Tantaros citing fictional authorities and other practices consistent with blind reliance on an AI tool that is "hallucinating." Tantaros submitted these authorities knowing that her legal tools may invent real-looking authorities and in the face of Brown's warning that submitting fake cases is sanctionable conduct.

Irrespective of whether the Court strikes the sur-reply, the Court would be well within its discretion to sanction Tantaros for her abusive litigation practices. At a minimum, the Court should promptly dismiss the claim against Brown with prejudice.

Respectfully submitted,

/s/ *Richard A. Edlin*
Richard A. Edlin