**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA K. TANTAROS,<br><br>    *Plaintiff*,<br><br> -against-<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, INC., ROGER AILES, WILLIAM SHINE, JOHN FINLEY, SCOTT BROWN, AND SUZANNE SCOTT,<br><br>    *Defendants*. | Case No. 1:25-CV-01675(VSB) |

**MEMORANDUM OF LAW OF FOX NEWS NETWORK, LLC,**
**FOX CORPORATION, AND SUZANNE SCOTT**
**<u>IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................................... **1**

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................. **2**

III.  LEGAL STANDARD ................................................................................... **6**

IV.   ARGUMENT ................................................................................................ **7**

    A.    Plaintiff's Claims Against the Fox Parties Are Barred by *Res Judicata*
        And Should Be Dismissed With Prejudice. ........................................... 7

        1.    ████████████████████████████████ ............................... 9

        2.    Plaintiff Was a Party to The Arbitration. ................................. 10

        3.    ██████████████████████████████ ................................. 11

    B.    In the Alternative, Plaintiff Must Arbitrate Her Claims Against the Fox
        Parties. .................................................................................................. 13

    C.    Plaintiff's Post-Employment Electronic and Physical Surveillance Claims
        Should Be Dismissed Because (1) They Fail to State A Claim, And (2)
        They Were Already Adjudicated In *Tantaros II*. .................................. 15

        1.    There is No Private Right of Action Under 18 U.S.C. § 2261A or
            New York Penal Code §§ 120.45 or 240.30. ........................... 15

        2.    Plaintiff's Post-Employment Electronic and Physical Surveillance
            Claims Are Barred by Res Judicata. ........................................ 17

            a.    Plaintiff's Electronic and Physical Surveillance Claims
                Were Adjudicated on The Merits in Tantaros II, Where
                Plaintiff Was Also A Party. ........................................ 18

            b.    Plaintiff's Electronic and Physical Surveillance Claims
                Were, Or Could Have Been, Raised in Tantaros II ..................... 18

V.    CONCLUSION ............................................................................................ **19**

i

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Amatucci v Young*,
    No. 25-cv-10-JL-TSM, 2025 WL 1095937 (D.N.H. Mar. 12, 2025), *adopted*
    *by, dismissed by*, 2025 WL 1092646 (D.N.H. Apr. 11, 2025)..................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................6, 7

*Barash v. N. Tr. Corp.*,
    No. 07-cv-5208(JFB)(ARL), 2009 WL 605182 (E.D.N.Y. Mar. 6, 2009)......................10, 11

*Berrios v. N.Y. City Hous. Auth.*,
    564 F.3d 130 (2d Cir. 2009)...................................................................................18

*Boguslavsky v. Kaplan*,
    159 F.3d 715 (2d Cir. 1998)...................................................................................10

*Brodsky v N.Y.C. Campaign Fin. Bd.*,
    796 F App'x 1 (2d Cir. 2019) ................................................................................18

*Browning Debenture Holders' Comm. v. DASA Corp.*,
    605 F.2d 35 (2d Cir. 1978)......................................................................................9

*Burton v. Silvercrest Ctr. for Nursing & Rehab.*,
    No. 11-cv-2757(SLT)(LB), 2013 U.S. Dist. LEXIS 48378 (E.D.N.Y. Mar. 29,
    2013) ..................................................................................................................9

*Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*,
    216 F. Supp. 3d 328 (S.D.N.Y. 2016) ...................................................................16

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)....................................................................................7

*Cieszkowska v. Gray Line N.Y.*,
    295 F.3d 204 (2d Cir. 2002)...........................................................................13, 19

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
    58 F.3d 16 (2d Cir. 1995)......................................................................................14

*Doe v Rees*,
    No. 24-cv-00274, 2025 WL 834786 (N.D.N.Y. Mar. 17, 2025) ...............................16

*Genao v. N.Y. Cnty. Family Ct.*,
    No. 20-cv-01829 (KAD)(WIG), 2020 WL 13804743 (D. Conn. Dec. 15,
    2020) ................................................................................................................16

**Page**

*Gordon v. First Franklin Fin. Corp.*,
    No. 15-cv-0775 (SJF)(AKT), 2016 WL 792412 (E.D.N.Y. Feb. 29, 2016)............................12

*Grimes v. Fremont Gen. Corp.*,
    933 F. Supp. 2d 584 (S.D.N.Y. 2013).....................................................................................17

