Neutral

As of: September 3, 2025 1:02 AM Z

# Iwachiw v. Ge Corp.

United States District Court for the Eastern District of New York

July 10, 2000, Decided ; July 11, 2000, Filed

99-cv-3668(LDW)

**Reporter**

2000 U.S. Dist. LEXIS 21039 *

WALTER N. IWACHIW ET AL., JANE DOE ET AL., JOHN DOES ET AL., Plaintiffs, -against- GENERAL ELECTRIC CORP., KIDDER PEABODY, HERZOG, HEINE & GEDULD, INC., ET AL., JOHN DOE, ET AL., ABC COMPANY, ET AL., NATIONAL ASSOCIATION OF SECURITIES DEALERS, Defendants.

**Disposition:** [*1] Plaintiff, Walter Iwachiw, take nothing of the defendants, General Electrical Corp., Kidder Peabody, Herzog, Heine and Geduld, Inc., John Doe, ABC Company, National Association of Securities Dealers; and that the complaint and the amended complaint dismissed without leave to replead.

## Core Terms

Arbitration, replead, allegations, arbitration proceedings, factual allegations, original complaint, motion to dismiss, litigated, unrelated, parties

## Case Summary

**Procedural Posture**

Plaintiff filed a new complaint alleging various securities and antitrust violations after the court dismissed the original complaint. The remaining defendants moved to dismiss plaintiff's new complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**Overview**

Plaintiff's original complaint alleged wrongdoing by all defendants in connection with plaintiff's alleged orders regarding the purchase and sale of a company's securities. A dispute between plaintiff and a defendant concerning his account led the defendant to commence an arbitration proceeding to recover the amount owed after liquidation of plaintiff's account to cover a margin deficiency. In the arbitration, plaintiff asserted claims and added respondents. He contended that certain buy orders were ignored and asserted claims of breach of contract and misrepresentation. The arbitration panel found against plaintiff as to all of his claims. Plaintiff's complaint, as originally drafted, appeared to raise the claims previously raised in the arbitration. It was dismissed on various grounds. Plaintiff's new complaint continued to raise issues already decided in the arbitration. Defendants argued, essentially, that he again sought nothing more that re-litigation of claims raised in arbitration. The court agreed. Such re-litigation

was barred by the principles of res judicata and collateral estoppel.

**Outcome**

Plaintiff's complaint was dismissed without further leave to replead.

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

**HN1** Motions to Dismiss, Failure to State Claim

A motion to dismiss is properly granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. It is not for the court to weigh the evidence that might be presented at trial; the court must merely determine whether the complaint itself is legally sufficient.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Dismissal > Involuntary Dismissals > Failure to State Claims

**HN2** Motions to Dismiss, Failure to State Claim

When considering a motion to dismiss for failure to state a claim, the court can consider the facts as set forth in the complaint, documents attached thereto and those incorporated in the complaint by reference. Such consideration includes documents of which plaintiff had notice and which were integral to their claim even though those documents were not incorporated into the complaint by reference.

Civil Procedure > Pretrial Matters > Alternative Dispute Resolution > Judicial Review

Business & Corporate Compliance > Alternative Dispute Resolution > Judicial Review

Civil Procedure > ... > Arbitration > Federal Arbitration Act > General Overview

International Trade Law > Dispute Resolution > International Commercial Arbitration > Arbitration

Civil Procedure > Parties > Pro Se Litigants > Pleading Standards

Civil Procedure > Pretrial Matters > Alternative

Case 1:25-cv-01675-VSB    Document 43-2    Filed 09/02/25    Page 3 of 7

Page 3 of 7
2000 U.S. Dist. LEXIS 21039, *1

Dispute Resolution > General Overview

Governments > Legislation > Statute of Limitations > Time Limitations

HN3 Alternative Dispute Resolution, Judicial Review

An action seeking judicial review of an arbitral holding is required to be commenced, under the Federal Arbitration Act, within three months after the award was filed or delivered. 9 U.S.C.S. § 12.

**Counsel:** WALTER IWACHIW, Plaintiff, Pro se, Huntington, New York.

JONATHAN GARDNER, ESQ., GOODKIND LABATON RUDOFF & SUCHAROW LLP, New York, New York, for General Electric Company and Kidder Peabody, Defendants.

DAVID HIRSCHBERG, ESQ., WEXLER & BURKHART, P.C., Mitchel Field, New York, for Herzog, Heine & Geduld, Defendant.

TERRI L. REICHER, ESQ., Washington, D.C., for National Association of Securities Dealers.

**Judges:** LEONARD D. WEXLER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** LEONARD D. WEXLER

# Opinion

*MEMORANDUM AND ORDER*

WEXLER, District Judge

This case, which seeks to allege various securities and antitrust law violations, was removed to this court in or around May of 1999. In an opinion dated February 22, 2000, (the February 22 Opinion") this court dismissed the complaint and granted plaintiff limited right to replead. On March 22, 2000, plaintiff filed a new complaint as permitted by the February [*2] 22 Opinion.

