
Neutral
As of: September 3, 2025 1:03 AM Z

# Justin v. Taylor

United States District Court for the Northern District of California

May 7, 2025, Decided; May 7, 2025, Filed

Case No. 25-cv-03788-LJC

**Reporter**

2025 U.S. Dist. LEXIS 87594 *; 2025 LX 67303

MALIK M. JUSTIN, Plaintiff, v. JAYCEON TERRELL TAYLOR, Defendant.

**Subsequent History:** Magistrate's recommendation at *Justin v. Taylor, 2025 U.S. Dist. LEXIS 164966 (N.D. Cal., June 11, 2025)*

## Core Terms

in forma pauperis, amended complaint, patent, factual allegations, magistrate judge, state a fact, no assets, pro se, undersigned, recommend, infringe

**Counsel:** [*1] Malik M. Justin, Plaintiff, Pro se, San Francisco, CA.

**Judges:** LISA J. CISNEROS, United States Magistrate Judge.

**Opinion by:** LISA J. CISNEROS

## Opinion

**AMENDED[1] ORDER TO SHOW CAUSE WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 1, 3

### A. Application to Proceed in Forma Pauperis

Plaintiff Malik Justin, pro se, has applied to proceed in forma pauperis. ECF No. 3. Justin responded either "No" or "N/A" to every question that he answered on his application form, indicating that he has no assets or income of any kind. Justin did not respond to questions 8 and 9, inquiring about his expenses, debts, and related cases. *Id.* at 3. Justin's application is therefore incomplete, and taken as a whole, it does not include sufficient information to determine whether the answers that he actually provided are credible. Justin is therefore ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied, by filing a response no later than May 28, 2025 answering each question on the form application and—if he truly

---

[1] This Order corrects and supersedes a previous Order issued earlier the same day that stated inconsistent deadlines for Justin's response. This version is otherwise identical to the previous Order. Justin's response is due May 28, 2025.

has no assets or income at all—explaining how he meets basic needs.

**B. Sufficiency of Complaint**

As Justin likely knows from other cases [*2] he has filed in this district, the next step (if the Court grants his application to proceed in forma pauperis) would be for the Court to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it states a claim on which relief may be granted. *See, e.g., Justin v. Real Options for City Kids, 24-cv-03309-AMO, ECF No. 6, 2024 U.S. Dist. LEXIS 181202*.

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)* (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 556 U.S. at 678*. In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.

Justin's first and only claim, for patent infringement in violation of 25 U.S.C. § 271,[2] reads in its entirety as follows: "Infriment patented Invention Make uses offers to sells illegally [*3] without permission plus His threating to kill and injury along with harass." Compl. (ECF No. 1) at 5 (spelling and grammar as in original). Justin left blank the section of his form complaint calling for his demand for relief, so it is also not clear what if any relief Justin seeks. Compl. at 7.

Justin offers no factual allegations of any kind to support his claim. If Justin wishes to proceed with this case, he must file an amended complaint that states the facts of his claim, including (but not necessarily limited to) what if any patent Justin owns, and what he believes Defendant Jayceon Terrell Taylor—a rapper perhaps better known by his stage name "the Game"—did to infringe that patent. Justin is therefore ORDERED TO SHOW CAUSE why, if his application to proceed in forma pauperis is granted, his Complaint should not be dismissed for failure to state a claim on which relief may

---

[2] Justin also cites "USC 2261A," apparently referring to 18 U.S.C. § 2261A (which criminalizes stalking under certain circumstances), but criminal laws in Title 18 of the U.S. Code generally can be enforced only the federal government, not by individual civil plaintiffs. *See McIntosh v. Thomaz, No. 19-cv-00800-JCS, 2019 U.S. Dist. LEXIS 136729, 2019 WL 3363792, at *2 (N.D. Cal. May 14, 2019)*, recommendation adopted, *2019 U.S. Dist. LEXIS 136775, 2019 WL 3804671 (N.D. Cal. Aug. 13, 2019)*. This particular statute is no exception to that general rule: "Case law is . . . unanimous that no private right of action is available under § 2261A." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016)*.

be granted, by filing a response or amended complaint no later than May 28, 2025.

**C. Conclusion**

Justin must file no later than May 28, 2025: (1) a response answering the missing questions on his application to proceed in forma pauperis and explaining how he meets basic needs; and (2) **[*4]** either an amended complaint stating the facts supporting his claim, or a response arguing why his current Complaint is sufficient. An amended complaint would completely replace Justin's current Complaint, and therefore must include all of the facts that he would like to allege and claims he would like to pursue, without reference to the current Complaint.

If Justin's response does not correct the defects identified in this Order, the undersigned magistrate judge will recommend either denial of his application to proceed in forma pauperis or dismissal of his Complaint. If Justin does not respond at all, the undersigned may recommend dismissal of the case for failure to prosecute.

**IT IS SO ORDERED**.

Dated: May 7, 2025

/s/ Lisa J. Cisneros

LISA J. CISNEROS

United States Magistrate Judge

**End of Document**