Neutral

As of: September 3, 2025 1:01 AM Z

# Romaka v. H&R Block Mortg. Corp.

United States District Court for the Eastern District of New York

September 30, 2018, Decided; September 30, 2018, Filed

17-CV-7411(JS)(ARL)

**Reporter**

2018 U.S. Dist. LEXIS 170190 *

GEORGE W. ROMAKA, Plaintiff, -against- H&R BLOCK MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT2, Asset-Backed Certificates, Series 2007-OPT2, OCWEN LOAN SERVICING, INC., and DOES 1-100, Defendants.

**Prior History:** *Romaka v. H&R Block Mortg. Corp., 2018 U.S. Dist. LEXIS 134793 (E.D.N.Y., Aug. 8, 2018)*

## Core Terms

rescission, foreclosure judgment, res judicata, quotation, mortgage, collateral estoppel, foreclosure action, marks, subject matter jurisdiction, motion to dismiss, Foreclosure, state court, Vacate, notice, wrongful foreclosure, Defendants', alleges, cause of action, inviting, litigate

**Counsel:** [*1] George W. Romaka, Plaintiff, Pro se, Islip, NY.

For H&R Block Mortgage Corp., Defendant: Anthony Joseph Laura, Esq., Epstein Becker Green, New York, NY.

For Wells Fargo Bank, N.A. and Ocwen Loan Servicing, Inc., Defendant: Jacqueline M. Aiello, Esq., Lijue Thomas Philip, Esq., Stradley Ronon Stevens & Young, LLP, New York, NY.

**Judges:** JOANNA SEYBERT, United States District Judge.

**Opinion by:** JOANNA SEYBERT

## Opinion

MEMORANDUM AND ORDER

SEYBERT, District Judge:

On December 20, 2017, Plaintiff George Romaka ("Plaintiff") commenced this action alleging violations of the *Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.*, and the *Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.*, and seeking declaratory relief. (Compl., Docket Entry 1.) Currently pending before the Court are: (1) Wells Fargo Bank N.A. ("Wells Fargo"), as trustee for Soundview Home Loan Trust 2007-OPT2, Asset-Backed Certificates, and Ocwen Loan Servicing, Inc.'s ("Ocwen" and collectively

the "Wells Fargo Defendants") motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, (Wells Fargo Mot., Docket Entry 11); (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated August 8, 2018 recommending that this Court deny the Wells Fargo Defendants' motion to dismiss (R&R, Docket Entry 29); and **[*2]** (3) H&R Block Mortgage Corporation's ("H&R Block," and along with the Wells Fargo Defendants, "Defendants") motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(5)* and *12(b)(6)*, (H&R Block Mot., Docket Entry 23).

The Wells Fargo Defendants served a copy of Judge Lindsay's R&R on the pro se Plaintiff on August 13, 2018. (Cert. of Serv., Docket Entry 33.) On August 21 2018, the Wells Fargo Defendants filed objections to Judge Lindsay's R&R. (Wells Fargo Obj., Docket Entry 35.) On August 27, 2018, Plaintiff also filed objections to the R&R.[1] (Pl.'s Obj., Docket Entry 37.) For the following reasons, the R&R is REJECTED, and Defendants' motions to dismiss are GRANTED on the grounds set forth below.

BACKGROUND

Briefly, on May 9, 2007, Plaintiff executed a note and mortgage with H&R Block to refinance a loan on his home (the "Property"). (R&R at 2; Mortg., Wells Fargo Br., Ex. A, Docket Entry 11-2, at ECF pp. 12-43.)[2] Plaintiff alleges that he never received the disclosures required under TILA, and as a result, he mailed a notice of rescission pursuant to *15 U.S.C. § 1635* ("*Section 1635*") to H&R Block on March 15, 2010. (Compl. ¶¶ 20-24; Not. of Rescission, Compl. Ex. A, Docket Entry 1-2.) Plaintiff did not receive a response from H&R **[*3]** Block. (Compl. ¶ 28.) Wells Fargo, in its capacity as Trustee, subsequently commenced a foreclosure action against Plaintiff in New York State Supreme Court, Suffolk County (the "Supreme Court"). (Compl. ¶ 29; Sept. 2018 Letter, Docket Entry 38.) Plaintiff alleges that because he timely rescinded the May 9, 2007 mortgage and note, "Defendants had no standing to initiate a foreclosure, or to collect payments under the contracts, because those contracts were extinguished, by operation of law, on March 15, 2010." (Compl. ¶ 29.)

