**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB)


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS FOX CORPORATION, FOX NEWS NETWORK, LLC, AND SUZANNE SCOTT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………………………………… 1

**FACTUAL BACKGROUND** ………………………………………………………………….. 3

A. Prior Litigation and Arbitration ……………………………………………………………3

B. The Fox Parties' Motion Is Overwhelming and Overbroad ………………………………. 4

**LEGAL STANDARD**…………………………………………………………………………… 5

**ARGUMENT** …………………………………………………………………………………….6

    A.  The Fox Parties Do Not Clear the Bar for Dismissal ………………………………… 6

    B. The Fox Parties' Res Judicata Argument Fails ……………………………………………… 7

    C. Arbitration Is Not a Final Judgment While Its Validity Is on Appeal …………………..9

    D. Where Arbitration Issues Are Undecided, District Courts Must Refrain From Applying Preclusion ……………………………………………………………………… 10

    E. The GMVA Claim Alleges Independent Statutory Torts — Arbitration and Prior Dismissals of Different Claims Do Not Extinguish Statutory Rights ……………11

    F. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act Confirms the Non-waivability of Certain Statutory Remedies ………………………… 13

**CONCLUSION** …………………………………………………………………………… 14

**TABLE OF AUTHORITIES**                                                                                          **Pages**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) …………………………………………………………..6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) …………………………………………….…..6

*See St. Pierre v. Dyer, 208 F. 3d 394, 400 (2nd Cir).* ……………………………………….………6

*Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334 (S.D.N.Y. 2018)…..7

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974) ……………………………………….7, 8

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94 (2d Cir. 1997) …………………………………….7

**Statutes**

N.Y.C. Admin. Code § 8-904 (Gender-Motivated Violence Act) ……………………4, 5, 6, 7, 8

Federal Arbitration Act, 9 U.S.C. §§ 9–13…………………………………………………...7

Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, Pub. L. No. 117-90, 136 Stat. 26 (2022) ……………………………………………………………….8

**Rules**

Fed. R. Civ. P. 12(b)(6) ………………………………………………………………………….6

I.  INTRODUCTION

Plaintiff Andrea K. Tantaros respectfully opposes Defendants Fox Corporation, Fox News, LLC and Suzanne Scott ("The Fox Parties") to Dismiss The Amended Complaint.

The motion rests on two principal—both legally and factually defective—contentions that: 1) Plaintiff's Gender Motivated Violence Act ("GMVA") and related claims are barred by res judicata because they were "adjudicated" in arbitration and / or earlier litigation, or that Plaintiffs's entity new claims couldhave been brought in arbitration and (2) that purported "hacking" and electronic surveillance claims are non-actionable or were already adjudicated. Both contentions fail.

Further, Plaintiff's Amended GMVA Complaint does not include computer or phone hacking. Claims not plead obviously cannot be claims tied to post-employment intrusions that allege statutory causes of action and a distinct series of wrongful acts occurring after her employment ended in 2016 following Fox News Network's retaliatory attack on Plaintiff for refusing to capitulate to quid pro quo sexual demands from now-fired male executives and employees and tolerate sexual misconduct in an infamously hostile workplace rife with pervasive sexual harassment, intimidation and fear.

To date, Fox News Network has paid over $200 million in settlements to women they've abused, shareholders they've duped, and government agencies (like the New York Commission on Human Rights) who charged them with sexual harassment, abuse, retaliation, hostile work environment, launching smear campaigns on women who complained, and had them perpetually blacklisted from the industry (like Plaintiff). They've spent tens of millions more trying to clean-up their culture, by their own admission, have cycled through thirty-seven (37) lawyers and twelve (12) law firms and contractors trying to ruin, discredit and eternally muzzle Plaintiff, and fired over two dozen predators and their lieutenants who covered their grotesque misdeeds, including Defendants Roger Ailes (now deceased), William Shine, Dianne Brandi, and Scott Brown. Evidence of their cable news hellscape and sexual abuse of Plaintiff is documented in Fox News Network's own privilege log making any motion to dismiss on lack of "plausibility"—and given their public history of pattern and practice—a legal impossibility. Thirty-two women with almost identical stories—all of whom *came after* Plaintiff in speaking out and filing internal, or public complaints, cannot be wrong. That hasn't stopped the Fox

Parties from their campaign of lawfare and groundless, straw-man attacks on their victims.

