U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM PETITION FOR ARBITRATION AWARD**

**TABLE OF CONTENTS**

INTRODUCTION …………………………………………………………………………..4

FACTUAL BACKGROUND …………………………………………………………………4

 LEGAL STANDARD …………………………………………………………………………5

    1. Improper Filings Must Be Stricken ……………………………………………………….5

    2. Interim Arbitral Pronouncements Are Not Judicially Cognizable ………………………5

    3. Appellate Jurisdiction Bars Collateral Attacks ……………………………………………5

    4. FAA Petitions Are Time-Limited ……………………………………………………….5

    5. Sealing Is Strongly Disfavored …………………………………………………………..5


ARGUMENT ………………………………………………………………………………….5

    I. The Arbitration Panel Acted Without Jurisdiction ……………………………………….5

    II. Interim Pronouncements Cannot Be Confirmed ………………………………………….5

    III. The GMVA Action Is Independent of Arbitration ……………………………………..5

    IV. The Filing Interferes With Appellate Jurisdiction ……………………………………..5

    V. The Petition Is Time-Barred Under § 12 ………………………………………………..6

    VI. Sealing Is Improper ……………………………………………………………………..6

    VII. Defendants Contradict the Court's Prior Rulings ……………………………………..6


POLICY CONSIDERATIONS …………………………………………………………………6

    1. Preserving Statutory Remedies ……………………………………………………………6

    2. Preventing Arbitration Abuse ……………………………………………………………..6

    3. Ensuring Transparency ……………………………………………………………………6

    4. Safeguarding Appellate Review …………………………………………………………..7


CONCLUSION ………………………………………………………………………………….7

**TABLE OF AUTHORITIES**

**Cases**

*Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280 (2d Cir. 1986)……………..4

*Lipsky v. Commonwealth United Corp*., 551 F.2d 887, 893 (2d Cir. 1976)……………………5

*Coinbase, Inc. v. Bielski,* 599 U.S. 736 (2023)………………………………………………… 6

*Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2d Cir. 1984)…………………………………..5, 6

*Griggs v. Provident Consumer Discount Co*., 459 U.S. 56 (1982)…………………………….5

*Richmond Newspapers v. Virginia,* 448 U.S. 558, 1980……………………………………….5

*McCreary Tire & Rubber Co. v. CEAT S.p.A.*, 501 F.2d 1032 (3d Cir. 1974)………………… 5

*Michaels v. Mariforum Shipping, S.A*., 624 F.2d 411 (2d Cir. 1980)…………………………. 5

**Statutes**

9 U.S.C. § 3……………………………………………………………………………………….5

9 U.S.C. § 10……………………………………………………………………………………..5

9 U.S.C. § 12……………………………………………………………………………………..5

**Rules**

Fed. R. Civ. P. 12(f)……………………………………………………………………………..5

3

### I. INTRODUCTION

Defendants Fox News Network, LLC, Suzanne Scott, Dianne Brandi, and Irena Briganti (The "Fox Parties") attempt to import into this statutory action a non-final, ultra vires Pronouncement issued by an arbitral panel that had no jurisdiction to act. This "Counterclaim Petition," filed seven (7) months after the fact and under seal, is fatally flawed, procedurally improper, time-barred, and prejudicial. Further, Dianne Brandi and Irena Briganti are not even Parties to this action.

The Federal Arbitration Act ("FAA") does not authorize the confirmation of interim rulings or permit collateral attacks on arbitrability while that issue is before the Court of Appeals (*See Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280 (2d Cir. 1986).

By submitting such material under seal, Defendants seek not transparency but concealment. The Court should strike the filing, clarify that arbitral pronouncements are inadmissible in this Gender-Motivated Violence Act ("GMVA") case, and grant Plaintiff leave to file supplemental briefing on a fair, unified schedule.

### II. FACTUAL BACKGROUND

February 3, 2025: Plaintiff filed a petition under the FAA, divesting the arbitral tribunal of jurisdiction. Plaintiff alerted the arbitrators of the district court filing divesting them of jurisdiction. They proceeded anyway, ignoring well-established precedent.

February 7, 2025: The arbitration panel purported to issue a "preliminary determination."
August 14, 2025: Plaintiff files Notice of Appeal with U.S. Second Circuit Court of Appeals. Defendants are given notice.

September 2, 2025: More than seven (7) months later, Defendants filed a sealed "Counterclaim Petition" in this Court, invoking the February 7th, 2025 "interim award", perform a sharp about-face and request a stay of the arbitration from the arbitrators prior to a final adjudication to avoid scrutiny of their claims on the merits.

