# Holland & Knight

787 Seventh Avenue | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Marion Bachrach
+1 212-751-3341
Marion.Bachrach@hklaw.com

September 17, 2025

*VIA ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

   Re: *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-01675-VSB
      **Defendant William Shine's Request to File Counterclaim Petition Under Seal**

Dear Judge Broderick,

  Pursuant to Section 5.B(iii) of the Court's Individual Rules & Practices in Civil Cases, Counterclaim-Petitioner William Shine ("Mr. Shine") submits this letter motion seeking leave of Court to file under seal his Counterclaim-Petition to confirm the arbitration award issued on February 7, 2025 in the arbitration between him, Counterclaim-Respondent Andrea K. Tantaros ("Plaintiff" or "Ms. Tantaros"), and the Fox Defendants (as defined below)

  As explained further in a similar request filed by Defendants Fox News Network, LLC, Fox Corporation, and Suzanne Scott (collectively, the "Fox Defendants") at ECF No. 39, Mr. Shine was formerly a party to an arbitration proceeding before the American Arbitration Association that involved Plaintiff, a former Fox employee. During her tenure as an employee of Fox, Plaintiff executed an Employment Agreement containing an Arbitration Clause that provides that "all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence." That Arbitration Clause further provides that, while judgment may be entered upon the arbitrators' award in any court having jurisdiction, "all papers filed with the court either in support of or in opposition to the arbitrators' decision shall be filed under seal." Breach of these provisions is deemed "a material breach" of the Employment Agreement. As a former executive of Fox and party to the arbitration, Mr. Shine is bound to adhere to that Agreement.

  Accordingly, like the Fox Defendants, Mr. Shine requests the Court's approval to file under seal his Counterclaim-Petition to confirm the arbitration award. Mr. Shine's proposed filing under seal is as narrowly tailored as reasonably possible in order to ensure Mr. Shine's compliance with obligations under the Employment Agreement. *See In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 85-86 (2d Cir. 2023) (affirming district court decision granting motion to seal

Hon. Vernon S. Broderick
September 17, 2025
Page 2

confidential arbitration documents in part based on the Federal Arbitration Act's "strong policy protecting the confidentiality of arbitral proceedings"); *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (acknowledging that an "attack on [a] confidentiality provision is, in part, an attack on the character of arbitration itself").[1]  As noted above, the counterclaim petition is a "paper[] filed with the court" and therefore it "shall be filed under seal" as mandated by the Employment Agreement.  Mr. Shine respectfully submits that filing under seal is the only level of protection that strikes a balance between his contractual obligations and the strong interest in public access to judicial documents that is typically emphasized.

Counsel for Mr. Shine emailed Plaintiff and tried to confer with her on whether she consents to the filings with redaction and under seal.  Plaintiff did not respond within the time requested for response, choosing not to confer with counsel for Mr. Shine.  Instead, she has made filings with this Court apparently objecting to any filings under seal and requesting "21 … days or alternatively no less than …14 days" for a "supplemental memorandum" to respond to both this submission and those filed by the Fox Defendants.  We do not object to Ms. Tantaros having more time to respond but question whether she needs more than one week to respond solely to the issue of sealing. We note that Ms. Tantaros's untimely filing was made just as counsel for Mr. Shine was in the process of filing the aforementioned Counterclaim-Petition and supporting documents with this Court.  We will respond within the period of time provided by the federal rules or within a time set by the Court.

Mr. Shine has filed this letter publicly and has filed the Counterclaim-Petition under seal.

Respectfully submitted,

/s/ Marion Bachrach

Marion Bachrach
Holland & Knight, LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019

---

[1] Notably, Plaintiff, in a related dispute, has accused other parties of materially breaching the Employment Agreement by failing properly to file under seal information related to the arbitration. *See Tantaros v. Fox News Network, LLC, et al.*, No. 1:25-cv-00961-VSB (S.D.N.Y. Feb. 3, 2025), ECF No. 1 at 29.

#527313473_v1