# Holland & Knight

787 Seventh Avenue | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Marion Bachrach
+1 212-751-3341
Marion.Bachrach@hklaw.com

September 17, 2025

*VIA ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

> **Re:** ***Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-01675-VSB**
> **Request to File Motion to Dismiss and Supporting Papers in Redacted Form**

Dear Judge Broderick,

Pursuant to Section 5.B(iii) of the Court's Individual Rules & Practices in Civil Cases, Defendant William Shine ("Mr. Shine") submits this letter motion seeking leave of Court to file with proposed redactions certain filings in connection with his Motion to Dismiss with prejudice the Amended Complaint of Plaintiff Andrea K. Tantaros ("Plaintiff") in the above-referenced case.

As explained further in a similar request filed by Defendants Fox News Network, LLC, Fox Corporation, and Suzanne Scott (collectively, the "Fox Defendants") at ECF No. 41, Mr. Shine was formerly a party to an arbitration proceeding before the American Arbitration Association that involved Plaintiff, a former Fox employee. During her tenure as an employee of Fox, Plaintiff executed an Employment Agreement containing an Arbitration Clause that provides "all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence." That Arbitration Clause further provides that, while judgment may be entered upon the arbitrators' award in any court having jurisdiction, "all papers filed with the court either in support of or in opposition to the arbitrators' decision shall be filed under seal." Breach of these provisions is deemed "a material breach" of the Employment Agreement. As a former executive of Fox and party to the arbitration, Mr. Shine is bound to adhere to that Agreement.

Accordingly, like the Fox Parties, Mr. Shine requests the Court's approval to redact certain portions of his Motion to Dismiss that disclose aspects of the arbitration otherwise subject to the confidentiality restrictions of the Arbitration Clause in the Employment Agreement. Mr. Shine's proposed redactions are narrowly-tailored and designed to serve the purpose of ensuring compliance with obligations under the Employment Agreement and in the arbitration more broadly. *See, e.g., In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 85-86 (2d Cir. 2023)

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Hon. Vernon S. Broderick
September 17, 2025
Page 2

(affirming district court decision granting motion to seal confidential arbitration documents in part based on the Federal Arbitration Act's "strong policy protecting the confidentiality of arbitral proceedings"); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (acknowledging that an "attack on [a] confidentiality provision is, in part, an attack on the character of arbitration itself").[1]  In submitting the Motion to Dismiss and associated filings in redacted form as opposed to submitting them entirely under seal, Mr. Shine seeks to balance compliance with contractual obligations with the public's interest in access to judicial documents.

      Counsel for Mr. Shine has emailed Plaintiff and tried to confer with her on whether she consents to the filings with redaction and under seal.   Plaintiff did not respond within the time requested for response, choosing not to confer with counsel for Mr. Shine.  Instead, she has made filings with this Court apparently objecting to any filings under seal and requesting "21 … days or alternatively no less than …14 days" for a "supplemental memorandum" to respond to both this submission and those filed by the Fox Defendants.  We do not object to Ms. Tantaros having more time to respond but question whether she needs more than one week to respond solely to the issue of sealing. We note that Ms. Tantaros' untimely filing was made just as counsel for Mr. Shine was in the process of filing the aforementioned motion and supporting documents with this Court.  We will respond within the period of time provided by the federal rules or within a time set by the Court.

      Mr. Shine has filed this letter publicly together with copies of the Motion to Dismiss filings with the proposed redactions, while also filing under seal unredacted copies of the filings with the proposed redactions highlighted.

                             Respectfully submitted,

                             /s/ Marion Bachrach

                             Marion Bachrach
                             Holland & Knight, LLP
                             787 Seventh Avenue, 31st Floor
                             New York, New York 10019

---

[1] Notably, Plaintiff, in a related dispute, has accused other parties of materially breaching the Employment Agreement by failing properly to file under seal information related to the arbitration. *See Tantaros v. Fox News Network, LLC, et al.*, No. 1:25-cv-00961-VSB (S.D.N.Y. Feb. 3, 2025), ECF No. 1 at 29.