**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANDREA K. TANTAROS,

               Plaintiff,

    -against-

FOX NEWS NETWORK, LLC, FOX
CORPORATION, INC., ROGER AILES,
WILLIAM SHINE, JOHN FINLEY, SCOTT
BROWN, AND SUZANNE SCOTT,

          *Defendants*.

---

Case No. 1:25-cv-01675(VSB)

 

**MEMORANDUM OF LAW OF DEFENDANT WILLIAM SHINE**
**IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................................1

ADDITIONAL FACTS AND PROCEDURAL HISTORY............................................................3

ARGUMENT ...........................................................................................................................3

    I.    PLAINTIFF'S CLAIMS AGAINST MR. SHINE ARE BARRED BY RES JUDICATA AND SHOULD BE DISMISSED WITH PREJUDICE..........................................................3

    II.   PLAINTIFF'S POST-EMPLOYMENT STALKING CLAIM AGAINST MR. SHINE (COUNT V) SHOULD BE DISMISSED BECAUSE IT: (1) WAS ALREADY DECIDED IN *TANTAROS II* AND THEREFORE IS BARRED BY *RES JUDICATA*; AND (2) FAILS TO STATE A CLAIM UNDER STATUTES THAT PROVIDE NO PRIVATE RIGHT OF ACTION. ................................7

CONCLUSION..........................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Berrios v. N.Y.C. Hous. Auth.*,
    564 F.3d 130 (2d Cir. 2009)........................................................................................12

*Boguslavsky v. Kaplan*,
    159 F.3d 715 (2d Cir. 1998)........................................................................................10

*Browning Debenture Holders' Comm. v. DASA Corp.*,
    605 F.2d 35 (2d Cir. 1978)............................................................................................9

*Burton v. Silvercrest Ctr. for Nursing & Rehabilitation*,
    No. 11-CV-2757, 2013 WL 1346308 (E.D.N.Y. Mar. 29, 2013)............................9

*Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care & Makeup*,
    216 F. Supp. 3d 328 (S.D.N.Y. 2016).......................................................................12

*Lobaito v Chase Bank*,
    529 F App'x 100 (2d Cir. 2013) ..................................................................................8

*Lobaito v. Chase Bank*,
    No. 11-CIV-6883-PGG, 2012 WL 3104926.............................................................10

*Milner v. Bristol Police Dep't*,
    23-cv-374, 2023 WL 3996918 (D. Conn. June 14, 2023) .......................................9

*Monahan v. N.Y.C. Dep't. of Corr.*,
    214 F.3d 275 (2d Cir. 2000).....................................................................................7, 8

*Peterec v Hilliard*,
    No. 12-cv-3944(CS), 2013 WL 5178328 (S.D.N.Y. Sept. 16, 2013)...................12

*Saiti v. Century Mgmt.*,
    23-CV-9591 (JPO), 2025 WL 579962 (S.D.N.Y. Feb. 21, 2025) .......................7, 8

*Shukla v. Deloitte Consulting LLP*,
    No. 19-CV-10578, 2021 WL 3721349 (S.D.N.Y. Aug. 20, 2021)..........................9

*Snyder v. Yonkers Public Sch. Dist.*,
    315 F. Supp. 2d 499 (S.D.N.Y. 2004)........................................................................9

*Tantaros v. Fox News Network, LLC, et al.*,
    No. 1:17-cv-2958 (S.D.N.Y. 2018) ("*Tantaros II*") ...........................................5, 10

*Tantaros v. Fox News Network, LLC, et al.*,
    No. 1:25-cv-00961(VSB) (S.D.N.Y. 2025) ("*Tantaros I*") ....................................10

*Tantaros v. Fox News Network, LLC, et al.*,
   Index No. 157054/2016 (Sup. Ct. N.Y. Cnty. Aug. 22, 2016) ..................................................8

**Statutes**

18 U.S.C. § 2261A ............................................................................................................10, 11, 12

New York Penal Law § 120.45 ................................................................................................10, 12

## INTRODUCTION

In her Amended Complaint, Plaintiff Andrea Tantaros ("Plaintiff"), now with her fifth lawsuit against Defendant William Shine ("Mr. Shine") and the Fox Defendants[1], seeks once again redress for meritless claims that have already been adjudicated, and, at best, belong in arbitration. For the reasons set forth below, as well as in the Fox Defendants' Motion to Dismiss and supporting submissions (*e.g.*, ECF Nos. 43 and 44), Plaintiff's claims against Mr. Shine in the Amended Complaint are legally defective and should be dismissed with prejudice.

