UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA K. TANTAROS,<br><br>                *Plaintiff*,<br><br>  -against-<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, ROGER AILES, WILLIAM SHINE, JOHN FINLEY, SCOTT BROWN, AND SUZANNE SCOTT,<br><br>                *Defendants*. | Case No. 1:25-CV-01675(VSB) |

## REPLY IN SUPPORT OF MOTION TO DISMISS

In her Opposition to the Motion to Dismiss filed by Defendants Fox News Network, LLC ("Fox News"), Fox Corporation, and Suzanne Scott (the "Fox Parties"), Plaintiff Andrea Tantaros ("Plaintiff") misstates the law and ignores binding precedent. All of Plaintiff's claims against the Fox Parties should be dismissed under the doctrine of *res judicata*.

Plaintiff argues that all of her claims are viable under the Gender Motivated Violence Act ("GMVA"). That is wrong. First, Plaintiff did not even assert a GMVA claim against any of the Fox Parties. So, to the extent her purported claims under the GMVA form the basis of her opposition, her claims against the Fox Parties must be dismissed. Second, the GMVA simply provides a statutory cause of action for certain claims. It does not revive previously litigated claims or serve as an exception to *res judicata*. Indeed, even had Plaintiff asserted GMVA claims against the Fox Parties in her Amended Complaint, those claims, like the others specifically addressed in the Fox Parties' Motion to Dismiss, are barred by *res judicata* and, if they were not, would be subject to arbitration.

Plaintiff's arguments against the application of *res judicata* to her claims against Fox

1

News are likewise without merit. ▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬   Finally, contrary to Plaintiff's argument, the Second Circuit has held that *res judicata* applies to an arbitration award even where that award has not been confirmed by a court.

For these reasons, as well as those set forth in the Fox Parties' Motion, the Fox Parties respectfully submit that the Court should dismiss Plaintiff's claims with prejudice.

I. **The GMVA Does Not Revive Plaintiff's Previously Dismissed Claims Against The Fox Parties.**

In her opposition, Plaintiff repeatedly suggests that her claims against the Fox Parties can be asserted in this Court under the umbrella of what she ambiguously refers to as "GMVA rights." *See, e.g.*, Dkt. No. 59 at 4 (referring to "[GMVA] and related claims"); *id.* at 7 (referring to "GMVA rights"). However, the GMVA does not save Plaintiff's claims against the Fox Parties.

Plaintiff is wrong that the GMVA creates "rights" that operate to revive independent claims already adjudicated in another forum. Rather, the GMVA simply "provides a cause of action based on crimes of violence motivated by gender." *Bawden v Townes*, No. 19-cv-8034, 2025 U.S. Dist. LEXIS 182883, at *24 (S.D.N.Y. Sept. 17, 2025). Plaintiff cites no authority to support her argument that "GMVA rights remain enforceable regardless of prior proceedings" (*see* Dkt. No.

59 at 7) because none exists. Given that Plaintiff's entire opposition is premised upon the flawed argument that the GMVA somehow allows her to re-assert claims in this Court that she has already lost in multiple other venues,[1] her claims should be dismissed with prejudice.

Moreover, despite anchoring her opposition to the GMVA, Plaintiff did not assert a GMVA claim against the Fox Parties. *See* Dkt. No. 10 at 21 (bringing Count I under GMVA only against Defendants Ailes, Finley, and Brown). For this reason as well, the Court should grant the Fox Parties' Motion to Dismiss.

**II.     All Of Plaintiff's Claims Against The Fox Parties Are Barred By Res Judicata.[2]**

In arguing against the application of *res judicata* to her claims, Plaintiff contends that ▮

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████  None of these arguments has any merit.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[1] *See also* Dkt. No. 59 at 6 (arguing that "the **claims contained in the amended complaint** are novel, not time-barred **under the GMVA** look-back period enacted in order for victims to bring claims dating back years, even decades, contain separate Defendants including Scott Brown and John T.A. Finley and have not been brought prior in this, or any forum, **under this legal standard of review and law (GMVA)**") (emphasis added).

[2] As explained below, even if Plaintiff had asserted a GMVA claim against the Fox Parties, it too would have been barred by *res judicata*. As such, leave to amend to add such a claim would be futile.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████

     ██████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████

---

[3] Insofar as Plaintiff claims "GMVA rights remain enforceable regardless of prior proceedings (*see* Dkt. No. 59 at 7), that is not the case. As explained above, the GMVA simply established a legal

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████ The Second Circuit has held that although a party is permitted to confirm a final arbitration award in court, it is not required to do so for that award to have a *res judicata* effect. *See Jacobson v Fireman's Fund Ins. Co.*, 111 F3d 261, 267–68 (2d Cir 1997) ("We therefore hold . . . that *res judicata* and collateral estoppel apply to issues resolved by arbitration 'where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.'") (citations omitted). Although not a requirement for the application of *res judicata*, Defendants Fox News and Suzanne Scott, together with Counterclaim Petitioners Dianne Brandi and Irena Briganti, have in any event moved to confirm the arbitral award pursuant to Sections 9 and 13 of the Federal Arbitration Act ("FAA"). Dkt. No. 40. That motion remains pending before this Court.[4]

Plaintiff ignores *Jacobson* and instead cites *Lobban v. Cromwell Towers Apartments, Ltd. Partnership*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018), arguing that preclusion requires "finality and judicial disposition." Dkt. No. 59 at 7. But *Lobban* does not support this proposition; in fact, there is no reference to the arbitral award in *Lobban* being judicially confirmed, but that court still granted it preclusive effect as to claims adjudicated in the parties' arbitration. 345 F. Supp. 3d at 344–45. In short, the well-established precedent in this Circuit confirms that that an arbitral award is entitled to preclusive effect even without judicial confirmation.

