UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA K. TANTAROS,<br><br>  *Plaintiff,*<br><br> -against-<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, INC., ROGER AILES, WILLIAM SHINE, JOHN FINLEY, SCOTT BROWN, AND SUZANNE SCOTT,<br><br>  *Defendants*. | Case No. 1:25-CV-01675(VSB) |

**MEMORANDUM OF LAW OF FOX NEWS NETWORK, LLC, FOX CORPORATION, AND SUZANNE SCOTT IN SUPPORT OF <u>MOTION FOR SANCTIONS PURSUANT TO RULE 11</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | 3 |
| III. | APPLICABLE LEGAL STANDARD | 8 |
| IV. | ARGUMENT | 9 |
| | A. Plaintiff's Insistence on Proceeding with This Case Warrants Sanctions. | 9 |
| | B. Plaintiff's Insistence On Proceeding With *Tantaros IV* and *Tantaros V* Warrants Notice That Future Filings Will Result In Leave-To-File Sanctions. | 13 |
| V. | CONCLUSION | 15 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin.*,
  No. 97 Civ. 3075(RWS), 1998 WL 410958 (S.D.N.Y. July 22, 1998) ................................... 12

*Caisse Nationale de Credit Agricole–CNCA, N. Y. Branch v. Valcorp, Inc.*,
  28 F.3d 259 (2d Cir. 1994) .................................................................................................... 8

*Fleishman v. Hyman*,
  No. 00 CV00009(GBD)(KNF), 2006 WL 2372279 (S.D.N.Y. Aug. 16, 2006) ...................... 9

*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) ........................................................................................... 8

*Lawrence v. Wilder Richman Sec. Corp.*,
  467 F. Supp. 2d 228 (D. Conn. 2006) .................................................................................. 11

*Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
  202 F. Supp. 2d 126 (S.D.N.Y. 2002) .................................................................... 2, 8, 12, 13

*Safir v. U.S. Lines, Inc.*,
  792 F.2d 19 (2d Cir. 1986) ............................................................................................ 13, 14

*Sassower v. Field*,
  138 F.R.D. 369 (S.D.N.Y. 1991) ........................................................................................... 8

*Scott v. Major*,
  No. 89 Civ. 690, 1990 WL 21319 (S.D.N.Y. Mar. 6, 1990) ................................................ 13

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  682 F.3d 170 (2d Cir. 2012) .................................................................................................. 8

*Tantaros v. Fox News Network, LLC*,
  Index No. 157054/2016 (Sup. Ct., N.Y. Cnty. 2016) ("*Tantaros I*") ..................................... 3

*Tantaros v. Fox News Network, LLC, et al.*,
  No. 17-cv-2958 (S.D.N.Y. 2017) ("*Tantaros II*") ................................................................ 4

*Tantaros v. Fox News Network, LLC, et al*,
  No. 1:19-cv-07131(ALC) (S.D.N.Y. 2019) ("*Tantaros III*") ............................................ 5, 6

*Tantaros v. Fox News Network, LLC, et al*,
  No. 1:25-cv-00961(VSB) (S.D.N.Y. 2025) ("*Tantaros IV*") ......................................... 6, 7, 9

*Tantaros, et al. v. Krechmer*,
    Index No. 650476/2018 (Sup. Ct. N.Y., N.Y, Cnty., Mar. 28, 2024)........................................11

*Tarkowski v. Cnty. of Lake*,
    775 F.2d 173 (7th Cir. 1985) ....................................................................................................12

*Viola v. U.S.*,
    481 Fed. Appx. 30 (2d Cir. 2012)........................................................................................14, 15

*Weinraub v. Glen Rauch Securities*,
    419 F. Supp. 2d 507 (S.D.N.Y. 2005)..........................................................................2, 10, 11

*Zappin v. Comfort*,
    18-cv-01693 (ALC)(OTW), 2022 WL 6241248 (S.D.N.Y. Aug. 29. 2022) ...........................14

*Zappin v. Cooper*,
    20 Civ. 2669 (ER), 2022 WL 985634 (S.D.N.Y. Mar. 31, 2022) ...........................................13

## Other Authorities

Federal Rule of Civil Procedure

    Fed. R. Civ. P. 11(b)(1)-(2)........................................................................................................8

