UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX NEWS NETWORK, LLC, SUZANNE SCOTT, IRENA BRIGANTI, DIANNE BRANDI,<br><br>            *Counterclaim-Petitioners*,<br><br>   -against-<br><br>ANDREA K. TANTAROS,<br><br>            *Counterclaim-Respondent*. | Case No. 1:25-CV-01675(VSB) |

**OPPOSITION TO COUNTERCLAIM-RESPONDENT'S MOTION TO STRIKE COUNTERCLAIM PETITION TO CONFIRM AAA AWARD**

Counterclaim-Petitioners Fox News Network, LLC ("Fox News"), Dianne Brandi, Irena Briganti, and Suzanne Scott (collectively "Fox Petitioners") filed their Counterclaim Petition seeking an order confirming the February 7, 2025 arbitration award issued in the arbitration between them and Counterclaim Respondent Andrea Tantaros ("Tantaros"). Dkt. No. 40. In response, Tantaros filed a "Motion to Strike," seeking an order striking the Counterclaim Petition and "[c]larify[ing] that no arbitration materials shall be admitted in this [Gender Motivated Violence Act] GMVA action." Dkt. No. 62 at 7. Tantaros' Motion to Strike should be denied.

First, the Second Circuit has made it clear that Rule 12(f), which concerns the striking of allegations contained in pleadings, cannot be used to strike a counterclaim. And even if a motion pursuant to Rule 12(f) were proper here, Tantaros failed even to cite the appliable standard. In fact, such motions are disfavored and only granted when the matter a party is seeking to strike clearly has no bearing on the issue in dispute and cannot be supported by admissible evidence. Tantaros does not even try to meet this standard and she cannot do so.

1

Second, as best the Fox Petitioners can determine, it appears Tantaros's Motion to Strike is really an opposition to the Fox Petitioners request that the Court confirm the arbitrators award ███████████████████████████████████████████████. Putting aside that this opposition has no place in a Motion to Strike, Tantaros has not provided any viable arguments against confirmation of the award.

For the reasons set forth in the Counterclaim Petition and herein, the Fox Petitioners respectfully request that the Court grant the Counterclaim Petition, confirm the arbitration award, and deny Tantaros's frivolous Motion to Strike.

I.     **LEGAL STANDARD**

Plaintiff files her Motion to Strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Circuit long ago explained that "[i]n deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible" and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted). "Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Dubai Equine Hosp. v. Equine Imaging, LLC*, No. 18-CV-6925 (VSB), 2019 WL 3811922, at *2 (S.D.N.Y. Aug. 14, 2019) (Broderick, J.) (citations omitted). "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Id.*

## II.     ARGUMENT

### A.     Tantaros Fails To Meet The Standard For A Motion To Strike.

As a threshold issue, the Second Circuit has counseled that "Rule 12(f), which authorizes a motion to strike an insufficient defense or improper material in a pleading should not be used to dismiss the counterclaim." *See GEOMC Co., Ltd. v Calmare Therapeutics Inc.*, 918 F3d 92, 101 (2d Cir. 2019) (*citing Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); 2 Moore's Federal Practice § 12.37(3) (3d ed. 2018); and 5C Wright & Miller, § 1380, at n.5 (3d ed. 2018)); *see also Fossil Group, Inc. v. Angel Seller LLC*, No. 20-cv-2441, 2021 WL 5409605, at *3 (E.D.N.Y. Aug. 27, 2021) (same).  For this reason alone, the Court should dismiss Tantaros's Motion to Strike.

Moreover, Tantaros did not even set out the standard under Rule 12(f).  She points to nothing in the Counterclaim Petition that is "redundant, immaterial, impertinent, or scandalous."  And she makes no showing whatsoever that any of the allegations in the Counterclaim Petition cannot be supported by evidence, have no bearing on the issues in the case, or that allowing the allegations to stand would prejudice her.  Rather, Tantaros uses her "motion to strike" as a vehicle to oppose the Counterclaim Petition, which she says is "fatally flawed, procedurally improper, time-barred, and prejudicial."  Dkt. No. 62 at 4.  None of these things are true, but even if they were, they are not grounds to strike a pleading under Rule 12(f).  The Court should deny Tantaros's Motion on this basis as well.

