## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

_____

Case No. 25-cv-01675 (VSB)(VF)


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND DISMISS DEFENDANT SHINE'S COUNTERCLAIM PETITION FOR ARBITRATION AWARD

**<u>TABLE OF CONTENTS</u>**

INTRODUCTION …………………………………………………………………4

FACTUAL BACKGROUND …………………………………………………… .5

LEGAL STANDARD …………………………………………………………..6

    1. Improper Filings Must Be Stricken and Dismissed………………………..6

    2. Interim Arbitral Pronouncements Are Not Judicially Cognizable …………….. ..6

    3. Appellate Jurisdiction Bars Jurisdiction in Other Forums ……………………..6

    5. Sealing Is Strongly Disfavored ……………………………………………..6

ARGUMENT …………………………………………………………6

    I.      The Counterclaim Petition Exceeds the Court's Jurisdiction and Violates Case Separation Principles……………………………………………………6

    II.      The Arbitrators Acted Without Jurisdiction…………………………7

    III.    The "Counterclaim Petition" Is Not a Counterclaim Permitted Under Rule 13..7

    IV.    The Filing Improperly Interferes With Matters Pending on Appeal…………8

    V.      Sealing Is Improper Further Demonstrates Abuse of Process……………..9

POLICY CONSIDERATIONS ……………………………………………10

    1. Preserving Statutory Remedies ……………………………………………10

    2. Preventing Arbitration Abuse ……………………………………………10

    3. Ensuring Transparency ……………………………………………………10

    4. Safeguarding Appellate Review ……………………………………………..10

CONCLUSION ……………………………………………………11

**TABLE OF AUTHORITIES**

**Cases**

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)……………6

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)…………………6, 8, 9

*McCreary Tire & Rubber Co. v. CEAT S.p.A.*, 501 F.2d 1032 (3d Cir. 1974)…………5, 7

*First Options of Chicago, Inc. v. Kaplan (1995)*……………………………………………6

*AT&T Techs., Inc. v. Communs. Workers of Am. (1986)*……………………………………6

*Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir. 1980)………………… 8, 9

*Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280 (2d Cir. 1986)………8

*Richmond Newspapers v. Virginia,* 448 U.S. 558, 1980………………………………6, 9

*Lugosch v. Pyramid Co. of Albany (2d Cir. 2006)*……………………………………………9

*Coinbase, Inc. v. Bielski,* 599 U.S. 736 (2023)………………………………………10

**<u>Statutes</u>**

9 U.S.C. § 9………………………………………………………………………………6, 7, 9

9 U.S.C. § 3………………………………………………………………………………………9

9 U.S.C. § 10………………………………………………………………………………5, 7, 8

**<u>Rules</u>**

Fed. R. 13………………………………………………………………………………………4

Fed. R. Civ. P. 12(f)……………………………………………………………………………5

FRCP 12(b)(1))……………………………………………………………………………..11

## I.    INTRODUCTION

Defendant William Shine's ("Shine") so-called "counterclaim petition" to affirm an Interim arbitration award is a procedurally defective, sanctionable attempt to smuggle entirely unrelated matters into this action.

What Shine—and Fox News Network, LLC, Irena Briganti, Dianne Brandi, and Suzanne Scott ("The Fox Parties") are attempting is nothing less than to traffic the subject matter of an entirely separate lawsuit—currently on appeal—into a distinct case involving claims never brought before by Plaintiff such as sexual assault, negligence, and intentional infliction of emotional distress.

The filing is improper at every level: it disregards the separation of cases and the limits of subject matter jurisdiction, misuses Federal Rule of Civil Procedure 13 by disguising a statutory enforcement petition as a counterclaim, and attempts to affirm an interim award that is not judicially confirmable.

This underhanded and impermissible tactic not only flouts the Federal Arbitration Act, but also undermines the jurisdiction of the appellate court now reviewing myriad issues including whether the arbitration is valid at all. By trying to litigate an arbitration matters already on appeal in a separate case through an unrelated action containing completely different claims and parties, Defendants ask this Court to do what it cannot: intrude upon the authority of another court and expand its jurisdiction where none exists. Such maneuvering is not merely mistaken, it is procedurally impossible and worthy of sanctions.

