# Holland & Knight

787 Seventh Avenue | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Marion Bachrach
+1 212-751-3341
Marion.Bachrach@hklaw.com

October 9, 2025

*VIA ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

> Re: *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-01675-VSB
> **Request to file Reply in Support of Motion to Dismiss in Redacted Form**

Dear Judge Broderick,

Pursuant to Section 5.B(iii) of the Court's Individual Rules & Practices in Civil Cases, Defendant William Shine ("Mr. Shine") submits this letter motion seeking leave of Court to file with proposed redactions certain filings relating to his Reply Memorandum in further support of his Motion to Dismiss with prejudice the Amended Complaint of Plaintiff Andrea K. Tantaros ("Plaintiff") in the above-referenced case.

As explained further in similar request filed by Defendants Fox News Network, LLC, Fox Corporation, and Suzanne Scott (collectively, the "Fox Defendants") at ECF Nos. 41 and 72, Mr. Shine was a party to an arbitration proceeding before the American Arbitration Association that involved Plaintiff, a former Fox employee. During her tenure as an employee of Fox, Plaintiff executed an Employment Agreement containing an Arbitration Clause that provides "all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence." That Arbitration Clause further provides that, while judgment may be entered upon the arbitrators' award in any court having jurisdiction, "all papers filed with the court either in support of or in opposition to the arbitrators' decision shall be filed under seal." Breach of these provisions is deemed "a material breach" of the Employment Agreement. As a former executive of Fox and party to the arbitration, Mr. Shine is bound to adhere to that Agreement.

Accordingly, like the Fox Parties, Mr. Shine requests the Court's approval to redact certain portions of his Reply Memorandum in support of his Motion to Dismiss that disclose aspects of the arbitration otherwise subject to the confidentiality restrictions of the Arbitration Clause in the Employment Agreement. Mr. Shine's proposed redactions are narrowly tailored and designed to serve the purpose of ensuring compliance with obligations under the Employment Agreement and

Hon. Vernon S. Broderick
October 9, 2025
Page 2

in the arbitration more broadly. *See, e.g., In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 85-86 (2d Cir. 2023) (affirming district court decision granting motion to seal confidential arbitration documents in part based on the Federal Arbitration Act's "strong policy protecting the confidentiality of arbitral proceedings"); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (acknowledging that an "attack on [a] confidentiality provision is, in part, an attack on the character of arbitration itself").[1]  In submitting the Reply Memorandum in support of his Motion to Dismiss in redacted form as opposed to submitting it entirely under seal, Mr. Shine seeks to balance compliance with contractual obligations with the public's interest in access to judicial documents.

    Counsel for Mr. Shine has conferred with Plaintiff, who advised by email that she opposes Mr. Shine's filings with redactions and under seal.  Plaintiff also earlier opposed the request to seal and redact documents relating to the Motions to Dismiss filed by Mr. Shine and the Fox Defendants.  *See* ECF No. 91 at p. 9.  Mr. Shine has filed this letter publicly together with copies of the Reply Memorandum in support of his Motion to Dismiss with the proposed redactions, while also filing under seal unredacted copies of the filings with the proposed redactions highlighted.

    Respectfully submitted,

    /s/ Marion Bachrach

    Marion Bachrach
    Holland & Knight, LLP
    787 Seventh Avenue, 31st Floor
    New York, New York 10019

---

[1] Notably, Plaintiff, in a related dispute, has accused other parties of materially breaching the Employment Agreement by failing properly to file under seal information related to the arbitration. *See Tantaros v. Fox News Network, LLC, et al.*, No. 1:25-cv-00961-VSB (S.D.N.Y. Feb. 3, 2025), ECF No. 1 at p. 29.

#528280397_v1