UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

        Plaintiff,

  -against-

FOX NEWS NETWORK, LLC, FOX CORPORATION, INC., ROGER AILES, WILLIAM SHINE, JOHN FINLEY, SCOTT BROWN, AND SUZANNE SCOTT,

        *Defendants*.

Case No. 1:25-cv-01675(VSB)(VF)

**REPLY MEMORANDUM OF LAW OF DEFENDANT WILLIAM SHINE
IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

I.     THE GMVA HAS NO RELEVANCE TO THE PREVIOUSLY DISMISSED CLAIMS AGAINST MR. SHINE IN PLAINTIFF'S AMENDED COMPLAINT ............2

II.    PLAINTIFF FAILS TO ADDRESS THE KEY LEGAL AND PROCEDURAL POINTS THAT THE CLAIMS AGAINST MR. SHINE HERE ARE BARRED BY RES JUDICATA .................................................................................................4

    A.    ███████████████████████████████████ .....................5

    B.    Plaintiff's Claims of Surveillance and Intentional Infliction of Emotional Distress Are Also Precluded Because They Were Dismissed in a Prior Lawsuit in this Court and Because There is No Private Cause of Action. ...............................7

CONCLUSION......................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Huron Holding Corp. v. Lincoln Mine Operating Co.*,
    312 U.S. 183 (1941) .................................................................................................................7

*In re Motors Liquidation Co.*,
    576 B.R. 313 (Bankr. S.D.N.Y. 2017) ......................................................................................7

*Jacobson v Fireman's Fund Ins. Co.*,
    111 F.3d 261 (2d Cir 1997) ......................................................................................................6

*Lobban v. Cromwell Towers Apartments, Ltd. P'ship*,
    345 F. Supp. 3d 334 (S.D.N.Y. 2018) ......................................................................................6

*Monahan v. N.Y.C. Dep't of Corr*,
    214 F.3d 275 (2d Cir. 2000) .....................................................................................................5

*Tantaros v. Fox News Network, LLC, et al.*,
    No. 17-CV-2958 (S.D.N.Y. 2018) ........................................................................................7, 8

**Statutes**

9 U.S.C. § 12 ....................................................................................................................................7

**INTRODUCTION**

In her Opposition to Defendant William Shine's Motion to Dismiss, Plaintiff Andrea Tantaros provides no valid legal argument why the claims raised in her Amended Complaint (ECF No. 10) against Mr. Shine, which (among other defects) are all barred by *res judicata*, should survive dismissal.

Plaintiff fails to address any of the binding precedents cited by Mr. Shine, which make clear that all of her claims against him in this lawsuit are barred by the doctrine of claim preclusion. In the same vein, she chooses to ignore that specific language she used in the Amended Complaint here – her latest in a long series of unsuccessful lawsuits against Mr. Shine and the Fox Defendants[1] – repeats, often verbatim, the language she used in earlier failed complaints.

Similarly, Plaintiff fails to address the statutory language and applicable case law showing there is no private right of action for Count V of this lawsuit. She also chooses not to address the legal point that, if not dismissed, then, in the alternative, her employment-related claims against Mr. Shine belong in arbitration.

Instead, Plaintiff pivots to the irrelevant in an attempt to evade the force of applicable law and the dispositive procedural background that crush all her claims against Mr. Shine. She makes the baseless argument that her claims are valid under the Gender Motivated Violence Act ("GMVA"). That is not only wrong but impossible, since the Amended Complaint alleges one count under the GMVA against three people – none of whom are Mr. Shine. Having failed to assert a GMVA claim against Mr. Shine, Plaintiff cannot use that statute as a shield against

---

[1] Defendants Fox News Network, LLC ("Fox News"), Fox Corporation, Inc., and Suzanne Scott are herein referred to as the "Fox Defendants," and their Reply Memorandum of Law (ECF No. 73) and accompanying documents are referred to, collectively, as the "Fox Reply Memorandum." Mr. Shine respectfully seeks leave to join the Fox Reply Memorandum and incorporates it by reference herein, including all arguments, statements and citations to statutes and/or precedent.

