**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM SHINE, | Case No. 1:25-cv-01675(VSB)(VF) |
| *Counterclaim-Petitioner*, | |
| -against- | |
| ANDREA K. TANTAROS, | |
| *Counterclaim-Respondent*. | |

**MEMORANDUM OF LAW OF COUNTERCLAIM-PETITIONER
WILLIAM SHINE IN OPPOSITION TO MOTION BY
COUNTER-CLAIM RESPONDENT ANDREA K. TANTAROS
<u>TO STRIKE AND DISMISS COUNTERCLAIM-PETITION</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................3

Ms. Tantaros' Motion to Strike and Dismiss Mr. Shine's Counterclaim-Petition Should Not
be Granted Because It Lacks Legal Merit. ........................................................3

I.     Legal Standards............................................................................................3

       A.     Motion to Strike Under Rule 12(f) ..............................................3

       B.     Motion to Dismiss Under Rule 12(b)(1) .....................................5

II.    Ms. Tantaros Does Not Meet the Legal Standard for Striking the Counterclaim-
       Petition. .................................................................................................6

III.   Ms. Tantaros Fails to Show That the Counterclaim-Petition Should be Dismissed
       for Lack of Subject Matter Jurisdiction. ....................................................7

       A.     The Court Has Subject Matter Jurisdiction Over the Counterclaim-Petition. .........8

              1.     The Court Has Subject Matter Jurisdiction Because the Counterclaim-
                     Petition Alleges a Compulsory Counterclaim. ...............................8

              2.     In the Alternative, the Court Has Supplemental Jurisdiction Under 28
                     U.S.C. § 1367(a) to Decide the Counterclaim-Petition. ...........11

       B.     Ms. Tantaros' Failed Effort to Enjoin the Arbitration in Tantaros IV Did Not
              "Strip" ███████████████████. ...........................................................14

       C.     ███████████████████████████████████████████ ...........................16

       D.     The Pending Appeal in Tantaros IV Does Not Provide Grounds to Deny  the
              Counterclaim-Petition to Confirm.  ...........................................................18

       E.     Ms. Tantaros Failed to Seek Vacatur of the February 7, 2025 Award During
              the Three-Month Time Period, as Required by Section 12 of the FAA. ...........20

CONCLUSION...........................................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accenture LLP v. Spreng*,
    647 F.3d 72 (2d Cir. 2011) .................................................................................20

*Adam v. Jacobs*,
    950 F.2d 89 (2d Cir. 1991) .................................................................................10

*Adult Use Holdings*,
    631 F. Supp. 3d 174 (S.D.N.Y. 2022) ...............................................................17

*Agility Pub. Warehousing Co. v. Sup. Foodservice GmbH*,
    840 F. Supp. 2d 703 (S.D.N.Y. 2011) .................................................................8

*Atkinson v. Singh*,
    19-CV-3779 (VSB), 2022 WL 137634 (S.D.N.Y. Jan. 14, 2022) (Broderick, J.)....................4

*Badgerow v. Walters*,
    596 U.S. 1 (2022) ..............................................................................................11

*Bracey v. Bd. of Educ. of City of Bridgeport*,
    368 F.3d 108 (2d Cir. 2004) ................................................................................9

*Brown v. Taylor*,
    No. 2:22-cv-09203-MEMF-KS, 2024 WL 1600314 (C.D. Cal. Apr. 3, 2024) ......................20

*Carter v. HealthPort Techs., LLC*,
    822 F.3d 47 (2d Cir. 2016) ..............................................................................5, 6

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023) .....................................................................................19, 20

*Combs v. Same Day Delivery, Inc.*,
    No. 1:22-cv-00520-MKV, 2023 WL 6162196 (S.D.N.Y. Sept. 20, 2023) ...........................17

*Cortland St. Recovery Corp. v. Tellas Telecomm.*,
    790 F.3d 411 (2d Cir. 2015) ................................................................................5

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006) ..................................................................................7

*Day v. Moscow*,
    955 F.2d 807 (2d Cir. 1992) ................................................................................6

*Dixon v. Int'l Fed. of Accountants*,
    416 Fed. Appx. 107 (2d Cir. 2011) .......................................................................13

*Dubai Equine Hosp. v. Equine Imaging, LLC*,
    No. 18-CV-6925 (VSB), 2019 WL 3811922 (S.D.N.Y. Aug. 14, 2019)
    (Broderick, J.) ..........................................................................................................4

*Dzanoucakis v. Chase Manhattan Bank, USA*,
    No. 06-CV-5673 (JFB) (ARL), 2008 WL 820047 (E.D.N.Y. Mar. 25, 2008) .......11

*Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*,
    46 F. Supp. 3d 327 (S.D.N.Y. 2014) .....................................................................17

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) ...............................................................................................19

*Federman v. Empire Fire and Marine Ins. Co.*,
    597 F.2d 798 (2d Cir. 1979) ..................................................................................10

*Feldheim v. Fin. Recovery Servs., Inc.*,
    257 F. Supp. 3d 361 (S.D.N.Y. 2017) .....................................................................6

*FUJIFILM N. Am. Corp. v. Geleshmall Enters., LLC*,
    239 F. Supp. 3d 640 (E.D.N.Y. 2017) .....................................................................9

*Ganguly v. Charles Schwab & Co.*,
    No. 03 Civ. 6454 PLC, 2004 WL 213016 (S.D.N.Y. Feb. 4, 2004) .......................11

*GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*,
    918 F.3d 92 (2d Cir. 2019) ..................................................................................4, 6

