U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB-VF)

**Re: Letter Motion for Order Deeming Defendant John T.A. Finley Served, or, in the Alternative, Granting Leave for Alternative Service**

**The Honorable Valerie Figueredo**
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Andrea K. Tantaros v. Fox News Network, LLC, et al.* – Motion Regarding Service on Defendant Finley

To The Honorable Judge Valerie Figueredo:

     Plaintiff Andrea K. Tantaros ("Plaintiff respectfully submits this letter motion seeking an order (1) deeming Defendant John T.A. Finley properly served under Rule 4(e) of the Federal Rules of Civil Procedure and CPLR §308(5), or, in the alternative, (2) granting Plaintiff leave to serve Finley through alternative means, via social media, publication and including service on his last counsel of record.

     This request arises from Finley's persistent evasion of service, eluding his location via third-party assistance and the absence of any judicial directive clarifying the sufficiency of Plaintiff's prior, documented service efforts. Without intervention, Finley's concealment—assisted by the corporate defendants—will continue to obstruct this case's progress.

**I. Procedural Background and Diligent Service Efforts**

     Plaintiff filed the initial Complaint on **February 27, 2025**. An **Amended Complaint** was filed on **May 28, 2025**. An affidavit of Service and Declaration of Service were filed with the

1

Court by Plaintiff. Anticipating evasion as evidenced by pattern and practice during nine-plus (9), years of litigation against corporate Defendants and their employees, former employees and contractors where 'hiding' certain parties from service or discovery has been de rigueur, Plaintiff moved for **leave to effect alternative service** on **May 26, 2025**, as a protective measure. The Court denied that motion on **August 5, 2025**, finding "no sign Defendants would be evasive."

Subsequent events have proved otherwise.

On May 21, 2025, Erin Kormann ("Kormann")[1] counsel for John T.A. Finley ("Finley"), was contacted via email by Plaintiff alerting her to the litigation, to which she responded, but refused to accept service.

On May 23, 2025, Plaintiff served a true and correct copy of the Summons and Complaint via UPS Overnight Mail to the last known address of Defendant Finley with signature required of public record and simultaneous due diligence:

John T.A. Finley
55 Bank Street
Unit 721
White Plains, NY 10606

On June 10, 2025, Plaintiff filed an Affidavit of Service (ECF No. 14) reflecting that both Finley and his counsel, Erin Kormann, were served via USPS Certified and First-Class Mail at their last known addresses, with signature confirmation of delivery. Plaintiff supplemented this with a Declaration of Proof of Service on July 14, 2025 (ECF No. 21) documenting additional certified and first-class mailings to Finley and Kormann on June 28, 2025, as well as service via email.

In addition to the formal service attempts described above, Plaintiff undertook extensive independent efforts to locate Defendant Finley. Plaintiff conducted multiple skip-trace searches through reputable investigative databases, thorough third-party privileged investigatons, thoroughly reviewed public and court records, and attempted to locate information related to Finley's divorce proceedings, which have been sealed. Despite these substantial efforts, the only verifiable address remains Finley's last known residence in White Plains, New York, where Plaintiff's certified mailings were directed. Fox News Network is aiding and abetting the obscuring of Finley and has proactively secreted him away to multiple locations, both in and outside the country making service via mail, process server, or other direct means an impossibly. Given Plaintiff's long history of litigation spanning almost a decade with Fox News Network and her personal, first-hand knowledge of how they handle human 'liabilities' like Finley, the

---

[1] Kormann represented Finley during Fox News Network's 2023 investigation and firing of Finley for decades of persavive sexual misconduct, harassment, retaliation and stalking of females at the network. Finley's history of the aforementioned acts was well-known to all employees. Fox News Senior Executives Defendants William Shine, Suzanne Scott (and former General Counsel Dianne Brandi), repeatedly protected him and targeted the females who complained internally about Finley, including Plaintiff, with campaigns of retaliation against these women. See Fox "News Fires Veteran Executive After Sexual Misconduct, Retaliation and Stalking Investigation", The Washington Post, September 9, 2023: https://www.washingtonpost.com/style/media/2023/09/09/john-finley-fox-news-executive-dismissed/

network's standard operating procedure is assistance in keeping these individuals virtually untraceable.

Plaintiff's efforts confirm that Finley is deliberately evading service—precisely as Plaintiff had anticipated and as third-party information later confirmed—while continuing to have actual notice of this litigation through his corporate co-defendants and prior counsel. Despite these repeated, documented efforts, Finley has not filed a Notice of Appearance, although his corporate co-defendants have done so.

## II. Service Should Be Deemed Effective or Alternative Service Authorized

Under FRCP 4(e)(1), a plaintiff may serve an individual according to the law of the state where the district court is located. CPLR §308(5) permits service "in such manner as the court directs" when traditional service is impracticable. Plaintiff has met and exceeded that standard.

Finley's evasion is now evident and confirmed. He has concealed his whereabouts. His counsel refuses to engage, his former employer and co-defendants are aiding his evasion and have chosen to not represent him; and Plaintiff's efforts—including USPS First Class certified mailings, electronic service on prior counsel, skip-trace searches, and privileged investigations—have failed to yield a response. Courts in this Circuit routinely deem service effective or authorize alternative service where defendants deliberately evade process. *See SEC v. Shehyn*, No. 04-cv-2003, 2008 WL 6150322, at *2 (S.D.N.Y. Nov. 26, 2008).

## III. Request for Order

Plaintiff respectfully requests that the Court:

1. Deem Finley served as of June 28, 2025, when service was completed via certified and first-class mail to his last known addresses and prior counsel, or in the alternate;

2. Grant leave for alternative service by any or all of the following methods:
   A. Service on Finley's last counsel of record, Erin Kormann, and / or corporate co-defendants' counsel of record and deem such service effective upon Plaintiff's filing proof of Service;
   B. Publication via social media;
   C. Publication via media, newspaper or online news outlet.

Plaintiff requests this aforementioned relief within seven (7) days after the Court issues an Order as such relief is necessary to prevent further delay, evasion, prejudice and violation of due process rights to Plaintiff.

Respectfully submitted,                                         Dated: October 16, 2025

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*
302A West 12th Street, New York, NY 10014 (Tel. 917.923.5160)