**PAUL HASTINGS**

paulevans@paulhastings.com

October 17, 2025

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Re: *Tantaros v. Fox News Network, LLC, et al.,* No. 1:25-CV-01675(VSB)
   Fox Petitioners' Request for Leave to File Proposed Redactions to Sur-Reply Memorandum in Opposition to Motion to Strike Counterclaim Petition Under Seal

Dear Judge Broderick:

Counterclaim-Petitioners Fox News Network, LLC ("Fox News"), Dianne Brandi, Irena Briganti, and Suzanne Scott (collectively, the "Fox Petitioners") hereby seek leave of Court to file under seal their proposed redactions to their Sur-Reply Memorandum in Opposition to Counterclaim-Respondent's Motion to Strike Counterclaim Petition to Confirm the February 7, 2025 arbitration award issued in the arbitration between them and Counterclaim-Respondent Andrea K. Tantaros. In accordance with the Court's Rules & Practices in Civil Cases, Section 5.B, the Fox Parties submit this letter seeking the Court's approval of the Fox Petitioners' filing under seal.

The Fox Petitioners and Ms. Tantaros are parties to an arbitration pending before the American Arbitration Association. Ms. Tantaros entered into an Employment Agreement with Fox News which included an Arbitration Clause that provides "arbitration, all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence." The Arbitration Clause also provided that while judgment may be entered upon the arbitrators' award in any court having jurisdiction, "***all papers filed with the court either in support of or in opposition to the arbitrators' decision shall be filed under seal***." Breach of these confidentiality provisions by any party "shall be considered to be a material breach of" the parties' Employment Agreement.

Accordingly, the Fox Petitioners request the Court's approval to redact portions of their Motion for Sanctions filings that disclose facts about the arbitration required to be held in confidence under the Employment Agreement. The failure of the Fox Parties to do so may be considered a material breach of that agreement. Plaintiff has in fact accused other parties in related disputes of materially breaching the Employment Agreement by failing to properly file under seal information related to the arbitration. *See Tantaros v. Fox News Network, LLC, et al.,* No. 1:25-cv-00961-VSB (S.D.N.Y. Feb. 3, 2025), ECF No. 1 at 29.



The Fox Parties' proposed redactions are narrowly tailored to serve the purpose of complying with the Fox Parties' obligations under the Employment Agreement, as is required under the law of this Circuit. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). By proposing redactions rather than seeking to file entire documents under seal, the Fox Parties respectfully seek to balance their contractual obligations with the strong interest in public access to judicial documents.

The Fox Parties have attempted to meet and confer with Plaintiff regarding their requests to seal and/or redact documents relating to their Counterclaim Petition. Plaintiff never responded to the Fox Parties, but she opposed the Fox Parties' earlier motion for the Court to seal such documents. *See* Dkt. 62 at p. 6. The Fox Parties have filed this letter publicly, along with a copy of the sur-reply memorandum with their proposed redactions, and have also filed under seal unredacted copies of the memorandum with the proposed redactions highlighted.

\* \* \*

Respectfully submitted,

*/s/ Paul C. Evans*

Paul C. Evans
for PAUL HASTINGS LLP