UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX NEWS NETWORK, LLC, SUZANNE SCOTT, IRENA BRIGANTI, DIANNE BRANDI,

    *Counterclaim-Petitioners*,

-against-

ANDREA K. TANTAROS,

    *Counterclaim-Respondent*.

Case No. 1:25-CV-01675(VSB)

**SUR-REPLY MEMORANDUM IN OPPOSITION TO COUNTERCLAIM-RESPONDENT'S MOTION TO STRIKE COUNTERCLAIM PETITION TO CONFIRM AAA AWARD**

Counterclaim-Petitioners Fox News Network, LLC ("Fox News"), Dianne Brandi, Irena Briganti, and Suzanne Scott (collectively "Fox Petitioners") file this sur-reply memorandum in response to the reply (Dkt. No. 97) filed by Counterclaim-Respondent Andrea Tantaros ("Tantaros") in support of her "Motion to Strike" (Dkt. No. 62). Tantaros's reply largely retreads the same ground as her numerous prior vexatious filings. She does, however, raise two new arguments to which the Fox Petitioners feel compelled to respond for the Court's benefit.

First, Tantaros seeks sanctions, [REDACTED]

[REDACTED] As such, Tantaros's request for sanctions should be denied.

Second, Tantaros attempts to recast her Motion to Strike, brought under Rule 12(f), as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Even assuming the Court allows this last-minute reversal, it has no merit. The Fox Petitioners' Counterclaim Petition

1

and Tantaros's claims against the Fox Parties both arise from the same set of facts and circumstances—events that Tantaros alleges occurred during her employment with Fox News. As such, the Fox Petitioners' Counterclaim Petition constitutes a compulsory counterclaim under Rule 13(a), which does not require a separate jurisdictional basis. Even if that were not the case, the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1376(a) over the Fox Petitioners' Counterclaim Petition because the issues raised therein, which incorporate the February 7, 2025 AAA award, and those raised in the Amended Complaint are so factually related that they effectively form part of a single, integrated case.

For the reasons stated herein and in the Fox Petitioners' Opposition, the Fox Petitioners respectfully request the Court deny Tantaros's Motion to Strike, grant their Counterclaim Petition and confirm the February 7, 2025 arbitration award.

A. REDACTED



---

[1] This portion of the Fox Petitioners' opposition was redacted from the public filing and filed under seal. *See* Dkt. No. 83.

Accordingly, this Court should deny both Tantaros's Motion to Strike and her utterly baseless request for sanctions.

**B.    THE COURT HAS JURISDICTION TO CONFIRM THE AAA AWARD IN THIS ACTION.**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  District courts have "broad discretion when determining how to consider challenges to [its] subject matter jurisdiction." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (citation omitted).

The Court has subject matter jurisdiction because the Fox Petitioners' Counterclaim Petition constitutes a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). It is well-established that a compulsory counterclaim "need not have an independent basis of federal jurisdiction." *See, e.g.*, *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 239 (S.D.N.Y. 2000) (citing *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir. 1978)); *Klein v. London Star Ltd.*, 26 F. Supp. 2d 689, 698 (S.D.N.Y. 1998) (denying motion to dismiss counterclaim). That is the case here. Tantaros's Amended Complaint invokes federal subject matter jurisdiction under 28 U.S.C. § 1331 and raises several claims pursuant to federal law, including under Title VII (Count II), the federal criminal stalking statute (one of two counts labeled as Count IV), and aiding and abetting retaliation under federal law (Count V). ECF No. 10 at 22.

And the Fox Petitioners' Counterclaim Petition is a compulsory counterclaim under Rule 13(a)(1)(A), which provides that a compulsory counterclaim is one that "arises out of the

REDACTED

3

transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). A counterclaim is compulsory—and needs no separate basis for jurisdiction—where, as here, a "logical relationship exists between the claim and the counterclaim and . . . the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotation marks omitted) (citation omitted); *see also Scott v. Long Island Sav. Bank, FSB*, 937 F.2d 738, 742–43 (2d Cir. 1991) (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1410, at 78 (2d ed. 1990) ("[W]henever any logical relationship between the claims can be found, the courts seem willing to apply Rule 13(a).")). Factors indicative of a compulsory counterclaim include: "(1) [the] identity of facts between [the] original claim and [the] counterclaim; (2) mutuality of proof; [and] (3) [the] logical relationship between [the] original claim and [the] counterclaim." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 812 (2d Cir. 1979).

