<u>U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB-VF)

---

## <u>DECLARATION OF ANDREA K. TANTAROS IN OPPOSITION TO DEFENDANTS FOX NEWS, FOX CORPORATION AND SUZANNE SCOTT'S MOTION FOR SANCTIONS</u>

I, Andrea K. Tantaros, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in the above-captioned matter and submit this declaration in opposition to Defendants' Motion for Sanctions under Federal Rule of Civil Procedure 11. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Defendants' Rule 11 motion is not grounded in fact, law, or procedure. It is part of a pattern of intimidation and retaliation for my pursuit of legitimate, good-faith legal claims plead under a statutory tort case (GMVA) that have never before been adjudicated on the merits in any forum.

3. The claims in my current complaint arise from new and distinct conduct—including sexual assault by Defendant Scott Brown and John T.A. Finley and subsequent negligence in concealment, retaliation, and cover-up by Fox executives and officers.

4. Defendants' assertion that these claims are barred by res judicata is factually false and legally unsustainable. The doctrine does not apply because:
   (a) the operative claims differ from those previously arbitrated;
   (b) there has been no final judgment on the merits regarding these post-employment torts; and
   (c) the defendants are not identical nor in privity with the prior parties.

5. Both Congress and the New York Legislature have declared that sexual assault and sexual harassment claims are non-arbitrable under the Ending Forced Arbitration of

Sexual Assault and Sexual Harassment Act, 9 U.S.C. § 402, and N.Y. C.P.L.R. § 7515. Any prior arbitration proceedings could not and did not reach the factual or legal questions now before this Court.

6. Defendants' reliance on res judicata as a basis for sanctions is especially improper. Courts have long held that a claim cannot be deemed sanctionable merely because opposing counsel disputes its legal sufficiency with no specifics, just broad strokes regarding "frivolous" filings. A position is sanctionable only when it lacks any reasonable basis in law or fact, which is plainly not the case here. My complaint advances legitimate, colorable claims supported by evidence, statutory authority, and established case law.

7. Fox's repeated misuse of Rule 11—each time a new pleading threatens its preferred narrative—reveals an intent not to vindicate judicial economy, but to weaponize the Rule as a means of silencing claims and exhausting individual victims. This is not the purpose for which Rule 11 was designed.

8. Defendants' motion further seeks relief that Rule 11 does not authorize, including preemptive restrictions on future filings and fees for non-sanction related work. Such relief is procedurally impermissible and substantively retaliatory. Rule 11 is limited to the document at issue—it does not grant corporate defendants a perpetual license to censor future claims.

9. I filed this case in good faith, supported by facts, law, evidence and the substantial public policy interests reflected in both federal and state statutory frameworks protecting victims of sexual assault and workplace retaliation. At no time did I act with intent to harass, delay, or needlessly increase the cost of litigation.

10. I respectfully request that the Court deny Defendants' motion in its entirety and consider appropriate remedial measures, including striking misleading and inaccurate sets, and issuing an award of reasonable attorneys' fees (consulting) and costs incurred in responding to this filing, consistent with the authority provided under Rule 11(c)(2) and the Court's inherent powers.

Executed this 14 day of October 2025,

Respectfully submitted,

/s/ *Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

*302A West 12th Street, 102*

*New York, New York, 10014*

*Tel: 917.923.5160*