# Holland & Knight

787 Seventh Avenue | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Jonathan N. Halpern
+1 212-513-3512
jonathan.halpern@hklaw.com

October 20, 2025

*VIA ECF*

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:25-cv-01675-VSB-VF

Dear Magistrate Judge Figueredo**:**

  We respectfully submit this letter on behalf of Defendant/Counterclaim-Petitioner William Shine ("Mr. Shine") in response to back-to-back letters from Plaintiff/Counterclaim-Defendant Andrea K. Tantaros' ("Ms. Tantaros") regarding service of Mr. Shine's recent court filings in the above-referenced matter. *See* ECF No. 100 (docketed October 15, 2025) and ECF No. 104 (docketed October 17, 2025). Ms. Tantaros' correspondence comprises a litany of erroneous statements and unfounded complaints concerning her receipt of Mr. Shine's court filings. In response, we underscore that Ms. Tantaros has timely received all court filings from Mr. Shine, in the first instance through ECF and, after the District Court Standing Order M10-468, dated September 24, 2025 (the "Standing Order"), by email or by U.S. Postal Service and Federal Express (as well as by email).[1]

  Ms. Tantaros' principal concern appears to be her objection "to any filings submitted under seal or with redactions," and her core objective appears to be to secure leave from the Court to: (i)

---

[1] Apparently, Ms. Tantaros's receipt *by email* of Mr. Shine's Opposition papers to her Motion Strike and to Dismiss (*see* ECF No. 89) under seal with proposed redactions (and a corresponding set of unpublished opinions) on October 16, 2025—the date they were filed—triggered her most recent reflexive action and immediate letter to the Court. Paradoxically, notwithstanding her action in rushing to complain about her receipt by email (ECF No. 104), Ms. Tantaros received the opposing papers faster than she was entitled to receive them. Had Ms. Tantaros waited to check the certificate of service before firing off her latest cavil she would have learned that counsel for Mr. Shine had arranged to provide the materials to Ms. Tantaros by three methods: (i) email; (ii) USPS Priority Mail; and (iii) FedEx overnight delivery. *See* ECF No. 105 (October 17, 2025 Certificate of Service).

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

The Honorable Valerie Figueredo
United States Magistrate Judge
October 20, 2025
Page 2

submit a sur-reply with respect to Mr. Shine's motion to dismiss; and (ii) obtain a substantial extension of time to address the proposed redactions and request for sealings in Mr. Shine's' filings.  Mr. Shine objects to Ms. Tantaros' request for a sur-reply, presumably to be submitted in support of her opposition to Mr. Shine's Motion to Dismiss, but does not object to a schedule set by the Court to accommodate her objections to sealing and redactions. He objects to all other requested relief as misguided and entirely without merit.

Contrary to Ms. Tantaros' claims, Mr. Shine has timely provided Ms. Tantaros with all court filings, whether through ECF, email or other means.

- On September 14, 2025, counsel for Mr. Shine reached out to Ms. Tantaros for a meet and confer regarding sealing and redactions for filings in support of his Motion to Dismiss, with a request for a response by September 16, 2025.  Ms. Tantaros did not respond.

- On September 17, 2025, Mr. Shine filed via ECF his: (i) Counterclaim-Petition under seal (ECF No. 64); (ii) Memorandum of Law under seal and reflecting proposed redactions (ECF Nos. 68 and 70); (iii) a supporting declaration under seal and with proposed redactions  (ECF Nos. 67 and 69); (iv) a motion to dismiss (ECF No. 66); and (v) letter motions to redact and seal the Counterclaim-Petition and Memorandum of Law (ECF Nos. 63 and 65).  Ms. Tantaros received these filings through ECF to which she had ready access.  ECF No. 6 (*pro se* consent to ECF service).

- On October 2, 2025, Ms. Tantaros filed documents opposing Mr. Shine's Motion to Dismiss and in support of her Motion to Strike and Dismiss Mr. Shine's Counterclaim-Petition.  *See* ECF Nos. 89-93.

- On October 6, 2025, counsel for Mr. Shine reached out to Ms. Tantaros to meet and confer regarding sealing and redactions for filings in further support of his Motion to Dismiss, with a request to respond by October 8, 2025.  Ms. Tantaros did not respond until October 9, 2025, when she stated her summary opposition to any sealing or redacting.

- On October 9, 2025 Mr. Shine filed via ECF his: (i) Reply Memorandum of Law in Further Support of his Motion to Dismiss under seal and with proposed redactions  (ECF Nos. 95 and 96); and (ii) letter motion to redact and seal the Reply (ECF No. 94). The next day, following the issuance of the Standing Order, restricting "non-court users" access to sealed documents,[2] counsel for Mr. Shine emailed to Ms. Tantaros the Reply Memorandum under seal, filed at ECF No. 96,

---

[2] The Standing Order was issued on September 24, 2025, which was *after* Mr. Shine had served his initial papers in support of his Motion to Dismiss.  Prior to that time, ECF users, designated (as Ms. Tantaros was) as "selected parties" had access to materials submitted under seal.

The Honorable Valerie Figueredo
United States Magistrate Judge
October 20, 2025
Page 3

>with proposed redactions in yellow highlighting.  *See* ECF No. 99 (Certificate of Service).  On October 10, 2025, counsel for Mr. Shine also provided by email unredacted courtesy copies of his: (i) Counterclaim-Petition; (ii) Memorandum of Law in support of his Motion to Dismiss; and (iii) the supporting declaration.

- On October 16, 2025, Mr. Shine filed via ECF his: (i) Opposition Memorandum of Law to Ms. Tantaros' Motion to Dismiss and to Strike under seal and in redacted form (ECF Nos. 102 and 103); and (ii) a letter motion to seal and redact the Opposition Memorandum of Law (ECF No. 101).  As noted, that same day counsel for Mr. Shine: (i) emailed to Ms. Tantaros the Opposition Memorandum under seal with proposed redactions and the unpublished opinions cited therein; (ii) mailed the materials to Ms. Tantaros by USPS Priority Mail; and (iii) sent the materials to Ms. Tantaros by FedEx overnight delivery.  *See* ECF No. 105 (October 17, 2025 Certificate of Service).

For the foregoing reasons, as noted, Mr. Shine hereby respectfully objects to Ms. Tantaros' various requests for relief, except as to her request for additional time for to submit briefing regarding sealing and redactions.  Mr. Shine defers to the Court regarding any such permission and/or scheduling.

Respectfully submitted,

HOLLAND & KNIGHT LLP


/s/ *Jonathan N. Halpern*
By: Jonathan N. Halpern