UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREA K. TANTAROS,

                       Plaintiff,                           25-cv-01675 (VSB) (VF)

       -against-                                  **ORDER**

FOX NEWS NETWORK, LLC et al.,

                       Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

       Plaintiff requests an order deeming Defendant John Finley properly served, or in the alternative, requesting service on Finley by alternative means. ECF No. 106. On February 27, 2025, Plaintiff filed a complaint against Finley and others. ECF No. 1. On May 26, 2025, Plaintiff requested alternative service for Finley and other defendants "should any Defendant or the Court challenge the sufficiency of service." ECF No. 9. On May 28, 2025, Plaintiff filed an amended complaint against Finley and others. ECF No. 10. On June 10, 2025, Plaintiff filed an affidavit of service stating that she served the Complaint, Summons, and Waiver of Service on Erin Kormann, counsel for Finley, via e-mail. ECF No. 14 at 2-3. Kormann responded that she could not accept or waive service for Finley. Id. at 3. Plaintiff further stated that she served "a true and correct copy of the Summons and Complaint via UPS Overnight Mail" to Finley's address of public record, and she received confirmation of delivery the next day. Id. On July 14, 2025, Plaintiff filed a declaration of proof of service, stating that "[o]n June 28, 2025, I sent via USPS First Class Certified Mail with signature required true and correct copies of the Summons and Amended Complaint" on Finley. ECF No. 21 at 1.

       On August 5, 2025, Judge Broderick denied Plaintiff's motion for alternative service, finding that Plaintiff failed to show any impracticability to warrant leave for alternative service

1

and that Plaintiff "concedes that she has purportedly served Defendants properly through mail." ECF No. 35 at 3. On October 16, 2025, Plaintiff filed the instant motion, stating that she served "a true and correct copy of the Summons and Complaint via UPS Overnight Mail to the last known address of Defendant Finley with signature required of public record." ECF No. 106 at 2. To date, Finley has not appeared in the action.

Federal Rule of Civil Procedure 4(e)(2) governs service of an individual. Under Rule 4(e)(2), service is proper when the plaintiff "deliver[s] a copy of the summons and of the complaint to the individual personally" or "leav[es] a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A)-(B). Plaintiff has not satisfied this requirement as she states that she served Finley by first-class mail.[1]

However, Rule 4(e)(1) allows service of an individual "following state law." New York CPLR § 312-a(a) governs personal service by mail. That provision permits service on an individual by serving "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." CPLR § 312-a(a). Service is not deemed complete until defendant signs and returns the acknowledgement of receipt. CPLR § 312-a(b); see also Koulkina v. City of New York, 559 F. Supp. 2d 300, 311 (S.D.N.Y. 2008); Sander v. Off. of Comptroller of Currency, No. 15-CV-5879 (VSB), 2016 WL 11951030, at *6 (S.D.N.Y. Sept. 29, 2016) (holding pro se plaintiff had failed to establish adequate service under CPLR § 312-a "because there is no indication that [plaintiff] included copies of a statement of service, an acknowledgment of receipt, or a pre-paid return envelope"). Plaintiff's affidavit does not state that she included the

---

[1] It is unclear whether Plaintiff served Finley via first-class U.S. mail or UPS Overnight mail. Compare ECF No. 106 at 2 and ECF No. 14 at 3 with ECF No. 21 at 1.

2

two copies of a statement of service by mail, acknowledgement of receipt, or a pre-paid return envelope with her mailing to Finley. Plaintiff is hereby directed to serve Finley as directed under CPLR § 312-a(a), or under Federal Rule of Civil Procedure 4(e)(2) via a process server, by **November 15, 2025**.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 106.

**SO ORDERED.**

DATED:   New York, New York
         October 24, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge