**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.
_____

Case No. 25-cv-01675 (VSB-VF)

### DECLARATION OF ANDREA K. TANTAROS IN SUPPORT OF REPLY TO DEFENDANT WILLIAM SHINE'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND DISMISS COUNTERCLAIM PETITION FOR INTERIM ARBITRATION AWARD

I, Andrea K. Tantaros, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Plaintiff and Counterclaim-Respondent in this action. I submit this Declaration in support of my Reply to Defendant William Shine's Opposition to my Motion to Strike and Dismiss the Counterclaim Petition for Arbitration Award, which Shine filed improperly within my Gender-Motivated Violence Act ("GMVA") action.

2. I make this Declaration based on my personal knowledge, review of the relevant filings, and communications with the American Arbitration Association ("AAA").

3. The purpose of this Declaration is to affirm the factual record establishing that *inter alia*:

    (a) the so-called "interim award" Shine seeks to confirm was issued after jurisdiction had vested in this Court;

    (b) the arbitration proceedings were formally stayed by the AAA on September 30, 2025;

    (c) the arbitration award is non-final, ultra vires, and void under 9 U.S.C. § 10(a)(4); and

    (d) Shine's counterclaim is procedurally defective and jurisdictionally barred.

1

4. On February 3, 2025, I filed a Petition for Emergency TRO and Injunction in this Court challenging the enforceability of the purported arbitration clause and seeking to stay arbitral proceedings on jurisdictional and statutory grounds.

5. The AAA panel and counsel for all parties were promptly notified of the filing on February 5, 2025, and again on February 10, 2025, through written correspondence and copies of the filed petition.

6. Despite this notice, on February 7, 2025, Arbitrator Mark Edelman issued what he labeled an "interim award," purporting to address matters directly within the scope of the TRO.

7. At no point did I consent to the issuance of an interim award or to continuation of the arbitration following the filing of the TRO.

8. The arbitrator acted without authority, as the matter had been seized by this Court, and the request for injunctive relief was pending. Any award rendered thereafter is void ab initio and cannot be confirmed under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9–10.

9. On September 30, 2025, the AAA granted the Fox Parties' own motion to stay proceedings, halting all arbitration activity. The stay order confirmed that the AAA recognized ongoing judicial and appellate review of arbitrability issues, effectively suspending the tribunal's jurisdiction.

10. Accordingly, there is no live or final arbitration award subject to confirmation, and Shine's filing is procedurally improper.

11. Rather than filing a stand-alone petition to confirm the arbitration award under FAA § 9, Defendant Shine inserted a sealed "Counterclaim Petition" within this GMVA statutory tort action.

12. This maneuver was designed to evade the jurisdictional limitations imposed by Badgerow v. Walters, 596 U.S. 1 (2022), which prohibits federal courts from "looking through" to the underlying arbitration dispute to create jurisdiction.

13. Shine's pleading also attempts to conflate two entirely unrelated proceedings:

    1. The GMVA claims arising under N.Y.C. Admin. Code § 8-903 (statutory torts for gender-motivated violence); and 2, the arbitration proceeding purporting to involve separate parties and contractual claims.

14. The result is a hybrid filing that violates the Federal Rules of Civil Procedure, specifically Rules 13(a), 18(a), and 20(a), by combining unrelated claims, issues, and parties.

15. The counterclaim's only function is to distort the record, mislead the Court, and force me to litigate a void arbitration proceeding inside an unrelated statutory case—an act of bad-faith procedural abuse.

16. The arbitration proceeding referenced by Shine (AAA Case No. 01-16-0001-7288) was initiated in 2016 under an employment contract that I have consistently challenged as invalid due to fraud, coercion, and statutory illegality.

17. The so-called "interim award" of February 7, 2025, is not a final determination on any claim or issue. It was rendered while jurisdiction over the arbitration's validity was pending before this Court, violating the divestiture rule.

18. The AAA's September 30 stay confirms the arbitral process itself is suspended and that any "award" issued prior is without effect.

20. These facts, among others in my Reply, collectively confirm that the award is not confirmable under FAA § 9 and void under § 10(a)(4).

21. Shine's Counterclaim Petition violates Rules 18 and 20 by improperly joining distinct claims and defendants in one proceeding.

22. My GMVA claims are based on sexual harassment, assault, and gender-motivated violence—statutory torts that are non-arbitrable as a matter of law. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2022 ("EFASASHA") explicitly prohibits the enforcement of pre-dispute arbitration clauses for such claims.

23. Shine's petition attempts to drag these statutory tort claims into an inapplicable arbitration framework. This tactic prejudices me by diverting the Court's attention, burdening judicial resources, and delaying resolution of the GMVA case.

24. Courts have consistently rejected attempts to conflate unrelated proceedings for tactical advantage. See Dubai Equine Hosp. v. Equine Imaging, LLC, No. 18-CV-6925 (VSB), 2019 WL 3811922 (S.D.N.Y. Aug. 14, 2019).

25. Defendant Shine has a well-documented history of procedural manipulation and concealment of misconduct. His tactics in this case mirror prior conduct across multiple actions involving female victims, where he or Fox entities sought to seal, delay, or misdirect judicial review of serious allegations.

26. Shine's latest filing is part of that pattern: using procedural subterfuge to suppress facts, shield unlawful acts, and weaponize arbitration as a silencing tool.

27. The filing of a Counterclaim Petition under seal within an unrelated statutory case, without notice or service, is emblematic of this pattern of abuse.

28. The Counterclaim Petition was neither served upon me in compliance with Rule 5 nor docketed as a new proceeding under the FAA. It thus lacks both procedural and jurisdictional legitimacy.

29. Shine's argument that I "missed the three-month period to move to vacate" is factually and legally incorrect. No valid award exists to trigger the FAA's § 12 timeline.

30. Because the arbitrator exceeded authority and issued the "award" after jurisdiction had vested in this Court, the purported award is void, not voidable, and therefore cannot trigger statutory deadlines.

3

31. Additionally, the pending Second Circuit appeal concerning arbitrability (Case No. 25-02241) continues to divest this Court—and certainly the arbitrator—of authority to act in relation to that proceeding.

32. I respectfully request that this Court:

34. Deny Defendant Shine's opposition in its entirety;

35. Strike and dismiss the Counterclaim Petition as ultra vires and jurisdictionally void;

36. Clarify that no arbitral award arising after February 3, 2025, has any legal effect pending appellate review; and

37. Bar further reference to AAA materials in the GMVA docket absent prior leave of Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 23, 2025

*Andrea K. Tantaros*

Andrea K. Tantaros, Plaintiff


302A West 12th Street, Suite 102

New York, NY 10014

Tel: (917) 923-5160