## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

Case No. 25-cv-01675 (VSB-VF)

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FOX NEWS NETWORK, LLC, FOX CORPORATION ANS SUZANNE SCOTT'S MOTION FOR SANCTIONS

**TABLE OF CONTENTS**

**I.    INTRODUCTION**…………………………………………………………**5**

**II.    LEGAL STANDARD**……………………………………………………**8**

**III.    ARGUMENT**………………………………………………………**12**

    **A.** Lack of Requisite Specificity and Broad 'Vexatiousness' Allegations Fail……12

    **B.** The Fox Parties' Lack of Merit and Relief Arguments Are Wholly Baseless…13

    **C.** The Fox Parties' Mischaracterizations of Prior Rulings Are Misleading………..13

    **D.** A Legitimate, Good Faith Legal Dispute Is Not Sanctionable Conduct………..15

    **E.** Defendant's Reliance on *Weinraub* and *Lawrence* Fail………………………15

    **F.** The Request for Attorneys' Fees Is Improper Under Rule 11…………………18

    **G.** The Motion Is Procedurally Improper and Premature…………………………18

    **H.** Rule 11 Is Not a Substitute for a Merits Adjudication…………………………19

    **I.** The Motion Overreaches For Improper Purpose………………………………20

    **J.** The Attempted Pre-Filing Injunction Is Legally Unsupportable………………..21

    **K.** The Motion Is a Bad-Faith Attempt to Preempt Future Claims…………………22

    **L.** Defendant's Motion Is a Tactical Abuse Aimed at Delay and Concealment……22

    **M.** The Attempted Pre-Filing Injunction Is Legally Unsupportable…………………22

    **N.** Defendant's Lawfare Tactics Underscore Improper Purpose, Harassment And An
         Attempt to Chill Legitimate Advocacy………………………………………..24

    **O.** Defendant's Motion Itself Warrants Sanction…………………………………24

    **P.** Fox's Pattern of Retribution for Seeking Justice for Sexual Misconduct………..25

**IV. CONCLUSION**………………………………………………………**25**

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

1. *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990)… 12

2. *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000)……………………………14

3. *Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649 (S.D.N.Y. 1996)…….11

4. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170 (2d Cir. 2012)……………………………………………………………. 12

5. *Caisse Nationale de Credit Agricole v. Valcorp,* Inc., 28 F.3d 259, 266 (2d Cir. 1994)…………………………………………………………………………..11, 18

6. *Weinraub v. Glen Rauch Securities,* 419 F. Supp. 2d 507 (S.D.N.Y. 2005)….15-17

7. *Lawrence v. Wilder Richman Sec. Corp.*, 417 F. App'x 11 (2d Cir. 2010)……..17

8. *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir. 1985)…19

9. *TechnoMarine SA v. Giftports, Inc.,* 758 F.3d 493, 505 (2d Cir. 2014)………… 20

10. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986)……………………………..23

11. *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003)……..24

### <u>Statutes</u>

N.Y. C.P.L.R. § 7515 ………………………………………………………………21

9 U.S.C. § 402………………………………………………………………………22

### <u>Rules</u>

Fed. R. Civ. P. 11(b)…………………………………………………………8, 11-14, 16

Fed. R. Civ. P. 11(b)(1)…………. ………………………………………8, 16, 18

Fed. R. Civ. P. 11(b)(2) …………………………………………………………8

Fed. R. Civ. P. 11(b)(3) …………………………………………………………8

Fed. R. Civ. P. 11(c)(4) …………………………………………………………8, 18

## I.    INTRODUCTION

This motion is not about Rule 11. It is about power — the kind of power that believes rules are for others. Fox News Network, a multi-billion-dollar media conglomerate that has been reputationally decimated and mired in scandal for encouraging a culture where predators and pimps ran free to abuse and retaliate against the women with whom they worked.

For almost a decade, Fox News Network and its most senior lieutenants have been represented by an ever-changing roster of elite law firms that predictably turn to sanctions. They do so not because Fox News Network, LLC, Fox Corporation, Suzanne Scott ("The Fox Parties") were wronged, but because Fox News Network, a media 'Medusa' who long believed it was above the law, was rightfully challenged.

