## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

Case No. 25-cv-01675 (VSB-VF)

_____

### DECLARATION OF ANDREA K. TANTAROS IN SUPPORT OF PLAINTIFF'S LETTER CONFIRMING TIMELY FILING OF REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' RULE 11 MOTION

I, Andrea K. Tantaros, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in the above-captioned matter and make this declaration in support of my letter to the Court dated October 31, 2025, confirming that my Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions was timely filed on October 14, 2025 with the Pro Se Intake Office.

2. On October 14, 2025, at 11:11 p.m., I transmitted an email to the Pro Se Intake Office at the Southern District of New York with two attachments:
   (a) Plaintiff's Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions; and
   (b) Declaration of Andrea K. Tantaros in Support of Plaintiff's Reply Memorandum in Opposition to Motion for Sanctions. A copy of the email as proof of filing is affixed to the Letter as Exhibit 1.

3. Immediately upon transmission, I received an automatic confirmation email from the Pro Se Office acknowledging receipt of my filing at 11:11 p.m. The email confirms the submission date and time and is affixed to the Letter as Exhibit 2.

4. The email and attachments remain preserved in my electronic records. I have retained all original files and metadata in their native electronic format showing that both documents were transmitted together at 11:11 p.m. on October 14, 2025.

5. Because of previous issues involving delayed or misfiled submissions, I telephoned the Pro Se Office on October 15, 2025 to confirm that both documents had been received, accepted and were in process of docketing. A male staff member confirmed that both the

Reply Memorandum and Declaration had been received, accepted and would be processed for filing, though he could not confirm a date or time.

6. On October 17, 2025, only my Declaration was uploaded to the public docket, and the Reply Memorandum was omitted. I promptly contacted the Pro Se Office to report the error.

7. After several follow-up communications, I spoke directly with the supervisor of the Pro Se Intake Office, who reviewed the Office's internal records and confirmed that both filings had been received together on October 14, 2025.

8. The supervisor subsequently personally approved the immediate docketing of the missing Reply Memorandum on October 27, 2025, and advised me to submit a letter to the Court confirming that the filing was timely. The supervisor further stated that the Court may contact the Pro Se Office directly, and that staff would confirm receipt of both filings on October 14, 2025 if requested by Chambers.

9. I am prepared to submit to the Court, under seal or for in camera review, the original October 14, 2025 email transmission in native format with full metadata verifying that the Reply Memorandum and Declaration were sent together before the filing deadline either in electronic or hard copy format.

10. Defendants now contend that my Reply Memorandum was untimely and should be stricken. That assertion is factually incorrect and contradicted by the contemporaneous evidence I provided and by the Pro Se Office's own verification.

11. Defendants also claim that my Reply Memorandum merely repeats arguments made in prior filings. If that were true, it would not explain their urgency in seeking to have it stricken. In fact, the 28-page Reply Memorandum meticulously addresses and dismantles each argument raised in Defendants' Rule 11 motion. Their effort to remove it from the record reflects concern about its content, not redundancy.

12. This is not the first time administrative blunders and irregularities within the Pro Se Office have affected my filings. During my prior case (1:25-cv-01675) and this action, I was forced to write to the Court to correct multiple procedural and docketing mistakes, including incorrect case captions, mislabeling of documents, omission of documents, misspelling of the presiding judge's name as "Vincent L. Broderick," and out-of-order docketing. I also raised these issues in a letter and accompanying report detailing each 'error' to Chief Judge Laura Taylor Swain in her capacity as Chief Judge.

13. These repeated administrative lapses have caused unnecessary procedural confusion and have prejudiced my ability to litigate efficiently, despite my consistent efforts to comply fully and promptly with all Court deadlines and both FRCP and local rules.

14. Based on the attached correspondence, preserved metadata, and the Pro Se Office's direct verification, I respectfully reaffirm that my Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions was timely filed on October 14, 2025 and humbly request the Court admit the document as timely and as part of the Court record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31st day of October, 2025.

_/s/ Andrea K. Tantaros_

Andrea K. Tantaros, *Plaintiff*

302A West 12th Street, Ste. 120

New York, New York 10014

Tel: 917.923.5160