ANDREA K. TANTAROS

October 31, 2025

Hon. Valerie Figueredo
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

Date: 11/4/2025
The Court will consider Plaintiff's memorandum of law in opposition to Defendants' Motion for Sanctions in deciding this motion.

**Re: Confirmation of Timely Filing with Evidentiary Support and Sworn Declaration Regarding Plaintiff's Reply Memorandum in Opposition to Defendants Rule 11 Motion for Sanctions**

To the Honorable Judge Figueredo:

Plaintiff respectfully submits this letter, pursuant to the Pro Se Office's explicit instruction, to confirm that her Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions was timely filed on October 14, 2025, and that any subsequent delay in docketing was caused solely by an internal administrative error within the Pro Se Intake Office.

On October 14, 2025, at 11:11 p.m., Plaintiff transmitted by email to the Pro Se Office both (1) her Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions and (2) her Declaration in Support (See Exhibit 1 - "October 14, 2025 Email Filing to Pro Se Office Containing of Reply Memorandum in Opposition to Rule 11 Sanctions and Declaration in Support"). Plaintiff immediately received a confirmation email from the Pro Se Office at 11:11 p.m. acknowledging receipt (See Exhibit 2 – "Pro Se Intake Office October 14, 2025 Confirmation of Receipt").

As demonstrated in the exhibits, both documents were attached to the same email, and Plaintiff has preserved the complete metadata in its native electronic format for these (and all) communications, conclusively demonstrating that both attachments were timely filed.

Because of prior docketing issues and delays by the Pro Se Intake Office, Plaintiff telephoned the Pro Se Office on October 15, 2025 to confirm receipt. A male staff member verified that both filings had been received, accepted and were "in process" for docketing.

However, on October 17, 2025, the Pro Se Office oddly uploaded only the Declaration in Support of the Reply Memorandum, omitting the accompanying the 28-page Reply Memorandum in Opposition to Defendants Motion for Sanctions. After repeated follow-ups, Plaintiff spoke with the supervisor of the Pro Se Office, who reviewed internal records, confirmed that both filings had been received on October 14, 2025 and personally authorized the immediate docketing of the missing Reply Memorandum on October 27, 2025. The supervisor advised Plaintiff to memorialize these facts in a letter to the Court and further indicated that

1

Chambers may contact the Pro Se Office directly to verify that *both* filings were received together, in a timely manner.

      For the Court's verification, Plaintiff is prepared to submit the original emails and attachments in native format, including complete metadata, for review or mail emails with accompanying metadata for an in camera analysis of hard-copy submissions at the Court's direction. Further, should the Court request additional forensic evidence, Plaintiff can produce the metadata of the submitted Reply Memorandum in Opposition to verify the precise date the Memorandum was created. Plaintiff also submits a Declaration in support of this letter under penalty of perjury given the severity of this matter involving a timely filing regarding sanctions.

      Defendants now contend that Plaintiff's Reply Memorandum was untimely and should be stricken. Respectfully, the contemporaneous correspondence, transmission data, sworn testimony and independent confirmation by the Pro Se Office conclusively demonstrate that the filing was timely and in compliance with the Court's deadlines. Any delay in docketing was purely administrative and beyond Plaintiff's control.

      As background, Plaintiff notes that this is not the first instance of filing irregularities involving the Pro Se Office in this matter and a previous matter before this very Court. During the prior case (1:25-cv-961 (VSB)), Plaintiff was compelled to alert the Court to several administrative and clerical errors made by the Pro Se Intake Office, including incorrect case captioning under an improper Nature of Suit ("NOS"), mislabeling of documents, misspelling of the presiding judge's name as "Vincent L. Broderick," omission of key filings, and docketing submissions out of necessary sequential order per FRCP (See ECF No 50)(See also Exhibit 3 - "Letter Motion to Judge Vernon S. Broderick to Correct Material Alteration or Docket Tampering to Correct Case Cause from Incorrect Case Cause."

      Plaintiff also brought these recurring issues to the attention of Chief Judge Laura Taylor Swain in her capacity as Chief Judge on April 16, 2025 (See ECF No. 50) and See Exhibit 4 - "April 16, 2025 Letter to Chief Judge Laura Taylor Swain and Report on SDNY Pro Se Office Procedural Docketing Errors, Recurring Irregularities and Misdirection of Plaintiff / Petitioner Submissions in Case Nos. 1:25-cv-961; 1:25-cv-01675".

      These persistent administrative lapses by the Pro Se Office have required repeated intervention and caused unnecessary procedural confusion and potential prejudice to Plaintiff. Given this well-documented history, and the importance of the October 14, 2025 Reply Memorandum in Opposition to an issue as serious as potential sanctions, it would be implausible to suggest that Plaintiff would submit a declaration in opposition but intentionally omit a highly detailed, accompanying 28-page Reply Memorandum in Opposition to a Rule 11 Sanctions Motion. The record, and Pro Se Office's own verification, directly confirm otherwise. Defendants further assert that Plaintiff's Reply Memorandum merely "repeats arguments" made in prior filings in opposition to The Fox Parties' Motion to Dismiss Plaintiff's Complaint. If that were true, it would not warrant concern, nor provide grounds for a motion to strike. The fact that Defendants are now seeking to strike a document they claim is entirely duplicative only underscores that it is not. The 28-page Reply Memorandum directly and meticulously dismantles each aspect of their Rule 11 motion, exposing its factual and legal deficiencies. Defendants'

urgency to have it stricken suggests apprehension about the strength of its arguments, not redundancy.

Accordingly, Plaintiff respectfully requests:

1. The Court confirm that Plaintiff's Reply Memorandum of Law in Opposition to Defendants' Rule 11 Motion for Sanctions was timely filed and that the Memorandum is fully submitted and part of the official Court record;

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, *Plaintiff*

302A West 12th St, Ste. 120

New York, New York 10014

Tel: 917.923.5160

Dated: October 31, 2025