**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ANDREA K. TANTAROS,

                        Plaintiff,                      **25-CV-01675 (VSB) (VF)**

        -against-                                 **ORDER**

FOX NEWS NETWORK, LLC et al.,

                        Defendants.
-------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On October 16, 2025, Plaintiff requested an order stating that Defendant John Finley had been properly served, or in the alternative, requesting permission to serve Finley by alternative means. ECF No. 106. On October 24, 2025, the Court noted that Plaintiff had not properly served Finley by mail and directed Plaintiff to properly serve Finley by mail or process server. ECF No. 113 at 2-3. Plaintiff states that she has now properly served Finley by mail and by process server and requests an order that service on Finley has been effectuated. ECF No. 124 at 2.

However, service is still not proper. In her letter, Plaintiff states that on November 4, 2025, she served Finley and his last known counsel of record by "first-class tracked, signature-required mail, including the Summons and Complaint, the acknowledgment of service, and two (2) copies of the certificate of service, exactly as directed by CPLR § 312a-(a)." ECF No. 124 at 1. But, as stated in the Court's October 24, 2025 order, "[s]ervice is not deemed complete until defendant signs and returns acknowledgment of receipt." ECF No. 113 at 2 (citing CPLR § 312(a)). Plaintiff concedes that "[n]either Defendant nor his counsel signed or returned the acknowledgment of service." ECF No. 124 at 1. Thus, service is not complete. Obot v. Citibank S. Dakota, N.A., 347 F. App'x 658, 660 (2d Cir. 2009) (affirming service not complete where

1

defendants did not return a signed acknowledgment and that plaintiff "was obligated to use another means of service"); Smith v. Bray, No. 13-CV-07172 (NSR) (LMS), 2014 WL 5823073, at *3 (S.D.N.Y. Nov. 10, 2014) ("Having received no signed acknowledgments, Plaintiffs were required to serve Individual Defendants by other means[.]") (internal citation omitted).

Plaintiff states that she also served Defendant personally by process server, "who gained access to Defendant's residence and affixed the Summons and Complaint to Defendant's door after the Defendant was found absent." ECF No. 124 at 1. Plaintiff attached the affidavit of service, which states that the process server "affixed the legal documents to the door with tape as requested." ECF No. 123-1 at 2. Plaintiff also attached photos of the legal documents affixed to the door. ECF No. 123-2 at 2.

CPLR § 308(4) does permit service "by affixing the summons and complaint to the door of the defendant's place of business or usual place of abode and the subsequent mailing of the summons and complaint to the defendant," otherwise known as "nail and mail" service. Reed Holdings Inc. v. O.P.C. Corp., 122 F.R.D. 441, 443 (S.D.N.Y. 1988). "However, New York courts hold that plaintiffs may only resort to the 'nail and mail' method of service described in CPLR § 308(4) where personal service under CPLR 308(1) and (2) cannot be made with due diligence." Jordan v. Pierre, No. 18-CV-8528 (JGK), 2019 WL 2461721, at *1 (S.D.N.Y. May 28, 2019) (internal quotation marks and citations omitted). "For instance, while courts generally require approximately three attempts at service, optimally on non-consecutive days . . . some courts will find that three attempts is not enough, if the process server does not make inquiries about the defendant's residence or employment." Lask v. Rhee-Karn, No. 24-CV-2666 (MMG) (RWL), 2025 WL 1983441, at *11 (S.D.N.Y. May 6, 2025). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served

pursuant to that section will be received." <u>Jordan</u>, 2019 WL 2461721, at *1 (internal quotation marks and citations omitted).

The affidavit of service states that service was attempted on November 14, 2025, at 1:44 p.m. ECF No. 123-1 at 2. One attempt of service, made during working hours on a Friday, does not satisfy the due diligence requirement. <u>See, e.g.</u>, <u>Lask</u>, 2025 WL 1983441, at *11 (finding no due diligence for four attempts of service, made over two consecutive days, and without variation of timing); <u>Joe Hand Promotions, Inc. v. Necessary Studios, Inc.</u>, No. 21-CV-5551 (LDH) (RER), 2022 WL 18858972, at *5 (E.D.N.Y. Dec. 5, 2022) (finding no due diligence where process server attempted to serve defendant at his business address three times before resorting to nail and mail service; only two of those attempts occurred during normal business hours; and the affidavit contained no indication that the process server attempted to ascertain defendant's residential address to serve him at that location).

Thus, the Court directs Plaintiff to attempt service on Finley via process server at least three more times, on non-consecutive days, at different times of day including outside of working hours, and to document those attempts. If after these attempts Plaintiff is still unable to personally serve Finley, Plaintiff may file a letter with the Court with the appropriate documentation and renew her request for alternative service.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 124.

**SO ORDERED.**

DATED:    New York, New York
             December 12, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3