ANDREA K. TANTAROS

December 18, 2025

Hon. Valerie Figueredo
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
500 Pearl Street
New York, New York 10007

**Re: Letter Motion for Reconsideration of December 12, 2025 Order and for Authorization of Alternative Service**

Plaintiff respectfully moves for reconsideration of the Court's December 12, 2025 Order, which directs Plaintiff to retain an additional process server and attempt personal service on Defendant three times on non-consecutive days at a residence that objective, third-party evidence submitted with this filing establishes is vacant and unoccupied. Reconsideration is warranted as further attempts at that location are futile, require the impossible, and only prolong service on a defendant who is actively evading appearance while being shielded by a corporate co-defendant.

**Compliance With Court Orders**

On October 24, 2025, the Court granted Plaintiff an extension of time to serve Defendant under FRCP 4(e)(1) and authorized service either under CPLR § 312-a(a) or by process server. Plaintiff elected service under CPLR § 312-(a) and complied precisely with the Court's order (See ECF No. 118).

On November 4, 2025, Plaintiff served Defendant by first-class mail, enclosing the Summons and Complaint, two copies of the Statement of Service and Acknowledgment of Receipt, and a postage-prepaid return envelope, and mailed the same to Defendant's last known residence and to his last known counsel of record, Erin C. Kormann of Franzino & Schur. Neither Defendant nor his last known counsel has returned the acknowledgment and has not appeared.

Anticipating continued evasion despite full compliance, Plaintiff went above and beyond to avoid this exact scenario with the Court and proactively retained a licensed process server to preemptively exhaust all options. On November 13, 2025, the process server, Steve Bradian "Bradian", attempted service at Defendant's residence, 55 Bank Street, Unit 721, White Plains, NY, 10606. (See ECF No. 123).

Bradian's documented evidence revealed a fully vacated unit, devoid of furniture or personal effects The apartment door was opened, the lock covered with blue tape, and certain lights were on. Bradian documented the empty apartment with time-stamped photographs and video (See Exhibit 1 - "Time-Stamped Evidence from Licensed Process Server of Empty

1

Apartment of John T.A. Finley on, November 13, 2025[1]"). The evidence submitted in the exhibits illustrates that the process server Bradian left a copy of both the Summons and Complaint on the counter of the empty apartment. Out of an abundance of caution, and to avoid any later dispute or issue from this Court about leaving papers inside an abandoned unit, Plaintiff directed the process server to return the next day. On November 14, 2025, the process server again confirmed vacancy and affixed the Summons and Complaint to the apartment door, with additional time-stamped documentation. This is documented in process server Bradian's Affidavit filed with the Court on November 14, 2025 along with Plaintiff's Declaration of Service (See ECF No. 123).

On December 8, 2025, Plaintiff moved by letter for the Court to deem service complete, or alternatively to authorize alternative service, including publication or via her social media. The Court did not find Plaintiff's service ineffective. Instead, on December 12, 2025, the Court ordered Plaintiff to retain yet another process server and attempt service three additional times at non-consecutive dates to the same address.

**Well-Settled Law Does Not Require Futile or Impossible Acts**

Courts in this circuit do not require plaintiffs to perform futile acts once due diligence and evasion are established. (*See F.D.I.C. v. O'Connor,* 1998 WL 531291 (S.D.N.Y. Aug. 26, 1998). In this instance, a licensed process server provides time-stamped photographic evidence confirming that a residence is fully vacated. Additional attempts at that address cannot advance notice and merely reward evasion. Federal courts routinely authorize alternative service under such circumstances.

It is a well-settled principle that courts do not compel parties to undertake acts that are impossible, impracticable, or demonstrably futile. Once the record establishes that a defendant has vacated the last known residence and is actively evading service, requiring repeated personal service attempts at the same empty location serves no legitimate purpose and is inconsistent with Rule 4's notice-based framework. Service rules exist to ensure notice, not to mandate endless, costly endeavors where notice has already been reasonably attempted and further efforts cannot succeed.

Plaintiff has exceeded the diligence required by law by complying with the Court's October 24, 2025 Order, effectuating service by mail to both Defendant and his last known counsel of record under CPLR § 312-a(a). Plaintiff took an additional step not required by the Court and elected both options to demonstrate good faith efforts exhausted to provide actual notice and retained a licensed process server, and is submitting third-party, time-stamped evidence confirming the residence is abandoned. Compelling additional attempts at a known-vacant address would require the impossible and would improperly reward Defendant's continued, deliberate evasion.

**Alternative Service Is Now Required**

---

[1] Metadata in its native form is available from the device used to take photos and video on November 13, 2025 from the licensed process server, Steve Bradian, upon request.

Respectfully, at this stage, alternative service is not premature, it is necessary. Defendant has actual notice of this action, his last counsel has communicated with Plaintiff via email to confirm notice, Defendant has declined to appear, and is being shielded by a corporate co-defendant while remaining purposefully unreachable at his last known residence. Continued insistence on personal service at an abandoned location only delays adjudication and undermines the purpose of Rule 4.

This Court has permitted Defendants Fox News Network, LLC, Fox Corporation, Scott Brown and William Shine to waste months of time and resource playing parochial procedural games regarding service in this action to gain a tactical advantage of delay or procedural issues when they received actual notice of this suit in February.

Plaintiff therefore respectfully requests that the Court reconsider and vacate the portion of the December 12, 2025 Order requiring further personal service attempts and authorize alternative service forthwith, including one or more of the following methods, each of which is reasonably calculated to provide notice:

1. Service by publication in one or more newspapers of general circulation in Finley's last known location;
2. Electronic service via Plaintiff's high-profile and wide-reaching social media accounts used personally and/or professionally;
3. Service on Defendant through counsel who has previously appeared for Defendant in this matter or related matters;
4. Service through the corporate co-defendant, including service on corporate counsel Katherine Moran Meeks of Fox News Network, LLC, Adam Ciangoli, corporate counsel of Fox Corporation or a corporate officer reasonably likely to provide actual notice to Defendant; and
5. Any combination of the foregoing methods the Court deems appropriate.

Authorizing multiple methods simultaneously will prevent further protraction and ensure notice without rewarding evasion. Should the Defendant not enter an appearance within 21 days of Plaintiff utilizing alternative service and filing proof of same, Defendant will be in default.

**Requested Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant reconsideration, vacate the December 12, 2025 directive requiring additional futile service attempts, and authorize alternative service immediately so this action may proceed on the merits without further delay.

Respectfully submitted,                                     302A West 12th Street, Ste. 120
                                                            New York, NY 10014
*/s/ Andrea K. Tantaros, Plaintiff*                         Tel: 917.923.5160