**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ANDREA K. TANTAROS,

                         Plaintiff,                      **25-CV-01675 (VSB) (VF)**

           -against-                                <u>**ORDER**</u>

FOX NEWS NETWORK, LLC et al.,

                         Defendants.
-------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge.**

On December 19, 2025, Plaintiff renewed her motion for alternative service on John Finley. ECF No. 126. Plaintiff states that she attempted service on November 13, 2025, and again on November 14, 2025, which showed that Finley's "last known residence" was "fully vacated" as the apartment was "devoid of furniture or personal effects," the "apartment door was opened, the lock covered with blue tape, and certain lights were on." Id. at 1. Plaintiff has provided the Court with photographs of the open door, the summons left on the counter, and the blue tape covering the lock on the door. ECF No. 126-1 at 3-5.

"Under New York law, a court may approve substituted service . . . where more traditional forms of service have proven 'impracticable.'" Hybrid Cap. Grp., LLC v. Padell, No. 17-CV-6343 (KPF), 2018 WL 11291221, at *1 (S.D.N.Y. May 2, 2018) (quoting N.Y. C.P.L.R. § 308(5)). "Courts have found traditional means of service to be impracticable in cases where a plaintiff demonstrates that it could not locate a defendant despite diligent efforts to identify their whereabouts or contact information, or where a plaintiff shows that a defendant is actively evading service." AP MA Funding, LLC v. CAPS Plantation LLC, No. 25-CV-06934 (MMG), 2025 WL 3638731, at *3 (S.D.N.Y. Dec. 16, 2025); see also In re Qiwi PLC Sec. Litig., No. 20-CV-6054 (RPK) (CLP), 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022) ("New York courts

regularly find service impracticable where plaintiff has been unsuccessful in obtaining either a business or home address for defendant, even though she has diligently sought that information."); Metromedia Co. v. Cowan, No. 13-CV-03787 (LGS), 2013 WL 4780039, at *2 (S.D.N.Y. June 24, 2013) (allowing alternative service where "Plaintiff has attempted to serve Defendant at all known addresses and has been unable to determine Defendant's true address despite a diligent search").

Plaintiff's conclusory assertion that Finley is "being shielded by a corporate co-defendant while remaining purposefully unreachable at his last known residence" is insufficient to establish that Finley is evading service. ECF No. 126 at 3. Plaintiff also has not explained what steps she has taken to conduct a diligent search and determine Finley's current address. Nor has Plaintiff indicated that she attempted, but failed to find, a business address for Finley at which he may be served. Because it is not apparent from Plaintiff's submission that Plaintiff has conducted a diligent search to locate a viable address for service, Plaintiff has not demonstrated that traditional forms of service are impracticable.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 126.

**SO ORDERED.**

DATED:      New York, New York
             January 5, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2