UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA K. TANTAROS,

                           Plaintiff,

          -v-

FOX NEWS NETWORK, LLC, FOX
CORPORATION, INC., ROGER AILES,
WILLIAM SHINE, JOHN FINLEY, SCOTT
BROWN, and SUZANNE SCOTT,

                         Defendants.

25-cv-1675 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Andrea K. Tantaros has moved for an entry of default against defendants Fox News Network, LLC, Fox Corporation, Inc., Suzanne Scott, William Shine, John Finley, and Roger Ailes pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. No. 30.) The Court denies Tantaros's motion.

Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Local Civil Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York further provides that "[t]he court, on its own initiative, may enter default or direct the clerk to enter default" when the requirements for an entry of default are met, including affirmation of proper service upon the party against whom the entry of default is sought. "Entry of default is not appropriate where the defendant was not properly served with process." *Limtung v. Wells Fargo Bank, N.A.*, No. 16-cv-100, 2017 WL 2781543, at 1 n.1 (E.D.N.Y. June 26, 2017).

*First*, Tantatos's motion as to Fox News Network, LLC, Fox Corporation, Inc., Suzanne Scott, and William Shine is denied because each of these defendants has participated in this litigation by filing motions to dismiss the amended complaint. (*See* Dkt. No. 42 (motion to dismiss the amended complaint by Fox Corporation, Inc., Fox News Network, LLC, and Suzanne Scott); Dkt. No. 66 (motion to dismiss the amended complaint by William Shine).) These defendants therefore have not failed "to plead or otherwise defend" and an entry of default is not warranted pursuant to Rule 55(a).

*Second*, Tantaros's motion as to John Finley is denied because, as Magistrate Judge Valerie Figueredo has explained in several written opinions (*see* Dkt. Nos. 113, 125, 127),

Tantaros has not demonstrated that she has properly served Finley pursuant to Federal Rule of Civil Procedure 4.

*Finally*, Tantaros's motion as to Roger Ailes is denied because Tantaros has not demonstrated that she has properly served this defendant.  Tantaros's amended complaint, which was filed over eight years after Ailes's death in May 2017, names "Roger Ailes via his Estate" as a defendant but does not specifically name any individual as the representative of Ailes's estate. (*See* Dkt. No. 10.)  Tantaros stated in a "Affidavit of Service" filed on June 10, 2025, that she sent a "copy of the Summons and Complaint via USPS Certified Mail with tracking, delivery confirmation and signature required," to "Elizabeth Ailes, The Estate of Roger Ailes" at an address in Palm Beach, Florida. (Dkt. No. 14 at 3–4.)  Similarly, Tantaros stated in a "Declaration of Proof of Service" filed on July 14, 2025, that she sent "copies of the Summons and Amended Complaint" "via USPS First Class Certified Mail with signature required" to "Elizabeth Ailes, The Estate of Roger Ailes" at the same Florida address. (Dkt. No. 21 at 1–2.)  Even assuming Tantaros could properly serve Roger Ailes by serving Elizabeth Ailes as the representative of Roger Ailes's estate, however, Tantaros has not shown that she has properly served Elizabeth Ailes.

Federal Rule of Civil Procedure 4(e), which governs service of an individual within the United States, provides that service is proper when the plaintiff "deliver[s] a copy of the summons and of the complaint to the individual personally" or "leave[s] a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(A)–(B).

Rule 4(e) also permits service of an individual within the United States "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. (4)(e)(1).  In this case, assuming Elizabeth Ailes is a proper recipient of process for the estate of Roger Ailes, Rule 4(e)(1) would permit Tantaros to serve Elizabeth Ailes pursuant to New York or Florida law.

N.Y. C.P.L.R. § 312-a(a) governs service of an individual by mail pursuant to New York law and permits service by sending "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [§ 312-a(d)], with a return envelope, postage prepaid, addressed to the sender."  Service pursuant to N.Y. C.P.L.R. § 312-a(a) is not deemed complete until the defendant "complete[s] the acknowledgement of receipt and mail[s] or deliver[s] one copy of it" to the sender.  N.Y. C.P.L.R. § 312-a(b).

"The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service." *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam) (citing Fla. R. Civ. P. 1.070(i)). "Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070." *Id.*; *see also Penn-Am. Ins. Co. v. Deslin Hotels, Inc.*, No. 6:11-cv-1990, 2013 WL 12158616, at *1 (M.D. Fla. Jan. 10, 2013).

Tantaros has not demonstrated that she has properly served Elizabeth Ailes pursuant to Rule 4(e)(2), New York law, or Florida law. Tantaros states only that she mailed copies of the summons and complaint to Elizbeth Ailes. (Dkt. No. 14 at 3–4; Dkt. No. 21 at 1–2.) She does not affirm that she effectuated personal service of Elizabeth Ailes or of a suitable resident of Elizabeth Ailes's dwelling pursuant to Rule 4(e)(2). She does not affirm that she mailed Elizabeth Ailes "two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [§ 312-a(d)], with a return envelope, postage prepaid, addressed to the sender" in compliance with N.Y. C.P.L.R. § 312-a(a) or that she received an acknowledgement of receipt from Elizabeth Ailes pursuant to N.Y. C.P.L.R. § 312-a(b). And she has not stated that she obtained the required waiver to permit service by mail pursuant to Florda law. Tantaros has therefore not demonstrated that she has properly served Elizabeth Ailes pursuant to Rule 4(e) and is not entitled to an entry of default against Roger Ailes.

Accordingly, the Court denies Tantaros's motion for an entry of default against Fox News Network, LLC, Fox Corporation, Inc., Suzanne Scott, William Shine, John Finley, and Roger Ailes.

Dated: New York, New York
   March 18, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3