UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA K. TANTAROS,

Plaintiff,

-v-

FOX NEWS NETWORK, LLC, FOX
CORPORATION, INC., ROGER AILES,
WILLIAM SHINE, JOHN FINLEY, SCOTT
BROWN, and SUZANNE SCOTT,

Defendants.

25-cv-1675 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Scott Brown has asked the Court to strike plaintiff Andrea K. Tantaros's unauthorized sur-reply (Dkt. No. 36) to Brown's motion to dismiss the complaint. That request (Dkt. No. 38) is granted.

In addition, the Court notes that both Tantaros's opposition to Brown's motion to dismiss the complaint (Dkt. No. 20) and her unauthorized sur-reply (Dkt. No. 36) contain both inaccurate and non-existent citations to cases and statutes.[1] After Brown's counsel notified Tantaros of citation issues in her opposition brief, Tantaros filed a "Notice of Correction of Citations" which purported to "immediately withdraw[] voluntarily" some but not all of the non-existent or inaccurate citations in her opposition to Brown's motion. (Dkt. No. 22.) Troublingly, Tantaros nevertheless included inaccurate citations in her later-filed sur-reply. This pattern of behavior

---

[1] *See, e.g.,* Dkt. No. 20 at 9 (quoting non-existent language in the VGMVPL by stating "[t]he GMVA expressly applies to 'assault sexual misconduct, sexual abuse, and other formed of gender-based violence, including emotional abuse and harassment'"); Dkt. No. 20 at 10 (citing non-existent cases "*M.D. v. New York State Off. For People with Developmental Disabilities,* 2023 WL 3404357, at *10 (S.D.N.Y. 2023) (verbal, psychological, and physical abuse all actionable under GMVA); *Roe v. Bernabei & Katz,* PLLC, 314 F. Supp. 3d 200, 209 (D.D.C. 2018) (under analogous D.C. GMVA, 'harassing comments, threats, and gestures of a sexual nature' are covered)"); Dkt. No. 36 at 6 (inaccurately citing "*See also Garcia v. Comprehensive Ctr., LLC,* No. 21-CV-6945, 2022 WL 2237452, at 4–5 (S.D.N.Y. June 22, 2022) (physical and verbal acts covered where gender-motivated); *See Torres v. City of New York,* No. 20-CV-3384, 2021 WL 3725985, at 8 (S.D.N.Y. Aug. 23, 2021) (words and threats can constitute actionable violence)").

indicates that Tantaros has used artificial intelligence tools in preparing her filings but did not verify the accuracy of citations produced by those artificial intelligence tools before submitting them to the Court.

Like represented litigants, *pro se* litigants such as Tantaros have a duty not to submit false citations to the Court. The Court hereby notifies Tantaros that she may be subject to sanctions for any future filings containing inaccurate or non-existent citations.


Dated: New York, New York
       March 27, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

2