UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ANDREA K. TANTAROS,

                                    Plaintiff,

             -v-

FOX NEWS NETWORK, LLC, FOX
CORPORATION, INC., ROGER AILES,
WILLIAM SHINE, JOHN FINLEY, SCOTT
BROWN, and SUZANNE SCOTT,

                                    Defendants.

------------------------------------------------------------

25-cv-1675 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Scott Brown has moved pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) to dismiss plaintiff Andrea K. Tantaros's claim against him pursuant to section 10-1104 of the New York City Victims of Gender-Motivated Violence Protection Law ("VGMVPL").  (*See* Dkt. No. 16.)  For the reasons that follow, the Court grants Brown's motion to dismiss the claim against him without prejudice to Tantaros properly serving a summons and further amended complaint asserting a claim against Brown pursuant to section 10-1104.1 of the VGMVPL.

## I.   BACKGROUND

### A.   Applicable Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion to dismiss, a court must "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotations marks and citation omitted).

Although the Court must accept as true all factual allegations in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  By the same token, "[t]he choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion."  *Anderson News, L.L.C.*

*v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  "[F]act-specific question[s] cannot be resolved on the pleadings."  *Id.* (alterations in original) (quoting *Todd v. Exxon Corp.*, 275 F.3d 191, 203 (2d Cir. 2001)).

"[A] statute of limitations dismissal at the motion to dismiss stage is appropriate where the complaint's untimeliness is apparent on its face."  *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023).

On a Rule 12(b)(5) motion to dismiss for insufficient service of process, the plaintiff bears the burden of establishing that service was sufficient.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

### B.  Tantaros's Allegations Against Brown

Tantaros filed her original *pro se* complaint in this action on February 27, 2025 (Dkt. No. 1), and filed an amended *pro se* complaint on May 28, 2025 (Dkt. No. 10 ("Am. Compl.")).  In the amended complaint, Tantaros asserts five claims for relief stemming from discrimination and other mistreatment she allegedly experienced during and after her employment as a television anchor and in other roles at the Fox News network from 2010 to 2016.  (Am. Compl. at 4, 6.)

The single claim that is asserted against Brown is Count I pursuant to section 10-1104 of the VGMVPL.[1]  As relevant to Count I, Tantaros alleges that Brown, "a former U.S. Senator and Fox News contributor[,] publicly groped [Tantaros] on August 18, 2015."  (*Id.* at 9.)  "On August 18, 2015, following Brown's appearance on Outnumbered"—a television program then hosted by Tantaros—Brown "followed [Tantaros] to the in-house luncheonette, Fresh and Co.[,] adjacent to the studio."  (*Id.* at 19.)  "As she was checking out at the cashier's counter, Brown came up behind her and grabbed her waist from behind pushing his body against hers causing Ms. Tantaros to reel in shock and fear, turn [] around and demand he stop."  (*Id.*)

---

[1] Count V of the the amended complaint also asserts a claim against unidentified defendants for "Civil & Criminal Stalking (18 U.S.C. § 2261A, N.Y. Penal Law § 120.45)."  That count alleges, "Defendants engaged in targeted, electronic surveillance, social media and digital warfare campaigns through paid bot-net denigration, media smear campaigns and HUMINT operations to harass, spy, and irreparably disrupt and destroy Plaintiff's personal and professional life."  (Am. Compl. at 22.)  However, the body of the amended complaint includes no specific allegations involving Brown related to this claim.  The Court therefore interprets the complaint to assert a claim against Brown only for violation of the VGMVPL.

Tantaros also alleges that Brown verbally harassed her as follows: "Brown made constant inappropriate and offensive remarks on-set in front of [Tantaros's] co-hosts, production team and staff on set." (*Id.*) "[W]hen Brown's wife wasn't present during an appearance" on Tantaros's program, "he would act in a perverted manner" toward Tantaros and, "[d]uring one appearance, he stared longingly at Ms. Tantaros during a commercial break and groaned 'ohhh Andreaaaaa....' into an open microphone on a full and open set of co-hosts, cameramen, and floor producers." (*Id.*)

## II. ANALYSIS

Brown has moved to dismiss the amended complaint on the grounds that the claim is untimely and that Tantaros has failed to serve Brown properly with the summons and complaint.[2]  Brown is correct.

### A.  Statute of Limitations

Brown has moved to dismiss Tantaros's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the claim is barred by the applicable statute of limitations.  Brown is correct that Tantaros's claim pursuant to section 10-1104 of the VGMVPL is untimely, but a very recent amendment to the VGMVPL permits Tantaros to file a timely claim against Brown pursuant to section 10-1104.1.

