**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

ANDREA K. TANTAROS,

                                 Case No. 25-cv-01675 (SHS-VF)

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

_____

**PLAINTIFF'S MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)(1)**

1

**PRELIMINARY STATEMENT**

Plaintiff moves for relief from the Court's March 27, 2026 Order ("The Order") pursuant to Federal Rule of Civil Procedure 60(b)(1). This motion is appropriate where an order rests on a misapprehension of fact or law, or based on new facts not previously offered or a change in the law that would alter the prior decision.

Respectfully, this motion addresses two dispositive misapprehensions. One is factual and one is legal. (1) The Order states Plaintiff failed to serve Defendant Brown at any time, a premise that is contrary to evidence submitted in this motion; and (2) the Order characterizes Plaintiff's claim as untimely, although the claim was timely when filed and preserved under the governing statutory framework at the time of decision. The facts determine the procedural posture of the case and require renewal, added consideration for renewal and correction in the interest of justice.

**BACKGROUND**

A. Service, Notice, Participation, and Cure Upon Valid Summons Issuance Accompanying Amended Complaint

Plaintiff transmitted the first summons and original complaint via overnight delivery to Defendant's address, where delivery was received and signed for. (ECF No. 21) (See Exhibit 1 – "First Service of Original Complaint with Mailing Receipt, Tracking and Confirmation" Defendant Brown, through counsel, filed a Notice of Appearance establishing actual notice and initiating participation. (ECF No. 15 ). The Clerk of Court issued a new summons to correspond with the filing of Plaintiff's Amended Complaint on June 10, 2026 (ECF No. 13). Plaintiff effected corrective, cured service via U.S. Certified Mail under CPLR 312a(a) to Defendant Brown at his abode where documents under CPLR 312(a) were signed for, and Defendant's authorized counsel, Richard Edlin at Greenberg Traurig, LLP. See Exhibit 2 - "USPS Certified

Mail Receipts and Delivery Confirmations".

Service was directed to both Defendant and Defendant's counsel of record on July 16, 2025, within the 120-day window to serve the defendant with the Amended Complaint, valid Summons, Statement of Service and pre-paid envelope for return of statement with delivery confirmation.

Defendant Brown's counsel filed submissions and engaged in motion practice prior to dismissal without prejudice. Under CPLR 306-b, if service is not perfected but an attempt was made, the court must grant an extension of time to serve "in the interest of justice."

B. The Court's Order

The Order states that Plaintiff failed to serve Defendant at any time and characterizes Plaintiff's claim as untimely. (ECF No. 130).

**ARGUMENT**

I. A Motion for Relief Is Warranted Under Rule 60(b)(1)

Relief is warranted where an order rests on a misapprehension of fact or law, or based on new facts not previously offered or a change in the law that would alter the prior decision. This Court has broad discretion in the interest of justice to grant relief based on newly discovered evidence, mistake, or inadvertence. An order based on a premise not supported by the record and new, supporting evidence or not aligned with governing law requires renewed scrutiny and relief.

II. Supporting Evidence Demonstrates That Plaintiff Timely Served Defendant With New Summons Issued for the Amended Complaint

The record establishes delivery and receipt of the summons and complaint, immediate notice through counsel's appearance, corrective service, and continued participation by Defendant's counsel. (ECF Nos. 15, 16, 17, 25, 26).

However, Plaintiff filed an Amended Complaint on May 28, 2026 (ECF No. 10)

3

requiring a new Summons to be issued by the Court. This rendered the original complaint and summons moot and prompting Plaintiff to reserve the valid summons issued on June 10, 2026 to be re-served on Defendant Brown. Counsel for Brown filed a Motion to Dismiss predicated upon alleged defective service prior to Plaintiff timely re-serving Defendant Brown to both cure any issue of service defects and establish service with the valid summons.

These facts establish that timely and proper service-related actions occurred with diligence and Defendant participated prior to dismissal. The premise that service was not effected at any time is not supported by the evidence of cured service on July 16, 2025.

