## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

ANDREA K. TANTAROS,

*Plaintiff*,

v.

FOX NEWS NETWORK, LLC, FOX
CORPORATION, JOHN FINLEY,
SCOTT BROWN, SUZANNE SCOTT,
WILLIAM SHINE, THE ESTATE OF ROGER AILES.

*Defendants*.

_____

Case No. 25-cv-01675 (SHS-VF)

### DECLARATION IN SUPPORT OF MOTION RULE 60(b)(1) MOTION

I, Andrea K. Tantaros, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I submit this Declaration in support of my motion for relief from the Court's March 27, 2026 Order (ECF No. 130) pursuant to Rule 60(b)(1).
2. This motion is warranted where an order rests on a misapprehension of fact or law, or where new facts or a change in law would alter the prior decision.
3. The Order rests on two dispositive misapprehensions:

   a. The finding that Plaintiff failed to serve Defendant Brown at any time; and

   b. The characterization of Plaintiff's claim as untimely.

4. Both determinations are inconsistent with the record and governing law.

Plaintiff transmitted the original summons and complaint via overnight delivery to Defendant Scott Brown, which was received and signed for. (ECF No. 21; Ex. 1)

5. Defendant, through counsel, filed a Notice of Appearance, establishing actual notice and initiating participation. (ECF No. 15)

6. Plaintiff filed an Amended Complaint on May 28, 2026. (ECF No. 10)
7. The Clerk issued a new Summons corresponding to the Amended Complaint on June 10, 2026. (ECF No. 13)
8. Plaintiff effected service of the Amended Complaint and valid Summons via U.S. Certified Mail pursuant to CPLR 312-a(a) on July 16, 2025, directed to:

   a. Defendant Scott Brown at his residence; and

   b. Defendant's counsel, Richard Edlin, Greenberg Traurig, LLP.

   (See Ex. 2)

9. Service included all required materials under CPLR 312-a, including acknowledgment forms and prepaid return envelope.
10. Delivery confirmations establish receipt of these materials. (Ex. 2)
11. Defendant's counsel filed submissions and engaged in motion practice prior to dismissal. (ECF Nos. 15, 16, 17, 25, 26)

Plaintiff filed this action on February 27, 2025. (ECF No. 1)

13. This filing fell within the operative revival window of the New York City Gender-Motivated Violence Act ("GMVA").
14. On January 29, 2026, the New York City Council enacted an amendment to the GMVA (N.Y.C. L.L. 2026/50), effective immediately.
15. Section 10-1104.1(c) provides:


17. Plaintiff's claim falls squarely within this statutory provision.
18. The claim was timely when filed and remains preserved under the governing statutory framework.

19. The Court recognized that the 2026 amendment significantly expanded survivors' rights and revived claims through July 2027. (ECF No. 130)
20. New York law requires courts to effectuate legislative intent.

21. The legislative intent underlying the amendment is to ensure adjudication on the merits and eliminate dismissal based on technicalities.

22. The record establishes:

   a. Actual notice to Defendant;

   b. Participation by Defendant's counsel;

   c. Timely corrective service; and

    d. Compliance with statutory service frameworks.

23. The finding that Plaintiff failed to serve Defendant "at any time" is inconsistent with these facts.
24. The characterization of the claim as untimely is inconsistent with the statutory framework in effect at the time of decision.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: April 27, 2026

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros

302A West 12th  Street

120

New York, New York 10014

917.923.5160

andreanaktantaros@tutanota.com