**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA K. TANTAROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOX NEWS NETWORK, LLC, FOX<br>CORPORATION, ROGER AILES,<br>WILLIAM SHINE, JOHN FINLEY,<br>SCOTT BROWN, and SUZANNE SCOTT,<br><br>　　　　　Defendants. | Case No. 25-cv-01675 (SHS)<br><br>Hon. Sidney H. Stein |

**DEFENDANT SCOTT BROWN'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(B)(1)**

# TABLE OF CONTENTS

Preliminary Statement.................................................................................................................1

Background...................................................................................................................................1

      A.    Tantaros Commences This Action and Mails Process to Brown.................1
      B.    Brown Moves to Dismiss and the Motion Is Fully Briefed.........................2
      C.    Tantaros Mails Additional Process to Brown ..............................................2
      D.    Tantaros Files a Sur-Reply and Brown Moves to Strike ............................2
      E.    The Court Grants Brown's Motions .............................................................3
      F.    Tantaros Seeks Relief Under Rule 60(b)(1)..................................................4

Argument .....................................................................................................................................4

      I.    Standard of Review.........................................................................................4
      II.    Tantaros's Service Argument Fails Because She Did Not Raise It Prior to Dismissal..........................................................................................................5
      III.    The Court Correctly Held That Tantaros Failed to Serve Brown...........7
      IV.    The Court Correctly Held That the VGMVPL Claim Is Untimely .........9

Conclusion ...................................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Azkour v. Little Rest Twelve*,
No. 10-cv-4132, 2017 WL 1609125 (S.D.N.Y. Apr. 28, 2017) ................................................5

*In re Bulk Oil (USA) Inc.*,
No. 93-cv-4492, 2007 WL 1121739 (S.D.N.Y. Apr. 11, 2007) ................................................5

*Cong. Fin. Corp. v. John Morrell & Co.*,
No. 90-cv-7191, 1992 WL 135581 (S.D.N.Y. June 4, 1992) ....................................................6

*Golub v. Berdon LLP*,
No. 19-cv-10309, 2023 WL 5048118 (S.D.N.Y. Aug. 8, 2023)................................................8

*Hines v. Roc-A-Fella Recs., LLC*,
No. 19-cv-4587, 2020 WL 1888832 (S.D.N.Y. Apr. 16, 2020) ...............................................7

*J.G. ex rel. J.G. v. Bd. of Educ. of Briarcliff Manor Union Free Sch. Dist.*,
No. 07-cv-7245, 2008 WL 3843523 (S.D.N.Y. Aug. 14, 2008)...............................................7

*King v. Keyser*,
No. 18-cv-11301, 2020 WL 4742918 (S.D.N.Y. June 8, 2020) ...............................................5

*Leeber Realty LLC v. Trustco Bank*,
No. 17-cv-2934, 2019 WL 498253 (S.D.N.Y. Feb. 8, 2019), *aff'd*, 798 F.
App'x 682 (2d Cir. 2019) .........................................................................................................5, 6

*Motorola Credit Corp. v. Uzan*,
561 F.3d 123 (2d Cir. 2009)..........................................................................................................4

*Munn v. APF Mgmt. Co.*,
No. 19-cv-10791, 2021 WL 2355308 (S.D.N.Y. June 9, 2021) ...........................................5, 6

*Rai v. WB Imico Lexington Fee, LLC*,
No. 09-cv-9586, 2017 WL 4350567 (S.D.N.Y. June 28, 2017) ...............................................5

*Rowe v. Cenlar FSB*,
No. 19-cv-07278, 2022 WL 3682302 (E.D.N.Y. Aug. 25, 2022, *aff'd*, No. 22-
1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023)......................................................................8

*Toppin v. Cnty. of Nassau*,
828 F. App'x 19 (2d Cir. 2020) ....................................................................................................4

*United States v. Cirami*,
563 F.2d 26 (2d Cir.1977).........................................................................................................5, 6

*United States v. Int'l Bhd. of Teamsters*,
247 F.3d 370 (2d Cir. 2001).......................................................................................................4, 5

*Westport Ins. Corp. v. Goldberger & Dubin, P.C.*,
255 F. App'x 593 (2d Cir. 2007) .................................................................................................5

*Wiltshire v. Williams*,
  No. 10-cv 6947, 2013 WL 4519165 (S.D.N.Y. Aug. 26, 2013)..................................................6

**Federal Rules**

Fed. R. Civ. P. 60(b) ...................................................................................................... *passim*

