UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA K. TANTAROS,

Plaintiff,

-v-

FOX NEWS NETWORK, LLC, FOX CORPORATION, INC., ROGER AILES, WILLIAM SHINE, JOHN FINLEY, SCOTT BROWN, and SUZANNE SCOTT,

Defendants.

25-cv-1675 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Andrea K. Tantaros requests relief from the Court's March 27, 2026 Opinion and Order, *Tantaros v. Fox News Network, LLC*, No. 25-cv-1675, 2026 WL 852744 (S.D.N.Y. Mar. 27, 2026), dismissing her claim against defendant Scott Brown. (Dkt. Nos. 131, 132.)

Although Tantaros designates her motion as seeking relief from a final order pursuant to Federal Rule of Civil Procedure 60(b)(1), that rule is not the appropriate avenue by which to seek relief from the Court's March 27, 2026 decision. That decision is a non-final order because it does not "conclusively determine[] all pending claims of all the parties to th[is] litigation." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008); *see Wallace v. Morse*, No. 25-1129, 2025 WL 3083068, at *1 (2d Cir. Oct. 1, 2025) (noting that "an order dismissing some, but not all, defendants from an action" is not an appealable final order). Accordingly, and in light of Tantaros's *pro se* status, the Court construes Tantaros's motion liberally to be a request for reconsideration of the Court's March 27, 2026 decision. *See United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

The U.S. Court of Appeals for the Second Circuit has stated that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Alternately, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, No. 14-cv-712, 2026 WL 1256402, at *2 (S.D.N.Y. May 7, 2026) (citation omitted).

Tantaros does not meet the demanding standard to warrant reconsideration. Tantaros contends that the Court made an error of fact in finding that Tantaros had failed to serve Brown properly and an error of law in concluding that Tantaros's claim against Brown was untimely. (*See* Dkt. No. 131 at 2.) These are simply attempts at "second bite[s] at the apple," *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted), on issues Tantaros argued thoroughly in opposition to Brown's motion to dismiss and on which the Court ruled against Tantaros. The suggestion in Tantaros's reply brief (Dkt. No. 135 at 1) that reconsideration is warranted "because the Court's conclusion that dismissal would not prejudice [Tantaros] rested upon an incomplete assessment of the legal and practical consequences" of the dismissal of Tantaros's claim is similarly unavailing, particularly because the Court's March 27, 2026 decision was based on no such conclusion. The Court's dismissal of Tantaros's claim against Brown was "without prejudice" to Tantaros asserting a claim pursuant to the newly created section 10-1104.1 of the New York City Victims of Gender-Motivated Violence Protection Law. *See Tantaros*, 2026 WL 852744, at * 1, *2 n.2, *4–5, *6.

For the foregoing reasons, Tantaros's request for reconsideration of the Court's March 27, 2026 Opinion and Order is denied.

Dated: New York, New York
July 27, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.