UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA K. TANTAROS,

Plaintiff,

-v-

FOX NEWS NETWORK, LLC, FOX
CORPORATION, INC., ROGER AILES,
WILLIAM SHINE, JOHN FINLEY, SCOTT
BROWN, and SUZANNE SCOTT,

Defendants.

25-cv-1675 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Before the Court are petitions to confirm an arbitration award in their favor by Fox[1] (Dkt. No. 40 ("Fox Petition")) and William Shine (Dkt. No. 64 ("Shine Petition")) and a petition to vacate the same award by plaintiff Andrea K. Tantaros.[2] The Court reserves decision on the petitions to confirm the arbitration award as well as the petition to vacate the arbitration award and stays further proceedings until the U.S. Court of Appeals for the Second Circuit resolves a related appeal.

I.  BACKGROUND

The motions before the Court spring from an arbitration conducted by the American Arbitration Association ("AAA") beginning in 2016. That arbitration involved claims by Tantaros against Fox and Shine alleging sexual harassment, retaliation, and tortious interference with a business expectancy and claims by Fox alleging breach of contract by Tantaros. (Fox Petition ¶ 3; Shine Petition ¶ 3.)

---

[1] In this Order, "Fox" refers to petitioners Fox News Network LLC, Diane Brandi, Irena Briganti, and Suzanne Scott.

[2] The Court construes Tantaros's motions to strike and dismiss the Fox and Shine Petitions (Dkt. Nos. 60, 89) as a petition to vacate the award. *Cf. Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) (construing a motion to dismiss a petition to vacate an arbitration award as a petition to confirm the award).

Because Tantaros is proceeding *pro se*, the Court construes her pleadings liberally. *See, e.g.*, *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020). Given the plethora of filings by Tantaros, the Court issues this Memorandum Order to summarize and simplify the relevant prior proceedings in this multi-forum dispute.

In February 2025, Tantaros filed a petition to stay the AAA arbitration, which was assigned to Judge Vernon S. Broderick. (*Tantaros v. Fox News Network, LLC*, No. 25-cv-961 (VSB), Dkt. No. 1 (S.D.N.Y. Feb. 3, 2025).) Shortly thereafter, the AAA panel issued what it titled an "Interim Award" dismissing Tantaros's claims with prejudice (the "February 2025 Arbitration Award"). Because Tantaros's petition to stay the arbitration had challenged the arbitrators for bias and misconduct, Judge Broderick construed her petition as one to vacate the "Interim Award" and denied it in August 2025 on the grounds that "the arbitral process is not yet complete" because there was no final arbitration award. *Tantaros v. Fox News Network, LLC*, No. 25-cv-961 (VSB), 2025 WL 2242897, at *4–5 (S.D.N.Y. Aug. 6, 2025) (the "August 2025 Order").

Tantaros filed a notice of appeal from the August 2025 Order, and that appeal is currently pending before the U.S. Court of Appeals for the Second Circuit. (*See Tantaros v. Fox News Network, LLC*, No. 25-1980, Dkt. No. 1 (2d Cir. Aug. 14, 2025).)

Separate from her petition to stay the arbitration, Tantaros initiated this action on February 27, 2025. (*See* Dkt. No. 1.) In her Amended Complaint, Tantaros asserts seven claims, each against a different subset of defendants: (1) violations of the Victims of Gender-Motivated Violence Protection Law, (2) "Hostile Work Environment" in violation of Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, (3) intentional infliction of emotional distress, (4) negligent hiring, supervision, and retention, (5) aiding and abetting retaliation, (6) "civil & criminal stalking" in violation of 18 U.S.C. § 2261A and New York Penal Law § 120.45, and (7) "aggravated harassment in the second degree" in violation of New York Penal Law § 240.30. (Dkt. No. 10 ("Am. Compl.") at 21–23.)

In response to Tantaros's Amended Complaint, Fox and Shine each asserted in this action what they designated as "Counterclaim Petitions" to confirm the February 2025 Arbitration Award. (Fox Petition; Shine Petition.)

## II. Applicable Legal Standards

### A. Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified

for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

The FAA also provides that, within three months after the award is filed or delivered, a party may make a motion to vacate the award. 9 U.S.C. § 12. "[A] party moving to vacate the award has the burden of proof." *Willemijn*, 103 F.3d at 12. "Section 10 of the FAA allows a court to vacate an arbitration award in four circumstances, primarily involving fraud, corruption, partiality, misconduct, or imperfect execution or exceeding of arbitral powers." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021).