*Iwachiw v. Gen. Elec. Corp.*,
    No. 99-cv-3668(LDW), 2000 U.S. Dist. LEXIS 21039 (E.D.N.Y. July 10,
    2000) ..............................................................................................................................13

*Justin v Taylor*,
    No. 25-cv-03788-LJC, 2025 U.S. Dist. LEXIS 87594 (N.D. Cal. May 7, 2025)...................16

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007)...................................................................................................7

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)...................................................................................................7

*Lobaito v. Chase Bank*,
    529 F. App'x 100 (2d Cir. 2013) ............................................................................................8

*Lobaito v. Chase Bank*,
    No. 11-cv-6883(PGG), 2012 WL 3104926 (S.D.N.Y. July 31, 2012), *aff'd*,
    529 F. App'x 100 (2d Cir. 2013) ..........................................................................................10

*Lufti v. Dow Jones*,
    95 Civ. 8779 (RPP), 1996 WL 343065 (S.D.N.Y. June 20, 1996).........................................11

*Milner v Bristol Police Dep't*,
    No. 23-cv-374(OAW), 2023 WL 3996918 (D. Conn. June 14, 2023) .................................8, 9

*Monahan v. N.Y.C. Dep't. of Corr.*,
    214 F.3d 275 (2d Cir. 2000).............................................................................................8, 10

*Patterson v. Patterson*,
    No. 16-cv-00844, 2019 WL 1284346 (W.D.N.Y. Mar. 20, 2019) .........................................16

*Peterec v Hilliard*,
    No. 12-cv-3944(CS), 2013 WL 5178328 (S.D.N.Y. Sept. 16, 2013)......................................16

*Romaka v. H&R Block Mortg. Corp.*,
    No. 17-cv-7411, 2018 U.S. Dist. LEXIS 170190 (E.D.N.Y. Sept. 30, 2018) ..........................8

*Saiti v. Century Mgmt.*,
    No. 23-cv-9591 (JPO), 2025 WL 579962 (S.D.N.Y. Feb. 21, 2025) ...................................8, 9

**Page**

*Shukla v. Deloitte Consulting LLP*,
    No. 19-cv-10578 (AJN), 2021 WL 3721349 (S.D.N.Y. Aug. 20, 2021)...................................9

*Smith v. N.Y.C. Police Dep't*,
    No. 06-CV-15436(JSR)(KNF), 2010 WL 423039 (S.D.N.Y. Feb. 4, 2010),
    *adopted by* 2010 WL 2008839 (S.D.N.Y. May 17, 2010)......................................................17

*Snyder v. Yonkers Public Sch. Dist.*,
    315 F. Supp. 2d 499 (S.D.N.Y. 2004)..........................................................................9, 13, 19

*Stebbins v. State Farm Mut. Auto. Ins. Co.*,
    413 F.2d 1100 (D.C. Cir. 1969) ...............................................................................................10

*Syufy Enters. v. American Multicinema, Inc.*,
    575 F. Supp. 431 (N.D. Cal. 1983) ..........................................................................................10

*Tantaros v. Fox News Network, LLC*,
    Index No. 157054/2016 (Sup. Ct., N.Y. Cnty. 2016) ("*Tantaros I*") .............................2, 3, 14

*Tantaros v. Fox News Network, LLC, et al.*,
    No. 17-cv-2958 (S.D.N.Y. 2017) ("*Tantaros II*") ...........................................................3, 6, 18

*Tantaros v. Fox News Network, LLC, et al*,
    No. 19-cv-07131(ALC) (S.D.N.Y. 2019) ("*Tantaros III*") ......................................................4

*Tantaros v. Fox News Network, LLC, et al.*,
    No. 25-cv-00961(VSB) (S.D.N.Y. 2025) ("*Tantaros IV*")........................................................5

*Weinstein v City of New York*,
    No. 13-CV-06301(LGS), 2014 WL 1378129 (S.D.N.Y. Apr. 8, 2014), *aff'd*,
    622 F. App'x 45 (2d Cir. 2015) ...............................................................................................16

*Yeiser v. GMAC Mortg. Corp.*,
    535 F. Supp. 2d 413 (S.D.N.Y. Feb. 13, 2008).......................................................................11

## I.    <u>**INTRODUCTION**</u>

The Amended Complaint in this action is now the fifth frivolous complaint that Andrea Tantaros ("Plaintiff" or "Ms. Tantaros") has attempted to litigate in court even though her claims are subject to mandatory arbitration.  Each earlier complaint was dismissed.  This latest one has no merit and also should be dismissed with prejudice.