Presently before the court are the motions of the defendants that remain in this action, Herzog, Heine & Geduld ("Herzog"), General Electric ("GE") and Kidder Peabody ("Kidder"), to dismiss plaintiff's new complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [1] For the reasons that follow, the motions are granted. Plaintiff's complaint is dismissed, in its entirety, without leave to further replead.

BACKGROUND

I. *The Parties and the Arbitration*

Plaintiff Walter Iwachiw ("Plaintiff") was a customer of Kidder, which was purchased by Paine Webber ("PW"). General Electric ("GE"), which was the parent corporation of Kidder, is the only surviving entity of the sale of Kidder to PW.

Plaintiff's original complaint alleged wrongdoing by all

---

[1] The complaint was dismissed, without leave to replead, as to defendant National Association of Securities Dealers.

defendants in connection with Plaintiff's alleged orders regarding the purchase and sale of the securities of **[\*3]** a company known as California Micro Devices Corp. ("CAMD"). As described in greater detail in the February 22 Opinion, a dispute between Plaintiff and PW, concerning Plaintiff's Kidder account, led PW to commence an arbitration proceeding (the "Arbitration") to recover the amount owed to PW after liquidation of Plaintiff's account to cover a margin deficiency.

In the context of the Arbitration, Plaintiff asserted claims against PW and added Kidder, a PW employee and Herzog as respondents. At the Arbitration, Plaintiff contended that certain buy orders were ignored and asserted claims of breach of contract and misrepresentation. With the exception of GE, all parties hereto were parties to the arbitration commenced by PW against Plaintiff. In January of 1999, the arbitration panel issued its decision finding against Plaintiff on all claims raised against Kidder, PW, its employee and Herzog.

II. *The Original Complaint and the February 22 Opinion*

Plaintiff's complaint, as originally drafted, appeared to raise the claims previously raised by Plaintiff in the Arbitration. Additionally, the original complaint, lifted, verbatim, allegations made in a completely unrelated securities **[\*4]** class action lawsuit entitled *In re NASDAQ Market Makers Antitrust Litigation*, 94 Civ. 3996 (S.D.N.Y. RWS) (the "NASDAQ Litigation"). Plaintiff copied the allegations therein and inserted the name of the particular stock that was the subject of controversy between Plaintiff, PW, Kidder and Herzog. All fact allegations original to Plaintiff's complaint were nothing more than the same factual allegations raised by Plaintiff in the context of the Arbitration.

Defendants moved to dismiss the complaint pursuant to *Rules 8* and *12(b)(6) of the Federal Rules of Civil Procedure*. In the February 22 Opinion, the court granted the motion of NASD to dismiss on the ground on arbitral immunity. No leave to replead was granted with respect to this defendant and they are no longer involved in the case.

The court then dismissed all allegations copied from the unrelated securities fraud lawsuit pursuant to *Rule 8 of the Federal Rules of Civil Procedure*. Reasoning that such allegations did not put defendants on notice of the conduct with which they were charged and fell far short of the *Rule 8* requirement that pleadings be "simple, concise, and direct," the court dismissed all such allegations. **[\*5]** Leave to replead was granted with the warning that, upon repleading, Plaintiff should "include sufficient factual information to put each particular defendant on notice of the allegedly wrongful conduct with which he is charged." Plaintiff was cautioned to "do his best to include clear factual allegations of wrongdoing without including excess verbiage from an unrelated litigation."

Having dismissed all numbered paragraphs of Plaintiff's complaint, the February 22 Opinion then considered whether the claims not copied from the unrelated

litigation could stand, in light of the prior arbitration proceeding, or whether such claims were barred by the doctrines of res judicata and/or collateral estoppel. These doctrines were considered with respect to the allegations of the complaint as against defendants Kidder and Herzog, the defendants who were parties to the arbitration. The court then considered the viability of the claims against GE, the defendant not named in the arbitration.

Applying res judicata and collateral estoppel principles, the court held, in the February 22 Opinion, that Plaintiff's claims against Kidder and Herzog must be dismissed. The court noted that Plaintiff had **[*6]** previously litigated all claims relating to the alleged improper handling of his account against these defendants in the context of the arbitration proceeding. The court noted that although these defendants were not initially parties to the arbitration, it was Plaintiff who commenced a third-party proceeding therein and brought Kidder and Herzog before the arbitral forum.

Because the claims raised in the original complaint against Kidder and Herzog were identical to the third-party claims that Plaintiff pursued in the arbitration proceeding, the court held that Plaintiff could not raise the identical claims anew in the context of a federal lawsuit. Accordingly, the court dismissed all remaining claims against Kidder and Herzog.