Plaintiff asserts three causes of action: (1) a TILA claim pursuant to *Section 1635* against H&R Block and Wells Fargo seeking rescission of the mortgage and note (the "TILA Rescission claim"), (Compl. ¶¶ 33-39); (2) a wrongful foreclosure claim against Wells Fargo (the "Wrongful Foreclosure claim"), (Compl. PP 40-43); and (3) an FDCPA claim against Ocwen under *15 U.S.C. § 1692e* (the "FDCPA claim"), (Compl. ¶¶ 44-54).

The Wells Fargo Defendants filed a motion to dismiss, focusing exclusively on whether Plaintiff's claims were

---

[1] Because the parties' objections are irrelevant to the issues discussed herein--Rooker Feldman, res judicata, and collateral estoppel--the Court will not discuss them further.

[2] The Court has considered both the mortgage and related documents because these documents are either incorporated by reference or integral to the Complaint. See *Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)*.

timely. (See generally Wells Fargo Br.) H&R Block subsequently made a similar motion.[3] The Court referred the Wells Fargo Defendants' motion to Judge Lindsay, who found **[*4]** the timeliness arguments to be unpersuasive and recommended denying the Wells Fargo Defendants' motion. (R&R at 5-10.)

The R&R and the parties' submissions refer to a foreclosure action with respect to the Property, which led this Court to examine whether it has subject matter jurisdiction over Plaintiff's claims, and further, whether Plaintiff is barred from asserting these claims under the doctrines of res judicata or collateral estoppel. While Defendants did not move to dismiss on these grounds, a court "may not preside over cases absent subject matter jurisdiction," and "[l]ack of subject matter jurisdiction . . . may be raised at any time by a party or by the court sua sponte." *Gordon v. First Franklin Fin. Corp., No. 15-CV-0775, 2016 U.S. Dist. LEXIS 25621, 2016 WL 792412, at \*3 (E.D.N.Y. Feb. 29, 2016)*. District courts may also independently examine whether Plaintiff's claims are precluded by res judicata or collateral estoppel despite Defendants' failure to raise these doctrines. See *Smeraldo v. City of Jamestown, 512 F. App'x 32, 34 (2d Cir. 2013)*; *Rollock v. LaBarbera, 383 F. App'x 29, 30 (2d Cir. 2010)*.

To facilitate this analysis, the Court directed the Wells Fargo Defendants to file a letter regarding the status of the state court foreclosure action--Wells Fargo Bank N.A. v. Romaka, Index No. 10628/2012 (the "Foreclosure Action")--along with copies of relevant judgments or orders. (See Sept. 18, 2018 Elec. Order.) **[*5]** The Wells Fargo Defendants filed their letter on September 20, 2018. (See Sept. 2018 Letter.)

DISCUSSION

I. Legal Standards

A case must be dismissed for lack of subject matter jurisdiction when "the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)*. In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court "may consider evidence outside the pleadings." See *Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008)*, aff'd, *561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010)* (citation omitted).

To withstand a motion to dismiss, a complaint must contain factual allegations that are sufficient to state a facially "plausible" claim to relief. *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations and citations omitted). While all allegations in

---

[3] H&R Block also argued that dismissal was warranted under *Rule 12(b)(5)* based on insufficient service of process. (See generally H&R Block Br., Docket Entry 24.)

the complaint must be accepted as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. at 679*. The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)* (internal quotation marks omitted).

A complaint filed by a pro se [*6] litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)*. See also *Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 U.S. Dist. LEXIS 100558, 2015 WL 4619624, at \*7 (D. Conn. July 31, 2015)* (Noting that the dismissal of a pro se complaint pursuant to *Rule 12(b)(6)* is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in *Federal Rule of Civil Procedure 8*. *Hiller, 2015 U.S. Dist. LEXIS 100558, 2015 WL 4619624, at \*7*.