Further, the crux of their motion relies on res judicata arguments, however, Second Circuit precedent regarding res judicata does not bar claims that arise from later conduct or conduct based on civil claims not presented in the amended complaint. The motion's attempt to collapse separate causes of action and to attack unpled claims is improper; it is lawfare, not law.

## II.   FACTUAL BACKGROUND

The following factual summary is drawn from the Amended Complaint and the contemporaneous forensic record.

### A.  Prior Litigation and Arbitration

Over the past decade Plaintiff brought multiple actions and filed claims in arbitration with the AAA as compelled by employment contracts. Certain earlier claims were dismissed in prior litigation for completely unrelated claims in this action—a fact The Fox Parties perennially omit—such as a claim under N.Y. CPLR 7515 regarding the new policy's application on arbitration. The arbitration and certain arbitral pronouncements remain contested and are the subject of an active appeal in the U.S. Court of Appeals for the Second Circuit challenging the arbitration's validity, enforceability, violations under the Federal Arbitration Act ("FAA") and the AAA's procedures. No court has entered a final confirming judgment that would make any arbitral decision preclusive as to the GMVA claims at issue.

### B.  The Fox Parties' Motion Seeks to Overload with Verbosity Over Substance and Hollow Arguments and Overreach Over Fact and Law

On September 2, 2025, The Fox Parties filed a motion to dismiss arguing (i) res judicata based primarily on arbitration and prior dismissals unrelated to any claim in this action, and (ii) that surveillance/hacking claims fail as a matter of law and were adjudicated previously. Much of the motion is a wholly misleading and rambling screed littered with predictable and stale attacks, including various "hacking" claims that are not pleaded in the GMVA complaint and seeks to extend preclusion far beyond its legal reach. (See ECF No. 43.)

5

### III.  ARGUMENT

#### A. The Fox Parties Do Not Clear the Bar for Dismissal

A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint; the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint survives dismissal if it alleges facts that, when accepted as true, are plausible on their face. *Id*. Where an affirmative defense (such as res judicata) appears on the face of the complaint and accompanying documents, a dismissal may be appropriate— but only if the preclusion elements are clearly satisfied on the record and the merits were previously determined. The Fox Parties have yet to face any argument on the merits of the claims of the Amended Complaint, in this forum or in arbitration and consistently rely upon procedural loopholes, subject matter jurisdiction challenges such as Plaintiff's CPLR 7515 action, concocted discovery disputes or failures in prior counsel's pleadings.
*(See St. Pierre v. Dyer, 208 F. 3d 394, 400 (2nd Cir).*

Here, the preclusion elements plainly are not satisfied and Plaintiff's claims, properly Plead, meet the standard of plausibility on its face, particularly in light of The Fox Parties' well-documented public history and record of pattern and practice during Plaintiff's tenure at the network, the network's own admission and rolling terminations of predators and enablers following her departure from the network, sworn testimony, the charges levied against them by government agencies and findings made by their own shareholders, and evidence previously submitted in case 1:25-cv-961 from Fox News' own privilege log.

Further, the claims contained in the amended complaint are novel, not time-barred under the GMVA look-back period enacted in order for victims to bring claims dating back years, even decades, contain separate Defendants including Scott Brown and John T.A. Finley and have not been brought prior in this, or any forum, under this legal standard of review and law (GMVA).