Pending Appeal: The validity of the arbitration itself is before the Second Circuit.

**LEGAL STANDARD**

Improper Filings Must Be Stricken. Fed. R. Civ. P. 12(f); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Interim Arbitral Pronouncements Are Not Judicially Cognizable. *Michaels v. Mariforum Shipping*, S.A., 624 F.2d 411, 414 (2d Cir. 1980).

Appellate Jurisdiction Bars Collateral Attacks. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

FAA Petitions Are Time-Limited. 9 U.S.C. § 12; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–75 (2d Cir. 1984).

Sealing Is Strongly Disfavored. Section 4 of the Judiciary Law provides that judicial proceedings "shall be public" and "the presumption of public access to court proceedings both as a matter of constitutional law and a statutory imperative (*See Richmond Newspapers v. Virginia,* 448 U.S. 558, 1980.)

**ARGUMENT**

**I. The Arbitration Panel Acted Without Jurisdiction**

Once Plaintiff filed her federal petition on February 3, 2025, the arbitral panel lost authority. 9 U.S.C. §§ 3, 10; *McCreary Tire & Rubber Co. v. CEAT S.p.A.*, 501 F.2d 1032, 1038 (3d Cir. 1974).

**II. Interim Pronouncements Cannot Be Confirmed**

The FAA recognizes only final awards. *Michaels*, 624 F.2d at 414. Defendants' reliance on a *"*preliminary determination" is improper.

**III. The GMVA Action Is Independent of Arbitration**

This statutory tort action under the GMVA provides independent federal jurisdiction. Arbitration has no bearing on Plaintiff's statutory rights.

**IV. The Filing Interferes With Appellate Jurisdiction**

The Second Circuit is presently reviewing arbitrability. Under *Griggs*, 459 U.S. at 58, this Court may not entertain filings that risk inconsistent rulings.

## V. The Petition Is Time-Barred Under § 12

The FAA's three-month limit is absolute. *Florasynth*, 750 F.2d at 174. Defendants filed seven months late.

## VI. Sealing Is Improper

Judicial documents are presumptively public. Defendants seek secrecy not to protect confidentiality but to shield their misuse of arbitration. *See Richmond.*

## VII. Defendants Contradict the Court's Prior Rulings on

On August 8, 2025, this Court recognized that non-final arbitral pronouncements are not Judicially sound. Defendants' submission is inconsistent with that ruling.

## POLICY CONSIDERATIONS

The Court's decision implicates more than procedural rules; it implicates fundamental policy choices about the integrity of statutory rights and the judicial process.

### 1. Preserving Plaintiff's Statutory Remedies

The GMVA was enacted to create a cause of action for victims of gender-motivated violence and to ensure their access to judicial remedies. Allowing Defendants to import non-final arbitral pronouncements into this statutory forum would undermine legislative intent and stymie enforcement of the statute.

### 2. Preventing Arbitration Abuse

The Supreme Court has repeatedly warned against allowing arbitration to become a tool of procedural abuse, particularly in cases in separate jurisdictions involving the arbitration issue. See *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 744 (2023) ruling that an "interlockatory appeal divests the district court of its control over those aspects of the case involved in the appeal". Defendants' maneuver here—submitting an ultra vires arbitral pronouncement under seal—exemplifies the type of abuse courts should reject.

### 3. Ensuring Transparency

The public has a right to know how statutory claims are litigated, particularly where powerful corporate defendants seek to cloak proceedings in secrecy. Permitting sealed reliance on unlawful arbitral acts would erode public confidence in both the GMVA and the courts.

### 4. Safeguarding Appellate Review

If parties can file collateral "counterclaim petitions" in district court while arbitrability is pending on appeal, appellate jurisdiction would be undermined and duplicative proceedings would proliferate. The *Griggs* principle prevents precisely this outcome.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Defendants' under-seal counterclaim petition in its entirety;
2. Clarify that no arbitration materials shall be admitted in this GMVA action; and
3. Grant Plaintiff leave to file a supplemental memorandum addressing the Fox Parties' and William Shine's sealing motions[1] on a unified schedule of twenty-one (21) days, or alternatively no less than fourteen (14) days.

Dated: September 16, 2025

Respectfully submitted,

 /s/ *Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

---

[1] Defendant William Shine informed Plaintiff on September 14, 2025 via email (through Counsel) he intends to file an identical Counterclaim Petition as the Fox Parties. Such piecemeal filings are duplicative and should be consolidated to ensure unified briefing schedules.