Mr. Shine respectfully seeks leave to join the Fox Motion to Dismiss, and incorporates that motion by reference herein, including all arguments, statements and citations to statutes and/or precedent.

In the Amended Complaint before the Court, Plaintiff, whose employment with Fox News ended in 2016, asserts employment-related claims against Mr. Shine, a former executive at co-defendant Fox News, who left that job in 2017. Specifically, the Amended Complaint asserts five stale claims against Mr. Shine, which have been previously raised and rejected in other tribunals, as set forth below. The claims against Mr. Shine in the Amended Complaint are: (1) Hostile Work Environment (Count II); (2) Intentional Infliction of Emotional Distress for work-related conduct (Count III); (3) Negligent Hiring, Supervision, and Retention (Count IV); (4) "Aiding and Abetting Retaliation" (also labeled Count IV); and (5) "Civil & Criminal Stalking" (Count V). ECF No. 10 at p. 22.[2] As set forth below and in the Fox Motion to Dismiss, all of the claims against Mr. Shine in the Amended Complaint are barred by the doctrine of *res judicata*.

As noted in the Fox Motion to Dismiss, this Court and others have already told Plaintiff

---

[1] Defendant Fox News Network, LLC ("Fox News"), Fox Corporation, Inc., and Suzanne Scott are herein referred to as the "Fox Defendants", and their Motion to Dismiss and accompanying documents are referred to, collectively, as the Fox Motion to Dismiss.

[2] Counts I and VI of the Amended Complaint do not name Mr. Shine. *See id.* at pp. 21 and 23.

that her employment-related claims against executives and employees of Fox News belong in arbitration, due to the mandatory arbitration clause in the employment agreement she had with Fox News, which, as set forth below, and in the Fox Motion to Dismiss, has been already deemed by several courts as governing her work-related claims against Fox News employees like Mr. Shine.

████████████████████████████████████████████████████████

██████████   Accordingly, all the claims made against Mr. Shine in the Amended Complaint are barred by *res judicata.*  In the alternative, those claims belong in arbitration.

Moreover, to the extent Plaintiff makes post-employment surveillance claims against Mr. Shine – and that is not at all clear from her Amended Complaint[3] – ████████████████████

████████████████████████████████   by a federal judge in this District.[4]  As a result, that claim is also barred by *res judicata.*  Even if that claim were not barred by *res judicata*, it too would be subject to the arbitration clause in Plaintiff's employment agreement.

Furthermore, to the extent Plaintiff sues for purported vague "surveillance," she has failed to state a claim because the federal and state criminal statutes cited in her Amended Complaint as the bases for her claim do not provide a private right of action.

Accordingly, for the reasons set forth herein and in the Fox Defendants' Motion to Dismiss, Mr. Shine respectfully requests that the Court dismiss with prejudice all the counts against him in the Amended Complaint.[5]

---

[3]  It is unclear whether the purported surveillance of which Plaintiff complains was allegedly while she was employed at Fox News and/or thereafter.  Mr. Shine left his position at Fox News on May 1, 2017.
[4]  *See Tantaros v. Fox News Network, LLC, et al.*, 17-CV-2958, ECF No. 160 (S.D.N.Y. 2018, Daniels, J.) (denominated as "*Tantaros II*" in the Memorandum of Law by the Fox Defendants ("Fox Defs. MOL"), ECF No. 43 at pp. 3-4).
[5]  Counsel for the Fox Defendants provided notice to Plaintiff of their intent to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure should Ms. Tantaros continue to pursue this action.  Mr. Shine respectfully reserves the right to join in such a motion or to file his own.