---

cause of action. It did not revive claims that were previously litigated or could have been a part of a prior action.

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

Finally, Plaintiff argues that the arbitral award cannot be the basis for *res judicata* because it is the subject of an appeal she has filed with the Second Circuit. Plaintiff's argument is both factually inaccurate and legally flawed. First, Plaintiff has not appealed the arbitral award. Rather, she has appealed this Court's decision in *Tantaros IV* dismissing her request to enjoin the arbitration, which she filed before the arbitral award had been issued. *See Tantaros v. Fox News Network, LLC*, No. 1:25-cv-961, Dkt. No. 56 (S.D.N.Y. Aug. 14, 2025). In fact, the time has passed for Plaintiff to timely move for vacatur of the arbitration panel's award. 9 U.S.C. § 12 (providing a three-month limitation on moving to vacate, modify, or correct an award). Second, even if she had "appealed" the arbitration award (which she did not), "[t]he pendency of an appeal does not affect a decision's finality for *res judicata* purposes." *In re Motors Liquidation Co.*, 576 B.R. 313, 321 (Bankr. S.D.N.Y. 2017) (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941)).

### III. Plaintiff Fails To Address The Fox Parties' Alternative Argument That Her Claims Are Subject To Mandatory Arbitration.

Even if *res judicata* did not bar Plaintiff's Amended Complaint against the Fox Parties, her claims, including any GMVA claims she may try to amend her complaint to assert against the Fox Parties, are subject to mandatory arbitration. The Fox Parties set forth this argument in their Motion, and Plaintiff's Opposition fails to respond directly to it. *Compare* Dkt. No. 43 at Section IV(B) *with* Dkt. No. 59 generally. A charitable reading of her Opposition finds two potential arguments for why she asserts that her claims are not subject to the binding arbitration agreement she signed: (1) "arbitration cannot be read to foreclose independent statutory remedies unless Congress clearly intended waiver," Dkt. No. 59 at Section III(E), and (2) the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") limits the enforceability of

agreements to arbitrate sexual assault and sexual harassment claims, Dkt. No. 59 at Section III(F). Both arguments fail.

Plaintiff is wrong that "independent statutory remedies" cannot be subject to arbitration. The U.S. Supreme Court has made it clear that arbitration agreements must be enforced with respect to statutory claims, unless the "FAA's mandate has been 'overridden by a contrary congressional command.'" *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013). No such "contrary congressional command" exists for the claims asserted by Plaintiff, and Plaintiff does not even attempt to cite any. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974)—cited by Plaintiff—is inapposite. In *Alexander*, the Court concluded that an employee's right to bring claims under Title VII is not foreclosed by prior submission of a grievance to arbitration under a collective bargaining agreement. There, the Court found that the arbitrator's authority in the grievance proceeding was confined to the resolution of contractual rights under the collective bargaining agreement, and that resorting to the arbitral forum for the resolution of his contractual claims did not waive the plaintiff's right to pursue his statutory claims in a judicial forum. 415 U.S. at 36–37. *Alexander* has nothing to say about the preclusive effect of an arbitral decision where, as here, Plaintiff's employment-related claims, including employment-related statutory claims, are subject to mandatory arbitration. In fact, three courts have already ordered her claims, including those arising out of statute, to arbitration pursuant to the agreement she signed.

And as the Fox Parties demonstrated in their Motion, the EFAA applies only to claims that accrued on or after March 3, 2022. *See* Dkt. No. 43 at Section IV(B). Plaintiff's claims arising out of her employment with Fox News from 2010 to 2016 are not covered by the Act.

IV.     **Plaintiff Fails To Address The Fox Parties' Arguments That Her Post-Employment Claims Fail.**

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████, the Fox Parties set forth reasons that these claims (1) fail to state a claim, because there is no private right of action under the statutes upon which she relies, and (2) are precluded by Plaintiff's prior action in *Tantaros II*. *See* Mot. at Section IV(C)(1) and (2). Counts V and VI of her Amended Complaint should be dismissed for these reasons. Further, in her Opposition, Plaintiff does not respond to either of these arguments, and thus she has abandoned Counts V and VI of her Amended Complaint. *Robinson v. New York City Dep't of Educ.*, No. 20-cv-8175 (VSB), 2021 WL 4340825, at *9 (S.D.N.Y. Sept. 22, 2021) (J. Broderick). Dismissal is warranted on this basis as well.

V.      **Conclusion**

For the foregoing reasons, the Court should grant the Fox Parties' Motion to Dismiss and dismiss Plaintiff's Amended Complaint against them with prejudice. The Court should not grant Plaintiff leave to amend; such amendment would be futile, because all of Plaintiffs claims are barred by *res judicata*.

Dated: September 24, 2025

Respectfully submitted,

PAUL HASTINGS LLP

By: _____
Paul C. Evans, Bar No. 5824438
paulevans@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000

        Facsimile:  1(212) 319-4090

        *Attorneys for Defendants*
        *Fox News Network, LLC, Fox Corporation, and*
        *Suzanne Scott*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2025, I electronically filed the foregoing Reply in Support of Motion to Dismiss with the clerk of the United States District Court for the Southern District of New York, using the court's CM/ECF system, which will automatically send a notice of electronic filing to Plaintiff and all counsel of record.

                                                                                  Paul C. Evans