    Fed. R. Civ. P. 11(c) ..............................................................................................................2, 8

    Fed. R. Civ. P. 12(b)(6)..............................................................................................................9

I.    **INTRODUCTION**

       The Fox Parties file this motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure to address the frivolous, dilatory, and harassing conduct undertaken by Plaintiff Andrea K. Tantaros through her repeated, vexatious litigation against the Fox Parties in this Court. This Court is by now familiar with the tortured background of the nine-year legal saga between Fox News and Plaintiff. But the facts relevant here are simple: in blatant disregard of multiple court rulings, Ms. Tantaros has continued to attempt to litigate her previously adjudicated claims over and over again. The Fox Parties respectfully request that this Court put a stop to it.

       This current action represents Ms. Tantaros's ***fifth*** attempt to bring her claims against the Fox Parties in litigation. In contravention of the binding arbitration clause she signed, Ms. Tantaros initiated *Tantaros I* on August 22, 2016, in the Supreme Court of New York, alleging workplace sexual harassment and retaliation. That court ordered her claims to arbitration and dismissed the complaint. ███████████████████████████████████████████████████████████████████ On April 24, 2017 (while *Tantaros I* was pending), Ms. Tantaros filed another complaint in this District ("*Tantaros II*"), alleging Fox News (among others) electronically and physically surveilled her during and after her employment. The Honorable George B. Daniels dismissed *Tantaros II* with prejudice for failure to state a claim. On July 17, 2019, Ms. Tantaros filed another action against the Fox Parties in the Supreme Court of New York ("*Tantaros III*"), arguing the Arbitration Clause was unenforceable and seeking a stay in the arbitration proceedings. After the Fox Parties removed that action to this District, the Honorable Andrew L. Carter, Jr. ruled that Ms. Tantaros's claims were properly in arbitration and dismissed that action.

1

On February 3, 2025—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—Ms. Tantaros filed yet another lawsuit related to her employment with Fox News, this time before this Court ("*Tantaros IV*"). In *Tantaros IV*, Ms. Tantaros sought "emergency" injunctive relief from the arbitration that had been pending for the past nine years. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On February 27, 2025, Ms. Tantaros initiated this action ("*Tantaros V*"), again seeking to assert employment-related claims against the Fox Parties. On August 6, 2025, this Court dismissed *Tantaros IV* with prejudice.

Ms. Tantaros' initiation of five separate actions against the Fox Parties is objectively unreasonable and without merit. Her filings of *Tantaros IV* and *Tantaros V* before this Court are particularly egregious and frivolous attempts to have her claims heard in a court instead of arbitration despite multiple past court rulings making it clear that she cannot do so. Ms. Tantaros's repeated initiation of litigation in this and other courts serves no proper purpose, is vexatious and harassing, and is needlessly increasing the cost of litigation for the Fox Parties. Rule 11 is specifically designed to address such misconduct. *See* Fed. R. Civ. P. 11(c) (permitting a court to sanction an "unrepresented party" who violates Rule 11(b)'s requirement that pleadings not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). Other courts have imposed sanctions under Rule 11 based on similar improper, repeated filings of previously dismissed and precluded claims. *See Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 513–14 (S.D.N.Y. 2005) (imposing Rule 11 sanctions for bringing claims clearly barred by *res judicata*); *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 139 (S.D.N.Y. 2002) (same). This Court should do the same and put a

stop to Ms. Tantaros's lawless attempts to litigate her employment-related claims that have already been ordered to arbitration, multiple times, ████████████████████████████████████████ [1]

For these reasons, as more fully set forth throughout this memorandum, the Fox Parties respectfully request that this Court issue sanctions on Plaintiff pursuant to Rule 11, order Plaintiff to pay the Fox Parties' attorneys' fees and costs incurred in filing this motion and defending against both of Plaintiff's frivolous actions before this Court, and put Plaintiff on notice that further frivolous filings will result in an order to show cause as to why leave-to-file sanctions should not apply.

## II.  RELEVANT FACTUAL BACKGROUND

In September 2014, Plaintiff, then an employee of Fox News, signed an agreement to arbitrate any claims arising out of her employment with Fox News. *See* Declaration of Paul Evans ("Evans Decl."), ¶ 3, Ex. 1. That agreement provided for mandatory arbitration of "[a]ny controversy, claim or dispute arising out of or relating to [the Employment Agreement] or [Plaintiff's] employment" (the "Arbitration Clause"). *Id.*, Ex. 1 ¶ 8.