### B.     Tantaros's Grounds For Opposing Confirmation Of The AAA Award Are Meritless.

Just as none of the arguments raised in Tantaros's Motion to Strike are sufficient under Rule 12(f), none of them provide grounds for denying the Fox Petitioners' request to confirm the February 7, 2025 arbitration award.  Section 9 of the FAA provides that "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order

confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected" pursuant to Section 10 or 11 of the FAA.  9 U.S.C. § 9; *see also* Counterclaim Pet. ¶ 13.  In seeking to prevent the confirmation of the award, Tantaros bears the burden of proving that the award cannot be confirmed.  Counterclaim Pet. ¶ 14 (citing *Puerto Rico Maritime Shipping Auth. v. Star Lines, Ltd.*, 496 F. Supp. 14, 15 (S.D.N.Y. 1979)).  She cannot do so.[1]

### 1. Tantaros's Petition To Enjoin The Arbitration Did Not Cause The Arbitration Panel To "Lose Authority."

Tantaros claims that the arbitration panel acted without jurisdiction because once she filed a now-dismissed, frivolous petition before this Court to enjoin the arbitration, "the arbitral panel lost authority."  Dkt. No. 62 at 5, Section I.  There is no support for that position.

The long history of Tantaros's repeated, unmeritorious challenges to her agreement to arbitrate her dispute with the Fox Petitioners is set out in the Motion to Dismiss filed by Fox News, Fox Corporation and Suzanne Scott in this matter.  Dkt. No. 45 at 2-6.  Relevant here, two courts have already held that Tantaros's arbitration agreement is enforceable and that she is required to arbitrate her claims against the Fox Petitioners.  *Id.* at 3-4.  It was against this backdrop, and after years of arbitrating her claims, that Tantaros filed her petition seeking to enjoin the arbitration proceedings on February 3, 2025, ▮

---

[1] In addition to the arguments addressed herein, Tantaros asserts that the Fox Petitioners' requests to seal documents related to the confidential arbitration proceedings are improper, and she requests "leave to file a supplemental memorandum addressing both the [Fox Claimants'] and Defendant William Shine's sealing submissions on a unified schedule of twenty-one (21) days, or alternatively no less than fourteen (14) days."  Dkt. No. 62 at 6-7.  The Fox Petitioners take no position on Tantaros's request to file a supplemental memorandum or her proposed briefing schedule.  And because the Court has already referred the Fox Petitioners' requests to seal to the magistrate judge assigned to this matter (*see* Dkt. No. 71), the Fox Petitioners do not address Tantaros's arguments against sealing in this opposition to her Motion to Strike.

███████████████████████████████████. *Tantaros v. Fox News Network, LLC*, Case No. 1:25-cv-00961(VSB) (S.D.N.Y. Feb. 3, 2025) ("*Tantaros IV*"). In *Tantaros IV*, Tantaros did not seek vacatur of an arbitration award pursuant to Section 10 of the FAA (and she could not have done so because no award had issued when she filed her Petition). Instead, she sought to attack the qualifications and partiality of the arbitrators before an award issued. This Court made clear she could not do so. *Tantaros IV*, Dkt. No. 54 at 7. That decision is currently on appeal.

Tantaros's February 3, 2025 filing of her frivolous petition, and her equally frivolous pending appeal of this Court's order dismissing that petition, did nothing to divest the arbitration panel of the authority two courts have already confirmed it had to issue an award. Of course, had the Court granted Tantaros's Petition, then and only then would the arbitration panel have lost authority to adjudicate the parties' dispute. But that did not happen—the Court properly denied Tantaros's Petition.