Compounding the impropriety, Defendants seek to file this defective petition

under seal,

in contravention of the presumption of public access and without any legitimate basis.

Defendants' filing is a jurisdictional nullity, a misuse of the Federal Rules, and an affront to the integrity of these, and all arbitration proceedings, flouting the law, the facts, case precedent and provisions included in the Federal Arbitration Act ("FAA"). The Court must strike the"counterclaim petition" in its entirety, dismiss all claims and relief sought, and consider sanctions to deter further abuse of process.

Defendants further seek to employ tactics of lawfare by filing staggered, yet identical and equally defective counterclaim petitions to manipulate the court's docket, harass and exhaust Plaintiff and incite procedural chaos.

Further, Plaintiff requests leave to file supplemental briefing on a fair, unified schedule.

## II.     FACTUAL BACKGROUND

**February 3, 2025**: Plaintiff filed a petition under the FAA, divesting the arbitral tribunal of jurisdiction. Plaintiff alerted the arbitrators of the district court filing divesting them of jurisdiction. They proceeded anyway, ignoring well-established precedent making their decision and "interim award" ultra vires. The Fox Parties and Shine lamented about delay and argued vociferously that the arbitration not be stayed via temporary restraining order and injunction.

**February 7, 2025:** The arbitration panel purported to issue a "preliminary award."

**August 14, 2025:** Plaintiff files Notice of Appeal with U.S. Second Circuit Court of Appeals. Defendants are given notice.

**August 2025:** The Fox Parties and Shine perform a sharp about-face and file a Motion to Stay the arbitration with the arbitrators with no substantive basis satisfying the four-prong terms of a stay other than they wish to confirm an interim award.

**September 24, 2025:** the arbitrators exceed their authority and demonstrate bias by granting a stay of the arbitration mid-stream preventing any final adjudication, but not based on their lack of jurisdiction as the matter is before a federal court. Rather, they proffer no legal foundation to stay the arbitration other than the Fox Parties and Shine see

it as a tactical maneuver to avoid discovery on the merits, including depositions of Fox executives and third-parties, and hearings.

**September 2, 2025:** More than seven (7) months later, The Fox Parties filed a defective, sealed "Counterclaim Petition" in this Court, invoking the February 7th, 2025 "interim award".

**September 17, 2025:** Shine files a defective, sealed companion counterclaim petition seeking to improperly affirm an interim arbitration award.

**Pending Appeal:** The validity of the arbitration itself is before the Second Circuit.


## LEGAL STANDARD

Improper Filings Must Be Stricken and Dismissed With Prejudice. Fed. R. Civ. P. 12(f); *Lipsky v. Commonwealth United Corp*., 551 F.2d 887, 893 (2d Cir. 1976).

Interim Arbitral Pronouncements Are Not Judicially Cognizable. *Michaels v. Mariforum Shipping*, S.A., 624 F.2d 411, 414 (2d Cir. 1980).

The Arbitrators Were Stripped of Jurisdiction. *First Options of Chicago, Inc. v. Kaplan (1995); see also AT&T Techs., Inc. v. Communs. Workers of Am. (1986).*

Appellate Jurisdiction Bars Collateral Attacks. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

Sealing Is Strongly Disfavored. Section 4 of the Judiciary Law provides that judicial proceedings "shall be public" and "the presumption of public access to court proceedings both as a matter of constitutional law and a statutory imperative (*See Richmond Newspapers v. Virginia,* 448 U.S. 558, 1980.)


## ARGUMENT

### I. Shine, and The Fox Parties, Attempt to Inject Confirmation of an Interim Arbitration Award into an Unrelated Case Exceeds the Court's Jurisdiction and Violates Case Separation Principles

The arbitration dispute—is a distinct proceeding involving separate claims and defendants, and is currently on appeal (S.D.N.Y. Case No. 1:25-cv-961) causing the threshold defect to be jurisdictional. The "interim award" exists only within that proceeding and is properly addressed, if at all, in the case pending before the U.S. Second Circuit.