1

dismissal of her claims against Mr. Shine. Furthermore, as set forth in the Fox Reply Memorandum, Plaintiff could not use the GMVA against Mr. Shine, even if she had named him in that count, because the statute does not revive previously dismissed claims, like those here, which are barred by *res judicata* or subject to arbitration.

For these reasons, as well as those set forth in Mr. Shine's moving papers and in the Fox Reply Memorandum and moving papers, all of Plaintiff's claims against Mr. Shine should be dismissed with prejudice.

## ARGUMENT

### I. The GMVA Has No Relevance to the Previously Dismissed Claims Against Mr. Shine in Plaintiff's Amended Complaint

Plaintiff tries to avoid the bar of *res judicata* by relying on two erroneous arguments. Her first unfounded argument concerns the GMVA, which constitutes Count One of the Amended Complaint, but does not name Mr. Shine. Nonetheless, Plaintiff makes the inexplicable claim, without reference to her own pleading here at issue or to any legal authority, that she is at liberty to enforce "GMVA rights" "regardless of prior proceedings." ECF No. 90 at p. 9. She is wrong for a number of reasons set forth below.

First, Plaintiff contends, contrary to her assertions in the Amended Complaint, that the GMVA supports her "novel, not time-barred" claims against Mr. Shine. *See id.* She argues that she "amended her complaint to add claims under the Victims of Gender-Motivated Violence Protection Act and Shine has not moved to dismiss that claim." *Id.* at p. 8. But the allegations of her Amended Complaint flatly contradict this puzzling assertion. Count One of Plaintiff's 23-page pleading, which she has already amended once, is the only count in which she references the GMVA. That count asserts liability against three individuals under the GMVA, none of them Mr.

2

Shine.[2] *See* Amended Complaint, ECF No. 10 at p. 21. Simply put, Mr. Shine is not identified as a defendant in the sole GMVA claim in Plaintiff's Amended Complaint; accordingly, there is no conceivable reason for him to move to dismiss it.

It is deeply ironic that Plaintiff argues "Defendant hallucinates claims not plead [sic]," ECF No. 90 at p. 5, when Mr. Shine's name does not appear in the sole count of the Amended Complaint alleging GMVA liability. The reverse would be more accurate: it is Plaintiff who appears to see claims that she did not actually allege in the Amended Complaint.

In the Fox Reply Memorandum, the Fox Defendants posit that Plaintiff suggests the GMVA can be used as a type of "umbrella" for claims she deems somehow related to the GMVA. *See* ECF No. 73 at p. 2. Indeed, in Plaintiff's Opposition to Mr. Shine's Motion to Dismiss, she refers to the "'GMVA' and related claims." ECF No. 90 at p. 5. Plaintiff does not, however, provide any legal basis for her position that the counts in which she does include Mr. Shine somehow come within the purview of the GMVA, which is alleged only in Count I and not against Mr. Shine. By contrast, the counts against Mr. Shine allege the following: purported violations of Title VII as well as the state and city human rights laws (Count II); the intentional infliction of emotional distress (Count III); negligent hiring, supervision and retention (Count IV); aiding and abetting retaliation (mislabeled as a second Count IV); and stalking (Count V). Significantly, none of these counts mentions or refers to the GMVA.

Second, Plaintiff would be unable to apply the GMVA against Mr. Shine, even if she had named him in the GMVA count, because that statute does not revive previously dismissed claims, like those here. It has no application to claims, such as those raised in the Amended Complaint,

---

[2] The three individuals named in Count One of the Amended Complaint, which is the sole count alleging "[v]iolations of the GMVA" are: Roger Ailes, John Finley and Scott Brown. *See* ECF No. 10 at p. 21.

3

which are barred by *res judicata* or subject to arbitration. As noted in the Fox Reply Memorandum, the GMVA created a cause of action; it did not revive claims that were previously litigated and dismissed or which could have been raised in a prior action. ECF No. 73 at pp. 4-5, n. 3. Nor does Plaintiff provide any legal support for her GMVA argument.