*GMA Accessories, Inc. v. Idea Nuova, Inc.*,
    157 F. Supp. 2d 234 (S.D.N.Y. 2000) ......................................................................9

*Greenlight Capital, Inc. v. Fishback*,
    No. 24 Civ. 4832 (PAE), 2024 WL 5166823 (S.D.N.Y. Dec. 19, 2024) ................6

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982) ..................................................................................................19

*Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*,
    134 F.4th 73 (2d Cir. 2025) ...................................................................................12

*Harty v. W. Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) .................................................................................5, 6

*Hylton v. J.P. Morgan Chase Bank, N.A.*,
    338 F. Supp. 3d 263 (S.D.N.Y. 2018) ....................................................................19

*Intercarbon Bermuda, Ltd. and Caltex Trading and Transp. Corp.*,
  146 F.R.D. 64 (S.D.N.Y. 1993) ..........................................................................11

*Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of N.J.*,
  25-CV-00054 (HG), 2025 WL 1860241 (E.D.N.Y. July 2, 2025) ................................12, 13

*Kaur v. N.Y.C. Health and Hosps. Corp.*,
  688 F. Supp. 2d 317 (S.D.N.Y. 2010) ....................................................................13

*Kerr-McGee Ref. Corp. v. M/T Triumph*,
  924 F.2d 467 (2d Cir. 1991) ..............................................................................16

*Kumaran v. Northland Energy Trading, LLC*,
  762 F. Supp. 3d 322 (S.D.N.Y. 2025) ....................................................................4

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887 (2d Cir. 1976) ..............................................................................4

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ..............................................................................6

*McCreary Tire & Rubber Co. v. CEAT S.p.A*,
  501 F.3d 1032 (3d Cir. 1974) ............................................................................15

*Metallgesellschaft A.G. v. M/V Capitan Constante*,
  790 F.2d 280 (2d Cir. 1986) ..............................................................................18

*Michaels v. Mariform Shipping, S.A.*,
  624 F.2d 411 (2d Cir. 1980) ..............................................................................18

*Noble Prestige Ltd. v. Horn*¸
  No. 20-82357-CIV-SMITH, 2024 WL 2109045 (S.D. Fla. Apr. 3, 2024) ..........................20

*Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*,
  No. 805CV507T27TGW, 2006 WL 1428319 (M.D. Fla. May 17, 2006) ..............................20

*Paychex, Inc. v. Caytrans BBC LLC*,
  No. 6:22-CV-06411 EAW, 2023 WL 4861032 (W.D.N.Y. July 31, 2023) ..........................17

*Rivera v. Rochester Genessee Reg'l Transp. Auth.*,
  743 F.3d 11 (2d Cir. 2014) ..............................................................................13

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
  157 F.3d 174 (2d Cir. 1998) ..............................................................................16

*Scott v. Long Island Sav. Bank, F.S.B.*,
  937 F.2d 738 (2d Cir. 1991) ..............................................................................10

*Smith v. Blavatnik*,
No. 14 Civ. 503(PAC)(ALC), 2014 WL 5334080 (S.D.N.Y. Oct. 17, 2014) .........................9

*Sperry Int'l Trade, Inc. v. Gov't of Israel*,
532 F. Supp. 901 (S.D.N.Y. 1982) .........................................................................16

*Tantaros v. Fox News Network, LLC, et al.*,
Case No. 1:25-cv-00961(VSB) (S.D.N.Y. Feb. 3, 2025) ............................... *passim*

*Unangst v. Evans Law Assoc's, P.C.*,
798 F. Supp. 2d 409 (N.D.N.Y 2011) ...................................................................12

**Statutes**

9 U.S.C. § 9 ...............................................................................................11, 17, 19, 20

9 U.S.C. §§ 9-11 .......................................................................................................7

9 U.S.C. § 12 ......................................................................................................16, 20

9 U.S.C. § 16(b)(4) .....................................................................................................20

28 U.S.C. § 1331 ...................................................................................................9, 12, 13

28 U.S.C. § 1367(a) ...........................................................................................2, 11, 12, 14

Civil Rights Act Title VII ......................................................................................9, 12, 13

FAA Section 9 .............................................................................................................2

FAA Section 9 ...................................................................................................7, 17, 20

FAA Section 10 ...........................................................................................................18

FAA Sections 10 and 11 ...............................................................................................7

FAA Section 16(a) .......................................................................................................20

Federal Arbitration Act ......................................................................................... *passim*

**Other Authorities**

Rule 12(b)(1) .......................................................................................................1, 5, 11

Rule 12(f) ...................................................................................................................... *passim*

Rule 13(a) .......................................................................................................2, 8, 10, 14

Rule 13(a)(1)(A) .............................................................................................................9

## INTRODUCTION

Plaintiff and Counterclaim-Respondent Andrea K. Tantaros ("Ms. Tantaros") has moved to strike and dismiss the Counterclaim-Petition filed by Defendant and Counterclaim-Petitioner Willian Shine ("Mr. Shine") to confirm the award issued by a panel of AAA arbitrators on February 7, 2025 (the "February 7, 2025 Award"). ECF No. 91. Her motion fails to present any valid legal or factual basis for denying the Counterclaim-Petition and should be denied.