Applying these factors, the Fox Petitioners' Counterclaim Petition to confirm the February 7, 2025 award clearly constitutes a compulsory counterclaim under Rule 13(a), and therefore does not need an independent jurisdictional basis to be heard in this Court. REDACTED

REDACTED

Where such factual overlap exists, courts in this Circuit have repeatedly considered petitions to confirm arbitration awards to be compulsory counterclaims. *See, e.g.*, *Matter of Arbitration between Intercarbon Bermuda, Ltd. and Caltex Trading & Transp. Corp.*, 146 F.R.D. 64, 72–74 (S.D.N.Y. 1993) (confirming award in response to counterclaim); *Ganguly v. Charles Schwab & Co.*, No. 03 Civ. 6454 PKC, 2004 WL 213016, at *4–5 (S.D.N.Y. Feb. 4, 2004), *aff'd*, 142 F. App'x 498 (2d Cir. 2005) (same); *see generally Dzanoucakis v. Chase Manhattan Bank, USA*, No. 06-CV-5673 (JFB)(ARL), 2008 WL 820047, at *4–5 (E.D.N.Y. Mar. 25, 2008) (permitting motion for leave to amend to add counterclaim to confirm arbitration award). The Court should follow suit here and deny Tantaros's late-asserted motion to dismiss for lack of subject matter jurisdiction.

In the alternative, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to grant the Counterclaim Petition and confirm the February 7, 2025 award. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction applies "only where a court already has 'original jurisdiction' (such as a claim under Section 1331 or 1332)." *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-CV-00054 (HG), 2025 WL 1860241, at *2 (E.D.N.Y. July 2, 2025).

Disputes are "part of the 'same case or controversy' within Section 1367 when they derive from a common nucleus of operative fact." *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73, 79 (2d Cir. 2025) (quoting *Achtman v. Kirby, McInerney &*

5

*Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006)). For a court to exercise supplemental jurisdiction over a counterclaim, the counterclaim must "share a 'sufficient factual relationship' to form part of the same constitutional 'case.'" *Unangst v. Evans Law Assoc's, P.C.*, 798 F. Supp. 2d 409, 411 (N.D.N.Y 2011) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).

Here, the Court has supplemental jurisdiction because, as noted above, (a) it has "original jurisdiction" over the federal claims Tantaros asserts in the Amended Complaint; and (b) the Fox Parties' Counterclaim Petition "derive[s] from a common nucleus of operative fact" shared with Tantaros's claims. *See supra*. Indeed, supplemental jurisdiction is routinely exercised when a plaintiff's federal claims, like those of Tantaros in this case, include alleged violations of Title VII of the Civil Rights Act for a purported hostile work environment. *See* Count II of the Amended Complaint. ECF No. 10 at 22; *see, e.g.*, *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 27 (2d Cir. 2014); *Dixon v. Int'l Fed'n of Accts.*, 416 F. App'x 107, 111 (2d Cir. 2011); *Kaur v. N.Y.C. Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 338–39 (S.D.N.Y. 2010).

For these reasons as well, Tantaros's motion to dismiss under Rule 12(b)(1) should be denied.

## II.    CONCLUSION

For the reasons stated above and in the Fox Petitioners' Opposition to Tantaros's "Motion to Strike," the Fox Petitioners respectfully request that the Court deny Tantaros's Motion to Strike, grant the Counterclaim Petition and confirm the February 7, 2025 arbitration award.

Dated: October 17, 2025

Respectfully submitted,

PAUL HASTINGS LLP

By: _____
Paul C. Evans, Bar No. 5824438
paulevans@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 319-4090

*Attorneys for Counterclaim-Petitioners FOX NEWS NETWORK, LLC, SUZANNE SCOTT, IRENA BRIGANTI and DIANNE BRANDI*