Having spent years evading accountability through delay, secret illegal settlements, sealed filings, lawfare and procedural abuse, The Fox Parties asks a forum (again) to punish the very litigant it has sought to silence from the start. The motion is as hollow as it is hostile. Like every filing against one of its victims, it is nothing more than a transparent act of retaliation cloaked in the language of law.

Sanctions are not a weapon to be wielded against the opposition without any foundational evidence or facts. Rule 11 is a safeguard to prevent baseless filings, to preserve the integrity of the judicial process. It is a rare and draconian measure reserved for the most extreme circumstances when no merit or evidence exists. Fox regularly invokes Rule 11 against its enemies for the singular purpose of intimidating and

punishing speech that threatens what's left of a corporation already notorious for ruining the lives of women who dared to expose their heinous, illegal misdeeds.

The motion is procedurally defective, legally incoherent, and factually bankrupt. In nineteen pages, The Fox Parties fail to identify a single statement that violates Rule 11(b), and presents not a single shred of evidence demonstrating bad faith. Instead, Fox offers generalized outrage and conclusory or purposefully misleading rhetoric, unmoored from record or rule. The law demands far more.

The motion collapses under the law. Rule 11 demands specificity, not sweeping claims of "vexatiousness," but identification of precise acts or statements that violate the rule. The Second Circuit has long held that sanctions must rest on concrete factual findings, not mere disapproval of vigorous advocacy. The Fox Parties provide; none. It does not identify a specific pleading, paragraph, or representation that is false or unsupported. It does not demonstrate that Plaintiff's claims were frivolous or without evidentiary basis. It does not even bother to rebut Plaintiff's claims and disregards the procedural prerequisites of Rule 11. Upon scrutiny, the motion fails every requirement that Rule 11 imposes procedurally, substantively, and ethically.

Each filing by Plaintiff has been factually grounded and legally justified. Plaintiff's claims arise from a record of misconduct, concealment, and procedural abuse by Fox that stretches across multiple tribunals and nearly a decade of litigation. That is not sanctionable conduct, it is what the law demands of a litigant Fox News Network has

targeted utilizing unprecedented tactics akin to 'life-rape' forced to defend her rights against a corporate adversary bent on exhaustion by attrition.

The Fox Parties' motion is notable not for what it says, but for what it omits. It omits the fact that its own pervasive, longstanding and proven history of misconduct provoked the filings it now attacks. It omits the fact that its lawyers have repeatedly staggered filings to create artificial deadlines, manipulated sealed records to deprive Plaintiff of access, and ignored the very service rules it now accuses Plaintiff of violating. It omits the fact that the arbitration process it clings to has already been tainted by bias and breach, and that such conduct voids the arbitration clause itself under controlling law. And it omits the reality that Rule 11 cannot be weaponized to sanitize repetitive sexual misconduct, negligence and retaliation or punish the exposure of it.

Rule 11 requires evidence of objective unreasonableness — yet Plaintiff's filings, grounded in statute and precedent, have already withstood multiple challenges. Rule 11 prohibits motions filed for an improper purpose — yet Fox's pattern of serial sanctions filings, across multiple forums, reveals exactly that:

The Fox Parties' reliance on rhetoric over record cannot obscure the truth. Courts have long rejected efforts by powerful litigants to weaponize sanctions as tools of intimidation. The record here makes clear that Plaintiff's filings were made in good faith, in compliance with law, and in direct response to Defendants' own procedural misconduct. There is no false statement, no bad faith, and no abuse of process by Plaintiff, only by the parties now crying foul.

The Fox Parties' motion belies a strategy of suppression, not adjudication on the merits. Fox News Network is a company that has already been found guilty of its crimes, charged, fined, exposed, convicted and criticized for its abuse, in and outside the courts (See NYC Commission on Human Rights Charges of Guilt vs. Fox News, ECF No 1). Now it asks this Court to join in that abuse. The Court should decline the invitation. Rule 11 is not a tool for corporate retaliation. It is a rule of law, and the law does not yield to the loudest voice or the deepest pocket. This motion should be denied, in full, with prejudice and without hesitation.