Section 10-1104 of the VGMVPL provides a cause of action against "a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender."  N.Y.C. Admin. Code § 10-1104.  The statute defines a "crime of violence" as "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction."  N.Y.C. Admin. Code § 10-1103.  Claims pursuant to section 10-1104 of the VGMVPL are generally subject to a seven-year statute of limitations.  N.Y.C. Admin. Code § 10-1105(a).

---

[2] Brown further contends that the amended complaint should be dismissed because Tantaros failed to comply with the ninety-day period for service pursuant to Federal Rule of Civil Procedure 4(m), but the Court need not address this contention because Tantaros has failed to serve Brown properly at any time.  The Court notes, however, that Tantaros must comply with the timeliness requirement of Rule 4(m) if she serves a new summons and complaint.

Here, Tantaros's claim pursuant to section 10-1104 of the VGMVPL accrued on August 18, 2015—the date Brown allegedly groped Tantaros.[3] If the normal seven-year limitations period applies to Tantaros's claim, the claim would have expired on August 18, 2022, more than two-and-a-half years before Tantaros filed her original complaint on February 27, 2025.

Analysis of the timeliness of Tantaros's claim is complicated, however, by two amendments to the VGMVPL passed by the New York City Council in recent years.

First, on January 9, 2022, the New York City Council added an amendment to the limitations provision of the VGMVPL, section 10-1105, which stated, "Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." N.Y.C. Admin. Code § 10-1105(a); *see* N.Y.C. L.L. 21/2022 § 1. This amendment became effective on the date it was passed. N.Y.C. L.L. 21/2022 § 2.

Second, approximately two months ago, on January 29, 2026—after this motion was fully briefed—the New York City Council overrode New York City Mayor Eric Adams's veto to pass another amendment to the VGMVPL. *See* N.Y.C. L.L. 2026/50. That January 29, 2026 amendment revised the limitations provision at section 10-1105 to provide that the seven-year limitations period applies only to claims "brought under section 10-1104" and added a new section 10-1104.1 providing a cause of action for claims based on crimes of violence motivated by gender which occurred prior to January 9, 2022. *See* N.Y.C. L.L. 2026/50. That amendment would bring within its ambit Tantaros's allegations against Brown that arose on August 18, 2015. The new section 10-1104.1 reads as follows:

> 10-1104.1. Civil cause of action for crimes of violence motivated by gender that occurred prior to January 9, 2022.
>
> a. Any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender for which the alleged crime of violence motivated by gender occurred (i) on or before December 19, 2000 or (ii) after December 19, 2000 and

---

[3] The amended complaint's allegations concerning Brown's verbal harassment of Tantaros do not fall within the VGMVPL's definition of "crime of violence" and are therefore not actionable pursuant to the VGMVPL, so these allegations are irrelevant to determining the limitations period for Tantaros's claim.

4

before January 9, 2022, has a cause of action against such party in any court of competent jurisdiction for any or all of the following relief:

    1. Compensatory and punitive damages;

    2. Injunctive and declaratory relief;

    3. Attorney's fees and costs; and

    4. Such other relief as a court may deem appropriate.

b. Claims or causes of action pursuant to this section must be commenced not later than 18 months after the local law that added this section takes effect.

c. Any person who brought a claim or cause of action on or after March 1, 2023 but on or before March 1, 2025 that would satisfy the requirements of this section may amend or refile such claim or cause of action to add a cause of action pursuant to this section.

The January 29, 2026 amendment provides that it "takes effect immediately." N.Y.C. L.L. 2026/50 § 3.

The Court must now determine whether Tantaros's VGMVPL claim is timely in light of these two amendments. As noted above, Tantaros's VGMVPL claim accrued on August 18, 2015, and, absent any change due to the amendments, would normally have expired on August 18, 2022.

Needless to say, the parties' briefs focus solely on the effect of the January 9, 2022 amendment on Tantaros's claim pursuant to section 10-1104 of the VGMVPL, since this motion had been fully briefed prior to the passage of the January 29, 2026 amendment. Tantaros contends that her section 10-1104 claim is timely because the 2022 amendment extended the limitations period for all claims brought pursuant to section 10-1104 to March 1, 2025. (Dkt. No. 20 ("Opp.") at 11–12.) Brown, by contrast, urges that the 2022 amendment extended the limitations period only for claims that had already expired as of the January 9, 2022 effective date of the amendment and that, because Tantaros's section 10-1104 claim had not yet expired in January 2022, the claim expired pursuant to the standard seven-year limitations period on August 18, 2022. (Dkt. No. 17 ("MTD") at 10–14.)