III. New Facts And Evidence Demonstrate Diligence in Proper Service

Because the Court relied on a premise not supported by the record, it did not apply Rule 4(m). The record establishes notice, diligence, and participation. (ECF No. 21). These facts require additional Rule 4(m) analysis and scrutiny as reasonable justification demonstrates Plaintiff followed the "safe harbor" logic of CPLR 306-b realizing there could be a potential defect in service and proactively curing any potential issue as the issue was not ripe until after Defendant Brown's Motion to Dismiss the first complaint was filed. Even if the first attempt at service was contested, the second attempt fell well within the statutory framework of the law and standard litigation practice when a new summons or valid instrument for service is issued by the Court. Further, a second attempt to an authorized agent such as Defendant's counsel was Integral as the Clerk of Court issued a new Summons in conjunction with the filing of Plaintiff's Amended Complaint.

IV. The Characterization of the Claim as Untimely Necessitates Correction

Plaintiff timely filed her claim on February 27, 2025 within the operative window of the New York City Gender-Motivated Violence Act. (ECF No. 1).

As the Court noted in its Order, "On January 29, 2026, New York City took a major step forward for survivors of gender-based violence with the passage of Bill 1297-A, which amends the city's Gender-Motivated Violence Act ("GMVA"). The NYC Council passed Bill 1297-A unanimously (48-0) in November 2025, and after then-Mayor Adams vetoed the legislation, the Council overrode the veto on January 29, 2026. The amendment significantly expands survivors' rights by reviving previously expired claims until July 2027 and allowing institutions to face increased accountability for enabling gender-based violence. The civil window runs from January 29, 2026 (the date the amendment was enacted) through July 29, 2027. This new window applies to claims arising before January 9, 2022, including claims originating before the GMVA's enactment in December 2000." (See Order of March 27, 2026). "New York courts have long recognized the fundamental principle that 'a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature.'" *Liberty Ins. Corp. v. Hudson Excess Ins. Co.*, 147 F.4th 249, 266 (2d Cir. 2025) (quoting *Majewski v. Broadalbin-Perth Centr. Sch. Dist.,* 91 N.Y.2d 577, 583 (1998)). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." *Majewski*, 91 N.Y.2d at 583; see also *Liberty Ins. Corp.,* 147 F.4th at 266."

The January 29, 2026 amendment provides in no uncertain terms that it "takes effect immediately."[1] N.Y.C.L.L. 2026/50 § 3. The claim was timely when filed and remains preserved under the governing statute.

In interpreting the well-settled precedent that courts should effectuate the intent of

---

[1] On April 23, 2026, The United States Second Circuit Court of Appeals certified a question in *Parker vs. Alexander* to the New York Court of Appeals to determine issues of revival windows and preemption.

the legislature, courts should closely examine their clearly stated intent. Given the unanimous support of the full legislature in a 48-0 vote, ensuring cases involving claims under the GMVA are not dismissed by 'technicalities' is making adjudication on the merits and removing any defense of a time-barred claim the primary purpose of the amendment. Access to justice in cases involving gender-based claims was made easier on Plaintiffs, not increasingly more difficult.

New York City Councilwoman Majority Whip Selvena N. Brooks-Powers, a well-respected, accomplished attorney and the Act's key sponsor makes clear that the amendment, effective immediately, to New York legal system's history of hiding behind technicalities or loopholes, diluting, twisting or misapprehending the law, resulting in case dismissal, rather than on merits based arguments rooted in justice and supported by facts and evidence are the impetus for this immediate legislative change.

"Intro 1297 is about restoring justice to survivors who were promised a fair chance to be heard. A single court decision should not be allowed to erase hundreds of cases or shield powerful institutions from accountability.

"With this legislation, we are reopening a clear pathway for survivors to pursue justice and reaffirming that institutions that enabled abuse will not be allowed to hide behind technicalities. The New York City Council has a responsibility to protect survivors *and ensure our laws cannot be weakened by ambiguity or technical loopholes,*" said Powers.

"Intro. 1297 restores the full promise of the Gender-Motivated Violence Act and makes clear that no institution is above accountability".

V. Relief Sought

Plaintiff respectfully requests that the Court grant relief in the form of correcting the service finding, or in the alternative, allow for Plaintiff to re-serve with a reasonable extension in

the interest of justice, clarify timeliness of Plaintiff's claim under the current law, and vacate dismissal without prejudice in the interest of justice.

**CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully seeks review under Rule 60(b)(1) where a misapprehension of fact or law has occurred, or based on factual supporting evidence not previously offered or a change in the law that would alter the prior decision, and / or on a premise not supported by law, and a legal characterization inconsistent with governing law.

Most respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros
302A West 12th Street
Suite 120
New York, NY 10014
917.923.5160

7