**State Statutes and Rules**

N.Y. Admin. Code § 10-1104....................................................................................................1, 9
N.Y. C.P.L.R. § 306-b ..................................................................................................................7
N.Y. C.P.L.R. § 312-a....................................................................................................................4, 8

Defendant Scott Brown respectfully submits this memorandum of law in opposition to plaintiff Andrea K. Tantaros's Rule 60(b)(1) motion for relief from the Court's order dismissing the amended complaint against Brown without prejudice (the "Motion").[1]

## PRELIMINARY STATEMENT

In a well-reasoned order, the Court dismissed Tantaros's single claim against Brown without prejudice. The order correctly held that Tantaros failed to serve Brown and that the claim, asserted under a New York City law, was untimely. The order also analyzed a recent amendment to the law and discussed its effect on this case. Tantaros now seeks relief from the order, arguing that it rests on two "misapprehensions." Tantaros argues that, as a factual matter, she served Brown, and that her claim was timely as a matter of law. But Tantaros fails to identify any factual or legal error in the order, much less any that would warrant extraordinary relief under Rule 60(b)(1). The challenged rulings were correct. Tantaros's motion should be denied.

## BACKGROUND

### A.    Tantaros Commences This Action and Mails Process to Brown

Tantaros filed this action on February 27, 2025.[2] The complaint asserted a claim against Brown under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"),[3] a New York City law codified at NYC Admin. Code. § 10-1101 *et seq*. On May 23, 2025, shortly before the 90-day service window expired, Tantaros mailed the summons and complaint to Brown's New Hampshire residence.[4] On May 28, 2025, Tantaros amended the complaint.[5]

---

[1] Motion, ECF No. 131; *see* Opinion & Order dated Mar. 27, 2026 ("Dismissal Order" or "Order"), ECF No. 130.

[2] Complaint, ECF No. 1.

[3] *Id.* ¶ 37. Brown's prior briefing referred to this statute as the GMVA. Following the Dismissal Order, this brief refers to it as the VGMVPL. *See* Dismissal Order 1, ECF No. 130.

[4] Affidavit of Service ¶ 9, ECF No. 14.

[5] Amended Complaint, ECF No. 10.

1

**B.      Brown Moves to Dismiss and the Motion Is Fully Briefed**

Brown moved to dismiss on June 26, 2025, arguing that Tantaros had failed to effect service and that the VGMVPL claim was untimely.[6] Tantaros opposed on July 10, 2025.[7] Tantaros asserted that the May 2025 mailing was good service and that Brown had actual notice of the action.[8] Tantaros also argued that the VGMVPL claim was timely based on a 2022 amendment that revived certain claims.[9] On July 21, 2025, Brown filed his reply brief.[10]

**C.      Tantaros Mails Additional Process to Brown**

About a week before Brown replied, Tantaros purportedly mailed the summons and amended complaint to Brown and Brown's counsel of record via USPS Certified First Class Mail.[11] The exact date is unclear; Tantaros has said it was both July 13 and July 16.[12] At that time, Tantaros did not file an affidavit of service or otherwise notify the Court of this new effort.

**D.      Tantaros Files a Sur-Reply and Brown Moves to Strike**

On August 8, 2025, Tantaros filed a brief styled as an opposition to Brown's supposed "supplemental motion to dismiss" with a supporting declaration[13] In reality, the brief was an unauthorized sur-reply, which reiterated Tantaros's service and timeliness arguments.[14] While Tantaros's service contentions relied mainly on the May 2025 mailing, Tantaros for the first time

---

[6] Memorandum of Law in Support of Defendant Scott Brown's Motion to Dismiss ("Brown MTD Mem.") 16–19, 9–14, ECF No. 17.

[7] Plaintiff's Memorandum of Law in Opposition to Defendant Scot Brown's Motion to Dismiss ("Tantaros MTD Opp."), ECF No. 20.

[8] *Id.* at 12–13.

[9] *Id.* at 11–12.

[10] Reply Memorandum of Law in Further Support of Defendant Scott Brown's Motion to Dismiss ("Brown MTD Reply"), ECF No. 25.

[11] Declaration of Andrea K. Tantaros dated Aug. 8, 2025 ("Tantaros Decl.") ¶ 6, ECF No. 37.

[12] Plaintiff's Opposition to Defendant Scott Brown's Supplemental Motion to Dismiss ("Tantaros MTD Sur-Reply") 8, ECF No. 36; Tantaros Decl.  ¶ 6, ECF No. 37; Motion 3, ECF No. 131.