The U.S. Court of Appeals for the Second Circuit has also "held that 'as judicial gloss on the[] specific grounds for vacatur of arbitration awards' in the FAA, an arbitrator's 'manifest disregard' of the law or of the terms of the arbitration agreement 'remains a valid ground for vacating arbitration awards.'" *Id.* (alteration in original) (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451–52 (2d Cir. 2011)). However, a "litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (cleaned up).

"It is not enough [to warrant vacatur] for petitioners to show that the panel committed an error—or even a serious error," *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010), and "[a] court will uphold an arbitral award if the arbitrator offers even a 'barely colorable justification' for the outcome reached," *Caremark, L.L.C. v. N.Y. Cancer & Blood Specialists*, 740 F. Supp. 3d 340, 352 (S.D.N.Y. 2024) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)). "To succeed in challenging an award under the manifest disregard standard, a party must make 'a showing that the arbitrators knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.'" *Seneca Nation*, 988 F.3d at 626 (quoting *Schwartz*, 665 F.3d at 452). "In addition to this 'subjective component,' a finding of manifest disregard requires an objective determination that

3

the disregarded legal principle was 'well defined, explicit, and clearly applicable.'" *Id.* (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir. 2002)).

## III. ANALYSIS

### A. The Court has subject matter jurisdiction over the Fox and Shine Petitions to confirm the arbitration award.

Tantaros urges that the Court lacks jurisdiction to hear the Fox and Shine Petitions to confirm the arbitration award for a variety of reasons, primarily that jurisdiction is lacking under the Supreme Court's decision in *Badgerow v. Walters*, 596 U.S. 1 (2022).

At the outset, it is important to recognize that "a federal court must have an 'independent jurisdictional basis' for granting FAA relief" because the FAA itself does not establish federal jurisdiction. *Jules v. Andre Balazs Properties*, 146 S. Ct. 1209, 1215 (2026) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). Such an independent jurisdictional basis could come "in the form of diversity jurisdiction if a dispute under the FAA arises between citizens of different states with over $75,000 at issue" or "a court may have federal-question jurisdiction if an FAA motion implicates a federal issue (other than one under the FAA)." *Id.*

The Supreme Court has tackled the issue of how to determine when there is an independent jurisdictional basis for granting FAA relief in *Vaden v. Discover Bank*, 556 U.S. 49 (2009)—where "the Supreme Court announced that subject matter jurisdiction over a petition to compel arbitration under FAA § 4 is determined by the 'look through' approach, whereby jurisdiction turns on the 'underlying substantive controversy' to be arbitrated, even though the only controversy truly raised by the petition is the 'arbitrability of the[] claims,'" *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 594 (2d Cir. 2024) (alteration in original) (quoting *Vaden*, 556 U.S. at 62–63)—and in *Badgerow v. Walters*, 596 U.S. 1 (2022), where the Supreme Court held "that *Vaden*'s look-through approach does not apply to freestanding motions to confirm or vacate arbitral awards under § 9 or § 10," *Jules*, 146 S. Ct. at 1216 (citing *Badgerow*, 596 U.S. at 5).

The most recent Supreme Court decision on this subject is *Jules v. Andre Balazs Properties*, 146 S. Ct. 1209 (2026), where the Supreme Court determined that "assessing jurisdiction over a . . . motion [to confirm or vacate an arbitration award] in a case originally filed in federal court does not require 'looking through' the filed action." 146 S. Ct. at 1218. "Instead, the court may assess its jurisdiction by looking at the suit that is already before it," and "jurisdiction to decide a case includes jurisdiction to decide a

4

motion within that case, [so] usually there is no need to 'look through' the motion in search of a jurisdictional basis outside the court." *Id.* (cleaned up).

Applying the principles of *Jules* to this case, the Court finds that it has jurisdiction over the Fox and Shine Petitions because they are motions made within a case over which the Court indisputably has subject matter jurisdiction. *See* 9 U.S.C. § 6 (providing that FAA petitions are to be treated as motions). Specifically, the Court has subject matter jurisdiction over Tantaros's Amended Complaint (Dkt. No. 10) here, which includes claims of violation of Title VII and other federal and state laws. Heeding the Supreme Court's instruction that a district court analyzing an FAA petition in a pre-existing case should "assess its jurisdiction by looking at the suit that is already before it," *Jules*, 146 S. Ct. at 1218, this Court notes that it "ha[s] original jurisdiction, under 28 U.S.C. § 1331, over [Tantaros]'s federal claims," *id.*, and supplemental jurisdiction over Tantaros's state claims pursuant to 28 U.S.C. § 1367.