In her Amended Complaint, Plaintiff, whose employment with Fox News ended in 2016, asserts claims against Fox News, Fox Corporation (Fox News's ultimate parent corporation), and Suzanne Scott (CEO of Fox News) (collectively, the "Fox Parties"), alleging harassment, infliction of emotional distress, negligent hiring and supervision, retaliation, and electronic and physical surveillance during her employment.[1]  She also alleges that following her employment Fox News and Fox Corporation continued to surveil her and harass her online.

This Court and three others have already told Plaintiff that her employment claims against Fox News and its executives belong in arbitration.  And the arbitrators have dismissed those claims with prejudice.  Plaintiff's post-employment electronic and physical surveillance claims fare no better.  First, like the employment claims, they are barred by the doctrine of *res judicata*.  In 2018, Judge Daniels dismissed with prejudice Tantaros's claims against Fox News and others based on the alleged surveillance.  She then repeated those same allegations in the pending arbitration, including by way of an April 18, 2024, affidavit asserting that the Fox Parties and others "illegally accessed [her] electronic devices" up through that date.  Second, even if they were not *res judicata*, the post-employment surveillance claims would be subject to Plaintiff's mandatory arbitration agreement, which multiple courts have already ruled governs her claims against the Fox Parties.

---

[1] Plaintiff also names as Defendants former Fox News employees William Shine, John Finley and Scott Brown.

Finally, to the extent Ms. Tantaros attempts to raise a claim based on alleged "post-employment" surveillance that she asserts is not governed by arbitration, she has failed to state a claim upon which relief can be granted because the federal and state criminal statutes on which she bases her claims do not provide a private right of action.

For these reasons, as set forth in detail herein, the Fox Parties respectfully request the Court dismiss the Amended Complaint against them with prejudice.[2]

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Fox News hired Plaintiff in 2010.  Am. Compl. ¶ 5.  Her employment was, from the time of her hiring in 2010 through her termination in 2016, governed by employment agreements, including most recently an agreement she signed in 2014.  *Id.* (referencing her employment agreement); Evans Decl. ¶ 3, Ex. 1 ("Employment Agreement").  That agreement provided for mandatory arbitration of "[a]ny controversy, claim or dispute arising out of or relating to [the Employment Agreement] or [Plaintiff's] employment" with Fox News (the "Arbitration Clause"). *Id*.

Over the past decade, Ms. Tantaros has filed lawsuit after lawsuit, changing lawyers nine times and currently representing herself *pro se*, all to pursue claims that are subject to the mandatory Arbitration Clause.  On August 22, 2016, in contravention of the Arbitration Clause, Plaintiff filed a complaint in the Supreme Court of New York against the Fox Parties alleging workplace sexual harassment and retaliation, which included many of the same allegations set forth in the current Amended Complaint.  *See Tantaros v. Fox News Network, LLC*, Index No.

---

[2] As Plaintiff's Amended Complaint in this case is the latest in a long line of unmeritorious, repetitive and harassing lawsuits filed by Plaintiff against the Fox Parties and others, the Fox Parties have served Plaintiff with a motion for sanctions pursuant to Rule 11. If Plaintiff does not voluntarily dismiss her Amended Complaint and dismiss this case with prejudice within 21 days, the Fox Parties will file that motion with the Court.

157054/2016 (Sup. Ct., N.Y. Cnty. 2016) ("*Tantaros I*").  The Fox Parties moved to compel arbitration.  Plaintiff opposed, arguing that the Arbitration Clause was unenforceable because, among other reasons, she alleged Fox News had materially breached her Employment Agreement and because her claims were not subject to arbitration.  *See* Evans Decl. ¶ 4, Ex. 2.  The *Tantaros I* court rejected Plaintiff's challenge to the enforceability of the Arbitration Clause, held the Arbitration Clause enforceable, and granted the Fox Parties' motion to compel Plaintiff's claims to arbitration.  *See* Evans Decl. ¶ 5, Ex. 3.  Plaintiff initially filed a Notice of Appeal but failed to perfect it.  *See id* ¶ 6.  Consistent with the state court's ruling in *Tantaros I*, and as required by the enforceable Arbitration Clause, Plaintiff ultimately filed her claims against the Fox Parties with the New York office of the American Arbitration Association ("AAA").[3]