With respect to Plaintiff's claims against GE, the court noted that GE was not a party to the arbitration proceeding but also noted that Plaintiff's original complaint alleged no specific facts against this entity. The court stated that to the extent that GE was named only in its capacity as the surviving entity of Kidder, the claims against GE, like the claims against Kidder, were barred for the same reasons of preclusion that barred claims against Kidder. **[*7]** The court held that if Plaintiff exercised his right to re-plead his complaint he should include in his pleading specific factual allegations, if any, against GE.

In sum, the February 22 Opinion dismissed, without leave to replead, any claim against the NASD. The court granted Plaintiff leave to replead his complaint against the remaining defendants. Plaintiff was directed to plead clear factual allegations against each defendant, sufficient to put these defendants on notice of the illegal conduct with which they were being charged. The court further held that, upon repleading, "Plaintiff should not attempt to raise again issues already decided in the arbitration."

III. *The New Complaint*

In accordance with the February 22 Opinion, Plaintiff's new complaint deletes the verbatim references to the unrelated securities class action lawsuit. The remaining allegations of the complaint, however, continue to reference the allegedly improper handling by Kidder and PW of Plaintiff's account with respect to the trading of shares of CAMD stock. Additionally, Plaintiff appears to allege the improper withholding of documents from discovery in the arbitration proceeding. As to Herzog,

**[*8]** Plaintiff again raises claims that the firm refused to accept trade orders for CAMD stock.

IV. *Pending Motions*

Presently before the court is the motion of Herzog as well as the motion of Kidder and GE to dismiss Plaintiff's complaint, once again, for failure to state a claim, pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. Defendants argue, essentially, the despite Plaintiff's attempt to properly re-plead this matter, he again seeks nothing more that re-litigation of claims raised in the context of the prior Arbitration.

DISCUSSION

I. *Standards for Motions to Dismiss*

**HN1** A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*; *Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)*. When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 62 (2d Cir. 1997)*. **[*9]** It is not for the court to "weigh the evidence that might be presented at trial; the Court must merely determine whether the complaint itself is legally sufficient . . ." *Rodolico v. Unisys Corp., 96 F. Supp. 2d 184, 186, 2000 WL 530724 *2 (E.D.N.Y. 2000)*.

**HN2** When considering a motion to dismiss for failure to state a claim, the court can consider the facts as set forth in the complaint, documents attached thereto and those incorporated in the complaint by reference. *Stuto v. Fleishman, 164 F.3d 820, 826 n.1 (2d Cir. 1999)*; *Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)*. Such consideration includes documents of which plaintiff had notice "and which were integral to their claim . . . even though those documents were not incorporated into the complaint by reference." *Cortec Indus. V. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)*.

II. *Disposition of the Pending Motions*

Application of the above-referenced principles, as well as the legal principles outlined in the February 22 Opinion, leads the court to the inescapable conclusion that this matter must now be dismissed without further leave to replead. However couched, **[*10]** and whatever statutes referred, there is simply no question but that Plaintiff seeks only to litigate in this federal forum matters already litigated in the context of the Arbitration. This, he may not do. Put simply, such re-litigation is barred by the principles of res judicata and collateral estoppel.

This is true with respect to GE even though it was not a party to the Arbitration. It is clear, at this point, that Plaintiff names GE solely because it was the parent

company of Kidder. Plaintiff has alleged no facts, outside of the allegations raised and decided in the Arbitration, regarding GE. Accordingly, as set forth in the February 22 Opinion, Plaintiff is barred by principles of preclusion from proceeding against GE.

Further, to the extent that Plaintiff seeks some type of judicial review of the arbitral holding, any such claim is clearly untimely. **HN3** Such an action was required to have been commenced, under the Federal Arbitration Act, within three months after the award was filed or delivered. See *9 U.S.C. § 12*.

Finally, the court notes that it is aware of the liberal pleading rules to be applied where, as here, a plaintiff proceeds *pro se*. Indeed, **[*11]** it was precisely this consideration that led the court to allow Plaintiff to re-plead his case herein. The court set forth clearly the pleading requirements that would be applied in this matter. Plaintiff was specifically cautioned not to seek to litigate matters that were already litigated in the context of the Arbitration. This, Plaintiff was unable to do.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety. Plaintiff is not granted any further leave to re-plead this matter. The Clerk of the Court is directed to close the file in this case.

SO ORDERED

LEONARD D. WEXLER

UNITED STATES DISTRICT JUDGE

Dated: Hauppauge, New York

July 10, 2000

JUDGMENT - FILED JUL 18 2000

A Memorandum and Order of Hon. Leonard D. Wexler, United States District Judge, having been filed on July 11, 2000, dismissing plaintiff's complaint and amended complaint in its entirety, without leave to replead, it is

ORDERED and ADJUDGED that the plaintiff, Walter Iwachiw, take nothing of the defendants, General Electrical Corp., Kidder Peabody, Herzog, Heine and Geduld, Inc., John Doe, ABC Company, National Association of Securities Dealers; and that the complaint **[*12]** and the amended complaint are hereby dismissed without leave to replead.

Dated: Hauppauge, New York

July 18, 2000

**End of Document**