II. The Foreclosure Action[4]

---

[4] The Court may take judicial notice of the filings in the Foreclosure Action. See *Nath v. JP Morgan Chase Bank, N.A., No. 15-CV-3937, 2016 U.S. Dist. LEXIS 136084, 2016 WL 5791193, at \*1, n.1 (S.D.N.Y. Sept. 30, 2016)*

After Plaintiff defaulted on the loan in 2010, Wells Fargo commenced the Foreclosure Action in March 2012. (Summ. J. Order, Docket Entry 38-1, at 2.) Plaintiff appeared and filed an answer. (Summ. J. Order at 2.)

On November 20, 2014, the Supreme Court granted Wells Fargo's motion for summary judgment, dismissed Plaintiff's affirmative defenses, and appointed a referee to calculate the amounts due under the mortgage. (Summ. J. Order at 6.) On February 13, 2017, Plaintiff filed a motion to vacate the 2014 Order, which the Supreme Court denied on March 17, 2017. (Mot. to Vacate Order, Docket Entry [*7] 38-2, at 2, 4.) Notably, in the decision on Plaintiff's motion to vacate, the Supreme Court rejected Plaintiff's argument that he rescinded the note and mortgage on March 15, 2010 pursuant to TILA, finding that TILA does not apply to residential mortgage transactions. (Mot. to Vacate Order at 3-4.) Additionally, the Supreme Court held that Plaintiff failed to submit sufficient proof that he mailed a notice of rescission to H&R Block, or that H&R Block was the proper recipient of a rescission notice. (Mot. to Vacate Order at 3-4.) On September 20, 2017, the Supreme Court granted Wells Fargo a Judgment of Foreclosure and Sale (the "Foreclosure Judgment"), which was entered on October 4, 2017. (Foreclosure J., Docket Entry 38-3, at ECF pp. 1, 4-13.) Plaintiff's motion to vacate the Foreclosure Judgment was denied on October 13, 2017. (Second Mot. to Vacate Order, Docket Entry 38-4.) The Wells Fargo Defendants represent that a sale was held on January 26, 2018, but

the outcome is unknown. (Sept. 2018 Ltr.)

III. Rooker Feldman

Pursuant to the Rooker Feldman doctrine, this Court "lack[s] jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014)*. This doctrine applies **[*8]** where four requirements are met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by a state court judgment; (3) the plaintiff invite[s] . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks and citation omitted; alterations in original). However, "[i]ndependent claims are not barred by Rooker-Feldman even if they involve the identical subject matter and parties as previous state-court suits." *McCann v. Rushmore Loan Mgmt. Servs., LLC, No. 15-CV-6502, 2017 U.S. Dist. LEXIS 38949, 2017 WL 1048076, at *3 (E.D.N.Y. Mar. 16, 2017)* (internal quotation marks and citation omitted). When a plaintiff files suit in federal court after the entry of a foreclosure judgment, "'[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.'" *Nath, 2016 U.S. Dist. LEXIS 136084, 2016 WL 5791193, at *6* (alteration in original) (quoting *Webster v. Wells Fargo Bank, N.A., No. 08-CV-10145, 2009 U.S. Dist. LEXIS 120952, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009)*, aff'd sub nom; *Webster v. Penzetta, 458 F. App'x 23 (2d Cir. 2012))*.

The first and fourth elements are satisfied in light of the Foreclosure Judgment, which was entered on October 4, 2017--approximately two months before Plaintiff commenced this case on December 20, 2017. (See, Foreclosure J.; Compl.) Thus, the question becomes whether Plaintiff complains of injuries **[*9]** caused by the Foreclosure Judgment and invites review and rejection of the Foreclosure Judgment. The Court will address each claim in turn.