### B. The Fox Parties' Res Judicata Argument Fails

A party invoking res judicata must show three elements: (1) a prior adjudication on the merits; (2) identity of parties or their privies; and (3) that the later claim was (or potentially could have been) raised in the prior action. *Monahan*, 214 F.3d at 285. The Fox Parties' principal contention — that arbitration and prior dismissals bar Plaintiff's GMVA rights — collapses on the first element.

GMVA rights remain enforceable regardless of prior proceedings. The GMVA confers an independent statutory cause of action for gender-motivated violence. Such rights cannot be waived or extinguished through arbitration or by stretching the doctrine of res judicata beyond recognition. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51 (1974).

### C. Arbitration is Not a Final Judgment While Its Validity is On Appeal

Under the FAA, only a confirmed arbitral award produces the federal procedural posture that would support preclusion via confirmation. See 9 U.S.C. §§ 9-13. In the absence of a confirmed judgment, an arbitral pronouncement or contested, provisional "award" cannot be treated as a final adjudication on the merits for preclusion purposes. See, e.g., *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018) (courts may consider arbitration awards when appropriate, but preclusion requires finality and judicial disposition). <u>The ongoing and current arbitration is the subject of an active Second Circuit appeal; accordingly, it cannot be the basis for res judicata.</u>

### D. Where Arbitration Issues are Undecided, District Courts Must Refrain From Applying Preclusion

The Second Circuit's approach is careful to avoid prematurely treating contested arbitral determinations as preclusive. Allowing otherwise would deprive litigants of the statutory confirmation/vacatur processes and of appellate review. Because the arbitration has not been finally confirmed, and because its validity is being litigated before the Second Circuit, <u>The Fox Parties' cannot rely on it to extinguish Plaintiff's GMVA claims.</u>

7

E. **The GMVA Claim Alleges Independent Statutory Torts — Arbitration and Prior Dismissals Do Not Extinguish Statutory Rights**

Res judicata cannot extend to later or distinct claims. The Second Circuit has made clear that "[c]laims arising subsequent to a prior action are not barred by res judicata even if they are premised on facts representing a continuation of the same course of conduct." *Maharaj v. Bankamerica Corp., 1*28 F.3d 94, 97 (2d Cir. 1997). GMVA claims stand on separate statutory footing and involve distinct rights that were not, and could not have been, litigated before.

Statutory rights survive arbitration where Congress or the statute contemplates independent remedies. The Supreme Court has long held that arbitration does not preclude statutory rights; arbitration cannot be read to foreclose independent statutory remedies unless Congress clearly intended waiver. *See Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974).*

Even if Defendants' arguments were credited, res judicata has no application here. The GMVA is a statutory civil remedy under New York law designed to address gender-motivated violence; it is an independent legislative remedy and cannot be nullified by an employment contract's arbitration clause where the statute provides a private right of action. GMVA's focus on safety, deterrence, and public protection distinguishes it from contractual disputes. Plaintiff's GMVA claim addresses public-facing harms, ongoing risk, and conduct beyond the well-beyond the employment contract's compass. Courts distinguish such statutory torts from employment contract disputes and resist equating the two for preclusion purposes.

F. **The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act Confirms the Inability to Waive Certain Statutory Remedies**

Congress in 2022 limited the enforceability of forced arbitration for sexual assault and sexual harassment claims. That statutory context confirms that statutory remedies are not to be lightly extinguished by private agreements or by tacit conversion of non-final arbitral materials into preclusive judgments of new claims and / or parties.

### IV. CONCLUSION

The motion's broad sweep reflects strategic litigation: smear the plaintiff, preempt future suits by labeling them "already litigated," and thereby chill meritorious discovery. The Court should decline to bless these tactics.

For these reasons, The Fox Parties' Motion to Dismiss Plaintiff's Amended Complaint should be DENIED in its entirety. In the alternative, the Court should GRANT Plaintiff leave to amend, advance Plaintiff's claims and permit discovery to move forward.

Dated: September 16, 2025
Respectfully submitted,
 /s/ *Andrea K. Tantaros*
Andrea K. Tantaros, *Plaintiff*