## ADDITIONAL FACTS AND PROCEDURAL HISTORY

Mr. Shine incorporates by reference the factual and procedural background of all five of Ms. Tantaros' repetitive and vexatious lawsuits set out in the Fox Motion to Dismiss, ██████ ████████████████████████████████████, as well as the rulings against her in this District, first by Judge Daniels, and more recently by this Court.  *See* ECF No. 43 at pp. 2-6.

Mr. Shine also incorporates by reference the summary in the Fox Motion to Dismiss of the allegations in the Amended Complaint now before this Court.  *Id.* at p. 6.  In allegations that supposedly involve Mr. Shine, Ms. Tantaros complains, in sum, of purported sexual harassment by men other than Mr. Shine at Fox News, which she alleges was accompanied by retaliation, hostile work environment, negligent hiring and supervision, some type of "surveillance campaign," and intentional infliction of emotional distress.  The latter conduct makes up the five counts against Mr. Shine,[6] which, as set forth below and in the Fox Motion to Dismiss, are barred by *res judicata*.  They are also untenable under other legal bases  – specifically, applicable statutes of limitation and failure to state a claim on which relief can be granted – which, if necessary, would need to be heard in arbitration, and are mentioned here so that it is clear such claims are not waived.

## ARGUMENT

### I.    Plaintiff's Claims Against Mr. Shine are Barred by Res Judicata and Should Be Dismissed with Prejudice.

All the claims made against Mr. Shine in the Amended Complaint here are barred by res *judicata* and should therefore be dismissed with prejudice as to Mr. Shine.  On this point as well, Mr. Shine here incorporates by reference the legal arguments and precedents set forth in the Fox Motion to Dismiss.

---

[6] *See* Am. Compl. ¶¶ 16, 24, 34, 38, 44, and 48-52



██████. ⁹  Accordingly, the claims Plaintiff now seeks to bring anew against Mr. Shine in the

Amended Complaint are barred by *res judicata*.

"[R]es judicata, or claim preclusion, holds that a final judgment on the merits of an action

precludes the parties … from relitigating issues that were or could have been raised in that

action." *Monahan v. N.Y.C. Dep't. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quotation marks

omitted); *Saiti v. Century Mgmt.,* 23-CV-9591 (JPO), 2025 WL 579962, at *2 (S.D.N.Y. Feb. 21,

2025) (same) (citing *Monahan*).

To demonstrate that a claim is precluded by *res judicata*, a party must show the following:

(1) the previous action involved an adjudication on the merits; (2) the previous action involved the

plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were,

or could have been, raised in the prior action.  *See Monahan*, 214 F.3d at 285; *see also Lobaito v*

*Chase Bank*, 529 F. App'x 100, 102 (2d Cir. 2013) (citing *Pike v. Freeman*, 266 F.3d 78, 91 (2d

---

⁷ ███████████████████████████████████████████████

███████████████████████████████████████

⁸ ███████████████████████████████████████████

███████████████████████████

⁹ ███████████████████████████████████████████

████████████████████████████████

Cir. 2001)); *Saiti*, 2025 WL 579962, at *2-3.[10]

Here, each of these three factors is satisfied, and Plaintiff's claims against Mr. Shine in the Amended Complaint are barred by *res judicata*.[11] ███████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████[12]██████████

████████████████████████████ from the allegations raised in the Amended

Complaint.  *Compare id.* with Am. Compl. ¶¶ 24, and 43-44.  In fact, the claims Plaintiff has made

against Mr. Shine ███████████████ and in the Amended Complaint at times use the same phrasing.

*Compare* ███████████████████████████████████████████████████████████

*with* Am. Compl. ¶ 44 (stating that Mr. Shine warned Ms. Tantaros to "let this one go"); *Compare*

████████████████████████████████████████████████████████████

███████████████████████████ *with* Am. Compl. ¶ 44 (claiming that Mr. Shine told Ms.

Tantaros "not to fight this").

---

[10]  In deciding a motion to dismiss based on *res judicata*, "a court may consider . . . . arbitration awards without converting the motion to a motion for summary judgment." *Saiti*, 2025 WL 579962, at *2 (citing *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018)).

[11] *See Monahan*, 214 F.3d at 285 (enumerating relevant factors).