On August 22, 2016, in contravention of the Arbitration Clause, Plaintiff filed a complaint in the Supreme Court of New York for New York County against the Fox Parties alleging workplace sexual harassment and retaliation. *See Tantaros v. Fox News Network, LLC*, Index No. 157054/2016 (Sup. Ct., N.Y. Cnty. 2016) ("*Tantaros I*"); *see also* Evans Decl. ¶ 2. The Fox Parties moved to compel arbitration. Evans Decl. ¶ 3. Ms. Tantaros, then represented by Judd Bernstein, P.C., opposed, arguing that her Arbitration Clause was unenforceable because, among other

---

[1] The Fox Parties first informally asked Ms. Tantaros to withdraw her Petition in *Tantaros IV* by February 7, 2025, warning that if she failed to do so the Fox Parties would seek sanctions under Rule 11. She refused to withdraw. As required by Rule 11, the Fox Parties served a copy of this motion on Ms. Tantaros on September 3 and afforded her the 21 days required under the Rule to withdraw her Amended Complaint in *Tantaros V*. She has not done so.

reasons, she alleged Fox News had materially breached her employment agreement and her claims were not subject to arbitration. *Id.* ¶ 4, Ex. 2. The *Tantaros I* court rejected Plaintiff's challenge to the enforceability of the Arbitration Clause, held the Arbitration Clause enforceable, granted the Fox Parties' motion, and disposed of the matter. *Id.* ¶ 5; *see also id.* ¶ 6, Ex. 3. Ms. Tantaros initially filed a Notice of Appeal but failed to perfect it. Evans Decl. ¶ 6. Consistent with the state court's ruling in *Tantaros I*, and as required by the enforceable Arbitration Clause, Ms. Tantaros ultimately filed her claims against the Fox Parties with the New York office of the American Arbitration Association ("AAA").² *Id.* ¶ 7.

On April 24, 2017, while *Tantaros I* was pending, Plaintiff filed another complaint in this District in which she asserted electronic and physical surveillance claims against Fox News, among others, which the court granted her leave to amend on February 8, 2018, to allow her to add additional allegations. *See Tantaros v. Fox News Network, LLC, et al.*, No. 17-cv-2958, ECF No. 1 (S.D.N.Y. 2017) ("*Tantaros II*"); *Tantaros II*, ECF No. 124-2. Plaintiff alleged in *Tantaros II*— just as she does in this case—that "during, ***and mostly after***, [her] employment" Fox News "torture[d] and attempt[ed] to surveil [her]." *Tantaros II*, ECF No. 124-2 ¶ 14 (emphasis added). Specifically, she claimed that Fox News, through Bo Dietl, Peter Synder, and "the Black Room" stalked her physically and harassed her online. *Id.* ¶¶ 14, 40. On May 18, 2018, the *Tantaros II* court dismissed Plaintiff's claims with prejudice for failure to state a claim. *Tantaros II*, ECF No. 160. There, too, Plaintiff appealed the court's decision to the Second Circuit, but failed to pay the filing fee, resulting in dismissal. *Tantaros II*, ECF No. 163.

---

² [redacted]

On July 17, 2019, after two years of arbitrating her claims before a three-member panel of AAA, Ms. Tantaros changed counsel and changed course, filing another action against the Fox Parties in New York state court. *Id.* ¶ 8. This time, represented by Fein & DelValle, PLLC, she sought a temporary restraining order and a permanent injunction staying the arbitration of her sexual harassment claims on the basis that her arbitration agreement with Fox News was unenforceable following the enactment of New York CPLR § 7515. *Id.* The Fox Parties removed the action to this Court on July 30, 2019, and the matter was assigned to Judge Carter. *Tantaros v. Fox News Network, LLC, et al*, No. 1:19-cv-07131(ALC) (S.D.N.Y. 2019) ("*Tantaros III*"). The arbitration was stayed during the pendency of *Tantaros III*. Evans Decl. ¶ 9.