Tantaros cites Sections 3 and 10 of the Federal Arbitration Act ("FAA") and *McCreary Tire & Rubber Co. v. CEAT S.p.A.*, 501 F.2d 1032 (3d Cir. 1974). None of those authorities supports her argument. Section 3 of the FAA simply provides that a court must stay a matter where (as here) the parties have entered an agreement to arbitrate. Section 10 of the FAA sets forth the extremely limited grounds upon which a court will vacate an arbitration award. Neither has anything to do with the effect of a party's filing of a petition to enjoin a pending arbitration on the arbitration forum's authority to continue to hear the parties' dispute.

*McCreary* is likewise inapposite. In that case, the Third Circuit overturned the district court's denial of a motion to stay a federal court case pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and held that the

5

Convention required vacatur of a foreign attachment. The Convention does not apply to the claims before this Court and, in any event, *McCreary* does not address in any way the arbitration forum's authority following a party's filing of a petition to enjoin the arbitration in court.

In short, there is no basis for Tantaros's claim that by simply filing her Petition to enjoin the arbitration in *Tantaros IV*, she somehow divested the arbitration panel of authority to hear her claims against the Fox Petitioners, which two courts had already compelled to arbitration. She did not.

2. ███████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████
       ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████
       ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████████████████
       ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████



▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3. *Tantaros's GMVA Claim Has No Bearing On The Fox Petitioners' Counterclaim Petition To Confirm The February 7, 2025 Award.*

Tantaros also claims that "[t]his statutory tort action under the GMVA provides independent federal jurisdiction" and "[a]rbitration has no bearing on Plaintiff's statutory rights." Dkt. No. 62 at 5, Section III. Tantaros does not even attempt to explain why she believes this claim in any way supports her Motion to Strike the Fox Petitioners' Counterclaim Petition. It plainly does not.

While not relevant here, it bears noting that the GMVA does not create rights that are exempt from a broad agreement to arbitrate, such as the one Tantaros signed. Rather, the GMVA simply "provides a cause of action based on crimes of violence motivated by gender, *Bawden v. Townes*, No. 19-cv-8034 (ALC)(OTW), 2025 U.S. Dist. LEXIS 182883, at *24 (S.D.N.Y. Sept. 17, 2025), which can be arbitrated like any other claim.

4. *Tantaros's Appeal In* Tantaros IV *Does Not Provide Grounds For This Court To Deny The Fox Petitioners' Counterclaim Petition to Confirm.*

Tantaros next argues that the Counterclaim Petition "interferes with appellate jurisdiction" and that this Court is not permitted to "entertain filings that risk inconsistent rulings" under *Griggs*

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Dkt. No. 62 at 5, Section IV. That is incorrect.

Once again, Tantaros cites to caselaw that in no way applies to her argument. *Griggs* says nothing of divesting the district court of jurisdiction while an appeal is pending. Rather, *Griggs* held that the Court of Appeals lacked jurisdiction where the judgment subject to appeal was also the subject of a pending motion to alter or amend that judgment before the district court. 459 U.S. at 61. That holding is irrelevant to the issue before this Court.

Moreover, Tantaros has not appealed the "arbitrability" of her claims or the arbitration award to the Second Circuit—she appealed this Court's order in *Tantaros IV* denying her motion to enjoin the arbitration proceedings before an award was issued. *See Tantaros IV*, Dkt. No. 56. Such an appeal has no effect on this Court's ability to confirm the arbitration award pursuant to the FAA. *See* 9 U.S.C. § 9.

### 5. The Fox Petitioners' Counterclaim Petition is Timely.

Tantaros argues the Counterclaim Petition is time-barred under the FAA. Dkt. No. 62 at 6, Section V. She is wrong. The FAA provides "at any time ***within one year*** after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award." 9 U.S.C. § 9 (emphasis added). The Fox Parties have timely applied to confirm the arbitration award by filing this counter-claim petition well within one year after the award was made. The three-month deadline to which Tantaros cites is the deadline that applies to her: a motion to vacate, modify, or correct an award must be served within three months after the award is filed or delivered. 9 U.S.C. § 12. Here, Tantaros did not move to vacate, modify, or correct the February 7, 2025 award within three months, so her time to do so has passed. Courts "must grant" an order confirming the award unless the award is timely vacated, modified, or corrected. 9 U.S.C. § 9.