By contrast, the case before this Court ("The GMVA case") involves wholly

different claims including sexual assault, negligence, and intentional infliction of emotional distress. There is no subject matter nexus between a petition to confirm an arbitration award under the Federal Arbitration Act ("FAA") and the claims at issue here. The FAA requires that an application to confirm or vacate an award be filed in the district where the award was made, in connection with the arbitration agreement at issue. See 9 U.S.C. §§ 9–10. The statute does not permit defendants to smuggle such a proceeding into an unrelated action. Thus, their petition is immaterial, impertinent, necessitating striking the petition in its entirety.

Most critically, the Court lacks jurisdiction over both the Shine and Fox Parties petition. The lack of jurisdiction over the arbitration award is a fundamental defect allowing for dismissal of that specific claim under FRCP 12(b)(1). Therefore, both petitions must be stricken and all claims and relief sought dismissed in their entirety.

## II.    The Arbitrators Acted Without Jurisdiction

At the time the arbitrators rushed to issue an "interim award" during an ongoing arbitration, Plaintiff had filed an action with this court regarding issues of arbitrability, including jurisdiction enforceability of her arbitration clause and accumulating, overt violations of the FAA by the arbitrators. Once a matter is seized by a federal court, the arbitration is stripped of jurisdiction and authority to render any decision, order or award. Given their lack of jurisdiction, the decisions, orders and "interim award" are ultra vires. See *McCreary Tire & Rubber Co. v.CEAT S.p.A.*, 501 F.2d 1032 (3d Cir. 1974).

## III.    The "Counterclaim Petition" Is Not a Counterclaim Permitted Under Rule 13

Federal Rule of Civil Procedure 13 governs counterclaims. A compulsory Counterclaim must arise out of the same transaction or occurrence as the plaintiff's claims. A permissive counterclaim must be an independent claim against the plaintiff. The "petition" here satisfies neither requirement.

A petition to affirm an arbitration award is not a damages claim or equitable claim against the plaintiff at all; it is a statutory enforcement mechanism designed to convert a

final arbitration award into a judgment, not an "interim" or preliminary award. See 9 U.S.C. § 9. The purported "counterclaim" bears no relationship to plaintiff's claims in this action and does not target the plaintiff with relief that could be adjudicated in this action. Instead, it improperly attempts to inject the subject matter of the arbitration into a case that is neither joined or associated with the arbitration. This is not what Rule 13 permits, and the filings must therefore be stricken and dismissed as procedurally improper.

## IV.    Interim Arbitration Awards Are Not Subject to Judicial Confirmation

Even if Defendants had filed in the proper forum, in a separate action, and the case was not on appeal, the petition would still fail as a matter of law. The FAA authorizes judicial confirmation of final arbitration awards only. See 9 U.S.C. § 9. Courts uniformly hold that interim or preliminary awards—those that do not resolve all issues submitted to arbitration—are not poised for confirmation by a federal court, therefore they are not judicially cognizable. *See Michaels v. Mariforum Shipping*, S.A., 624 F.2d 411, 414 (2d Cir. 1980)*, see also Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280 (2d Cir. 1986.

The award Defendants seek to confirm is explicitly denominated "interim." It does not dispose of all issues, nor is it final or binding. Indeed, the District Court that presided over case 1:25-cv-961 involving a temporary restraining order and injunction already recognized this defect, stating in its ruling, among other things, it could not grant the relief sought until the arbitration was final. That ruling is now on appeal. This Court cannot, and should not, contradict that determination by entertaining confirmation of a non-final award in an unrelated case not enjoined with the ongoing, unfinished arbitration.

## V.    The Filing Improperly Interferes With Matters Pending on Appeal

Issues of arbitrability and jurisdiction is presently before the Court of Appeals, where the propriety of the arbitration and the District Court's rulings are under review.

Defendants' attempt to raise issues concerning confirmation of an arbitration award, or issues regarding arbitrability, is a collateral attack that intrudes upon the jurisdiction of the appellate court. See *Griggs v.Provident Consumer Discount Co*., 459 U.S. 56 (1982).