Since Plaintiff elected not to name Mr. Shine in the sole GMVA count, her focus on the GMVA in her Opposition to Mr. Shine's Motion to Dismiss appears to be a gambit to try to avoid a legal reckoning. That effort is woefully inadequate, and Mr. Shine's motion to dismiss should be granted on this ground alone.

## II. Plaintiff Fails to Address the Key Legal and Procedural Points that the Claims Against Mr. Shine Here Are Barred by *Res Judicata*.

In her 14-page Opposition to Mr. Shine's Motion to Dismiss (ECF No. 90), Plaintiff steadfastly fails to address the prior undisputed court ▬▬▬▬▬ rulings, procedural background and legal precedent that demonstrate the claims made against Mr. Shine in the Amended Complaint at issue here constitute either previously litigated claims that Plaintiff lost ▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

She avoids addressing the significant procedural and legal points set forth in Mr. Shine's moving papers, which show why dismissal of all the defective counts[3] against Mr. Shine is warranted under the doctrine of *res judicata*.

---

[3] Plaintiff's claims are not only fatally flawed due to *res judicata*; they are also defective for several additional reasons. For example, they are barred by the applicable statutes of limitations and also fail to state a claim on which relief can be granted. In the event that the Court were to deem that *res judicata* were inapplicable here, Mr. Shine respectfully requests that the Court refer ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* ECF No. 44, Declaration of Paul Evans, dated 9/2/25, Ex. 1 at p. 11 (the "Evans Decl."). Mr. Shine hereby asserts that he does not waive these defenses and that he reserves the right to assert these and other defenses in arbitration as necessary or appropriate.

**A.** ████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
█
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████████████[4]

---

[4] Nor does Plaintiff dispute that the bar of *res judicata* also applies to any claim that could have been raised in a prior action, including in arbitration. Indeed, she concedes as much, noting that *res judicata* requires three elements: a prior adjudication on the merits, identity of parties, and the fact that the later claim was or could have been raised in a prior action. ECF No. 90 at p. 9. Accordingly, another reason that *res judicata* precludes the claims against Mr. Shine in this case is the fact that the claims she raises in this case all relate to her employment ████████████████████████████████. *See Monahan v. N.Y.C. Dep't of Corr*, 214 F.3d 275, 284 (2d Cir. 2000) (*res judicata* or claim preclusion … precludes the parties … from relitigating issues that were or could have been raised in [a prior] action."); *see also* Memorandum of Law in Support of Mr. Shine's Motion to Dismiss, ECF No. 68 at p. 4 (citing cases) and Plaintiff's Memorandum of Law in Opposition to Mr. Shine's Motion to Dismiss, ECF No. 90 at p. 9 (agreeing with *Monahan*). ████████████████████████████████████████████████████████████████████████████████████ *See* Evans Decl. Ex. 1 at p. 11.

Plaintiff also fails to address the alternative argument made by both Mr. Shine and the Fox Defendants that, in the event the defective claims in the Amended Complaint here are not

Instead, Plaintiff relies on the baseless argument ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Again, she is wrong.

First, her argument contravenes binding precedent. As noted in the Fox Reply Memorandum (ECF No. 73 at p. 5), the Second Circuit has held that a final arbitration award in court is not required for that award to have a *res judicata* effect. *See Jacobson v Fireman's Fund Ins. Co.*, 111 F.3d 261, 267–68 (2d Cir 1997) ("We therefore hold . . . that *res judicata* and collateral estoppel apply to issues resolved by arbitration 'where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.'").