Ms. Tantaros' motion to strike is legally flawed for several reasons. First, the law in this Circuit makes clear that a Rule 12(f) motion to strike is not only generally disfavored but also unsuited to strike a counterclaim. Second, Ms. Tantaros disregards the applicable standard for a motion to strike by failing to cite any objectionable material in the Counterclaim-Petition. Third, she makes the conclusory claim that the Counterclaim-Petition has no bearing on the issues in this matter, but the Counterclaim-Petition and her own Amended Complaint (ECF No. 10) show the contrary: namely, that the claims she has made here against Mr. Shine and the claims and issues raised in his Counterclaim-Petition are factually and substantively linked. Indeed, Mr. Shine's

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████.[1]

Ms. Tantaros' motion to dismiss the Counterclaim-Petition for lack of subject matter jurisdiction under Rule 12(b)(1) is similarly flawed because it lacks both factual and legal support. Mr. Shine's Counterclaim-Petition and Ms. Tantaros' claims against him in the Amended Complaint (ECF No. 10) here are substantively connected because both arise from a common set

---

[1] *See* Memorandum of Law of Defendant William Shine in Support of Motion to Dismiss (ECF No. 70) and Reply Memorandum of Law in Further Support of Defendant William Shine's Motion to Dismiss (ECF No. 96) ("Mr. Shine's Reply," and, together, "Mr. Shine's Motion to Dismiss").

of facts and circumstances ████████████████████████████████████ ████████████████████. The Counterclaim-Petition therefore constitutes a compulsory counterclaim under Rule 13(a), which does not require a separate jurisdictional basis. In the alternative, the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Counterclaim-Petition because the issues raised in the Counterclaim-Petition, which incorporates the February 7, 2025 Award, and those raised in the counts against Mr. Shine in the Amended Complaint, are so factually related that they effectively form part of a single, integrated case.

Ms. Tantaros is also wrong in arguing that the February 7, 2025 Award cannot be confirmed because it is not a final award subject to confirmation under Section 9 of the FAA. █

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████, the February 7, 2025 Award as to Mr. Shine is final and confirmable under the Federal Arbitration Act (the "FAA"). For that reason, he has petitioned the Court in his Counterclaim-Petition to confirm the February 7, 2025 Award.

In short, Ms. Tantaros has filed a baseless motion to strike and dismiss a Counterclaim-Petition filed by Mr. Shine in order to ████████████████████████████████ ████████. Her motion papers are replete with immoderate salvos but lacking in merit. The derisive language masks an unremitting intent to keep pursuing Mr. Shine – over and over, time and again – with the same claims derived from her employment at Defendant Fox News Network,

LLC ("Fox News"), which she left over eight years ago.  Mr. Shine has filed a Motion to Dismiss

and a Counterclaim-Petition to confirm the February 7, 2025 Award with the hope that he can put

an end to Ms. Tantaros' incessant and repetitive baseless lawsuits.

As regards all of Ms. Tantaros' scattershot contentions, Mr. Shine hereby seeks permission

to join the Fox Defendants' Opposition to the Motion to Strike and incorporates it by reference

herein.[2]

## **ARGUMENT**

### **Ms. Tantaros' Motion to Strike and Dismiss Mr. Shine's Counterclaim-Petition Should Not be Granted Because it Lacks Legal Merit**

Ms. Tantaros has moved to strike and dismiss Mr. Shine's Counterclaim-Petition to

confirm the February 7, 2025 Award 

.  As set forth in Mr. Shine's Motion to Dismiss,[3]

.  Ms. Tantaros' motion has no legal merit

and should be denied.

## I.    Legal Standards

### A.    Motion to Strike Under Rule 12(f)

Ms. Tantaros moves to strike the Counterclaim-Petition pursuant to Federal Rule of Civil

Procedure 12(f).  *See* ECF No. 91 at p. 6.  Rule 12(f) allows the Court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

---

[2] Defendants Fox News, Fox Corporation, Inc., and Suzanne Scott are herein referred to as the "Fox Defendants," and their Opposition to Ms. Tantaros' Motion to Strike the Counterclaim-Petition to Confirm AAA Award (ECF No. 84) and accompanying documents are referred to, collectively, as the "Fox Defendants' Opposition."  Mr. Shine respectfully seeks leave to join the Fox Defendants' Opposition and incorporates it by reference herein, including all arguments, statements and citations to statutes and/or precedent.

[3] *See* ECF Nos. 70 and 96.

Civ. P. 12(f). Ms. Tantaros ignores the settled law that motions to strike are "generally disfavored" and "infrequently granted." *Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 330 (S.D.N.Y. 2025) (collecting cases). She further ignores the Second Circuit's view that counterclaims should not be stricken. *See GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 101 (2d Cir. 2019) ("Rule 12(f), which authorizes a motion to strike an insufficient defense or improper material in a pleading should not be used to dismiss the counterclaim.").

It is settled that a Rule 12(f) motion must be denied unless the movant demonstrates 'that no evidence in support of the allegation would be admissible." *Kumaran*, 762 F. Supp. 3d at 430 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). This is because "[u]sually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial" and, therefore, a district court should not "strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky*, 551 F.2d at 893.

To prevail on a motion to strike, a party "must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Dubai Equine Hosp. v. Equine Imaging, LLC*, No. 18-CV-6925 (VSB), 2019 WL 3811922, at *2 (S.D.N.Y. Aug. 14, 2019) (citations omitted) (Broderick, J.) According to this Court, the moving party bears a "heavy burden." *Atkinson v. Singh*, 19-CV-3779 (VSB), 2022 WL 137634, at *17 (S.D.N.Y. Jan. 14, 2022) (citations and quotations omitted) (Broderick, J.). As set forth below, Ms. Tantaros here does not meet her burden or that standard.