## II.    LEGAL STANDARD

The legal standard for a Rule 11(b) motion in federal court is an objective standard of reasonableness under the circumstances. Rule 11(b) of the Federal Rules of Civil Procedure certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the document:

The Four Certifications Under Rule 11(b):

A violation of any of the following four certifications, judged by an objective standard, can be grounds for a Rule 11(b) motion for sanctions. 1) Improper Purpose (Rule 11(b)(1)): The paper is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. 2) Legal Basis (Rule 11(b)(2)): The claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying,

or reversing existing law or for establishing new law. 3) Factual Support (Rule 11(b)(3)). 4) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## A. The Claims Are Factually and Legally Supportable

The core of the Rule 11 defense lies in the "reasonable inquiry" standard. Sanctions are not warranted because Plaintiff's claims are supported by overwhelming extrinsic, unimpeachable prima face evidence.

The Fox Parties' "publicly well documented history of over two decades of abusing women talent and employees" and the payment of an upwards of $300 million in settlements, fines and costs for their guilt serve as powerful, verifiable evidence supporting a proven

A reasonable inquiry into the law and facts would include public records, corporate disclosures, news reports, and prior judicial findings. This evidence directly supports the plausibility and factual basis of a complaint alleging a similar system of misconduct.

The fact that the evidence of guilt and unlawful sexual misconduct against plaintiff is documented by their own privilege log and accompanying documents demonstrates that The Fox Parties themselves have recognized the existence of relevant, if allegedly privileged, material.

A claim is factually supportable if the plaintiff reasonably believes that necessary evidence exists, even if currently held by the opponent. Here, Plaintiff possesses more than sufficient evidence to meet the plausibility standard to defeat a Motion to Dismiss.

The Fox Parties' citation to *Katzman* (requiring a "flagrant lack of merit") is not met. A claim is not "flagrantly lacking merit" when it is consistent with two decades of publicly documented corporate behavior and supported by evidence known to be in both the public, and Plaintiff's possession.

## B. The Claims Are Not for an Improper Purpose

The clear purpose of Plaintiff's complaint is to seek redress for the alleged, specific, and documented harms of sexual misconduct, retaliation, and industry blacklisting. Filing a complaint to remedy a violation of one's legal rights is the proper purpose of litigation.

The Fox Parties' history reinforces the proper purpose. Given the defendants' notorious culture, it would be objectively unreasonable to claim a victim is pursuing a harassment claim for the *purpose of harassment*. The action is aimed at stopping or seeking damages for a documented practice, not causing frivolous delay.

## C. Addressing Defendant's Use of Legal Authority

The Fox Parties motion for sanctions under Federal Rule of Civil Procedure 11 must be denied because the Plaintiff's complaint satisfies the objective standard of reasonableness in every respect. They cite the correct Rule 11 standard, requiring that a pleading not be presented for an improper purpose and that its legal and factual contentions be warranted, yet their motion willfully ignores the mountain of publicly available, objective evidence supporting the Plaintiff's claims. An inquiry "reasonable under the circumstances", the core of the Rule 11 defense, must necessarily include the defendants' decades-long, publicly documented history of abusing women employees, the payment of over $300 million in settlements and fines for this exact misconduct, and the defendants' own public statements acknowledging a necessity to make sweeping changes to the company to address its pervasive rot in their corporate culture. Far from being factually or legally frivolous, the Plaintiff's complaint is objectively plausible, and more importantly *proven*, given the defendants' notorious conduct.

The legal authorities cited by the defendants are wholly inapposite and reveal the frivolous nature of their own sanctions motion. The Fox Parties' reliance on *Caisse Nationale de Credit Agricole* is misplaced, as that case addresses a lack of *any* reasonable pre-filing inquiry, a standard clearly met here where the claims are directly consistent with the defendants' own notorious pattern and practice.

The Fox Parties' argument that the claims exhibit a "flagrant lack of merit," citing *Katzman v. Victoria's Secret Catalogue*, is specious. A claim supported by the

opposing party's two-decade history of misconduct and massive settlements—claims documented and evidenced, as the Plaintiff correctly pleads—cannot, by definition, be considered "flagrantly lacking merit."

The objective standard of reasonableness, reiterated in *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, demands that sanctions be imposed only where the filing attorney failed to make an adequate inquiry into the facts and law. The Plaintiff's complaint, grounded in a clear legal basis and substantiated by a trove of publicly verified facts regarding the defendants' prior, identical misconduct, is the very definition of an objectively reasonable filing and warrants a denial of the motion for sanctions. The true improper purpose here is the defendants' attempt to use Rule 11 as a tactical weapon to harass the Plaintiff and intimidate her into withdrawing a meritorious suit.