"New York courts have long recognized the fundamental principle that 'a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature.'" *Liberty Ins. Corp. v. Hudson Excess Ins. Co.*, 147 F.4th 249, 266 (2d Cir. 2025) (quoting *Majewski v. Broadalbin-Perth Centr. Sch. Dist.*, 91 N.Y.2d 577, 583 (1998)). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." *Majewski*, 91 N.Y.2d at 583; *see also Liberty Ins. Corp.*, 147 F.4th at 266.

5

The plain text of the 2022 amendment to the VGMVPL establishes that the revival provision applied only to claims that had expired prior to the amendment's passage on January 9, 2022.  The core of the revival provision states that "any civil claim or cause of action brought under [section 10-1104 of the VGMVPL] that is barred because the applicable period of limitation has expired is hereby revived."  N.Y.C. Admin. Code § 10-1105(a).  The statute's uses of the present tense "is barred," "has expired," and "is hereby revived"—especially in conjunction with the 2022 amendment's provision stating that the amendment "takes effect immediately" upon passage—make clear that the revival provision was intended to apply to claims that had already expired when the amendment was passed, not to all future claims that would expire at some later date.  This conclusion is buttressed by the statute's provision that revived claims "may be commenced not earlier than [March 1, 2023], and not later than [March 1, 2025]."  N.Y.C. Admin. Code § 10-1105(a).  This portion of the revival provision would be nonsensical if applied to all future claims pursuant to section 10-1104 of the VGMVPL, including those that would otherwise expire (or even accrue) after the close of the "look-back" window on March 1, 2025, but makes perfect sense if the revival provision applies only to claims that had already expired at the time the 2022 amendment was passed.

The conclusion that the 2022 amendment revived only claims that had already expired at the time of the amendment's passage is supported by other courts' decisions interpreting the VGMVPL and a similar revival provision in New York's Child Victims Act ("CVA").  *See Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 542–43 (2d Cir. 2024) (determining that the "plain meaning" of CVA provision stating that any expired claim based on child sexual abuse "is hereby revived" and that the Act took effect immediately "indicates that such revival occurred immediately, and without qualification, upon the enactment of the CVA"); *Friedman v. Bartell*, No. 22-cv-07630, 2024 WL 1076736, at *6 (S.D.N.Y. Mar. 12, 2024) (determining that CVA's revival provision "was for claims already time-barred as of" the date of the CVA's passage), *aff'd*, No. 24-756-cv, 2025 WL 1681607 (2d Cir. June 16, 2025); *Roldan v. Lewis*, No. 20-cv-03580, 2025 WL 676090, at *12 (E.D.N.Y. Mar. 3, 2025) (noting that "the Amended [VGMVPL] expressly provides for claim revival, but only as to 'any . . . claim . . . that is barred because the applicable period of limitation *has* expired'" and determining revival provision did not apply to plaintiff's claim that had not existed prior to the 2022 amendment (quoting N.Y.C. Admin. Code § 10-1105(a)) (ellipses and emphasis in original)).

The January 9, 2022 amendment to the VGMVPL thus did not revive Tantaros's then-unexpired section 10-1104 claim, so Tantaros's section 10-1104 claim is subject to the normal seven-year limitations period and expired on August 18, 2022, long before

6

this action was commenced.  Tantaros's February 27, 2025 original complaint against Brown asserting a claim pursuant to section 10-1104 is therefore untimely.

That is not the end of the analysis, however, because the result of the recent January 29, 2026 amendment to the VGMVPL is that Tantaros is able properly to assert an identical claim against Brown pursuant to the new section 10-1104.1.  As set forth above, Section 10-1104.1(a) provides a cause of action against "a party who commits . . . a crime of violence motivated by gender for which the alleged crime of violence motivated by gender occurred . . . after December 19, 2000 and before January 9, 2022."  Tantaros's claim against Brown is based on an alleged crime of violence motivated by gender that occurred on August 18, 2015, and thus falls within section 10-1104.1(a).  Section 10-1104.1(c) further provides that a plaintiff such as Tantaros "who brought a claim or cause of action [pursuant to section 10-1104 the VGMVPL] on or after March 1, 2023 but on or before March 1, 2025 that would satisfy the requirements of [section 10-1104.1(a)] may amend or refile such claim or cause of action to add a cause of action pursuant to [section 10-1104.1]."  Tantaros filed her claim pursuant to section 10-1104 between March 1, 2023, and March 1, 2025, so she falls within section 10-1104.1(c).  Finally, Tantaros may assert a claim pursuant to section 10-1104.1 consistent with the eighteen-month limitations provision of subsection (b).