[13] Tantaros MTD Sur-Reply, ECF No. 36; Tantaros Decl. ¶ 1, ECF No. 37.

[14] Tantaros MTD Sur-Reply 7–8, 5–7, ECF No. 36.

referred to the July 2025 mailing of the amended complaint, which she argued "further bolster[ed] good-faith service."[15]

Brown filed a letter-motion to strike the sur-reply.[16] In the alternative, Brown sought leave to file a propose responsive brief, which Brown attached to the letter-motion.[17] The proposed response argued that the July 2025 service effort was invalid for the same reason the May 2025 effort was invalid: service by mail is ineffective.[18]

### E.    The Court Grants Brown's Motions

On March 27, 2026, the Court granted Brown's motions in two orders.

The first order struck the sur-reply.[19] The order also identified inaccurate and non-existent citations in Tantaros's papers and warned that further false citations may support sanctions.[20]

The second order—the Dismissal Order—granted Brown's motion to dismiss.[21] The Dismissal Order held that Tantaros had failed to serve Brown and that Tantaros's VGMVPL claim was untimely.[22] On service, the Order ruled that service by mail is not authorized by federal law or by New Hampshire law.[23] The order further ruled that, although New York law permits service by mail in certain circumstances, Tantaros had not fulfilled the procedural requirements, which include receipt of an acknowledgement of service from the defendant.[24] The Order further held that Tantaros's claim was untimely and was not revived by a 2022 amendment to the VGMVPL.[25]

---

[15] *Id.* at 8; *see* Tantaros Decl. ¶ 6, ECF No. 37.

[16] Letter-Motion to Strike, ECF No. 38.

[17] *Id.*

[18] Defendant Scott Brown's [Proposed] Response to Plaintiff Andrea K. Tantaros's Sur-Reply 4, ECF No. 38-1.

[19] Order dated Mar. 27, 2026, at 1, ECF No. 129.

[20] *Id.* at 1–2.

[21] Dismissal Order, ECF No. 130.

[22] *Id.* at 7–9, 3–7.

[23] *Id.* at 8–9.

[24] *Id.* at 8.

[25] *Id.* at 3–7.

The Order also considered a 2026 amendment and its impact on this case.[26] The Court dismissed the complaint against Brown without prejudice.[27]

### F.    Tantaros Seeks Relief Under Rule 60(b)(1)

On April 27 and 28, 2026, Tantaros filed the Motion. She argues that the Dismissal Order rests on "two dispositive misapprehensions," one factual and one legal, and seeks relief under Rule 60(b)(1).[28] The asserted factual error is that Tantaros "failed to serve Defendant Brown at any time."[29] Although Tantaros in part relies on the May 2025 mailing, her main contention is that the July 2025 mailing "cured" any service defect.[30] Tantaros submitted a declaration asserting that the July 2025 service effort "included all required materials under CPLR 312-a, including acknowledgement forms and prepaid return envelope."[31] It does not claim that Tantaros received the acknowledgement from Brown. The claimed legal error is that the VGMVPL claim is untimely, which Tantaros asserts is incorrect in light of a 2026 statutory amendment.[32]

## ARGUMENT

### I.    Standard of Review

"Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citations and quotation omitted). Rule 60(b) motions are "generally not favored." *Toppin v. Cnty. of Nassau*, 828 F. App'x 19, 22 (2d Cir. 2020) (summary order) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370,

---

[26] *Id.* at 3–7.
[27] *Id.* at 9.
[28] Motion 2, ECF No. 131.
[29] *Id.*
[30] *Id.*
[31] Declaration in Support of Motion Rule 60(b)(1) Motion ("Rule 60(b) Decl.") ¶ 9, ECF No. 133.
[32] Motion 4–7, ECF No. 131.

391 (2d Cir. 2001)). "The burden of proof is on the party seeking relief from judgment." *Id.* (quoting *Int'l Bhd. of Teamsters*, 247 F.3d at 391). "The movant must adduce 'highly convincing material' in support of the motion." *Leeber Realty LLC v. Trustco Bank*, No. 17-cv-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977)), *aff'd*, 798 F. App'x 682 (2d Cir. 2019) (summary order).