There is a clear nexus between Tantaros's claims and the arbitration award Fox and Shine seek to confirm. Although some of the Fox petitioners were not parties to Tantaros's preexisting federal action and although the claims that were at issue in the arbitration are not identical to the claims asserted in Tantaros's Amended Complaint, the Fox and Shine Petitions are "integral to determining whether the [arbitration] award. . . serve[s] as a valid defense" to at least some of the claims Tantaros asserted in this action. *Id.* at 1219. The Court has thus "secured federal jurisdiction[] in one of the most usual ways imaginable, based on the federal claims [Tantaros] filed in federal court under 28 U.S.C. § 1331," and now is "merely [being] asked . . . to use the tools provided by the FAA to finally resolve those claims." *Id.* at 1220.

Finally, Tantaros is incorrect that the pending appeal in the Second Circuit from Judge Broderick's August 6, 2025 Order in *Tantaros v. Fox News Network, LLC*, No. 25-cv-961 (VSB), divests this Court of jurisdiction over this action. An appeal in a separate litigation does not divest a district court of jurisdiction over the case before it, even when the other litigation involves some issues that are also implicated in the case before the district court. Appellate divestiture of district court jurisdiction "is only applicable to the case in which the notice of appeal was filed, not a subsequently filed case purporting to attempt to re-litigate the same claims in the district court." *Manbeck v. Micka*, 640 F. Supp. 2d 351, 363 (S.D.N.Y. 2009).

## B. Tantaros's motions to strike the Fox and Shine Petitions are denied.

Tantaros has moved to strike the Fox and Shine Petitions to confirm the arbitration award under Federal Rule of Civil Procedure 12(f). Those motions are denied because

the Fox and Shine Petitions are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The Fox and Shine Petitions relate to an arbitration award that, defendants assert, disposes of Tantaros's claims. Accordingly, Tantaros's motions to strike the Fox and Shine Petitions pursuant to Rule 12(f) are denied.

### C. Tantaros's petition to vacate the arbitration award is timely.

Normally, the deadline for a party to file a motion to vacate an arbitration award is three months after the award is filed or delivered. 9 U.S.C. § 12. Here, the February 2025 Arbitration Award was filed on February 7, 2025, and Tantaros filed these motions more than three months later, in September and October 2025. The motions, construed as motions to vacate the arbitration award, are therefore untimely unless there is an exception that permits Tantaros's later filing.

Some courts have found that the three-month deadline for an FAA motion to vacate an arbitration award may be subject to equitable tolling, *see Move, Inc. v. Citigroup Glob. Mkt., Inc.*, 840 F.3d 1152, 1156 (9th Cir. 2016), but the Second Circuit has declined to reach the issue, *see Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 697–98 (2d Cir. 2022).

This case is the rare instance in which equitable tolling of the normal three-month limitations period for a motion to vacate is appropriate. In short, Tantaros's delay in bringing this motion to vacate is entirely understandable because her opponents in the arbitration represented both to her and to a federal court (which accepted the representation) that a motion to vacate the February 2025 Arbitration Award was premature because that award was not "final."

In their March 21, 2025 memoranda opposing Tantaros's petition to stay the arbitration, Fox and Shine explicitly stated that "the arbitration is ongoing and no final award has been rendered" and therefore urged that Tantaros's "challenges to the pending arbitration are premature." (*Tantaros v. Fox News Network, LLC*, Case No. 25-cv-961 (VSB), Dkt. No. 38 at 2, 8 (S.D.N.Y. Mar. 21, 2025); *see id.* at 9 ("Here, [Tantaros]'s reasons for challenging the arbitration proceedings—that the arbitrators are biased and have violated their own rules and the parties' Arbitration Clause—are entirely of the type that can only be challenged under the FAA after a final award issues. Thus, . . . [Tantaros] must proceed with arbitration and raise any objections in a motion to vacate the award." (internal quotation marks and citations omitted)); *Tantaros v. Fox News Network, LLC*, Case No. 25-cv-961 (VSB), Dkt. No. 30 (S.D.N.Y. Mar. 21, 2025).) The affidavit of Fox's counsel was similarly clear, stating, "On February 7, 2025, the arbitration panel issued an interim order on the parties' cross-dispositive motions. The arbitration proceedings remain ongoing, and no final award has been rendered."

6

(*Tantaros v. Fox News Network, LLC*, Case No. 25-cv-961 (VSB), Dkt. No. 39 ¶¶ 16–17 (S.D.N.Y. Mar. 21, 2025).)

Judge Broderick accepted Fox and Shine's representation that the February 2025 Arbitration Award was not a "final award" that could be the subject of a motion to vacate pursuant to section 10 of the FAA. *See* August 2025 Order, 2025 WL 2242897, at *3–5.