On April 24, 2017, while *Tantaros I* was pending, Plaintiff filed a federal complaint in this District in which she asserted claims related to electronic and physical surveillance and alleged intentional infliction of emotional distress against Fox News, among others, which the court granted her leave to amend on February 8, 2018.  *See Tantaros v. Fox News Network, LLC, et al.*, No. 17-cv-2958, ECF No. 1, ECF No. 124-2 (S.D.N.Y. 2017) ("*Tantaros II*").  Plaintiff alleged in *Tantaros II*—just as she does here—that "during, ***and mostly after***, [her] employment" Fox News "torture[d] and attempt[ed] to surveil [her]."  *Id.* ¶ 14 (emphasis added).  Specifically, she claimed that Fox News, through Bo Dietl, Peter Synder, and "the Black Room," and others stalked her and harassed her online and intentionally caused her emotional distress.  *Id.* ¶¶ 14, 40.  On May 18, 2018, the *Tantaros II* court dismissed Plaintiff's claims with prejudice for failure to state a claim.

---

[3] ███████████████████████████████████████████████████████████ vans Decl. ¶ 7.

*Tantaros II*, ECF No. 160.  There, too, Plaintiff appealed the court's decision to the Second Circuit, but failed to pay the filing fee, resulting in dismissal.  *Tantaros II*, ECF No. 163.

On July 17, 2019, after more than two years of actively arbitrating her claims before AAA, Plaintiff suddenly changed course and filed another action against the Fox Parties in the Supreme Court of New York.  There, she sought a temporary restraining order and a permanent injunction staying the arbitration of her sexual harassment claims on the basis that the Arbitration Clause was unenforceable following the enactment of New York CPLR § 7515.  The Fox Parties removed the action to this District on July 30, 2019, and the matter was assigned to Judge Carter.  *Tantaros v. Fox News Network, LLC, et al*, No. 19-cv-07131(ALC) (S.D.N.Y. 2019) ("*Tantaros III*").  ██

██████████████████████████████████

Plaintiff moved to remand to state court, Judge Carter denied her motion, and she appealed the remand ruling to the Second Circuit and lost in that court.  *Tantaros III*, ECF Nos. 10, 40, 88.  After her loss in the Second Circuit, the Fox Parties moved to dismiss the *Tantaros III* petition on the basis that CPLR § 7515 was preempted by the Federal Arbitration Act and otherwise inapplicable to her claims.  *Tantaros III*, ECF No. 100.  In her opposition to the motion to dismiss, Plaintiff argued that "[e]ven if CPLR § 7515(b)(iii) does not apply," the Arbitration Clause was nevertheless unenforceable because it is "unreasonable and unconscionable" and denies her due process.  *Tantaros III*, ECF No. 114 at 15.

On September 30, 2022, Judge Carter granted the Fox Parties' motion to dismiss, holding that CPLR § 7515 was preempted by the Federal Arbitration Act and that Plaintiff's claims were properly in arbitration.  *Tantaros III*, ECF No. 140.  In so holding, Judge Carter expressly rejected Plaintiff's "remaining arguments"—which included her arguments that the Arbitration Clause was unenforceable and unconscionable and denied her due process—finding them to be "without merit."

*Id.* at 6, n.1.  Following Judge Carter's decision, Plaintiff's then-counsel (the tenth and last in a long line of counsel for Plaintiff in this saga) withdrew from representing Plaintiff, and she has represented herself ever since.  *Tantaros III*, ECF No. 143.



█████████████████████████████████  On February 3, 2025, Plaintiff filed yet another lawsuit related to her employment with Fox News, this time before this Court.  *Tantaros v. Fox News Network, LLC, et al.*, No. 25-cv-00961(VSB) (S.D.N.Y. 2025) ("*Tantaros IV*").  There, Ms. Tantaros sought "emergency" injunctive relief from the arbitration that had been pending for nine years.  *Tantaros IV*, ECF No. 6.  ████████████████████████

████████████████████████████████████

███████████████  *See Tantaros IV*, ECF No. 38 at 5.  The Fox Parties opposed the Petition and moved to dismiss.  *See Tantaros IV*, ECF Nos. 37-38.  On August 6, 2025, this Court denied Ms. Tantaros's Petition for injunctive relief, finding Ms. Tantaros failed to establish a likelihood of success on the merits.  *Tantaros IV*, ECF No. 54.  The Court also granted the Fox Parties' motion and dismissed Ms. Tantaros's claims with prejudice.  *Id.*

.[4]  *See* Evans Decl. ¶ 16, Ex. 8 (the "Award").

---

[4] █████████████████████████████████████
██████████████████████

Contemporaneously with this motion, the Fox Parties have filed a counterclaim petition to confirm the Award.