First, the Court finds that Plaintiff's TILA Rescission claim is barred by the Rooker Feldman doctrine. Plaintiff characterizes this claim as a claim to "to enforce a three-year rescission," (Compl. at 7), and as relief, Plaintiff "moves and requests that the Court stop the Defendants from attempting to enforce the void loan documents, and to cease from further harassing Plaintiff by using the void note and void mortgage, which are rendered void by virtue of the notice of rescission sent on March 15, 2010 and as follows: Issue an Order, judgment or decree that H&R BLOCK must record a reconveyance of the deed to the Commack Road Property to Plaintiff," (Compl. at 9). Plaintiff, by requesting that the Court halt any enforcement efforts related to the mortgage--including, presumably the Foreclosure Action--and order the return of the Property, is inviting this Court to reject the state court's orders and judgment in the Foreclosure Action. See *Garcia v. LaSalle Bank, N.A., No. 16-CV-3485, 2017 U.S. Dist. LEXIS 7642, 2017 WL 253070, *5 (S.D.N.Y. Jan. 19,*

2017) (finding that the plaintiffs "clearly complain of the state-court judgment . . . and invite the Court to [*10] invalidate it," because "allowing rescission [under TILA] would be tantamount to finding that no valid mortgage existed and thus that there was no basis for foreclosure."). Moreover, because Plaintiff is seeking transfer of the title to the Property, this claim seeks redress for an injury caused by the Foreclosure Judgment. Thus, the Court lacks subject matter jurisdiction over the TILA Rescission claim pursuant to the Rooker Feldman doctrine. See *Wilson v. HSBC Bank, USA, No. 16-CV-8405, 2017 U.S. Dist. LEXIS 219544, 2018 WL 1449204, at \*5 (S.D.N.Y. Mar. 22, 2018)* (holding that claims, including claim for "rescission of note and deed of trust under TILA" must be dismissed under Rooker Feldman doctrine); *Noriega v. US Bank, N.A., No. 16-CV-1058, 2017 U.S. Dist. LEXIS 116089, 2017 WL 3172998, at \*4 (E.D.N.Y. July 25, 2017)* ("To the extent Plaintiff seeks 'rescission' of the Mortgage as relief for his TILA claim, that relief is barred by Rooker Feldman as it necessitates a review and rejection of the Foreclosure Judgment."); *Nath, 2016 U.S. Dist. LEXIS 136084, 2016 WL 5791193, at \*8* (dismissing claims seeking transfer of title pursuant to Rooker Feldman).

Second, the Court holds that Plaintiff's Wrongful Foreclosure claim is also barred by the Rooker Feldman doctrine. In connection with this claim, Plaintiff "move[s] and request[s] that this Court enter a judgment in favor of Plaintiff and against Defendants, in that the attempted foreclosure is wrongful, and declare that the [*11] title remains in Plaintiffs' name, free and clear of the claims of Defendants." (Compl. at 9.) As with the TILA Rescission claim, Plaintiff is inviting this Court to reject the determinations of the Supreme Court and to remedy injuries caused by the Foreclosure Judgment. Therefore, the Court cannot exercise subject matter jurisdiction over the wrongful foreclosure claim.

Third, the Court finds that the FDCPA claim against Ocwen is also barred by the Rooker Feldman doctrine. Plaintiff alleges that Ocwen's efforts, to collect "a debt . . . [that was] extinguished as a matter of law upon TILA rescission" violated the FDCPA. (Compl. ¶ 47.) Additionally, he alleges that Ocwen "was informed of the March 15, 2010 TILA rescission," and as a result "ha[d] no right to send notices communicating default on a debt that does not legally exist, nor to hold a sale to retake or resell property that was not secured by a [n]ote and [m]ortgage." (Compl. ¶¶ 48-49.) Attached to the Complaint is a delinquency notice and statement dated June 19, 2017. (Compl. ¶ 51; Delinquency Notice, Compl. Ex. B, Docket Entry 1-4.) Plaintiff seeks $1,000.00 in statutory damages for each violation. (Compl. ¶ 54.)