[12] ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████



and in the Amended Complaint

Moreover, the claims

alleged in the Amended Complaint here [13]

As set forth extensively in the Fox Motion to Dismiss, it is well established that a dismissal

with prejudice "for failure to comply with a court order" receives *res judicata* effect in subsequent

lawsuits. *See Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35 (2d Cir. 1978).

Courts in this District and throughout the Circuit have recognized and applied this rule. *See Snyder

v. Yonkers Public Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004) ("The Second Circuit has

squarely held that when a first action is dismissed for failure to comply with discovery orders and

a second action is brought on the same claim, by the same plaintiff, that claim should be barred.");

*see also Burton v. Silvercrest Ctr. for Nursing & Rehabilitation*, No. 11-CV-2757, 2013 WL

1346308, at *5 (E.D.N.Y. Mar. 29, 2013) (citing *Browning Debenture*); *Milner v. Bristol Police

Dep't*, 23-cv-374, 2023 WL 3996918, at *3 (D. Conn. June 14, 2023) (same).[14]

Furthermore, as again set forth fully in the Fox Motion to Dismiss, in which Mr. Shine

joins, issue and case preclusion apply

or a court.                                                                      *Boguslavsky v.

Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998); *see also Lobaito v. Chase Bank*, No. 11-CIV-6883-

---

[13] Plaintiff's claims are defective for a variety of additional reasons, including because they are barred by the applicable statutes of limitations and also fail to state a claim on which relief can be granted. If the Court were to deem that *res judicata* does not apply here, Mr. Shine respectfully requests that the Court direct that these defenses be heard by the arbitral panel, consistent with the arbitration clause in Plaintiff's employment agreement. Mr. Shine does not waive these defenses and reserves the right to assert these defenses and others in the arbitration as necessary.
[14] *See also Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578, 2021 WL 3721349, at *4 (S.D.N.Y. Aug. 20, 2021) (warning *pro se* plaintiff that "dismissal pursuant to . . . [Rule] 37" for, among other things, repeatedly flouting the Court's orders "is an adjudication on the merits")

PGG, 2012 WL 3104926, at *3 (S.D.N.Y. July 31, 2012), *aff'd*, 529 F. App'x 100 (2d Cir. 2013)

("The principle of *res judicata* ███████████████████████████████████").

    For these reasons, and those set forth in the Fox Motion to Dismiss, all three factors germane to a *res judicata* analysis are present here and show that all of Plaintiff's claims against Mr. Shine are precluded by *res judicata* and should be dismissed with prejudice.[15]

## II. Plaintiff's Post-Employment Stalking Claim Against Mr. Shine (Count V) Should be Dismissed Because It: (1) Was Already Decided in *Tantaros II* and Therefore is Barred by *Res Judicata*; and (2) Fails to State a Claim Under Statutes That Provide No Private Right of Action.

    In Count V of the Amended Complaint, Plaintiff alleges that Mr. Shine and others, among other things, "engaged in targeted, electronic surveillance … to harass, spy, and irreparably disrupt and destroy Plaintiff's personal and professional life." Am. Compl. ¶ 52. Plaintiff claims that this purported surveillance constitutes civil and criminal stalking in violation of 18 U.S.C. § 2261A and New York Penal Law § 120.45.

    She is wrong. As explained above and in the Fox Motion to Dismiss, this claim is barred by *res judicata* because ████████████████████████████████████████████ ████████████████ Furthermore, Count V should be dismissed on two additional grounds: (1) the claim is also barred by *res judicata* in light of Judge Daniels' ruling in *Tantaros* II, and (2) the civil and criminal stalking statutes Plaintiff cites as the bases for Count V both lack a private right of action.

    Count V meets the three prongs of *res judicata*. In *Tantaros II*, Plaintiff has claimed that

---

[15] In the alternative, Mr. Shine requests that the Court direct Plaintiff – as required by the arbitration clause of her Employment Agreement – to arbitrate the claims in the Amended Complaint. Of note, any challenge to the enforcement of the arbitration clause is also barred by *res judicata*, as this Court held in its August 6, 2025 order in the related action captioned *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-CV-00961(VSB), ECF No. 54 at 15 n. 5 (S.D.N.Y. 2025).