Ms. Tantaros moved to remand, Judge Carter denied her motion, and then she appealed the remand ruling to the Second Circuit and lost in that court. *Tantaros III*, ECF Nos. 10, 40, 88. After her loss in the Second Circuit, Fein & DelValle, PLLC withdrew from representing her, and Donnelly Stehn, LLP entered an appearance on her behalf. *Tantaros III*, ECF No. 89. Donnelly Stehn, LLP withdrew six weeks later. *Tantaros III*, ECF No. 96. On December 6, 2021, the Fox Parties moved to dismiss Ms. Tantaros's petition on the basis that CPLR § 7515 was preempted by the Federal Arbitration Act and otherwise inapplicable to her claims. *Tantaros III*, ECF No. 100. Thereafter, Outten & Golden LLP entered its appearance for Plaintiff and represented her in opposing the motion to dismiss. *Tantaros III*, ECF Nos. 108-109. In that opposition, Plaintiff explicitly argued that "[e]ven if CPLR § 7515(b)(iii) does not apply, the arbitration provision is unenforceable because it is unreasonable and unconscionable" and denies her due process. *Tantaros III*, ECF No. 114 at 15. In doing so, Plaintiff asserted many of the same arguments she later asserted in *Tantaros IV*.

On September 30, 2022, Judge Carter granted the Fox Parties' motion to dismiss, holding that CPLR § 7515 was preempted by the Federal Arbitration Act and that Plaintiff's claims were properly in arbitration. *Tantaros III*, ECF No. 140. In so holding, Judge Carter expressly rejected Ms. Tantaros's "remaining arguments"—including that her arbitration agreement was unenforceable and unconscionable and denied her due process—finding them to be "without merit." *Id.* at 6 n.1. Following Judge Carter's decision, on November 8, 2022, Outten & Golden LLP withdrew from representing Plaintiff, and she has represented herself ever since. *Tantaros III*, ECF No. 143; Evans Decl. ¶¶ 14-15.



On February 3, 2025, ███████████████████████████████ Plaintiff initiated *Tantaros v. Fox News Network, LLC, et al*, No. 1:25-cv-00961(VSB) (S.D.N.Y. 2025) ("*Tantaros IV*") before this Court. There, Plaintiff sought (1) an emergency temporary restraining order and permanent injunction to stay the AAA arbitration that has been ongoing for nine years, (2) an order declaring the Arbitration Clause unenforceable, and (3) an opportunity to proceed with her claims against the Fox Parties in court. *Tantaros IV*, ECF No. 1 at 1-2. On February 6, the Fox Parties agreed to waive service of summons and also informed Plaintiff that the Petition is patently frivolous and barred by prior orders of both the state and federal courts. Evans Decl. ¶ 22. The

Fox Parties informed Ms. Tantaros that if she did not withdraw her Petition, the Fox Parties would consider seeking sanctions under Rule 11. *Id*. On February 7, Plaintiff informed the Fox Parties that she stood "firmly and unequivocally behind" her pleading and that she urged the Fox Parties "to prepare accordingly." *Id*. ¶ 23. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Evans Decl. ¶ 24. The Fox Parties have filed a counterclaim petition to confirm that award, which is pending before the Court. ECF No. 40. On August 6, 2025, the Court granted the Fox Parties' Motion to Dismiss *Tantaros IV*, finding that Plaintiff's challenge to the parties' arbitration was both premature and barred by *res judicata*. *Tantaros IV*, ECF No. 54.

On February 27, 2025, Plaintiff initiated this action, which she amended to add additional parties and allegations on May 28, 2025. *Tantaros v. Fox News Network, LLC, et al*, No. 1:25-cv-01675 (VSB) (S.D.N.Y. 2025) ("*Tantaros V*"). The Amended Complaint here rehashes the same employment-related claims she has been ordered to bring in arbitration many times, as well as the electronic and physical surveillance claims dismissed in May 2019 in *Tantaros II*. Although Plaintiff never timely or properly served the Fox Parties or Mr. Shine in *Tantaros V*, she requested entry of default against both the Fox Parties and Mr. Shine on July 20, 2025. *Tantaros V*, ECF No. 30. The Court has rejected her deficient requests for default and denied her motion for alternative service. ECF Nos. 30-35.