> 6. *The Counterclaim Petition Is Not Inconsistent With This Court's Ruling In* Tantaros IV.

Tantaros argues that the Counterclaim Petition "contradicts" this Court's August 8, 2025 order dismissing *Tantaros IV,* because the Court there "recognized that non-final arbitral pronouncements are not Judicially [sic] sound." Dkt. No. 62 at 6, Section VII. Tantaros mischaracterizes the Court's prior order and the posture in which it was issued.

The Court's August 8, 2025 order in *Tantaros IV* denied Tantaros's petition to enjoin the arbitration proceedings, which was filed before the February 7, 2025 arbitration award the Fox Petitioners are now asking the Court to confirm. *Tantaros IV*, Dkt. No. 54. In that order, the Court held that Tantaros's claims of arbitrator bias and misconduct failed as a matter of law under section 10 of the FAA because "to argue arbitrator bias, Petitioner 'must proceed with arbitration and raise any objections in a motion to vacate the award." *Id.* at 8. And the Court held that Tantaros failed to demonstrate manifest disregard for the law. *Id.* at 8-9. After the panel issued the February 7, 2025 award at issue here, Tantaros never moved to amend her petition to enjoin to seek vacatur of the award in *Tantaros IV* so it was not the subject of Tantaros's claims or the parties' briefing in that case. Nor has Tantaros identified any basis now under section 10 of the FAA or any basis for a finding that the arbitration panel manifestly disregarded the law. ███████████████████ ███████████████████████ As such, the Fox Petitioners' Counterclaim Petition to confirm the February 7, 2025 award is not inconsistent with the Court's decision denying Tantaros's frivolous petition to enjoin the arbitration.

> 7. *There Are No Policy Considerations That Support Tantaros's Motion To Strike Or That Weigh Against Confirming the Arbitration Award.*

With no basis in law to oppose the Petition to Confirm, Tantaros falls back on a naked appeal to "policy," contending that "[t]he Court's decision implicates . . . fundamental policy choices about the integrity of statutory rights and the judicial process." Dkt. No. 62 at 6. However,

11

the only relevant policy considerations here are those embodied by the FAA, and the text and purpose of the FAA supports confirmation of the February 7, 2025 arbitration award.

The FAA reflects the "liberal federal policy favoring arbitration," s*ee AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011), and it establishes both a prevailing party's right to confirm an arbitration award issued in its favor and the requirements that a losing party must meet if she wishes to challenge the award. 9 U.S.C. § 9. The Fox Petitioners are simply exercising their rights. Doing so in no way constitutes "arbitration abuse" as Tantaros claims without support. And, contrary to Tantaros's allegation, the Fox Petitioners' Counterclaim Petition in no way impacts her "statutory remedies." She had the opportunity to arbitrate any and all of her claims relating to her treatment while employed by Fox News and seek such remedies. ▮▮ ▮▮ And she has failed to offer any valid basis to challenge the award and further failed to do so in the timeframe required by the FAA.[3] In short, to the extent relevant, policy considerations support Fox Petitioners' request for confirmation of the February 7, 2025 award.

### III.   CONCLUSION

For the foregoing reasons, the Fox Petitioners respectfully request that the Court deny Tantaros's Motion to Strike, grant the Counterclaim Petition and confirm the February 7, 2025 arbitration award.

---

[3] While Tantaros's GMVA claims should be dismissed under the doctrine of *res judicata* (*see* Dkt. No. 45), the existence of that claim in her Amended Complaint is not relevant to the Fox Petitioners' Counterclaim Petition to Confirm.

Dated: October 1, 2025

Respectfully submitted,

PAUL HASTINGS LLP

By: _____
Paul C. Evans, Bar No. 5824438
paulevans@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Counterclaim-Petitioners FOX NEWS NETWORK, LLC, SUZANNE SCOTT, IRENA BRIGANTI and DIANNE BRANDI*

13