The principle underlying the Griggs rule, as well as the analogous reasoning of the Rooker-Feldman doctrine, confirms that a lower court may not revisit or undermine matters properly before an appellate tribunal. By asking this Court to affirm an interim award with arbitration and issues of arbitrability, among other things, already bound and on appeal, Defendants invite jurisdictional conflict which is prohibited. This Court must decline that invitation outright.

## V. The Attempted Sealing Is Improper and Further Demonstrates Abuse of Process

Finally, Defendants seek to cloak their defective filing in secrecy by requesting to file it under seal. Such a request is extraordinary and requires a compelling showing of necessity, narrowly tailored to protect specific interests. Defendants make no such showing. Instead, they appear to seek sealing merely to obscure their procedural maneuvering and shield an extraneous arbitration record from public view.

This runs counter to the strong presumption of public access recognized under both the common law and the First Amendment. The impropriety of the sealing request underscores the overall abuse of process that characterizes Defendants' filing. See *Richmond Newspapers v. Virginia,* 448 U.S. 558, 1980, See also *Lugosch v. Pyramid Co. of Albany* (2d Cir. 2006).

Even if defendants had filed their petition in the correct case, or the forum had jurisdiction as the matter was not in appeal, it would still fail as a matter of law. Federal courts lack subject matter jurisdiction to confirm or vacate an arbitration award that is not final and definite. (This Court specifically addressed that it lacks the authority to intervene until the finality of the arbitration on August 8, 2025 (Case 1:25-cv-961)). Therefore, the 90-day clock to vacate does not start running until the issuance of a final award. And, given the award was ultra vires as the arbitrators lacked jurisdiction to make

such a non-final disposition, Plaintiff was in no proper legal position to challenge an "interim award". The Fox Parties (and Shine's) attempt to bind the plaintiff to the 90-day deadline for an "interim" award is a fatally flawed procedural misapplication of the law.

## POLICY CONSIDERATIONS

The Court's decision implicates more than procedural rules; it implicates fundamental policy choices about the integrity of statutory rights and the judicial process.

1. **Preserving Plaintiff's Statutory Remedies**

The GMVA was enacted to create a cause of action for victims of gender-motivated violence and to ensure their access to judicial remedies. Allowing Defendants to import non-final arbitral pronouncements into this statutory forum would undermine legislative intent and stymie enforcement of the statute.

2. **Preventing Arbitration Abuse**

The Supreme Court has repeatedly warned against allowing arbitration to become a tool of procedural abuse, particularly in cases in separate jurisdictions involving the arbitration issue. See *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 744 (2023) ruling that an "interlockatory appeal divests the district court of its control over those aspects of the case involved in the appeal". Defendants' maneuver here—submitting an ultra vires arbitral pronouncement under seal—exemplifies the type of abuse courts should reject.

3. Ensuring Transparency.

The public has a right to know how statutory claims are litigated, particularly where powerful corporate defendants seek to cloak proceedings in secrecy. Permitting sealed reliance on unlawful arbitral acts would erode public confidence in both the GMVA and the courts.

4. Safeguarding Appellate Review.

If parties can file collateral "counterclaim petitions" in district court while arbitrability is pending on appeal, appellate jurisdiction would be undermined and

duplicative proceedings would proliferate. Defendants erratic legal strategy is a purposeful scheme to bury a non-final disposition of an arbitration into an unrelated case without jurisdiction. This type of lawfare is impermissible and would create three concurrent appeals before the Second Circuit. Regarding jurisdiction and issues of arbitration, The *Griggs* principle prevents precisely this outcome.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Defendants' under-seal counterclaim petition in its entirety and dismiss all claims and relief sought with prejudice;

2. Clarify that no arbitration materials shall be admitted in this GMVA action;

3. Impose sanctions dismissing and striking Defendants petition(s) under FRCP 12(f) for filing a frivolous, procedurally improper legal impossibility via injecting a counterclaim for an interim award, and does not merit judicial consideration;

4. Grant Plaintiff leave to file a supplemental memorandum addressing the Fox Parties' and William Shine's sealing motions on a unified schedule of twenty-one (21) days, or alternatively no less than fourteen (14) days.

Dated: October 1, 2025

Respectfully submitted,

 /s/ *Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*