Plaintiff instead misstates the law erroneously claiming that ▉▉▉▉▉▉▉▉▉▉▉▉▉ can only be deemed "provisional" and "cannot be treated as a final adjudication … for preclusion purposes." ECF No. 90 at p. 9. Again, she is wrong, and the one case she cites does not support her misguided view of the law. She cites *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018). But the court in that case did not state whether the arbitrator's award was judicially confirmed – indeed, its recounting of the procedural history suggests that it was not – and ruled that the arbitral award had preclusive effect under *res judicata* irrespective of confirmation. *Id.* at 344-45.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

dismissed for *res judicata*, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Memorandum of Law in Support of Mr. Shine's Motion to Dismiss, ECF No. 68 at p. 7, n. 15; Fox Reply Memorandum, ECF No. 73 at pp. 6-7.

6

███████████████████████████

Second, Plaintiff's claim that the ████████ is under appeal is also incorrect. She did not appeal the ████████████, and the three-month statutory time limitation to vacate, modify or correct that award has lapsed. *See* 9 U.S.C. § 12. Moreover, as set forth in the Fox Reply Memorandum (ECF No. 73 at p. 6), "[t]he pendency of an appeal does not affect a decision's finality for *res judicata* purposes." (citing *In re Motors Liquidation Co.*, 576 B.R. 313, 321 (Bankr. S.D.N.Y. 2017) (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941)).[5]

In short, Plaintiff's claims against Mr. Shine in this ████████████████████ ████████████████████████████████████ and should be dismissed under the doctrine of *res judicata*.

### B. Plaintiff's Claims of Surveillance and Intentional Infliction of Emotional Distress Are Also Precluded Because They Were Dismissed in a Prior Lawsuit in this Court and Because There is No Private Cause of Action.

Plaintiff also fails to address the fact that the claims against Mr. Shine in this case for purported surveillance and intentional infliction of emotional distress related to her former employment at Fox are not only precluded ████████████ but also by a lawsuit she brought in this Court before the Honorable George Daniels, which was dismissed in 2019. *See Tantaros v. Fox News Network, LLC, et al.*, No. 17-CV-2958 (S.D.N.Y. 2018, Daniels, J.) ("*Tantaros II*"). As set forth in the Memorandum of Law in Support of Mr. Shine's Motion to Dismiss, these vaguely-stated claims could have been asserted, ████████████████, but also in the lawsuit before

---

[5] Although confirmation is not required for an arbitral award to have preclusive effect under *res judicata*, Mr. Shine, together with the Fox Defendants, has nonetheless filed, under seal, a counterclaim-petition ████████████████████████████████████████████.

7

Judge Daniels.  ECF No. 68 at pp. 7-8.

In her opposition, Plaintiff makes no mention of the lawsuit she previously filed in this District or the order dismissing it.  *See Tantaros II*, ECF No. 160.  She does not deny her reliance on the same statutes she cited and the similar language she used in both cases.  ECF No. 68 at p. 8.  In short, Plaintiff does not deny the *res judicata* effect of the dismissal of the case before Judge Daniels.

Nor does Plaintiff counter the argument or precedent cited in in the Fox Defendants' and Mr. Shine's Motions to Dismiss (ECF No. 43 at p. 16 and No. 68 at p. 9) establishing that the statutes she cites as purported bases for Count V of her Amended Complaint (ECF No. 10 at p. 22) confer no private right of action.

In short, Plaintiff does not deny that her claims under Count V are legally defective as well as barred by *res judicata*.  Mr. Shine's motion should be granted for this reason as well.

## **CONCLUSION**

For all the foregoing reasons as well as those set forth in his moving papers and in the Fox Defendants' Motion to Dismiss and Reply Memorandum, Mr. Shine respectfully asks this Court to grant his Motion to Dismiss and dismiss with prejudice all counts against him in Plaintiff's Amended Complaint.

8

Dated: October 9, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Marion Bachrach*
    Marion Bachrach, Esq.
    Jonathan N. Halpern, Esq.
    Elliot A. Magruder, Esq.
    787 Seventh Avenue
    New York, New York 10019
    Phone: (212) 513-3200
    Email: marion.bachrach@hklaw.com
            jonathan.halpern@hklaw.com
            elliot.magruder@hklaw.com

*Attorneys for Defendant William Shine*