### B.      Motion to Dismiss Under Rule 12(b)(1)

Without citing any relevant case law or analysis, Ms. Tantaros also argues that the Counterclaim-Petition should be dismissed under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 91 at p. 7.

"A district court dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortland St. Recovery Corp. v. Tellas Telecomm.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  District courts have "broad discretion when determining how to consider challenges to its subject matter jurisdiction." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (citation omitted).

"A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  A "facial" Rule 12(b)(1) motion is "based solely on the allegations of [the counterclaim] and the exhibits attached to it." *Id.*  A "factual" Rule 12(b)(1) motion allows the movant to "proffer[] evidence beyond the [p]leading." *Id.* at 57 (citation omitted).

Ms. Tantaros' motion to strike and dismiss the Counterclaim-Petition does not controvert the underlying facts showing that the Court has subject matter jurisdiction, as discussed *infra*.  She does not introduce extrinsic evidence that challenges any of the allegations set forth in the Counterclaim-Petition.[4]  Accordingly, her 12(b)(1) motion presents a facial challenge, and "the

---

[4] Nor does Ms. Tantaros' affidavit at ECF No. 93 challenge the allegations of the Counterclaim-Petition or "reveal the existence of factual problems in the assertion of jurisdiction." *See Carter*, 822 F.3d at 57 (quoting *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1125, 1131 (2d Cir. 1976)) (internal quotations omitted). Rather, the affidavit consists of unsupported conclusory legal argument (including the contention that to decide the Counterclaim-Petition would "exceed[] this Court's jurisdiction") and purported deficiencies in the Award that is the basis of the Counterclaim-Petition. It does not refer to the underlying jurisdictional facts and events, including ██████████████████████████████████████████████████████.

Court must accept all factual allegations in the [counterclaim] as true and draw inferences from those allegations in the light most favorable to the [Counterclaim-Petitioner Mr. Shine]." *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 365 (S.D.N.Y. 2017) (internal quotations and citation omitted); *see also Carter*, 822 F.3d at 57 (collecting cases).

The burden of proving federal jurisdiction is on the party seeking to establish it and that party must show jurisdiction by a preponderance of the evidence. *See Makarova*, 201 F.3d at 113. As set forth below, Mr. Shine meets that burden by demonstrating that the Counterclaim-Petition seeking to confirm ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████ .

## II.   **Ms. Tantaros Does Not Meet the Legal Standard for Striking the Counterclaim-Petition.**

Ms. Tantaros' motion to strike the Counterclaim-Petition is fatally flawed for several reasons. First, her motion should be denied because the courts in this Circuit have consistently held that, as noted above, "Rule 12(f), which authorizes a motion to strike an insufficient defense or improper material in a pleading, should not be used to dismiss the counterclaim." *GEOMC*, 918 F.3d at 101 (2d Cir. 2019); *see also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("Rule 12(f) [is] designed for excision of material from a pleading, not for dismissal of claims in their entirety."); *Greenlight Capital, Inc. v. Fishback*, No. 24 Civ. 4832 (PAE), 2024 WL 5166823, at

---

████████████████████████ *see also Harty*, 28 F.4th at 441. Accordingly, Ms. Tantaros' showing is deficient. "When the extrinsic evidence submitted by the parties does not controvert the material allegations of the [counterclaim], it is not error for the district court to base its ruling solely on the allegations of the [counterclaim] …." *Harty*, 28 F.4th at 441.

*6 (S.D.N.Y. Dec. 19, 2024) (denying motion to strike allegations that involved interpretation of a breach of contract claim). Ms. Tantaros identifies no portions of the Counterclaim-Petition that should be excised. This ground alone is sufficient to deny Ms. Tantaros' motion to strike.

Second, Ms. Tantaros fails to articulate the proper standard under Rule 12(f), much less carry her burden of proof to show it applies to the Counterclaim-Petition. Ms. Tantaros furnishes no examples of any redundant, immaterial, impertinent, or scandalous matter in the Counterclaim-Petition. She simply rails against the Counterclaim-Petition itself and the February 7, 2025 Award. Her motion to strike fails to demonstrate, with any factual allegations or legal precedent, that the Counterclaim-Petition is unsupported by evidence or has no relation to the issues in the case. ██

████████████████████████████████████████████████████████

████████████████████████████████████████████████.

Instead, Ms. Tantaros uses the motion to strike to vent her displeasure with the arbitral award and pursue an inapt means of avoiding the consequences of the Counterclaim-Petition, which she angrily labels a "frivolous, procedurally improper legal impossibility." ECF No. 91 at p. 11. These are not grounds to strike the Counterclaim-Petition under Rule 12(f). Her motion to strike should be denied.

### III.    Ms. Tantaros Fails to Show That the Counterclaim-Petition Should be Dismissed for Lack of Subject Matter Jurisdiction.

The parts of Ms. Tantaros' motion that seek to dismiss Mr. Shine's Counterclaim-Petition constitute a grab bag of baseless arguments. As set forth below, these too fail.

Ms. Tantaros also fails to carry her burden under Sections 10 and 11 of the FAA to show that the February 7, 2025 Award should not be confirmed pursuant to Section 9 of the FAA. 9 U.S.C. §§ 9-11; *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (describing the

burden of proof to avoid confirmation of an arbitration award as "very high"); *Agility Pub. Warehousing Co. v. Sup. Foodservice GmbH*, 840 F. Supp. 2d 703, 710 (S.D.N.Y. 2011) (same).[5]

### A.    The Court Has Subject Matter Jurisdiction Over the Counterclaim-Petition.

Ms. Tantaros claims that the February 7, 2025 Award cannot be confirmed because this case involves "wholly different claims" and therefore "[t]here is no subject matter nexus between a petition to confirm an arbitration award under the … FAA and the claims at issue here." ECF No. 91 at p. 7.  In the same vein, Ms. Tantaros argues that the Counterclaim-Petition "bears no relationship to the claims and does not target the plaintiff with relief that could be adjudicated in this action." *Id.* at p. 8.  She is wrong.