## III. ARGUMENT

### A. Lack of Requisite Specificity and Broad 'Vexatiousness' Allegations Fail

The Fox Parties' sanctions motion suffers from a fundamental and fatal flaw under Rule 11(b): an absolute failure of specificity. Rule 11 requires the movant to "describe the specific conduct" alleged to violate the Rule and to "specify each allegedly offending statement" in the challenged filing. The Fox Parties' merely assert that "Plaintiff's filings are vexatious and barred by res judicata," without identifying any concrete falsehood or misrepresentation of law or fact.

Such generalized assertions fall woefully short of Rule 11's mandate. As the Second Circuit made clear in *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990), broad accusations of vexatiousness or lack of merit cannot support sanctions. The movant must identify with precision the contentions that lack a good-faith basis so that both the opposing party and the Court can meaningfully evaluate the alleged violation. Defendant's failure to do so renders the motion procedurally and substantively defective.

### B.  The Fox Parties' Lack of Merit and Loss of Relief Arguments Are Wholly Baseless

The Fox Parties assertion that the Plaintiff's filings suffer from a "flagrant lack of merit" and that she is "indisputably knowing that she sought the same relief in other courts and lost in all of those instances" constitutes a fraud upon the court. The premise that a "lack of merit" has been established is entirely false; it is merely the Defendant's self-serving *theory* based on their fatally flawed Res Judicata arguments that have yet to be adjudicated. Crucially, the Plaintiff did not lose on the merits in those instances; the District Court did not dismiss on the merits or falsity but on procedural grounds. By converting a procedural dismissal into a finding of substantive loss, the Defendant seeks to manufacture the "egregious behavior" required for sanctions that is otherwise completely absent from the record.

### C.  The Fox Parties' Mischaracterizations of Prior Rulings Are Misleading

The Fox Parties' motion rests on distortions of prior rulings. The arbitration award cited was never judicially confirmed and therefore lacks preclusive effect under the Federal Arbitration Act. Nor was Tantaros II an adjudication "on the merits." As the Second Circuit explained in *St. Pierre v. Dyer,* 208 F.3d 394, 400 (2d Cir. 2000), dismissals for pleading insufficiency are procedural and do not bar later claims arising from distinct facts. Their misstatements reveal its improper motive to deceive the Court into punitive action.

The Fox Parties serial reliance on *Tantaros vs. Krechmer* is fatally flawed. Plaintiff has won in litigation against Michael Krechmer ("Krechmer") (alias Michael Malice) in this Court in 2017, in the Second Circuit Court of Appeals in 2018, and via summary judgment for defamation and breach of contract in New York State Supreme Court. The Fox Parties omit several key facts including their role as third-parties to the State Court action and their funding of Krechmer's campaign of lawfare as an extension of their retaliation against Plaintiff for nine (9) years in order to attempt to damage her reputationally and financially. Krechmer is a self-proclaimed anarchist and white supremacist who lied about visiting North Korea in a book he later self published about a purported trip to the country he never took. U.S. District Judge for the Southern District, Katherine B. Forrest cited in her decision and opinion prior to dismissing Krechmer's claims against Plaintiff and ruling in her favor that he was working in collusion with Fox News Network in filing his baseless claims so the network could use any attacks on

Plaintiff as leverage in their lawsuit with her. Both Judge Forrest and (the late) U.S.

Second Circuit Justice Rosemary S. Pooler raised the issue of sanctions against Krechmer

for his groundless litigation and abusive, fraudulent tactics.

## D. A Legitimate, Good Faith Legal Dispute Is Not Sanctionable Conduct

Rule 11 sanctions are reserved for claims with "no chance of success" and no basis

in existing law or a good-faith argument for its extension. The Fox Parties' attempt to

brand a complex, fact-intensive preclusion question as "bad faith litigation" is meritless.