Accordingly, the Court grants Brown's motion to dismiss Tantaros's claim pursuant to section 10-1104 of the VGMVPL because the claim is untimely without prejudice to Tantaros properly serving a summons and further amended complaint asserting a claim against Brown pursuant to section 10-1104.1 of the VGMVPL.

### B.  Service

Brown has also moved to dismiss Tantaros's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[4]  Tantaros has represented that she "served a true and correct copy of the Summons and Complaint via UPS Overnight Mail" on Brown at an address in Rye, New Hampshire, on May 23, 2025.  (Dkt. No. 14 at 3.)  She further states that "tracking and delivery confirmations

---

[4] Brown also asserts that, "[b]ecause service was improper, the Court has not acquired personal jurisdiction over Brown, and the claim should also be dismissed under Rule 12(b)(2)."  (MTD at 26.)  This contention is logically indistinguishable from Brown's contention that the claim should be dismissed pursuant to Rule 12(b)(5) due to insufficient service of process, so the Court's analysis of Brown's Rule 12(b)(5) motion disposes of his functionally identical Rule 12(b)(2) motion.  *See Tomney v. Int'l Cntr. for the Disabled*, No. 02-cv-2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003).

were received on May 24, 2025 at . . . 10:56 a.m." for the mailing to Brown.  (*Id.*)  This is not sufficient to demonstrate proper service of Brown.

Federal Rule of Civil Procedure 4(e) governs service of an individual within the United States.  Rule 4(e)(2) lays out a federal standard for such service and provides that service is proper when the plaintiff "deliver[s] a copy of the summons and of the complaint to the individual personally," "leave[s] a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "deliver[s] a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).

Here, Tantaros's claim that she mailed a copy of the summons and complaint to Brown by UPS Overnight Delivery satisfies none of these avenues for effectuating service on an individual pursuant to Rule 4(e)(2).

Rule 4(e) also permits service on an individual within the United States "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. (4)(e)(1).  In this case, Rule 4(e)(1) would permit Tantaros to serve Brown pursuant to New York or New Hampshire law.

N.Y. C.P.L.R. § 312-a(a) governs service of an individual by mail pursuant to New York law and permits service by sending "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [§ 312-a(d)], with a return envelope, postage prepaid, addressed to the sender."  Service pursuant to N.Y. C.P.L.R. § 312-a(a) is not deemed complete until the defendant "complete[s] the acknowledgement of receipt and mail[s] or deliver[s] one copy of it" to the sender.  N.Y. C.P.L.R. § 312-a(b).

Tantaros does not affirm that she mailed Brown "two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [§ 312-a(d)], with a return envelope, postage prepaid, addressed to the sender" by first-class mail in compliance with N.Y. C.P.L.R. § 312-a(a) or that she received an acknowledgement of receipt from Brown pursuant to N.Y. C.P.L.R. § 312-a(b).  Tantaros thus did not effectuate proper service pursuant to New York law.

New Hampshire law provides that process "shall be served by giving to the defendant or leaving at his abode an attested copy" of the process.  N.H. Rev. Stat. § 510:2.  While New Hampshire law permits service by mail (in conjunction with service upon the Secretary of State) in some circumstances for non-resident defendants, *see* N.H. Rev. Stat. § 510:4, "New Hampshire law does not permit service by mail on an

8

individual in that state," *Dorval v. Sapphire Vill. Condo Ass'n*, Civ. No. 2016-50, 2018 WL 2224050, at *4 (D.V.I. May 15, 2018).

Here, Brown is a resident of New Hampshire and Tantaros did not personally serve Brown or leave an attested copy of the process at Brown's abode. Tantaros therefore did not effectuate effective service on Brown pursuant to New Hampshire law. *See id.* (finding no effective service when plaintiff mailed a defendant residing in New Hampshire a summons and copy of the complaint).

Tantaros has therefore failed to serve Brown with the summons and complaint. Accordingly, the Court grants Brown's motion pursuant to Rule 12(b)(5) and dismisses the action against Brown without prejudice.

## III. CONCLUSION

Brown's motion to dismiss Tantaros's claim against him pursuant to section 10-1104 of the VGMVPL is granted because Tantaros failed to serve Brown properly. Tantaros may, however, amend her complaint to assert a claim against Brown pursuant to section 10-1104.1 of the VGMVPL. Accordingly, this action is dismissed against Brown without prejudice to Tantaros properly serving a summons and second amended complaint asserting a claim against Brown pursuant to section 10-1104.1 of the VGMVPL.

Dated: New York, New York
      March 27, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.