Rule 60(b)(1), the provision Tantaros invokes, provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This provision "is available for a district court to correct legal errors, such as when the judge has made a substantive mistake of law or fact, or overlooked certain parties' arguments or evidence in the record." *King v. Keyser*, No. 18-cv-11301, 2020 WL 4742918, at *1 (S.D.N.Y. June 8, 2020) (quoting *Rai v. WB Imico Lexington Fee, LLC*, No. 09-cv-9586, 2017 WL 4350567, at *2 (S.D.N.Y. June 28, 2017)). The rule does "not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Azkour v. Little Rest Twelve*, No. 10-cv-4132, 2017 WL 1609125, at *7 (S.D.N.Y. Apr. 28, 2017) (quoting *In re Bulk Oil (USA) Inc.*, No. 93-cv-4492, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)).

## II.    Tantaros's Service Argument Fails Because She Did Not Raise It Prior to Dismissal

Contrary to Tantaros's argument, the Court did not "misapprehend" Tantaros's subsequent service efforts because Tantaros failed to properly raise them prior to the Dismissal Order.

A litigant cannot obtain relief under Rule 60(b) by relying on arguments or evidence that was available before the entry of the challenged order. *See Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007) (summary order) ("New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief."); *Munn v. APF Mgmt. Co.*, No. 19-cv-10791, 2021 WL 2355308,

5

at *3 (S.D.N.Y. June 9, 2021) ("The Court could not have overlooked this issue when it decided Defendants' motions to dismiss, because Plaintiff never raised it when arguing against dismissal."); *Leeber Realty*, 2019 WL 498253, at *5 ("[A] defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." (ellipsis omitted) (quoting *Cong. Fin. Corp. v. John Morrell & Co.*, No. 90-cv-7191, 1992 WL 135581, at *2 (S.D.N.Y. June 4, 1992))). As the Second Circuit long ago explained, "courts should not encourage the reopening of final judgment or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case." *Wiltshire v. Williams*, No. 10-cv 6947, 2013 WL 4519165, at *2 (S.D.N.Y. Aug. 26, 2013) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)).

Here, the Court did not overlook Tantaros's evidence of cured service because Tantaros never properly raised it before the entry of the Order. Tantaros's argument that she "cured" prior service defects has been available to her since July 2025, when she allegedly mailed process to Brown and Brown's counsel.[33] Tantaros had more than eight months to properly submit evidence of the new mailing and assert her cured service argument. She could have, for example, filed proof of service and a letter explaining its ostensible significance or seeking leave to file a supplemental brief. Tantaros instead rested on her argument that the May 2025 service was proper. Even Tantaros's unauthorized (and properly stricken) sur-reply, filed after the July 2025 mailing, did not argue that the subsequent mailing cured prior service efforts. Instead, Tantaros argued that the May 2025 mailing was good service and argued that the July 2025 mailing "further bolster[ed] good-faith service."[34]

---

[33] Tantaros MTD Sur-Reply 8, ECF No. 36; Tantaros Decl. ¶ 6, ECF No. 37; Motion 2–3, ECF No. 131.

[34] Tantaros MTD Sur-Reply 8, ECF No. 36; *see* Tantaros Decl. ¶ 6, ECF No. 37.

In sum, Tantaros was required to raise the July 2025 mailing and her cured service argument before her claim was dismissed. She did not, and Rule 60(b) relief should be denied.

## III. The Court Correctly Held That Tantaros Failed to Serve Brown

Assuming *arguendo* that Tantaros's service argument is cognizable under Rule 60(b), it is meritless. The crux of the argument is that Tantaros "cured" defects in the May 2025 service by mailing the summons and amended complaint to Brown and his counsel in July 2025, which, she claims, was within the 120-day period for serving the amended complaint.[35]

*First*, "the filing of an amended complaint does not restart the ninety day clock for service under Rule 4(m)." *Hines v. Roc-A-Fella Recs., LLC*, No. 19-cv-4587, 2020 WL 1888832, at *2 n.6 (S.D.N.Y. Apr. 16, 2020) (brackets, ellipsis, and internal quotation marks omitted). Tantaros filed the complaint on February 27, 2025, and the 90-day service window closed on May 28, 2025.[36] The July 2025 mailing was therefore out of time. Tantaros's contrary argument (including the 120-day service window) mistakenly relies on a New York state rule governing the time to serve.[37] "[F]ederal courts apply Rule 4(m) to govern the period of time required to serve process." *J.G. ex rel. J.G. v. Bd. of Educ. of Briarcliff Manor Union Free Sch. Dist.*, No. 07-cv-7245, 2008 WL 3843523, at *4 (S.D.N.Y. Aug. 14, 2008).