It would be grossly inequitable now to fault Tantaros for failing to make another motion to vacate within three months of the February 2025 Arbitration Award but to permit Fox and Shine to seek confirmation of an award they earlier claimed was not yet fit for an FAA motion to vacate. The Court will construe Tantaros's filings here as a timely cross-motion to vacate the February 2025 Arbitration Award. *Cf. Move*, 840 F.3d at 1156–57.

### D. The Court reserves decision on the cross-petitions to confirm and vacate the arbitration award and stays this action.

The Court finds that Fox and Shine should not be judicially estopped from seeking confirmation of the February 2025 Arbitration Award. However, to avoid the risk of inconsistent determinations and promote judicial efficiency, the Court will stay this case and reserve decision on the cross-petitions to confirm and vacate the February 2025 Arbitration Award until the Second Circuit decides the appeal in *Tantaros v. Fox News Network, LLC*, No. 25-1980.

#### a. The Court will not judicially estop Fox and Shine from seeking confirmation of the February 2025 Arbitration Award.

Tantaros contends that defendants should be judicially estopped from seeking confirmation of the February 2025 Arbitration Award at this time because they earlier represented to Judge Broderick that the award was an interim award not fit for an FAA motion to vacate.

Judicial estoppel is a discretionary doctrine "designed to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *United States v. Apple, Inc.*, 791 F.3d 290, 337 (2d Cir. 2015) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). As an equitable doctrine, judicial estoppel cannot be mechanically applied or reduced to a strict formula. *See Clark v. All Acquisition, LLC*, 886 F.3d 261, 266 (2d Cir. 2018).

Here, Fox and Shine took a position before Judge Broderick in opposition to Tantaros's February 2025 petition that is flatly inconsistent with the position they now

7

advance. At that time, Fox and Shine urged that Tantaros's "challenges to the pending arbitration are premature" because "the arbitration is ongoing and no final award has been rendered." (*Tantaros v. Fox News Network, LLC*, Case No. 25-cv-961 (VSB), Dkt. No. 38 at 2, 8 (S.D.N.Y. Mar. 21, 2025); *see id.* at 9.) Now, Fox and Shine assert that the interim award *was* final as to the claims advanced by Tantaros and therefore seek confirmation of the award.

Fox and Shine prevailed on their earlier position that Tantaros's challenges to the arbitration award were premature. In reliance on Fox and Shine's representation that "no final award ha[d] been rendered" as of March 21, 2025, Judge Broderick denied Tantaros's motion to vacate the arbitration award on the grounds that "no such arbitration award exists . . . [b]ecause the arbitral process is not yet complete." August 2025 Order, 2025 WL 2242897, at *3–5.

Nevertheless, it would be inappropriate to estop Fox and Shine from now petitioning for confirmation of the February 2025 Arbitration Award. In light of the Court's determination that Tantaros's filings should be construed as a timely petition to vacate the arbitration award, Tantaros suffers no prejudice in the absence of judicial estoppel. Tantaros will receive exactly what she would have received had Fox and Shine originally taken their current position: consideration of her motion to vacate the February 2025 Arbitration Award on the bases set forth in section 10 of the FAA.

### b. *The Court will stay further proceedings in this case until the Second Circuit issues a decision in the related appeal.*

The Court will stay proceedings in this case until the Second Circuit rules in Tantaros's appeal of Judge Broderick's August 2025 Order because the Second Circuit's decision may simplify or resolve the issues in this case.

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, No. 19-cv-1403, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019); *accord Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). "Courts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case." *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, No. 18-cv-10393, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021). The Court has considered the factors in *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996), and finds that the *Kappel* factors favor staying this case, including the cross-petitions to confirm and vacate the February 2025 Arbitration Award, until the Second Circuit's resolution of the related appeal. Any burden to the parties of delaying resolution of Tantaros's claims and the cross-motions regarding the February 2025

8

Arbitration Award is outweighed by the interest in promoting judicial economy and avoiding inconsistent determination of issues implicated in this action that are currently before the Second Circuit, including whether the parties' dispute was arbitrable in the first place.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Tantaros's motions to strike the Fox Petition and Shine Petition but construes Tantaros's filings as a timely petition to vacate the February 2025 Arbitration Award.

The Court reserves decision on the cross-petitions to confirm and vacate the February 2025 Arbitration Award. Further proceedings in this action are stayed pending the Second Circuit's resolution of Tantaros's appeal in *Tantaros v. Fox News Network, LLC*, No. 25-1980. Fox and Shine are directed to notify the Court within fourteen days of the Second Circuit's resolution of that appeal.

Dated: New York, New York
       July 28, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

9