On February 27, 2025, Plaintiff filed this action ("*Tantaros V*") ████████████ ████████████████████████████████████. In this fifth attempt to assert claims in court, Ms. Tantaros once again alleges that during her employment she was the victim of sexual misconduct. *See generally* Am. Compl., ECF No. 10. She alleges that (1) she was harassed by Fox News's former CEO prior to his termination in July 2016, and by other men "hand-picked" to harass her on and off camera during her employment, *id.* ¶¶ 27-29; (2) prior to her termination, she was "blacklisted" from opportunities at Fox News and harassed by Defendant John Finley, a former Fox News employee, *id.* ¶¶ 30-41; (3) she was harassed by Defendant Scott Brown on-set during her employment with Fox News, including a specific incident that she alleges occurred in 2015, *id.* ¶ 42; (4) Defendants William Shine and Suzanne Scott failed to address her concerns about workplace harassment while she was employed, *id.* ¶¶ 43-44; and (5) at Fox News's direction, Bo Dietl, Peter Snyder, and the law firm of Epstein, Becker & Green unlawfully surveilled Ms. Tantaros for the past nine years, *id.* ¶ 45. In all, she brings claims against one or more of the Fox Parties for Hostile Work Environment (Count II), Intentional Infliction of Emotional Distress (Count III), Negligent Hiring, Supervision, and Retention (Count IV), "Aiding and Abetting Retaliation" (also labeled Count IV), "Civil & Criminal Stalking" (Count V), and Aggravated Harassment in the Second Degree (Count VI). She also asserts a claim under the Gender Motivated Violence Act against individual non-Fox defendants (Count I).

## III.  **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). While a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although well-pleaded factual allegations are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

IV.    **ARGUMENT**

   A.    **Plaintiff's Claims Against the Fox Parties Are Barred by *Res Judicata* And Should Be Dismissed With Prejudice.**

All of Plaintiff's claims against the Fox Parties are barred by *res judicata*. Plaintiff asserts claims against one or more of the Fox Parties for Hostile Work Environment (Count II), Intentional Infliction of Emotional Distress (Count III), Negligent Hiring, Supervision and Retention (Count

IV), and Aiding and Abetting Retaliation (also referred to as Count IV and asserted only against Ms. Scott and Mr. Shine). She also asserts claims against Fox News and Fox Corporation, alleging that during and after her employment, those entities electronically surveilled her (Count VI) and civilly and criminally stalked her (Count V).[5] Plaintiff's claims against the Fox Parties were, or could have been, litigated for the past nine years in the parties' arbitration. ███████████ ████████████████████████████████████████████████████████████████████ █████████████████████████. As a result, each of Plaintiff's claims against the Fox Parties in this action is barred by the doctrine of *res judicata*.[6]

"[R]es judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quotation marks omitted) (citations omitted); *Saiti v. Century Mgmt.*, No. 23-cv-9591 (JPO), 2025 WL 579962, at *2 (S.D.N.Y. Feb. 21, 2025) (same) (citing *Monahan*). To demonstrate that a claim is precluded by *res judicata*, a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan*, 214 F.3d at 285; *see also Lobaito v. Chase Bank*, 529 F. App'x 100, 102 (2d Cir. 2013)

---

[5] To the extent Plaintiff claims that the Fox Parties engaged in such surveillance after her employment ended that could not have been arbitrated, those claims are further addressed below with her "aggravated harassment" claim (Count VI), the only other claim that purportedly involves post-employment conduct. *See infra* Section IV(C).

[6] "Like represented litigants, pro se litigants are bound by the doctrine of *res judicata*." *Milner v Bristol Police Dep't*, No. 23-cv-374(OAW), 2023 WL 3996918, at *2 (D. Conn. June 14, 2023); *see also Romaka v. H&R Block Mortg. Corp.*, No. 17-cv-7411, 2018 U.S. Dist. LEXIS 170190, at *13 (E.D.N.Y. Sept. 30, 2018).

(citing *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)) *Saiti*, 2025 WL 579962, at *2.[7] Here,

each of these factors is satisfied and Plaintiff's claims are barred by *res judicata*.



---

[7] In deciding a motion to dismiss based on *res judicata*, "a court may consider . . . arbitration awards without converting the motion to a motion for summary judgment." *Saiti*, 2025 WL 579962, at *2 (citing *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018)).