Despite [*12] his request for monetary damages, the FDCPA claim is barred by Rooker Feldman because the adjudication of this claim would "require the federal court to sit in review of the state court judgment." *Francis v. Nichols, No. 16-CV-1848, 2017 U.S. Dist. LEXIS 40714, 2017 WL 1064719, at \*6 (S.D.N.Y. Mar.*

21, 2017) (internal quotation marks omitted). The crux of this claim is that Ocwen violated the FDCPA by engaging in collection efforts and sending collection notices after the purported rescission. Thus, in order for Plaintiff to prevail on this claim, the Court would have to find that the rescission was valid, "a finding [which] would necessarily call into question the validity of the state court's judgment." Id. In other words, "Plaintiff could not prevail on his claims in this Court without a finding that the state court judgment was wrong." Id. For these reasons, the FDCPA claim must also be dismissed. See *Craig v. Saxon Mortg. Servs., No. 13-CV-4526, 2015 U.S. Dist. LEXIS 3819, 2015 WL 171234, at \*8 (E.D.N.Y. Jan. 13, 2015)* ("To the extent plaintiff's FDCPA claims are attempts to challenge the state court's Judgment of Foreclosure and Sale, the validity of the mortgage documents underlying the Judgment of Foreclosure and Sale, and/or defendants' standing to commence the State Court Foreclosure Action[,] . . . they are also barred by the Rooker-Feldman doctrine."); *Quiroz v. U.S. Bank Nat'l Ass'n, No. 10-CV-2485, 2011 U.S. Dist. LEXIS 68948, 2011 WL 2471733, at \*4 (E.D.N.Y. May 16, 2011)*, R&R adopted, *2011 U.S. Dist. LEXIS 86645, 2011 WL 3471497 (E.D.N.Y. Aug. 5, 2011)* (finding that FDCPA claim "based [*13] on the falsity of the debt" was barred by Rooker-Feldman).

IV. Res Judicata and Collateral Estoppel

Alternatively, Plaintiff's claims are also barred by res judicata or collateral estoppel.

The doctrine of res judicata provides that "a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding." *Castellano v. JP Morgan Chase Bank, N.A., No. 13-CV-3390, 2014 U.S. Dist. LEXIS 33559, 2014 WL 988563, at \*4 (S.D.N.Y. Mar. 13, 2014)* (internal quotation marks and citation omitted); see also *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., 629 F. App'x 87, 89 (2d Cir. 2015)*. In New York, res judicata is applicable where there is: "(1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action." *Gordon, 2016 U.S. Dist. LEXIS 25621, 2016 WL 792412, at \*6* (internal quotation marks and citation omitted). Pro se litigants are equally bound by the doctrine of res judicata. *Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619, at \*3 (E.D.N.Y. Sept. 14, 2009)*.

Pursuant to New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different [*14] theories or if seeking a different remedy." *Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. Feb. 13, 2008)* (internal quotation marks and citation omitted). To determine whether claims are part

of the same transaction for res judicata purposes, New York courts utilize a "pragmatic test" in which the Court "analyz[es] whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage[.]" *Gordon, 2016 U.S. Dist. LEXIS 25621, 2016 WL 792412, at *6* (internal quotation marks and citation omitted; second alteration in original). While New York is a "permissive counterclaim" jurisdiction and does not require a litigant to assert all counterclaims in their original action, an exception to this rule "bars a subsequent lawsuit that amounts to an attack on a judgment previously issued by the state court." *Dolan v. Select Portfolio Servicing, Inc., No. 13-CV-1552, 2014 U.S. Dist. LEXIS 132216, 2014 WL 4662247, at *4 (E.D.N.Y. Sept. 18, 2014)* (internal quotation marks and citation omitted).

Collateral Estoppel in New York "'bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action.'" **[*15]** *Yeshiva Imrei Chaim Viznitz of Boro Park, Inc. v. City of N.Y., 496 F. App'x 122, 123 (2d Cir. 2012)* (quoting *In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007))*. This doctrine prevents a party from re-litigating an issue "clearly raised in a prior action or proceeding and decided against that party . . ., whether or not the tribunals or causes of action are the same." *Wilson, 2017 U.S. Dist. LEXIS 219544, 2018 WL 1449204, at *10* (internal quotation marks and citation omitted; ellipsis in original).