Mr. Shine (and the other defendants to that action) violated various criminal statutes, including 18 U.S.C. § 2261A, by engaging in "illegal electronic surveillance." *Tantaros II*, ECF No. 124-2 at pp. 34-35. However, on May 18, 2018, the *Tantaros II* court dismissed all counts in the amended complaint against Mr. Shine regarding purported electronic surveillance for failure to state a claim under Rule 12(b)(6). *Tantaros II*, ECF No. 160. In short, the claim that is now Count V of the Amended Complaint was already included in the litigation Plaintiff brought years ago before Judge Daniels, who adjudicated the claim on the merits, finding that it failed to state a claim on which relief could be granted.

Indeed, the parallel statutes and language in the two cases is noteworthy. In both *Tantaros II* and the instant case, Plaintiff alleged violations of 18 U.S.C. § 2261A. *Compare Tantaros II*, ECF No. 124-2 at, *e.g.*, ¶ 68 (alleging that defendants, including Mr. Shine, "engaged in a criminal cyber-stalking scheme … in violation of 18 U.S.C. § 2261A") *with* Am. Compl. ¶ 52, p. 22 (citing 18 U.S.C. § 2261A and alleging that all defendants, including Mr. Shine, "engaged in targeted, electronic surveillance"). Furthermore, the claim could have been included in the arbitration proceedings that Ms. Tantaros also lost. [16]

As explained in greater detail in the Fox Motion to Dismiss, Count V is barred on grounds of *res judicata* because: (1) Plaintiff was a party to *Tantaros II*; (2) Plaintiff's electronic surveillance claims alleged in *Tantaros II* were adjudicated on the merits;[17] and (3) Plaintiff's

---

[16]  Plaintiff also included in *Tantaros II* a count against all defendants, including Mr. Shine, for Intentional Infliction of Emotional Distress ("IIED") centered on purported illegal electronic surveillance. *Tantaros II*, ECF 160 at p. 22. While her claim for IIED in the Amended Complaint before this Court alleges conduct purportedly broader than that alleged in *Tantaros II*, it is also barred by *res judicata* because Plaintiff could have asserted such broader claims in *Tantaros II* as well, as noted above, in the arbitration.

[17]  "[A] dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

electronic surveillance claim against Mr. Shine (Count V) in the Amended Complaint was or could have been raised in *Tantaros II*.

Furthermore, the statutes Plaintiff cites as bases for Count V have no private right of action. As regards 18 U.S.C. § 2261A, "[c]ase law is … unanimous that no private right of action is available." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016); *see also* Fox Defs. MOL, ECF No. 43 at p. 16 (collecting cases). Likewise, Plaintiff's claim raised under Section 120.45 of the NYS Penal Code should be dismissed because it too does not afford a private right of action to a civil plaintiff such as Ms. Tantaros. *See, e.g.*, *Peterec v Hilliard*, No. 12-cv-3944(CS), 2013 WL 5178328, at *8 (S.D.N.Y. Sept. 16, 2013) (noting that a civil claim under the New York Penal Law is unavailable because "private citizens do not have a private cause of action for criminal violations") (citation omitted); *see also* Fox Defs. MOL at pp. 16-17 (collecting cases).  On this point as well, Mr. Shine refers the Court to the Fox Motion to Dismiss which he joins and incorporates herein by reference.

Accordingly, Count V is barred by *res judicata* and is also defective because Plaintiff relies on criminal statutes that do not provide a private right of action.  Accordingly, Count V, along with the other counts against Mr. Shine in the Amended Complaint, should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth herein and in the Fox Motion to Dismiss here incorporated by reference, Mr. Shine respectfully requests that this Court dismiss with prejudice all of the claims alleged against him in Plaintiff's Amended Complaint.

Dated: September 17, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  */s/ Marion Bachrach*
      Marion Bachrach, Esq.
      Jonathan N. Halpern, Esq.
      Elliot A. Magruder, Esq.
      787 Seventh Avenue
      New York, New York 10019
      Phone: (212) 513-3200
      Fax: (212) 385-9010
      Email:  marion.bachrach@hklaw.com
               jonathan.halpern@hklaw.com
               elliot.magruder@hklaw.com

      *Attorneys for Defendant William Shine*

10