As required by Rule 11, the Fox Parties served Plaintiff with this motion and supporting papers, requesting that she withdraw her Amended Complaint. The Fox Parties indicated they would wait 21 days or until authorized by the Court to file this motion on the docket. Evans Decl. ¶ 26. To date, Plaintiff has not withdrawn her Amended Complaint or otherwise taken steps to discontinue her frivolous litigation before this Court. Accordingly, this motion is now ripe.

### III.     APPLICABLE LEGAL STANDARD

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that the claims in it are not frivolous. Fed. R. Civ. P. 11(b)(1)-(2). Rule 11(c) allows a court to impose sanctions for violations of Rule 11(b).

"The Second Circuit has construed Rule 11 to mandate that sanctions be imposed under Rule 11(b)(1) when a party has signed a pleading for 'an improper purpose such as to delay or needlessly increase the cost of litigation,' or under Rule 11(b)(2) when a party presents to the court papers 'without a belief formed, from a reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.'" *Lipin*, 202 F. Supp. 2d at 139 (citing *Caisse Nationale de Credit Agricole–CNCA, N. Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)). Sanctions are warranted when there is a "flagrant lack of merit" to a party's claims. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (citation omitted).

Although Plaintiff is now proceeding *pro se*, even a *pro se* litigant is bound by Rule 11. *Sassower v. Field*, 138 F.R.D. 369, 374 (S.D.N.Y. 1991) ("[P]laintiffs, both as represented parties and as *pro s*e litigants, may be held responsible for Rule 11 sanctions . . . ."), *aff'd in part, vacated in part on other grounds*, 973 F.2d 75 (2d Cir. 1992); *see, e.g.*, *Fleishman v. Hyman*, No. 00-cv-

00009, 2006 WL 2372279, at *1 (S.D.N.Y. Aug. 16, 2006) (noting sanctions imposed on *pro se* litigant for bringing claims that were previously dismissed).

## IV. ARGUMENT

Plaintiff's initiation of both the *Tantaros IV* and *Tantaros V* actions before this Court warrants sanctions under Rule 11. Her claims are barred under the doctrine of *res judicata* and can serve no purpose other than to harass the Fox Parties and needlessly increase the cost of litigation. Despite being notified multiple times that her filings in this Court are frivolous and being formally served with a copy of this motion and afforded the time permitted by Rule 11 to voluntarily withdraw her Amended Complaint, Plaintiff has refused to do so. Instead, she persists in pursuing her patently frivolous and estopped claims. It is precisely for this sort of misconduct that Rule 11 authorizes sanctions.

### A. Plaintiff's Insistence on Proceeding with *This Case* Warrants Sanctions.

As explained in the Fox Parties' motion to dismiss, the claims asserted against the Fox Parties in Plaintiff's Amended Complaint in this case are barred by *res judicata* and otherwise fail under Federal Rule of Civil Procedure 12(b)(6).[3] *See Tantaros V*, ECF No. 45. As noted in that motion, the deficiencies in Ms. Tantaros's Amended Complaint are stark and her arguments contrary to law. Through the procedures set forth in Rule 11, the Fox Parties afforded Plaintiff the opportunity to withdraw her complaint and avoid sanctions, but she has steadfastly refused to do so. Under these circumstances, the Fox Parties respectfully submit that sanctions in the form of payment of the Fox Parties' attorneys' fees and costs incurred in filing both their motion to dismiss (ECF No. 42) and this motion should be levied on Plaintiff.

---

[3] Plaintiff's claims against the Fox Parties in *Tantaros IV* were likewise frivolous. Indeed, this Court has already granted the Fox Parties' Motion to Dismiss those claims *with prejudice*. *Tantaros IV*, ECF No. 54.

In awarding sanctions here, the Court would be following well-established precedent. In *Weinraub v. Glen Rauch Securities*, the court found that the filing of a complaint containing claims barred by *res judicata* was a "substantial violation of Rule 11." 419 F. Supp. 2d 507, 513–14 (S.D.N.Y. 2005). There, the plaintiff brought claims for "violations of federal securities laws" based on his margin account with Glen Rauch, which had already been subject to mandatory arbitration and state court litigation—just as Plaintiff's claims are here. There, the court found it was obvious from "[e]ven a cursory comparison between the arbitration record, the state court proceedings, and plaintiff's Amended Complaint" that the claims involved the same "transaction that has already been the subject of litigation in other courts of competent jurisdiction on multiple occasions." *Id.* at 514. Sanctions were especially appropriate because, the court noted, the defendants brought the *res judicata* problem to plaintiff's attention "via a pre-motion letter and the brief addressed to the original Complaint." *Id.* at 514 n.37.