> 1.    *The Court Has Subject Matter Jurisdiction Because the Counterclaim-Petition Alleges a Compulsory Counterclaim.*

The Court has subject matter jurisdiction because the Counterclaim-Petition constitutes a compulsory counterclaim under Federal Rule of Civil Procedure 13(a).  Accordingly, the

---

[5] Ignoring the requirements of confidentiality and sealing set forth in her employment contract [*see* Declaration of Paul Evans in Support of [Fox Defendants'] Motion to Dismiss Amended Complaint, ECF No. 44, Ex. 1], Ms. Tantaros also makes the baseless argument that there is an "impropriety" associated with Mr. Shine's request to file under seal certain documents concerning the confidential arbitration proceedings.  *See* ECF No. 91 at p. 10.  According to Ms. Tantaros, this purported "impropriety" warrants "leave to file a supplemental memorandum addressing [both] the [Fox Defendants'] and William Shine's sealing motions on a unified schedule of twenty-one (21) days, or alternatively no less than fourteen (14) days." *Id.* at p. 11.    Ms. Tantaros made a similar request in her motion to strike the Fox Defendants' counterclaim-petition. *See* ECF No. 62 at pp. 6-7.

Like the Fox Defendants, Mr. Shine takes no position on Ms. Tantaros' request to file a supplemental memorandum or her proposed briefing schedule.  As the Court has already referred the Fox Defendants' and Mr. Shine's respective motions to seal to the assigned magistrate (*see* ECF No. 71), Mr. Shine does not address here Ms. Tantaros' arguments against sealing in the opposition to her motion to strike and to dismiss.  However, for the avoidance of doubt, Mr. Shine firmly rejects Ms. Tantaros' unfounded argument that Mr. Shine's letter-motions somehow constitute an "abuse of process." *See* ECF No. 91 at p. 9.  As the record in this case makes clear, Mr. Shine's letter-motions regarding redaction and sealing seek only to ensure the confidentiality of the arbitration process – as required by Ms. Tantaros' employment agreement – and comport with the Court's Individual Rules of Practice.

counterclaim "need not have an independent basis of federal jurisdiction," provided that the main claims present a colorable federal issue.[6] *See, e.g.*, *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 239 (S.D.N.Y. 2000) (citing *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir. 1978)); *FUJIFILM N. Am. Corp. v. Geleshmall Enters., LLC*, 239 F. Supp. 3d 640, 645 (E.D.N.Y. 2017) (citation omitted) ("No independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues . . . raised [by a compulsory counterclaim], if the main claim itself presents a colorable federal issue.").  (As a separate issue, Mr. Shine asserts that Ms. Tantaros' claims should be dismissed for the reasons set forth in his motion to dismiss and supporting memoranda).

Here, it is Ms. Tantaros who has relied on federal law in bringing this action.  Her Amended Complaint invokes federal subject matter jurisdiction under 28 U.S.C. § 1331 and raises several claims based in federal law, including under Title VII (Count II), the federal criminal stalking statute (one of two counts labeled as Count IV), and aiding and abetting retaliation under federal law (Count V).  ECF No. 10 at pp. 10, 22; *see Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) ("Federal jurisdiction is typically based on the fact that federal law creates the plaintiff's asserted cause of action."); *see also Smith v. Blavatnik*, No. 14 Civ. 503(PAC)(ALC), 2014 WL 5334080, at *1 (S.D.N.Y. Oct. 17, 2014) (adopting report and recommendation which concluded that "the Court has federal question jurisdiction because [p]laintiff's complaint alleges a claim under Title VII").

Under Rule 13(a)(1)(A), a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P.

---

[6] As a separate issue, Mr. Shine asserts that Ms. Tantaros' claims should be dismissed for the reasons set forth in his motion to dismiss and supporting memoranda.

13(a)(1)(A). A counterclaim is compulsory – and needs no separate basis for jurisdiction – where, as here, a "logical relationship exists between the claim and the counterclaim . . . and the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotations omitted); *see also Scott v. Long Island Sav. Bank, F.S.B.*, 937 F.2d 738, 742 (2d Cir. 1991) (citing Wright & Miller, Federal Practice and Procedure § 1410, at 78 ("[W]henever any logical relationship between the claims can be found, the courts seem willing to apply Rule 13(a).")). Factors indicative of a compulsory counterclaim include: "(1) [the] identity of facts between [the] original claim and [the] counterclaim; (2) mutuality of proof; [and] (3) [the] logical relationship between [the] original claim and [the] counterclaim." *Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798, 812 (2d Cir. 1979)).

Applying these factors, Mr. Shine's Counterclaim-Petition to confirm the February 7, 2025 Award clearly constitutes a compulsory counterclaim under Rule 13(a), and therefore does not need an independent jurisdictional basis to be heard in this Court, as set forth below.