The mere fact that Plaintiff advances good-faith arguments—e.g., that the claims accrued

after the prior suit, involve different parties, and concern non-arbitrable torts—defeats

any suggestion of frivolousness. Plaintiff;s claims are rooted in fact, law and evidence

including sexual misconduct and assault by Scott Brown evidenced in Fox News's own

privilege log (See Amended Complaint, ECF No. 10) claim subject to legitimate debate

on any res judicata element cannot be sanctionable as a matter of law.

## E.  Defendant's Reliance on *Weinraub* and *Lawrence* Fail

The Fox Parties reliance on *Weinraub v. Glen Rauch Securities* as grounds for

Rule 11 sanctions is specious, as the present action is distinguished by genuine, non-

frivolous disputes over every element of Res Judicata and by the Defendant's improper

purpose.

The *Weinraub* sanctions hinged on the court finding the res judicata

"obvious" from a "cursory comparison" of claims arising from the "same transaction" that

was already subjected to prior final adjudication. This "obvious" bar is absent here. The Plaintiff's claims are legally complex and colorable, resting on multiple arguments that defeat the threshold for frivolity: the interim, ultra vires Arbitration Award is not judicially confirmed and therefore lacks the final and enforceable status required for claim preclusion under FAA, unlike the claims in *Weinraub* which had been subject to both arbitration and *state court litigation*. Additionally, the claims are not identical; they include new statutory predicates (GMVA) and distinct post-employment torts/surveillance not, and arguably unable to be, litigated previously, whereas *Weinraub*'s claims were identical "violations of federal securities laws." Finally, the prior dismissal was for pleading insufficiency, a procedural defect which, under the law, is not an "adjudication on the merits" that would trigger claim preclusion. These contested legal contentions render the *Weinraub* analogy inapplicable.

Unlike the clear legal deficiency that motivated the sanctions in *Weinraub*, the Defendant's motion here is being used for an improper, proactive purpose that constitutes a violation of Rule 11(b)(1). The Fox Parties' explicit, extraordinary goal is to secure a preemptive, blanket injunction against future surveillance claims—a legally impermissible "stop-gap measure" that extends far beyond a proper inquiry into the current pleading. Moreover, they attempt to leverage the Plaintiff's pro se status and history of retaining (and changing) counsel to manufacture the "vexatious litigant" image necessary for an unwarranted pre-filing injunction (*Safir*). This weaponization of the Plaintiff's litigation history reveals the sanctions motion is not about deterrence, but

about suppressing the Plaintiff's access to the courts, a motive absent from the facts

of *Weinraub*.

The *Weinraub* court concluded that "no reasonable person" could have filed the

complaint because the bar was so clear. That standard is not met here, as a reasonable

person—even a *pro se* litigant—can argue, in good faith, that the claims are warranted by

a distinction of existing law. The presence of new statutory predicates under the Victims

of Gender Motivated Violence Act ("GMVA") offers a non-frivolous argument that the

new law creates an exception to preclusion, effectively carving out the current claims.

Furthermore, asserting that a dismissal for pleading insufficiency is a procedural, not a

substantive, bar to re-pleading distinct claims is a sound legal contention. Because the

Plaintiff's positions on finality, scope, and merits-based adjudication are at least

colorable, the Defendant's assertion that the complaint is clearly barred by Res Judicata

demonstrably false, and the *Weinraub* rationale for imposing sanctions is unsupportable.

The Fox Parties' reliance on *Lawrence v. Wilder Richman Sec. Corp.* is also

fatally flawed, as it hinges on the false premise that the Plaintiff's claims are an identical,

re-litigated matter already adjudicated on the merits. The motion fails to acknowledge

that the Plaintiff's prior cases were distinct, procedurally dismissed, and entirely

vindicated by later investigations.

The Fox Parties' attempt to equate this case with Lawrence v. Wilder Richman

Sec. Corp. is inapt, as the Plaintiff's complaint rests on an active, non-frivolous appeal of

arbitrability, not a "patently frivolous" argument "squarely rejected" by a binding

appellate ruling. In *Lawrence*, the plaintiff defied a previous Second Circuit ruling that

upheld the exact arbitration clause at issue, making the subsequent filing an indisputable re-litigation of a settled matter. Here, the core issue of arbitrability is currently on appeal, meaning there is no final, controlling mandate against the Plaintiff. The Plaintiff is pursuing federal rights based on fairness, bias, and *ultra vires* actions while the court was seized, which is a good-faith pursuit of judicial review, not the contumacious behavior found sanctionable in *Lawrence*. The comparison fundamentally collapses because the legal basis for the claim remains unsettled, shielding the Plaintiff from sanctions.