*Second*, and more fundamentally, the July 2025 mailing is bad service for the same reasons the May 2025 mailing was bad service. As the Dismissal Order correctly ruled, service by mail is improper under federal law and New Hampshire law, and it is effective under New York law only if the plaintiff satisfies certain procedural requirements.[38] As relevant here, service by mail "is not deemed complete until the defendant 'complete[s] the acknowledgement of receipt and mail[s] or

---

[35] Motion 3–4, ECF No. 131.
[36] Complaint, ECF No. 1.
[37] Motion 4 (citing N.Y. C.P.L.R. § 306-b), ECF No. 131.
[38] Dismissal Order 8–9, ECF No. 130.

deliver[s] one copy of it' to the sender."[39] As Brown observed in the motion to dismiss,[40] that feature of New York law makes service by mail a "risky enterprise." Vincent C. Alexander, Practice Commentary, N.Y. C.P.L.R. § 312-a. Tantaros does not (and cannot) dispute the Court's analysis of the governing service provisions, instead claiming that the July 2025 mailing satisfied New York law. But her papers show otherwise. Although Tantaros claims that the July 2025 mailing included the required materials, she does not assert that Brown completed and returned the acknowledgement form or submit any evidence that he did.[41] The July 2025 mailing was therefore ineffective.

*Third*, insofar as Tantaros's service arguments rely on the May 2025 mailing and Brown's actual notice of the action, she has identified no mistake of fact or law in the well-reasoned Dismissal Order. Any such challenge therefore fails. *See Rowe v. Cenlar FSB*, No. 19-cv-07278, 2022 WL 3682302, at *5 (E.D.N.Y. Aug. 25, 2022) (denying Rule 60(b)(1) relief where "plaintiff's new filings do not allege any additional facts in support of his claims, but rather attempt to relitigate the same argument that the Court already disposed of in its prior Order."), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023) (summary order); *Golub v. Berdon LLP*, No. 19-cv-10309, 2023 WL 5048118, at *3 (S.D.N.Y. Aug. 8, 2023) (denying motion where Plaintiff sought to simply "rehash[] [her] legal and factual arguments in connection with [her] dismissed

---

[39] *Id.* at 8 (quoting N.Y. C.P.L.R. § 312-a(b)); *see also* N.Y. C.P.L.R. § 312-a(d) (specifying form for the acknowledgement of receipt).

[40] Brown MTD Mem. 18, ECF No. 17.

[41] *See generally* Rule 60(b) Decl. ¶¶ 8–11, ECF No. 133; *see also* Motion, Exs. A and B, ECF Nos. 131-1 and 131-2.

claims."). Tantaros made the same arguments at the motion to dismiss stage and Brown showed that both are unavailing.[42] Tantaros's bid to relitigate these issues must be rejected.

## IV.    The Court Correctly Held That the VGMVPL Claim Is Untimely

The Court should also reject Tantaros's argument that her VGMVPL claim was timely as asserted. The Order correctly ruled that Tantaros's claim, asserted under Section 10-1104 of the VGMVPL, expired in August 2022 and was not revived by a January 2022 amendment because it was still live at that time.[43] Insofar as Tantaros challenges that holding, she identifies no legal error in the analysis. Tantaros's reliance on a 2026 amendment to the VGMVPL is misplaced. The Dismissal Order discusses the 2026 amendment in detail, explains its import for this case, and affords its benefits to the plaintiff.[44] Tantaros identifies no error in that analysis, and there is nothing for the Court to "clarify." Accordingly, relief under Rule 60(b)(1) should be denied.

**CONCLUSION**

The Court should deny extraordinary relief under Rule 60(b)(1).

Dated: May 11, 2026
      New York, New York            Respectfully submitted,

                              **GREENBERG TRAURIG, LLP**

                              By: /s/ *Richard A. Edlin*
                                      Richard A. Edlin
                                      One Vanderbilt Avenue
                                      New York, NY 10017
                                      (212) 801-9200
                                      edlinr@gtlaw.com

                              *Attorneys for Defendant Scott Brown*

---

[42] *Compare* Brown MTD Mem. 16–19, ECF No. 17 (showing that service by mail failed), *with* Tantaros MTD Opp. 12–13, ECF No. 20 (relying on the May 2025 mailing and arguing actual notice), *and* ECF Brown MTD Reply 4–6, ECF No. 25 (rebutting these contentions).
[43] Dismissal Order 5–7, ECF No. 130.
[44] *Id.* at 8.

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that this document complies with Rule 7.1(c)'s word count limit because it contains 2,786 words, excluding the sections exempted by Rule 7.1(c). In making this certification, I relied on the word count of the word-processing program used to prepare this document.

/s/ *Richard A. Edlin*
Richard A. Edlin