[8] *See also Shukla v. Deloitte Consulting LLP*, No. 19-cv-10578 (AJN), 2021 WL 3721349, at *4 (S.D.N.Y. Aug. 20, 2021) (warning *pro se* plaintiff that "dismissal pursuant to . . . [Rule] 37" for, among other things, repeatedly flouting the Court's orders "is an adjudication on the merits")



2.    *Plaintiff Was a Party to The Arbitration.*

With respect to the identity of parties, all that *res judicata* requires is that the party whose claims are to be precluded was the same or in privity with a party to the prior action. *Monahan*, 214 F.3d at 285; *Barash v. N. Tr. Corp.*, No. 07-cv-5208(JFB)(ARL), 2009 WL 605182, at *8 (E.D.N.Y. Mar. 6, 2009) (citing *Monahan*). That is the case here, where Plaintiff was a party.

[9] *See also Amatucci v Young*, No. 25-cv-10-JL-TSM, 2025 WL 1095937, at *2–3 (D.N.H. Mar. 12, 2025) (dismissing complaint with prejudice on *res judicata* grounds based on prior dismissal as sanction for plaintiff's failure to comply with discovery orders), *adopted by, dismissed by*, 2025 WL 1092646 (D.N.H. Apr. 11, 2025); *Syufy Enters. v. American Multicinema, Inc.*, 575 F. Supp. 431 (N.D. Cal. 1983) (same).

███████████████████████. Plaintiff names Fox Corporation as a defendant and pleads that Fox News is a wholly owned subsidiary of Fox Corporation. Am. Compl. at 9, ¶ 14. However, Plaintiff does not plead a single factual allegation against Fox Corporation. Although she separately defines Fox News Network, LLC as "Fox News" and Fox Corporation as "FOX" in her Amended Complaint, she never actually pleads anything about Fox Corporation, instead using both "Fox" and "Fox News" to refer to Fox News. *Compare* Am. Compl. at 2, ¶ 5 (where Plaintiff describes herself as a "Fox host") *with* Am. Compl. at 6, ¶ 5 (where Plaintiff describes herself as working at "Fox News").[10] In cases like this, the difference between the defendant entities is "insignificant" for *res judicata* purposes. *See Barash*, 2009 WL 605182, at *8; *see also Lufti v. Dow Jones*, 95 Civ. 8779 (RPP), 1996 WL 343065, at *2 (S.D.N.Y. June 20, 1996) (holding that "a corporate parent is deemed to be in 'privity' with its subsidiary" for *res judicata* purposes where the subsidiary "sufficiently represent[ed]" the parent's interests in the prior action).

3.    █████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

────────────────────

[10] Plaintiff's Amended Complaint repeats paragraph numbers. For ease of reference, citations to the Amended Complaint herein include both paragraph and page numbers.





As such, the Fox Parties have established the third prong of the *res judicata* analysis.

For the above reasons, all of Plaintiff's claims against the Fox Parties are barred by *res judicata* and should be dismissed with prejudice.

**B.    In the Alternative, Plaintiff Must Arbitrate Her Claims Against the Fox Parties.**

In her Employment Agreement with Fox News, Plaintiff agreed to arbitrate all claims "arising out of or relating to" her employment with Fox News.  The Second Circuit has characterized such language as "the paradigm of a broad clause" encompassing a wide swath of

any and all related claims. *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (construing an arbitration clause that applied to "[a]ny claim or controversy arising out of or relating to th[e] agreement"). Three courts, including this one, have already issued rulings enforcing Plaintiff's broad agreement to arbitrate. *See* Evans Decl. ¶ 6, Ex. 4 (*Tantaros I* Order); *Tantaros III*, ECF No. 140; *Tantaros IV*, ECF No. 54. As the court in *Tantaros I* held, that broad agreement also covered Plaintiff's employment-related claims against individual defendants, including Ms. Scott, Mr. Shine, and Mr. Finley. *See* Evans Decl. ¶ 5, Ex. 3 at 39. For the same reasons, if the Court does not dismiss Plaintiff's claims against the Fox Parties as barred by *res judicata*, which it should, it must dismiss them in favor of arbitration.

To the extent Plaintiff seeks in this action to challenge the application or enforcement of the Arbitration Clause, such arguments are also foreclosed by *res judicata*. *See Tantaros IV*, ECF No. 38 at Section IV(B)(2). Indeed, this Court held on August 6, 2025, that any challenge by Plaintiff to her arbitration agreement was "barred by the doctrine of *res judicata*." *See Tantaros IV*, ECF No. 54 at 15, n.5. In addition, although Plaintiff says that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, enacted in 2022, entitles her to "seek justice in open court for claims not previously filed . . . ", Am. Compl. ¶ 11, that Act applies only to claims of sexual assault and sexual harassment that accrued on or after its effective date of March 3, 2022. Plaintiff's harassment claims here, which relate to her employment with Fox News from 2010 to 2016, clearly do not fall within the purview of the Act. In short, under no circumstances can Plaintiff's claims against the Fox Parties remain before this Court.