Even if the Court had subject matter jurisdiction over the TILA Rescission and Wrongful Foreclosure claims, these claims are barred by res judicata. As discussed, after Plaintiff--a defendant in the Foreclosure Action--appeared and defended the action, the Supreme Court granted Wells Fargo's motion for summary judgment and issued a Foreclosure Judgment. See *Noriega, 2017 U.S. Dist. LEXIS 116089, 2017 WL 3172998, at *5* ("[T]he [f]oreclosure [j]udgment constitutes a final, prior adjudication on the merits."). Further, these claims "clearly amount[] to an attack on the Foreclosure Judgment" and could have been raised in the Foreclosure Action. See *2017 U.S. Dist. LEXIS 116089, [WL] at *6*. As a result, Plaintiff is precluded from litigating the TILA Rescission and Wrongful Foreclosure claims in this Court pursuant to the doctrine of res judicata. See *Nath, 2016 U.S. Dist. LEXIS 136084, 2016 WL 5791193, at *8* ("'[A] [f]oreclosure [j]udgment is final as to all questions at issue between . . . parties, and concludes all matters of defense that were or might **[*16]** have been litigated in the [f]oreclosure [a]ction.") (quoting *Hourani v. Wells Fargo Bank, N.A., 158 F. Supp. 3d 142, 147 (E.D.N.Y. 2016))* (second, third, fourth, fifth, and sixth alterations in original).

Additionally, because the basis of all of Plaintiff's claims--including the FDCPA claim--is the alleged rescission, collateral estoppel bars his claims. The Supreme Court

considered and rejected Plaintiff's argument that he rescinded the mortgage and note pursuant to TILA in the Foreclosure Action. (Mot. to Vacate Order at 3-4.) The identical issue--whether the rescission was effective--was litigated in the Foreclosure Action, and there is no indication that Plaintiff did not have a fair opportunity to litigate the issue. See *Nath, 2016 U.S. Dist. LEXIS 136084, 2016 WL 5791193, at \*9* (finding that collateral estoppel barred challenges to an assignment and loan modification agreement in federal court after the same arguments were rejected by state court). Therefore, collateral estoppel precludes Plaintiff from re-litigating the rescission's validity, whether characterized as a claim under TILA or the FDCPA, or as a wrongful foreclosure claim. See *Rutty v. Esagoff, No. 17-CV-1485, 2017 U.S. Dist. LEXIS 75153, 2017 WL 2178432, at \*2 (E.D.N.Y. May 17, 2017)* (finding that "[b]y virtue of the doctrine of collateral estoppel, plaintiff is precluded from claiming that the foreclosure was improper . . . and the myriad other factual **[\*17]** issues" that were adjudicated in the foreclosure proceeding in connection with claims under the FDCPA and state law).

V. Leave to Replead

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)*; see also *Fed. R. Civ. P. 15(a)(2)* ("[t]he court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." *Perri v. Bloomberg, No. 11-CV-2646, 2012 U.S. Dist. LEXIS 113835, 2012 WL 3307013, at \*4 (E.D.N.Y. Aug. 13, 2012)*.

The Court declines to grant Plaintiff leave to replead, as his claims are barred by Rooker Feldman, res judicata, and collateral estoppel, and an amendment would not cure these deficiencies. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to the Rooker Feldman doctrine. Alternatively, the Court finds that even if there was subject matter jurisdiction over Plaintiff's claims, the claims must be dismissed as barred by res judicata or collateral estoppel.

CONCLUSION

For the foregoing reasons, Judge Lindsay's Report and Recommendation (Docket Entry 29) is REJECTED, and Defendants' motions to dismiss (Docket Entries 11, 23) are GRANTED, **[\*18]** albeit on different grounds. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk of the Court is directed mail a copy of this Order to pro se Plaintiff, enter judgment accordingly, and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT

Joanna Seybert, U.S.D.J.

Dated: September 30, 2018

Central Islip, New York

---

**End of Document**