While *Weinraud* involved a represented party and sanctions imposed on counsel, the same result is appropriate here. Although Plaintiff is proceeding *pro se* in this matter, she has been intimately involved in this litigation from the outset. She has gone through 10 different sets of lawyers over the course of the litigation, at times acting as her own counsel during gaps in representation and representing herself *pro se* since November 8, 2022. She is well aware that the arguments she has raised in the Amended Complaint have already been litigated—and rejected—before multiple other courts. She also knows the employment-related claims she brings against the Fox Parties can only be brought in arbitration, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Like the lawyer in *Weinraub*, no reasonable person in Plaintiff's position could fail to understand that the claims she raises are "clearly barred by *res judicata*." *Id.* at 514.

In fact, this case is similar to *Lawrence v. Wilder Richman Sec. Corp.*, 467 F. Supp. 2d 228, 234 (D. Conn. 2006). There, the plaintiff sought a declaratory judgment that a claim filed against him in arbitration was not arbitrable, as well as injunctive relief enjoining the arbitration from proceeding. The court dismissed the complaint, emphasizing that the mandatory arbitration clause had previously been upheld by the Second Circuit. After prevailing, defendant moved for sanctions, which the magistrate judge granted. In affirming the sanctions award, the district court held that plaintiff's claim was "patently frivolous" because, among other reasons "any suggestion that [the arbitration] clause is unenforceable was 'squarely rejected'" by a previous Second Circuit ruling. *Id.* (internal citation omitted). So too here, Plaintiff refused to withdraw her Petition in *Tantaros IV* or her Amended Complaint in this *Tantaros V* action despite being given notice of this motion and indisputably knowing that she sought the same relief in other courts and lost in all of those instances. As in *Lawrence*, the Court should award sanctions in light of Plaintiff's egregious behavior.

Moreover, in this case sanctions are warranted not only because Ms. Tantaros' filings suffer from the "flagrant lack of merit" discussed above, but also because it is evident that her motive in filing the pleadings is to harass the Fox Parties and others, unnecessarily delay the arbitration proceedings, and increase the cost of litigation. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Her frivolous

---

[4] Ms. Tantaros has a pattern of failing to comply with discovery orders. In March 2024, a New York court dismissed her claims in a separate matter as a result of her repeated failure to comply with discovery orders. *Tantaros v. Krechmer*, Index No. 650476/2018 (Sup. Ct., N.Y. Cnty. Mar. 28, 2024) (striking Tantaros' complaint as a sanction and holding that "since plaintiff's failure to comply with three court orders was willful and contumacious and she has not advanced a reasonable justification, sanctions are warranted."). NYSCEF Doc. No. 636 at 4.

filing of the petition in *Tantaros IV* before this Court to enjoin the arbitration, days before the arbitration panel's award against her, was a transparent attempt to further delay the arbitration proceedings. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Evans Decl. ¶ 20.

She then compounded her improper behavior by filing this lawsuit asserting claims based on the very same employment-related allegations that were the basis for claims compelled to arbitration nine years ago (and again three years ago). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Plaintiff's clearly established history of dilatory tactics and frivolous filings in this long-running dispute weighs in favor of imposing sanctions under Rule 11. *Tarkowski v. Cnty. of Lake*, 775 F.2d 173, 176 (7th Cir. 1985) (considering history of unfounded litigation when affirming award of fees under Rule 11).