- ██████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ██████████████████████████████

- ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ██████████████████████████    ███████



Significantly, courts in this Circuit have repeatedly considered petitions to confirm arbitration awards to be compulsory counterclaims. *See, e.g., Matter of Arbitration between Intercarbon Bermuda, Ltd. and Caltex Trading and Transp. Corp.*, 146 F.R.D. 64, 72-74 (S.D.N.Y. 1993) (confirming award in response to counterclaim); *Ganguly v. Charles Schwab & Co.*, No. 03 Civ. 6454 PLC, 2004 WL 213016, at *4-5 (S.D.N.Y. Feb. 4, 2004) (same); *see generally Dzanoucakis v. Chase Manhattan Bank, USA*, No. 06-CV-5673 (JFB) (ARL), 2008 WL 820047, at *4-5 (E.D.N.Y. Mar. 25, 2008) (permitting motion for leave to amend to add counterclaim to confirm arbitration award).

In sum, the Counterclaim-Petition states a compulsory counterclaim and the Court does not need an independent basis for subject matter jurisdiction. The motion to dismiss under Rule 12(b)(1) should thus be denied.

> 2. *In the Alternative, the Court Has Supplemental Jurisdiction Under 28 U.S.C. § 1367(a) to Decide the Counterclaim-Petition.*

In the alternative, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to grant the Counterclaim-Petition and confirm the February 7, 2025 Award under 9 U.S.C. § 9. Under *Badgerow v. Walters*, 596 U.S. 1, 4 (2022), the Supreme Court held that although the FAA

does not confer subject matter jurisdiction on a district court to adjudicate a petition to confirm an arbitration award, federal courts may do so when there is an "independent jurisdictional basis to resolve the matter." Thus, to have subject matter jurisdiction over a confirmation petition, a court must have jurisdiction on grounds other than the mere question of whether to confirm the petition. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction applies "only where a court already has 'original jurisdiction' (such as a claim under Section 1331 or 1332)." *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of N.J.*, 25-CV-00054 (HG), 2025 WL 1860241 at *2 (E.D.N.Y. July 2, 2025).

Disputes are "part of the same case or controversy within [Section 1367] when they derive from a common nucleus of operative fact." *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73, 79 (2d Cir. 2025) (quoting *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006)). For a court to exercise supplemental jurisdiction over a counterclaim, that pleading must "share a 'sufficient factual relationship' to form part of the same constitutional 'case.'" *Unangst v. Evans Law Assoc's, P.C.*, 798 F. Supp. 2d 409, 411 (N.D.N.Y 2011) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).

Here, the Court has supplemental jurisdiction because it has "original jurisdiction" over claims in the Amended Complaint and because the Counterclaim-Petition "derive[s] from a common nucleus of operative fact" shared with Ms. Tantaros' claims.[7] Moreover, supplemental

---
[7] ███████████████████████████████████████████

jurisdiction is routinely exercised when a plaintiff's federal claims, like those of Ms. Tantaros in this case, include alleged violations of Title VII of the Civil Rights Act for a purported hostile work environment. *See* Count II of the Amended Complaint.  ECF No. 10 at p. 22; *see , e.g., Rivera v. Rochester Genessee Reg'l Transp. Auth.*, 743 F.3d 11, 27 (2d Cir. 2014);  *Dixon v. Int'l Fed. of Accountants*, 416 Fed. Appx. 107, 111 (2d Cir. 2011); *Kaur v. N.Y.C. Health and Hosps. Corp.*, 688 F. Supp. 2d 317, 338-339 (S.D.N.Y. 2010).

The Court's "original jurisdiction" arises because Ms. Tantaros' claims in her Amended Complaint raise federal questions pursuant to 28 U.S.C. § 1331, which stem from her allegations under Title VII of the Civil Rights Act and other federal law:  Count II (hostile work environment) and Count IV (aiding and abetting retaliation), (Amended Complaint, ECF No. 10 at p. 23). Contrary to the state contractual claims that defeated the court's "original jurisdiction" – and consequently its "subject matter jurisdiction" – in *Farkas*, the federal questions floated by Ms. Tantaros in her Amended Complaint create original jurisdiction for this Court. *Farkas,* 25-CV-00054 (HG), 2025 WL 1860241 at *2.

In addition to the "original jurisdiction" prong, the Counterclaim-Petition's close relation to the same nucleus of alleged operative facts undergirding Ms. Tantaros' claims in the Amended Complaint satisfies the remaining prong for supplemental jurisdiction:  namely,  grievances regarding purported acts during her employment at Fox News. *Compare* Amended Complaint, ECF No. 10 at pp. 11-15 *with* Counterclaim-Petition, ECF No. 64 at ¶¶ 3, 15.  To wit, in the Amended Complaint, Ms. Tantaros alleges claims arising from events that purportedly occurred during her employment at Fox News, including hostile work environment (Count II), negligent hiring, supervision, and retention (Count IV), and aiding and abetting retaliation (also labeled as Count IV by Ms. Tantaros).  *See* ECF No. 10 at pp. 11-15, 21-22.  Since Ms. Tantaros in this case

13

has brought claims under Title VII and other federal laws, her Amended Complaint seeks to raise independent federal questions. Accordingly, with original jurisdiction, § 1367 "opens the door" for the Court to exercise supplemental jurisdiction over the Counterclaim-Petition. *Id.* at *2.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████ Thus, Ms. Tantaros' claims here against Mr. Shine and the Counterclaim-Petition both relate to a common nucleus of operative facts, and because Ms. Tantaros seeks federal question jurisdiction over her claims against Mr. Shine, the Court can exercise supplemental jurisdiction over Mr. Shine's Counterclaim-Petition.