### F.  The Request for Attorneys' Fees Is Improper Under Rule 11

The Fox Parties' demand for attorneys' fees as a "penalty" reveals the improper tactical purpose of its motion. Rule 11(c)(4) limits sanctions to those "incurred as a direct result of the violation." Courts have consistently held that only the costs of preparing the sanctions motion itself are recoverable, not fees for work that would have been required regardless—such as drafting a motion to dismiss or an answer. *See Caisse Nationale de Credit Agricole v. Valcorp, Inc.,* 28 F.3d 259, 266 (2d Cir. 1994). Rule 11 permits only limited recovery, expenses incurred for the sanctions motion itself. Defendant's sweeping fee demand for prior work flagrantly contravenes this limitation. Demanding reimbursement for the motion to dismiss or general defense costs recasts Rule 11 as a compensatory mechanism, contrary to its deterrent aim.

The Fox Parties threats of fee imposition during the Rule 11 "safe harbor" period invert the rule's purpose. The safe harbor allows parties to withdraw or amend filings without punishment. By coercively demanding payment as a condition of withdrawal,

Defendant weaponized the safe harbor itself—an act demonstrating an improper purpose under Rule 11(b)(1).

Further, by seeking fees for ordinary defense work, they distort Rule 11 into a fee-shifting device. Its rhetoric of seeking a "penalty" for Plaintiff's refusal to withdraw underscores its improper purpose. Rule 11 is deterrent, not punitive. The demand for compensatory reimbursement betrays a misuse of the Rule to harass and intimidate, in violation of Rule 11(b)(1).

### G. The Sanctions Motion Is Procedurally Improper and Premature

Filing a Rule 11 motion while a motion to dismiss remains pending is procedurally unsound and strategically suspect. Courts generally prefer to resolve dispositive motions first, because the outcome of a motion to dismiss often determines whether sanctions are even plausible. If the motion to dismiss is denied, the complaint is presumptively valid—foreclosing any credible Rule 11 argument.

By forcing parallel adjudications on identical issues, The Fox Parties' motion invites duplicative judicial effort and demonstrates an improper purpose to multiply proceedings and increase costs. Should the Court deny the motion to dismiss, Plaintiff will be entitled to seek cross-sanctions for Defendant's misuse of Rule 11 as a harassment tool.

### H.  Rule 11 Is Not a Substitute for a Merits Adjudication

Rule 11 is not a substitute for a Rule 12(b)(6) motion or for adjudicating defenses such as res judicata. The mere fact that a claim may be dismissed does not render it sanctionable. As the Second Circuit has emphasized, a filing must be "so objectively unreasonable that no competent attorney could believe it to be well-founded." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985).

Plaintiff's filings, grounded in complex legal distinctions and newly enacted statutes such as the GMVA, easily surpass this threshold of reasonableness.

### I.  The Doctrine of Res Judicata Does Not Apply and Its Invocation Cannot Support Sanctions

The Fox Parties' invocation of res judicata as a basis for sanctions collapses under even cursory scrutiny. The doctrine does not apply here—and, more fundamentally, even a colorable disagreement about its reach cannot form the basis of a Rule 11 sanction. What they seek is not enforcement of settled law, but a distortion of it: the conversion of a debatable affirmative defense into a weapon of intimidation.

At the outset, the res judicata argument fails on every core element. The present action arises from an entirely new and independent factual predicate—post-employment sexual assault and managerial concealment—neither raised, litigated, nor adjudicated in any prior proceeding. The operative facts, the defendants, and the legal theories are all distinct. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014).

### 1.   Different Defendants and Different Claims Are Plead

While Fox News Network and Fox Corporation appear again as corporate defendants, this action targets individual wrongdoers—Scott Brown for sexual battery and forcible touching, John T.A. Finley for sexual harassment and retaliation, and William Shine and Suzanne Scott for post-assault negligence and concealment. None of these individuals were parties to, or in privity with, the entities named in the prior arbitration. Their conduct gives rise to distinct personal tort liability, not contractual or employment-policy claims. Because res judicata applies only to the same parties or those in privity, its foundation is absent.