The Fox Parties note that Plaintiff's claims suffer from numerous other deficiencies warranting dismissal, including that they are barred by the applicable statute of limitations and that her allegations fail to state a claim under any of the causes of action she asserts. If the Court does

not find Plaintiff's claims barred by *res judicata*, as it should, such defenses must be heard by the arbitration panel under the terms of Plaintiff's agreement to arbitrate. The Fox Parties do not waive those or any other defenses and explicitly reserve their right to assert them and all other defenses in the arbitration, if necessary.

### C. Plaintiff's Post-Employment Electronic and Physical Surveillance Claims Should Be Dismissed Because (1) They Fail to State A Claim, And (2) They Were Already Adjudicated In *Tantaros II*.

As noted above, Plaintiff alleges that, "post-employment," Fox News and Fox Corporation[12] have engaged in a "coordinated disruptive warfare campaign . . . to manipulate her social media algorithms, promulgate defamatory smear pieces to undermine her credibility, blacklist her from finding work in media and employing criminal tactics like bribery of her own counsel and electronic surveillance depriving her of any privacy . . . ." Am. Compl. at 5, ¶ 7. This, she claims, constitutes civil and criminal stalking in violation of 18 U.S.C. § 2261A and New York Penal Law § 120.45 (Count V), and aggravated harassment in the second degree in violation of New York Penal Law § 240.30 (Count VI). *Id.* at 22-23. As explained above, these claims are barred by *res judicata* because they were or could have been asserted in the arbitration. Even if that were not the case, these claims should be dismissed with prejudice because there is no private right of action under any of those statutes and they are separately barred by *res judicata* as a result of having already been dismissed in *Tantaros II*.

> 1. *There is No Private Right of Action Under 18 U.S.C. § 2261A or New York Penal Code §§ 120.45 or 240.30.*

Plaintiff stakes her post-employment claims on 18 U.S.C. § 2261A and New York Penal Code §§ 120.45 and 240.30. There is no private right of action under any of these statutes.

---

[12] Plaintiff does not assert her electronic and physical surveillance claims (Counts V and VI) against Ms. Scott.

"Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action." *Weinstein v City of New York*, No. 13-CV-06301(LGS), 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014), *aff'd*, 622 F. App'x 45 (2d Cir. 2015).

When it comes to Section 2261A, "[c]ase law is . . . unanimous that no private right of action is available." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (collecting citations); *see also Doe v Rees*, No. 24-cv-00274, 2025 WL 834786, at *4 (N.D.N.Y. Mar. 17, 2025) ("As courts in this Circuit have observed, there exists no private right of action for cyberstalking claims, brought pursuant to 18 U.S.C. § 2261A— a criminal statute."); *see also Justin v Taylor*, No. 25-cv-03788-LJC, 2025 U.S. Dist. LEXIS 87594, at *2 n.2 (N.D. Cal. May 7, 2025) (collecting cases and holding that there is no private right of action is available under § 2261A). Accordingly, Plaintiff's claims against Fox News and Fox Corporation under 18 U.S.C. § 2261A should be dismissed with prejudice.

Plaintiff's claims under the New York Penal Code should be dismissed for the same reason. As courts within the Second Circuit have repeatedly recognized, a "claim [under New York Penal Law] must fail because 'private citizens do not have a private cause of action for criminal violations.'" *Peterec v Hilliard*, No. 12-cv-3944(CS), 2013 WL 5178328, at *8 (S.D.N.Y. Sept. 16, 2013) (quoting *Alexander v. Tyson*, No. 11-cv-710, 2013 WL 1798896, at *2 n.2 (D. Conn. Apr. 29, 2013)); *see also Genao v. N.Y. Cnty. Family Ct.*, No. 20-cv-01829 (KAD)(WIG), 2020 WL 13804743, at *3 (D. Conn. Dec. 15, 2020) ("Plaintiffs cannot bring a claim under [New York] state criminal law"); *Patterson v. Patterson*, No. 16-cv-00844, 2019 WL 1284346, at *7 (W.D.N.Y. Mar. 20, 2019) ("Courts within this Circuit have accordingly held consistently that criminal charges under New York law 'cannot be prosecuted by a private person.'") (citation

omitted); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 611 (S.D.N.Y. 2013) (finding "[n]o private right of action" where plaintiffs relied on "provisions [of New York Penal Code]"); *Smith v. N.Y.C. Police Dep't*, No. 06-cv-15436(JSR)(KNF), 2010 WL 423039, at *5 (S.D.N.Y. Feb. 4, 2010) ("[A]n individual cannot bring a private cause of action for alleged criminal violations."), *adopted by* 2010 WL 2008839 (S.D.N.Y. May 17, 2010).  Accordingly, Plaintiff's claims against Fox News and Fox Corporation under New York Penal Code §§ 120.45 and 240.30 should also be dismissed with prejudice.