Even absent this history of delay, the Court could infer Plaintiff's motive to delay and harass from her filing alone. *See Lipin*, 202 F. Supp. 2d at 126 (imposing Rule 11 sanctions); *Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin.*, No. 97 Civ. 3075 (RWS), 1998 WL 410958, at *7 (S.D.N.Y. July 22, 1998) (inferring improper purposes under Rule 11 based on claim's "total lack of substance"). The court's decision in *Lipin* is illustrative. There, the plaintiff brought employment claims that had been litigated in several prior actions, and defendants moved for the imposition of sanctions, arguing that the claims were "clearly barred by claim preclusion and presented for the improper purpose of derailing state disciplinary proceedings" that were pending against the plaintiff's attorney. In issuing sanctions against both the attorney and the plaintiff himself, the court held that "[i]mproper purposes such as bad faith and an intent to delay and harass

can be inferred 'when applicable preclusion doctrines . . . clearly foreclose further litigation.'" *Lipin*, at 138, 140 (citing *Scott v. Major*, No. 89-cv-690, 1990 WL 21319, at *1 (S.D.N.Y. Mar. 6, 1990), *aff'd*, 923 F.2d 844 (2d. Cir.1990)).  In issuing sanctions on the plaintiff, the Court reasoned, "[p]laintiff was unambiguously informed by the prior decisions that her claims are barred.  Despite these warnings, however, and despite the opportunity provided by the safe harbor provision of Rule 11 to re-evaluate her submissions, [p]laintiff persisted with her meritless claims." *Id* at 140-41 (citation omitted).  These same facts are at play here and likewise warrant the issuance of sanctions against Plaintiff.

In short, there are ample grounds under Rule 11 to sanction Plaintiff in this case.  The claims she asserts before this Court are flagrantly without merit and barred by *res judicata*.  These alone are grounds for sanctions under Rule 11(b)(2).  And the timing of her filings and her decision to persist with her baseless claims despite notice of this motion gives away the fact that she is motivated by a desire to delay and harass.  Such bad faith independently serves as grounds for sanctions under Rule 11(b)(1).

      B.      <u>Plaintiff's Insistence On Proceeding With *Tantaros IV* and *Tantaros V* Warrants Notice That Future Filings Will Result In Leave-To-File Sanctions.</u>

The Court's authority to enjoin litigants from pursuing vexatious litigation is "beyond peradventure." *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986); *Zappin v. Cooper*, No. 20 Civ. 2669 (ER), 2022 WL 985634, at *7 (S.D.N.Y. Mar. 31, 2022) ("A court's power to restrict the litigation of abusive and vexatious litigants is an 'ancient one' that is now codified at 28 U.S.C. § 1651(a), the All Writs Act.").  The Second Circuit recognizes a three-stage progression leading to such a sanction: "(1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not

show why sanctions are not appropriate, the court issues a sanctions order." *See Viola v. U.S.*, 481 F. App'x 30, 31 (2d Cir. 2012) (citation omitted).

In the Second Circuit, courts consider five factors when determining whether to issue an injunction barring a vexatious litigant from filing new claims or pleadings without first obtaining leave of court:

(1) <u>The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;</u>

(2) <u>The litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?</u>

(3) <u>whether the litigant is represented by counsel;</u>

(4) <u>whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and</u>

(5) <u>whether other sanctions would be adequate to protect the courts and other parties.</u>

*Safir*, 792 F.2d at 24. "Ultimately, the question before the court is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Zappin v. Comfort*, No. 18-cv-01693 (ALC)(OTW), 2022 WL 6241248, at *23 (S.D.N.Y. Aug. 29. 2022)

As detailed above, the *Safir* factors already weigh in favor of a leave-to-file sanction. This action is Plaintiff's fifth lawsuit against the Fox Parties, despite multiple courts ordering her employment-related claims to arbitration, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ She does this serial litigating to harass the Fox Parties, increase the cost of litigation, and cause further delay in what is already a nine-year-old arbitration. To date, these efforts have come with significant expense and burden on the Fox Parties, and any further litigation will only increase the costs and burden. Accordingly, in connection with addressing the

Fox Parties' Rule 11 motion, they respectfully request that the Court also put Plaintiff on notice that future frivolous filings may result in leave-to-file sanctions, consistent with the process set out in *Viola*.

## V.     CONCLUSION

For the reasons set forth throughout, the Fox Parties respectfully request that this Court sanction Plaintiff, order Plaintiff to pay the Fox Parties' attorneys' fees and costs incurred in filing this motion, and put Plaintiff on notice that further frivolous filings may result in leave-to-file sanctions.

Dated: September 3, 2025

Respectfully submitted,

PAUL HASTINGS LLP

By: _____
Paul C. Evans, Bar No. 5824438
paulevans@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorney for Fox News Network, LLC, Fox Corporation and Suzanne Scott*