In sum, Ms. Tantaros' motion to dismiss Mr. Shine's Counterclaim-Petition for lack of subject matter jurisdiction should be denied because the Counterclaim-Petition constitutes a valid compulsory claim under Fed. R. Civ. P. 13(a) and because the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

   **B.    Ms. Tantaros' Failed Effort to Enjoin the Arbitration in *Tantaros IV* Did Not "Strip"** ███████████████████████████████████.

Ms. Tantaros also argues that the arbitrators were purportedly "stripped of jurisdiction to render any decision, order, or award" because her now-dismissed, frivolous petition to enjoin the

---

[8] Not only does the Counterclaim-Petition relate to the same common nucleus of operative facts that serves as the basis for Ms. Tantaros' claims in the Amended Complaint, ████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ .

arbitration caused the matter to be "seized by a federal court." *See* ECF No. 91 at p. 7. This argument is devoid of merit.

As explained in the Fox Defendants' Opposition (ECF No. 84 at pp. 4-5), which Mr. Shine seeks leave to join, Ms. Tantaros' desperate attempt to enjoin the arbitration on February 3, 2025 – ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████. *See* Fox Defendants' Motion to Dismiss, ECF No. 45 at pp. 2-6. Undeterred, Ms. Tantaros filed the February 2025 action to enjoin the arbitration by attacking the qualifications of the arbitrators. *See Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-00961(VSB) (S.D.N.Y. Feb. 3, 2025) ("*Tantaros IV*"). This Court rejected Ms. Tantaros' effort to abort a decision by the arbitration panel, a ruling that Ms. Tantaros has appealed. *See Tantaros IV*, ECF No. 54 at p. 7.

The filings in *Tantaros IV*, whether before this Court or the Second Circuit, had no impact on the arbitration panel's authority to issue the February 7, 2025 Award because the Court properly denied Ms. Tantaros' petition in *Tantaros IV*.[9]

---

[9] Ms. Tantaros cites to the Third Circuit's decision in *McCreary Tire & Rubber Co. v. CEAT S.p.A*, 501 F.3d 1032 (3d Cir. 1974). ECF No. 91 at p. 7. As set out in the Fox Defendants' Opposition, that decision is inapposite as *McCreary* dealt with a confirmation petition brought under a convention inapplicable to the claims in this case, and it does not address the arbitral forum's authority to continue hearing and ruling on the case before it. ECF No. 84 at pp. 5-6; *see McCreary*, 501 F.3d at 1036-37.

**C.** ████████████████████████████████████████
████████████████████████████.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████ ██████████████████████████████

██████████████████████████.

Generally, to be "final," an arbitration award "must resolve all the issues submitted to arbitration, and . . . must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original). However, the Second Circuit has created an exception to the finality rule, explaining that "[a]n award that finally and conclusively disposes of a 'separate independent claim' may be confirmed even if it does not dispose of all the claims that were submitted to arbitration." *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991) (quoting *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986)); *see also Rocket Jewelry*, 157 F.3d at 177 (noting that an award can be confirmed even if does not "resolve *every* outstanding issue that might arise in later litigation between the parties") (emphasis in original); *Sperry Int'l Trade, Inc. v. Gov't of Israel,* 532 F. Supp. 901, 909 (S.D.N.Y. 1982) ("As a final award on a clearly severable issue, it is clearly subject to confirmation by this Court.").

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[10] *See* ECF No. 95 at pp. 5-6.



Courts in this district and the Second Circuit routinely confirm non-final awards under 9 U.S.C. § 9, provided that the *award* definitively and conclusively resolve independent claims, irrespective of whether other claims or issues remain live, and even if the remaining claims "rest upon some of the same facts as the dismissed claims. . . ." *See, e.g., Adult Use Holdings*, 631 F. Supp. 3d 174, 182 (S.D.N.Y. 2022) ("Partial Final Award" held subject to confirmation under Section 9 of the FAA because it "finally and conclusively disposed" of petitioners' claims in the arbitration, even though respondent's counterclaims remained in the arbitration); *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 336-337 (S.D.N.Y. 2014) ("Interim Award" and "Supplemental Interim Award" could be confirmed because neither served as a "basis for further decisions by the arbitrators") (internal quotations and citation omitted); *Combs v. Same Day Delivery, Inc.*, No. 1:22-cv-00520-MKV, 2023 WL 6162196, at *4-5 (S.D.N.Y. Sept. 20, 2023) ("Partial Dismissal Award" could be confirmed even though it did not resolve all of plaintiff's claims); *Paychex, Inc. v. Caytrans BBC LLC*, No. 6:22-CV-06411 EAW, 2023 WL 4861032, at *2 (W.D.N.Y. July 31, 2023) (confirming "Partial Final Award" that solely resolved claims

---



between respondent and "Intervenor-Claimant," but not the remaining claims between respondent

and petitioner).

The authorities cited by Ms. Tantaros do not support her argument. In *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir. 1980), the Second Circuit held that a district court could not decide a petition to vacate an interim award under Section 10 of the FAA because the petition was "premature." *Id.* at 414-15. The arbitrators in *Michaels* issued an interim award because they expressly separated their determinations of liability and damages with respect to certain counterclaims. *See id.* at 412-13. ███████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.

The Second Circuit's decision in *Metalgesellschaft* actually supports Mr. Shine's contention that ████████████████████████████████████. There, the Second Circuit expressly distinguished *Michaels* and adjudicated that an interim award was "independent and separate from the remaining issues before the arbitrations and could be finally deemed without reference to those legally irrelevant issues." *Metalgesellschaft*, 790 F.2d at 282. A similar result is warranted here.