### 2.   A Distinct and Non-Arbitrable Factual Predicate Is Present

The conduct alleged here—post-employment sexual assault and Fox management's subsequent cover-up—forms an entirely separate nucleus of operative fact. The prior arbitration involved contractual employment disputes and compensation issues; it did not and could not reach these new torts. Federal and state law expressly exclude sexual-assault and harassment claims from forced arbitration. 9 U.S.C. § 402; N.Y. C.P.L.R. §§ 7515. Accordingly, the prior proceeding lacked jurisdiction to adjudicate these claims, and its award carries no preclusive effect.

### 3.   No Final Judgment Has Occurred on the Merits

Even if factual overlap existed—which it does not—they fail the doctrine's second element: a final judgment on the merits, specifically in the arbitration where The Fox

Parties are attempting to smuggle a non-final, ultra vires interim award rendered on procedural grounds into this action as a Counterclaim.

Dismissals based on procedural or jurisdictional grounds are not "on the merits" and thus do not preclude subsequent litigation. See *TechnoMarine*, 758 F.3d at 499. Plaintiff's argument that earlier dismissals were procedural, and therefore non-preclusive, is legally sound and, at minimum, entirely non-frivolous.

## J.  The Motion Overreaches For Improper Purpose

The Fox Parties' demand for a blanket prohibition on future filings exposes the motion's true purpose: to chill legitimate litigation through intimidation. Rule 11 is remedial and backward-looking, addressing papers already filed. It is not a forward-looking device for barring unfiled claims, and using it that way violates Rule 11(b)(1)'s prohibition on filings made for an "improper purpose," such as harassment or deterrence of lawful advocacy.

Res judicata does not apply because the current case involves different defendants, different facts, and no final adjudication on the merits. Even if the doctrine were debatable, Plaintiff's position is firmly within the bounds of good-faith advocacy and thus categorically outside Rule 11's reach. To argue otherwise is not only wrong—it borders on the frivolous use of Rule 11 itself.

Under The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. § 402, and N.Y. C.P.L.R. § 7515, such claims are expressly non-arbitrable. Accordingly, Defendant's invocation of res judicata is patently frivolous.

### K. Defendant's Motion Is a Bad-Faith Attempt to Preempt Future Claims

Rule 11 is backward-looking; it governs papers already filed. Defendant's demand that the Court impose a permanent injunction against future claims exposes the motion's illegitimate aim—to preempt litigation not yet filed. Courts uniformly reject attempts to use Rule 11 as a preemptive shield. This overreach alone warrants denial.

### L. Defendant's Motion Is a Tactical Abuse Aimed at Delay and Concealment

The Fox Parties' feigned lament about the Plaintiff's alleged "delay" is an exercise in gross hypocrisy, revealing the sanctions motion as an attempt to protect the Defendant from the consequences of their own misconduct. While they accuse the Plaintiff of delay, it was the Defendant who proactively sought a stay of arbitration proceedings on September 4, 2025, the day after filing their Sanctions Motion demanding punitive action for Plaintiff's alleged delay. The clear purpose of this self-imposed delay was to avoid examination of the merits and, critically, to prevent probative discovery, including depositions of fired executives whose testimony is vital to the Plaintiff's claims (retaliation, abuse, and misconduct). The overarching goal of the entire defense strategy—including the spurious sanctions motion—is to stymie the final adjudication and conclusion of the arbitration while covering up their likely sanctionable act

of spoliation of tens of thousands of documents during litigation. The Rule 11 motion is thus a tactical distraction intended to shield the Defendant from accountability for abuse and discovery misconduct. Courts routinely view such tactics as indicia of bad faith and retaliatory purpose.

## M. The Attempted Pre-Filing Injunction Is Legally Unsupportable

The Fox Parties' effort to convert its Rule 11 motion into a de facto notice of pre-filing injunction under *Safir v. U.S. Lines, Inc.,* 792 F.2d 19 (2d Cir. 1986), is procedurally premature and substantively meritless. Plaintiff has filed only two recent federal cases—hardly the "pattern of vexatious litigation" warranting a Safir injunction. The current filings seek to vindicate fundamental rights and correct an arbitration process tainted by bias, not to harass or burden the courts. Their attempt to invoke Safir only underscores its misuse of Rule 11 for retaliatory suppression.