> 2.    *Plaintiff's Post-Employment Electronic and Physical Surveillance Claims Are Barred by Res Judicata.*

Even setting aside the arbitration, Plaintiff has already asserted purported "post-employment" electronic and physical surveillance claims against Fox News in *Tantaros II*.  On April 24, 2017, Plaintiff filed her federal complaint in *Tantaros II* against Fox News, and others, which she later amended on February 8, 2018.  In her Amended Complaint in that case, she claimed that Fox News electronically and physically assailed and targeted her with a "smear" campaign online, both during "**and mostly after**" her termination.  *Tantaros II*, ECF No. 124-2 ¶ 14 (emphasis in original).  On May 18, 2018, the *Tantaros II* court dismissed Plaintiff's amended complaint against Fox News with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Tantaros II*, ECF No. 160.  As such her attempt to relitigate her pre- and post-employment electronic and physical surveillance claims based on alleged conduct up to May 18, 2018, are clearly barred by *res judicata*.  The standard for applying *res judicata* is set forth above.  Each prong is met here.

a.  *Plaintiff's Electronic and Physical Surveillance Claims Were Adjudicated on The Merits in* Tantaros II, *Where Plaintiff Was Also A Party.*

As set forth above, Judge Daniels dismissed *Tantaros II* with prejudice for failure to state a claim. For purposes of the doctrine of *res judicata*, a "dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (citations omitted); *see also Brodsky v N.Y.C. Campaign Fin. Bd.*, 796 F App'x 1, 4 (2d Cir. 2019) (same). As such, Fox News and Fox Corporation have established the first prong of the *res judicata* analysis.

The second prong is again clearly met because Plaintiff was party to *Tantaros* II, an action she brought. And, to the extent it matters, while only Fox News was named in *Tantaros II*, Fox Corporation is in privity with Fox News for the purposes of this case. Although Plaintiff alleges that Fox Corporation is Fox News's parent company, Plaintiff asserts factual allegations only against Fox News. *See supra* Section IV(A)(2).

b.  *Plaintiff's Electronic and Physical Surveillance Claims Were, Or Could Have Been, Raised in* Tantaros II.

Plaintiff's electronic and physical surveillance claims are duplicative of and/or concern the same factual predicate as the claims she asserted in *Tantaros II*. In both cases, she claims Fox News hired others, including Epstein, Becker & Green, Bo Dietl, and Peter Snyder, and utilized a so-called "Black Room" to electronically and physically surveil her and smear her reputation online. *Compare Tantaros II*, ECF No. 124-2 ¶¶ 1-2, 14, 43-44 *with* Am. Compl. at 2 ¶ 3, 5 ¶ 7, 21 ¶ 45.. And in both cases, she alleged violations of 18 U.S.C. § 2261A. *Compare* Am. Compl. ¶ 52 *with Tantaros II*, ECF No. 124-2 ¶¶ 68, 73, 80. While she did not assert claims against Fox News under New York Penal Law §§120.45 and 240.30 in *Tantaros II,* as she does here, those claims are based on the exact same factual allegations at issue in *Tantaros II* and clearly could

have been brought there as well.  They are, therefore, barred by *res judicata* as well.  *Cieszkowska*, 295 F.3d at 205 ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence") (citation omitted); *see also Snyder*, 315 F. Supp. 2d at 503.

In short, Plaintiff's electronic and physical surveillance claims against Fox News and Fox Corporation are barred by *res judicata* and should be dismissed with prejudice.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, the Fox Parties respectfully request that this Court dismiss Plaintiff's Amended Complaint against them with prejudice.

Dated: September 2, 2025

Respectfully submitted,

PAUL HASTINGS LLP

By: _____
  Paul C. Evans, Bar No. 5824438
  paulevans@paulhastings.com
  200 Park Avenue
  New York, New York 10166
  Telephone:  1(212) 318-6000
  Facsimile:  1(212) 319-4090

*Attorney for Defendants Fox News Network, LLC, Fox Corporation, and Suzanne Scott*