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████.

### D. The Pending Appeal in *Tantaros IV* Does Not Provide Grounds to Deny the Counterclaim-Petition to Confirm.

Ms. Tantaros also argues that Mr. Shine's filed Counterclaim-Petition "improperly interferes with matters pending on appeal," *i.e.*, her appeal of the adverse ruling in *Tantaros IV*,

because it somehow constitutes a "collateral attack that intrudes upon the jurisdiction of the appellate court" under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) and the "analogous reasoning of the Rooker-Feldman [*sic*] doctrine." *See* ECF No. 91 at pp. 8-9.

These contentions are devoid of legal and factual merit. First, Ms. Tantaros' appeal in *Tantaros IV* concerns this Court's proper denial of her motion to enjoin the arbitration filed <u>in advance of the award</u>. *See Tantaros IV*, ECF No. 56. The substance of that appeal has no bearing whatsoever on the Court's ability to confirm the February 7, 2025 Award under 9 U.S.C. § 9.

Second, neither of the authorities cited by Ms. Tantaros supports her position. As explained in the Fox Defendants' Opposition, *Griggs* is silent about divestiture of a district court's jurisdiction while an appeal is pending – particularly in a different case – and its holding is irrelevant to the issues before this Court. ECF No. 84 at pp. 9-10.

Likewise, the *Rooker-Feldman* doctrine is not "analogous," contrary to the claim by Ms. Tantaros. It is instead entirely inapplicable because that doctrine provides that "in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of *state courts*." *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018) (quoting *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010)) (emphasis added); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (describing the *Rooker-Feldman* doctrine as applying to federal actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). In short, that doctrine is inapposite.[12]

---

[12] In her Memorandum in Support of her Motion to Strike and Dismiss Mr. Shine's Counterclaim-Petition, Ms. Tantaros relies heavily on the Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). This case is inapposite to the facts at hand. In *Coinbase*, the Supreme Court

**E.    Ms. Tantaros Failed to Seek Vacatur of the February 7, 2025 Award During the Three-Month Time Period, as Required by Section 12 of the FAA.**

Ms. Tantaros incorrectly argues that the February 7, 2025 Award is "not final and definite" and therefore the "90-day clock to vacate [codified at 9 U.S.C. § 12] does not start running until the issuance of a final award." *See* ECF No. 91 at pp. 9-10.  She is wrong here too.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████, which does not relate to Mr. Shine.  Accordingly, the February 7, 2025 Award is a final award eligible for enforcement under Section 9 of the FAA.  As a result, Ms. Tantaros was required to comply with Section 12 of the FAA, which mandates that a "motion to vacate, modify, or correct an award must be served . . . within three months after the award is filed or delivered."  9 U.S.C. § 12.  *See also Noble Prestige Ltd. v. Horn¸* No. 20-82357-CIV-SMITH, 2024 WL 2109045, at *4 (S.D. Fla. Apr. 3, 2024) (three-month deadline to move to vacate interim and partial awards commenced as of their issuance); *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 805CV507T27TGW, 2006 WL 1428319, at *4 (M.D. Fla. May 17, 2006) (held that three-month notice period began from date of interim

---

held that an appeal based on a decision made by a district court about arbitrability (the denial of a motion to compel arbitration) must be stayed pursuant to Section 16(a) of the FAA.  *See* 599 U.S. at 741-44 (citing 9 U.S.C. § 16(a)).  Here, as noted in the Fox Defendants' Opposition (ECF No. 84 at p. 10), the appeal in *Tantaros IV* concerns this Court's denial of her motion to enjoin the arbitration proceedings before an award was issued.  Accordingly, the order appealed in *Tantaros IV* is outside the purview of the automatic stay articulated in *Coinbase*.  *See* 9 U.S.C. § 16(b)(4) (noting that, generally, an appeal may not be taken from an interlocutory order "refusing to enjoin an arbitration that is subject to this title"); *Accenture LLP v. Spreng*, 647 F.3d 72, 74 (2d Cir. 2011) (noting that under Section 16(b)(4) of the FAA, there is no appellate jurisdiction over district court orders "refusing to enjoin an arbitration"); *Brown v. Taylor*, No. 2:22-cv-09203-MEMF-KS, 2024 WL 1600314, at *4 (C.D. Cal. Apr. 3, 2024) (holding that "[t]his is not a situation like the one in *Coinbase*" because the underlying appeal "concerns only whether [movant] should be entitled to injunctive relief").

award that resolved arbitration claims and that motion to vacate filed more than three months later was untimely).

In short, Ms. Tantaros' time to vacate the February 7, 2025 Award has expired, and confirmation of the Award, which is the basis for the Counterclaim-Petition, is proper.

## <u>CONCLUSION</u>

For the reasons set forth herein and in the Fox Defendants' Opposition, here incorporated by reference, Mr. Shine respectfully requests that this Court deny with prejudice Ms. Tantaros' motion to strike and to dismiss his Counterclaim-Petition to confirm the February 7, 2025 Award.

Dated: October 16, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  */s/ Marion Bachrach*
    Marion Bachrach, Esq.
    Jonathan N. Halpern, Esq.
    Elliot A. Magruder, Esq.
    787 Seventh Avenue
    New York, New York 10019
    Phone: (212) 513-3200
    Fax: (212) 385-9010
    Email:  marion.bachrach@hklaw.com
           jonathan.halpern@hklaw.com
           elliot.magruder@hklaw.com

    *Attorneys for Defendant William Shine*