## N. Defendant's Lawfare Tactics Underscore Improper Purpose, Harassment And An Attempt to Chill Legitimate Advocacy

Simultaneously filing sanctions and dispositive motions while invoking inflammatory rhetoric exemplifies the use of Rule 11 as a bludgeon to chill advocacy. Courts condemn such tactics as antithetical to the adversarial process. The Fox Parties' actions are plainly designed to intimidate and exhaust Plaintiff rather than to address genuine legal deficiencies.

Their reliance on a massive cadre of more than a dozen firms and dozens of attorneys—compared to Plaintiff's minimal representation—belies any claim of burden or intimidation. This asymmetry demonstrates the use of litigation as a weapon of attrition rather than legitimate advocacy. Rule 11 cannot be invoked to mask such bad-faith tactics.

## O. Defendant's Motion Itself Warrants Sanction

By repackaging a contested affirmative defense as a disciplinary weapon, Defendant has turned Rule 11 into an instrument of harassment. The motion seeks to punish Plaintiff for advancing reasonable, good-faith arguments concerning complex and evolving doctrines. Such conduct—using Rule 11 "as a cudgel rather than a shield"—has itself been deemed sanctionable. See *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003). This, among other points, gives Plaintiff grounds to seek sanctions.

## P. The Fox Parties' Pattern of Retribution for Seeking Justice for Sexual Misconduct

This motion epitomizes the institutional culture that gave rise to Plaintiff's claims. Rather than confronting or remedying documented sexual assault and retaliation, Defendant seeks to punish the victim for pursuing justice. The pattern is unmistakable: years of litigation, denials, and settlements exceeding $300 million dollars in similar lawsuits and government investigations *following* Plaintiff's suit where Fox News Network was found guilty of the exact claims she now raises. To now label this

Plaintiff's claims "frivolous" merely for invoking judicial oversight reflects a continuation of the very misconduct the law condemns.

## IV.    CONCLUSION

Rule 11 was never intended to silence survivors of sexual assault or to intimidate them from court. Defendant's motion—procedurally defective, substantively meritless, and transparently retaliatory—should be denied in its entirety. To permit such misuse of Rule 11 would not only invert its purpose but compound the very harms that federal and state law now seek to redress.

## RELIEF REQUESTED

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion for Sanctions in its entirety and issue appropriate remedial orders to curb the continuing abuse of Rule 11 by Defendants and their counsel.

This motion is not a good-faith invocation of judicial process—it is a weaponized filing designed to intimidate a litigant for asserting legitimate, factually supported claims. Rule 11 exists to protect the courts from baseless pleadings, not to shield billion-dollar defendants from accountability by punishing a party who dares to seek redress for new and unadjudicated wrongs.

The Fox Parties' filing fails by its own excess. It misstates the governing law, fabricates preclusion where none exists, and repackages a complex factual and legal dispute as if disagreement itself were sanctionable. That is not law—it is litigation by

threat. The Court should not allow the Rule to be weaponized or perverted for purposes of fear and harassment.

Accordingly, Plaintiff most respectfully requests that this Court:

1. Deny the Motion for Sanctions with prejudice;

2. Admonish Defendants and their counsel for their repeated misuse of Rule 11 as an intimidation tactic and a substitute for argument on the merits;

3. Award Plaintiff reasonable attorneys' fees and expenses incurred in responding to this baseless motion pursuant to Rule 11(c)(2) and the Court's inherent supervisory authority;

4. Strike all unsupported factual assertions and extrajudicial attacks contained in Defendants' moving papers; and

5. Grant such further relief as the Court deems just, proper, and necessary to deter future misuse of sanctions procedure and to reaffirm that this Court's docket is a forum for justice, not abuse.

Their motion exemplifies the precise conduct Rule 11 was intended to deter—the filing of frivolous, bad-faith pleadings for tactical advantage. Its denial should be emphatic and its deterrence unmistakable. Anything less would invite future misuse and embolden precisely the sort of corporate impunity that federal law and the Constitution reject.

Dated: October 14, 2025

Respectfully submitted,

 /s/ *Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

*302A West 12th Street, 102, New York, New York 10014*

*917.923.5160*